**BURSOR & FISHER, P.A.**
Joel D. Smith, Cal. Bar No. 244902
Neal J. Deckant, Cal. Bar No. 322946
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
jsmith@bursor.com
ndeckant@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (admitted *pro hac vice*)
Michael Liskow, Cal. Bar No. 243899
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
lfeldman@4-justice.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Rebecca A. Peterson, Cal. Bar No. 241858
Kate M. Baxter-Kauf (admitted *pro hac vice*)
Robert K. Shelquist (*pro hac vice* forthcoming)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
rapeterson@locklaw.com
kmbaxter-kauf@locklaw.com
rkshelquist@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda (admitted *pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough (admitted *pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
patrick@fosteryarborough.com

*Attorneys for Plaintiffs*

*[additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY L. SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, LLC.,<br><br>Defendant. | Case No. 5:23-cv-03527-PCP<br><br>**OPPOSITION TO GOOGLE LLC'S MOTION FOR ADMINISTRATIVE RELIEF TO ALIGN BRIEFING SCHEDULE IN *SMITH* AND *HUNT* MATTERS** |

Google's administrative motion should be denied because Google is relying on a motion to compel arbitration in the *Hunt* matter—which is irrelevant to this case—as an excuse to delay proceedings in the *Smith* matter. The relevant sequence of events is as follows: the *Smith* matter commenced six months ago, alleging that various tax websites transmitted tax filing information to Google. ECF No. 1. In early September, Google negotiated with the *Smith* Plaintiffs to set deadlines for filing a consolidated complaint and the briefing on Google's responsive motions. ECF No. 31. The Consolidated Complaint was filed on October 9, 2023. ECF No. 35. Google is the **only** named defendant in *Smith*, and per Google's request, its deadline to respond is December 8, 2023, two months after the filing of the Consolidated Complaint. ECF No. 31.

In late September, the plaintiff in *Hunt* filed a belated copycat action against Google, Meta, and H&R Block. H&R Block intends to file a motion to compel arbitration in the *Hunt* matter. Last week, Google decided that it wants to file a motion to compel arbitration in *Smith* too, based on H&R Block's contemplated motion in *Hunt*. Therefore, Google believes the briefing schedule it negotiated in *Smith* should no longer control and that any motion to dismiss in *Smith* should be resolved after a motion to compel arbitration is decided. *See* Santacana Decl., ¶ 6-7, ECF No. 44 (describing meet and confer efforts related to Google's administrative motion). Relevant here, however, only two of the ten named Plaintiffs in *Smith* allege they visited H&R Block. *See* Consolidated Compl., ¶¶ 6, 7, 9-14, ECF No. 35.

Against this backdrop, Google's motion should be denied for three reasons. First, Google is not being entirely candid with the Court. The thrust of Google's argument is that it would be more efficient to decide the motion to compel arbitration first because granting that motion may "moot" the need for a motion to dismiss. *See* Google's Admin. Motion, at 4:28-5:5. But that argument makes no sense given that 80% of the plaintiffs in *Smith* do not allege they used H&R Block to do their taxes, and therefore they have nothing to do with Google's anticipated motion to compel arbitration. *See* Consolidated Compl., ¶¶ 6, 7, 9-14, ECF No. 35. Hence, even if Google's anticipated motion to compel arbitration had merit (it does not), granting Google's administrative motion would accomplish nothing other than delay for 80% of the *Smith* Plaintiffs, because Google will have to file its motion to dismiss their claims no matter what. Google had no response to this

issue during the parties' meet and confer, and it offers no response to this issue in its administrative motion.

Second, Google's belated decision to move to compel arbitration does not warrant upsetting the schedule that Google negotiated. This case was filed six months ago, and Google has had nearly two months to prepare motions in response to the operative Consolidated Complaint in *Smith*. *See* ECF No. 31. If Google believed it had a meritorious argument for arbitration, or wanted a motion to compel arbitration to be decided first, it could have raised that issue months ago and addressed it in the parties' prior stipulation. Instead, Google argues it should not be held to the schedule it negotiated because it just hatched the idea of filing a motion to compel arbitration in *Smith*, where H&R Block is not even a defendant. That is an unreasonable position to take, particularly given that nothing prevents Google from moving to compel arbitration in tandem with its motion to dismiss.

Third, there is no prejudice to Google by holding it to the briefing schedule that it asked for in *Smith*, and even if there were, it is prejudice of Google's own making. As noted above, Google will have to file its motion to dismiss no matter how the Court decides Google's pending administrative motion or Google's contemplated motion to compel arbitration. It is common practice to file a motion to compel arbitration in tandem with an alternative motion to dismiss, and Google can do the same here. Nor does Google argue that it lacks sufficient time to prepare its motions, because any such argument would lack credibility. By November 27, when Google first decided that the schedule in *Smith* should be changed, it already had six months to prepare its defenses, and its motion to dismiss was due one week later. Thus, by that time, Google's motion to dismiss was either finished or nearly finished. Similarly, this will not be Google's first motion to compel arbitration based on a third-party website's arbitration agreement, and so its contemplated motion to compel arbitration here will largely be a cut-and-paste of what it has filed before. *See Doe et al. v. GoodRx Holdings, Inc.*, N.D. Cal. Case No. 3:23-cv-00501, ECF No. 108. The bottom line is that Google *can* file its motions on time, it just doesn't want to. That is a far cry from prejudice.

Dated: December 4, 2023

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: *___/s/ Joel D. Smith______*

Joel D. Smith, Cal. Bar No. 244902
Neal J. Deckant, Cal. Bar No. 322946
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jsmith@bursor.com
ndeckant@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman, *Admitted Pro Hac Vice*
Michael Liskow, Cal. Bar No. 243899
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
Email: lfeldman@4-justice.com
mliskow@4-justice.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Rebecca A. Peterson, Cal. Bar No. 241858
Robert K. Shelquist, *Pro Hac Vice Forthcoming*
Kate M. Baxter-Kauf, *Admitted Pro Hac Vice*
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
rkshelquist@locklaw.com
kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, *Admitted Pro Hac Vice*
12333 Sowden Road, Suite B, PMB 51811
Houston, TX 77080
Telephone: (832) 848-0036
E-mail: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, *Admitted Pro Hac Vice*
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
E-mail: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson, *Pro Hac Vice Forthcoming*
2500 Wilcrest Drive, Suite 300
Houston, TX 77042-2754
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
E-mail: jemerson@emersonfirm.com

*Attorneys for Plaintiffs*