**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
esantacana@willkie.com
JOSHUA ANDERSON (SBN: 312836)
jdanderson@willkie.com
YUHAN ALICE CHI (SBN: 324072)
ychi@willkie.com
NAIARA TOKER (SBN: 346145)
ntoker@willkie.com
ANIKA HOLLAND (SBN: 336071)
aholland@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARY L. SMITH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GOOGLE, LLC,

Defendant.

Case No.: 5:23-cv-03527-PCP
(Consol. w/ 5:23-cv-04191-BLF)

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

Date: March 7, 2024
Time: 10:30 a.m.
Courtroom: Courtroom 8, 4th Floor
Judge: Hon. P. Casey Pitts

Consolidated Class Action Complaint Filed: October 9, 2023
Trial Date: Not Set

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Evidence ("Rule") 201 and applicable case law, Defendant Google LLC ("Google") hereby respectfully requests that the Court consider Exhibits 1–6 under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in support of Google's concurrently filed Motion to Dismiss.

- **Exhibit 1:** *Some facts about Google Analytics data privacy*, available at https://blog.google/around-the-globe/google-europe/google-analytics-facts/.
- **Exhibit 2**: *Google Analytics Terms of Service*, available at https://marketingplatform.google.com/about/analytics/terms/us/.
- **Exhibit 3**: *Best practices to avoid sending Personally Identifiable Information (PII),* available at https://support.google.com/analytics/answer/6366371#page-url&zippy=%2Cin-this-article.
- **Exhibit 4:** *TaxAct Privacy Policy*, available at https://www.taxact.com/privacy-policy.
- **Exhibit 5:** *H&R Block Privacy Policy*, available at https://www.hrblock.com/universal/digital-online-mobile-privacy-principles/.
- **Exhibit 6**: *TaxSlayer Privacy Policy*, available at https://www.taxslayer.com/policies/privacy/.

Dated: December 15, 2023

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Benedict Y. Hur*
Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Joshua Anderson
Yuhan Alice Chi
Naiara Toker
Anika Holland

Attorneys for Defendant
Google LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

Google respectfully requests that the Court consider Exhibits 1–6, as set forth in the Declaration of Anika Holland submitted herewith, in support of Google's concurrently filed Motion to Dismiss. As explained in more detail below, these exhibits, which include publicly available help pages, terms of service, and privacy policies of third-party tax filing websites referenced in Plaintiffs' Complaint, are not subject to reasonable dispute and are each subject to judicial notice and/or the incorporation by reference doctrine.

**I. LEGAL STANDARD**

On a motion to dismiss, courts can consider materials beyond those alleged on the face of the complaint when they are "matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under Federal Rule of Evidence 201(b), courts may take judicial notice of matters that are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Minor v. FedEx Off.*, No. 14-CV-01117-LHK, 2014 WL 12570168, at *3–4 (N.D. Cal. Aug. 11, 2014) (reciting and applying these rules). Documents that "appear on publicly available websites . . . are thus proper subjects for judicial notice." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (granting Google's request for judicial notice in the motion to dismiss context); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (noticing publicly available websites).

The doctrine of incorporation by reference, which is distinct from the doctrine of judicial notice, supplies an additional basis for considering documents beyond a complaint's four corners in the specific context of a Rule 12 motion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."). When a plaintiff's claim depends on the contents of a document attached to the defendant's motion to dismiss, and the document's authenticity is unquestioned, the court may deem the document incorporated into the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *accord Ritchie*, 342 F.3d at 908 (stating that a document "may be incorporated by reference into a

complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"). In deciding a motion to dismiss, a court "must consider the complaint in its entirety," including "matters of which a court may take judicial notice" and "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Khoja*, 899 F.3d at 999.

## II. ARGUMENT

### A. Judicial Notice of Publicly Accessible Webpages

Exhibits 1–6 are judicially noticeable as publicly available documents not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). These exhibits consist of the following publicly accessible web pages: (1) a Google Analytics blog post; (2) Google Analytics' Terms of Service; (3) a Google Analytics help page; (4) TaxAct's Privacy Policy; (5) H&R Block's Privacy Policy; and (6) TaxSlayer's Privacy Policy.

As publicly available webpages, these exhibits are the proper subjects of judicial notice. *See Hammerling v. Google LLC*, No. 21-cv-09004-CRB, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("[W]ebpages . . . are regularly the subject of judicial notice in this circuit"); *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) ("The court agrees with the proposition that, as a general matter, websites and their contents may be proper subjects for judicial notice."); *Brown*, 525 F. Supp. 3d at 1061 ("These documents appear on publicly available websites and are thus proper subjects for judicial notice."). Exhibit 1 is a publicly available blog post about Google Analytics referenced in Plaintiffs' Complaint. ECF No. 35, Compl. ¶ 24 n.22. Exhibits 2 and 3 consist of Google's publicly available terms of service and policies governing the use of Google products for analytics. Exhibits 4–6 are publicly available privacy policies for tax filing websites identified in Plaintiffs' Complaint. *See id.* ¶¶ 1, 32.

Moreover, courts in this District often take judicial notice of privacy policies and terms of service in privacy-related litigation, including the same documents Google asks the Court to notice here and very similar ones. *See, e.g.*, *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (noticing Google's terms of service and privacy policies); *In re Google Inc.*, No.: 13–MD–02430–LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013)

(same); *Calhoun v. Google*, 526 F. Supp. 3d 605, 617–18 (N.D. Cal. 2021) (same); *Brown*, 525 F. Supp. 3d at 1061 (same); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (same for Yahoo's); *Yuksel v. Twitter, Inc.*, No. 22-cv-05415-TSH, 2022 WL 16748612, at *2 (N.D. Cal Nov. 7, 2022) (same for Twitter's terms of service and rules); *Coffee v. Google LLC*, No. 20-cv-03901-BLF, 2021 WL 493387, at *3–4 (N.D. Cal. Feb. 10, 2021) (same for Google's terms of service). In sum, there is ample case law supporting this Court's authority to take judicial notice of each of Google's submitted exhibits here.

**B. Incorporation by Reference**

In deciding Google's Motion to Dismiss, the Court also may consider the materials in Exhibits 1–6 for the additional reason that Plaintiffs' Complaint incorporates them by reference. Where, as here, important documents are "referenced in a complaint but not explicitly incorporated therein," "the complaint relies on the document[s]," and their "authenticity is unquestioned," a court may consider them when deciding a motion to dismiss. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). This serves to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Id.* (internal quotations and citation omitted).

Exhibit 1 is a Google Analytics blog post, which is expressly cited in the Complaint. *See* ECF No. 35, Compl. ¶ 24 n.22.

Exhibits 2 and 3 are Google Analytics' terms of service and policies, which Plaintiffs purport to paraphrase in the Complaint. *Id.* ¶ 42 ("Google purports to have policies in place that prohibit its Google Analytics customers from 'passing any information that could be used by Google to identify individuals.'").

Exhibits 4–6, while not expressly referenced in the Complaint, are integral to the allegations that Google violated Plaintiffs' "objectively reasonable expectations of privacy" while using the tax filing websites referenced in the Complaint, which necessarily rely on those websites' privacy policies. *See* Compl. ¶ 71; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Birdsong v. AT&T Corp.*, No. C12-6175 TEH, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) ("[U]nder the doctrine of incorporation by reference, courts may consider extrinsic documents

if they are 'integral' to the plaintiff's claims and their authenticity is not in dispute."); *Bamforth v. Facebook, Inc.*, No. 20-CV-09483-DMR, 2021 WL 4133753, at *10 (N.D. Cal. Sept. 10, 2021) *aff'd* No. 21-16681, 2023 WL 5925982 (9th Cir. Sept. 12, 2023); *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 936 (N.D. Cal. 2019) (same).

All of these documents are "integral to the . . . complaint" because it references and/or relies on them for its allegations. *See Coto Settlement*, 593 F.3d at 1038 (capitalization altered). Accordingly, Plaintiffs' Complaint incorporates these documents by reference, and the Court may consider them in deciding Google's Motion to Dismiss.

## III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Request for Judicial Notice of Exhibits 1 through 6, attached to the Declaration of Anika Holland, under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in connection with Google's concurrently filed Motion to Dismiss.

Dated: December 15, 2023

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Benedict Y. Hur*

Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Joshua Anderson
Yuhan Alice Chi
Naiara Toker
Anika Holland

Attorneys for Defendant
Google LLC