**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
JOSHUA ANDERSON (SBN: 312836)
  jdanderson@willkie.com
YUHAN ALICE CHI (SBN: 324072)
  ychi@willkie.com
NAIARA TOKER (SBN: 346145)
  ntoker@willkie.com
ANIKA HOLLAND (SBN: 336071)
  aholland@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:  (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L. SMITH, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>     v.<br><br>GOOGLE, LLC,<br><br>                              Defendant. | Case No.: 5:23-cv-03527-PCP<br>(Consol. w/ 5:23-cv-04191-PCP<br>(Related to 5:22-cv-07557-PCP<br>                    & 5:23-cv04953-PCP)<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STAY CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        March 7, 2024<br>Time:        10 a.m.<br>Location: Courtroom 8, 4th Floor<br>Judge:      Hon. P. Casey Pitts<br><br>Consolidated Class Action Complaint filed:<br>   10/09/2023 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on March 7, 2024, at 10:00 a.m., the undersigned will appear before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California at the San Jose Courtroom 8, 4th Floor, and shall then and there present Defendant Google LLC ("Google")'s Motion to Compel Arbitration and to Stay Claims.

Based on its understanding that H&R Block intends to move to compel arbitration in the related matter of *Hunt v. Meta Platforms, Inc.*, Google moves for an order compelling Plaintiffs Mary Smith and Cary Goldberg to submit their claims against Google in this action to final and binding individual arbitration. Google seeks this relief on the basis of equitable estoppel, because the claims of Plaintiffs Smith and Goldberg arise solely from their use of H&R Block's online tax-filing service that is subject to an agreement containing an arbitration clause, and the claims against Google are intimately intertwined with and founded in that agreement. If the court declines to compel Plaintiffs Smith and Goldberg to arbitrate their claims against Google, but compels the *Hunt* plaintiffs to arbitrate their substantially identical claims against H&R Block, Google further seeks a stay of the claims in this action related to H&R Block pending arbitration. This Motion is based on the Memorandum of Points and Authorities below, the pleadings and other papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

## ISSUES PRESENTED

If the court grants H&R Block's forthcoming motion to compel arbitration in the related case *Hunt v. Meta Platforms Inc.*, whether Plaintiffs in this case who agreed to H&R Block's arbitration agreement should likewise be compelled to arbitrate their claims against Google under the doctrine of equitable estoppel, and whether claims related to H&R Block should be stayed pending arbitration.

1

2  Date:  December 15, 2023                    **WILLKIE FARR & GALLAGHER LLP**

3

4                                          By:    _/s/ Benedict Hur_____

5                                              Benedict Hur
                                               Simona Agnolucci
6                                              Eduardo E. Santacana
                                               Joshua Anderson
7                                              Yuhan Alice Chi
                                               Naiara Toker
                                               Anika Holland
8
                                               Attorneys for Defendant
9                                              Google LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3

Plaintiffs Smith and Goldberg ("Plaintiffs") are two users of H&R Block's online tax-filing

4

service.  They claim H&R Block incorporated Google's data analytics software in its website,

5

configured the software to collect certain unspecified "tax information," and has been secretly

6

transmitting this tax data to third parties.  Smith and Goldberg agreed to arbitrate their claims

7

against H&R Block by agreeing to Online Services Agreement, and H&R Block intends to move

8

to compel arbitration of those claims in the related *Hunt* matter.  But because adding H&R Block

9

as a defendant in this case would undoubtedly lead to enforcement of their arbitration agreement

10

with H&R Block, they seek to obscure this key figure in their claims and bring an action solely

11

against Google.  Google therefore brings this motion to compel arbitration of Smith and

12

Goldberg's claims in this action, if H&R Block successfully moves to compel arbitration in *Hunt*.

13

That motion is forthcoming on February 23, 2024.

14

California law does not permit plaintiffs to evade their agreement to arbitrate simply by

15

raising, in Plaintiffs' words, "largely identical" claims against a non-signatory to the agreement

16

rather than the signatory.  Under the doctrine of equitable estoppel, a non-signatory may enforce

17

an arbitration agreement against a signatory plaintiff in either of two circumstances: (1) when the

18

plaintiff's claims against the non-signatory rely upon, are founded in, or assume the existence of

19

the agreement containing the arbitration clause; or (2) where the plaintiff alleges concerted and

20

interconnected conduct by the signatory and non-signatory, and that conduct is connected to the

21

obligations of the agreement containing the arbitration clause.  Plaintiffs' claims satisfy both of

22

these separate tests.

23

*First*, Plaintiffs' claims against Google are inextricably intertwined with their agreement

24

with H&R Block.  The relevant claims against Google require consideration of whether Plaintiffs,

25

or H&R Block, consented to the alleged data collection, as well as Plaintiffs' reasonable

26

expectations of privacy.  H&R Block's Online Services Agreement requires agreement to the

27

company's Privacy Notice, which discloses the company's data collection and disclosure

28

practices.  Because that agreement put Plaintiffs on notice of H&R Block's data disclosure

DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION AND TO STAY CLAIMS
CASE NO.  5:23-CV-03527-PCP

practices and required their consent, Plaintiffs' claims against Google are intimately intertwined with their agreement with H&R Block.  Indeed, a claim against Google is *only* possible if the Court concludes Plaintiffs did not validly consent to H&R Block's alleged data disclosure through the Online Services Agreement.

*Second*, Plaintiffs allege interdependent and concerted conduct of Google and H&R Block—the collection of data by H&R Block and its disclosure to Google Analytics for processing.  This conduct is directly related to H&R Block's Online Services Agreement and the incorporated Privacy Notice, which delineate the data H&R Block collects, what it may disclose, to whom, and the purposes for disclosure.  Plaintiffs' claims against Google are therefore intertwined with their agreement with H&R Block.  If the Court finds the *Hunt* plaintiffs' claims against H&R Block must be arbitrated, Plaintiffs here must also arbitrate their claims against Google.

In the event that the Court compels Plaintiffs to arbitration with H&R Block in *Hunt*, but not with Google in the instant matter, the Court should stay claims against Google related to H&R Block until the arbitration against H&R Block is resolved.  Doing so promotes efficiency and economy by avoiding unnecessary discovery related to H&R Block and class members who only used H&R Block's services. Further, because of the intertwined nature of claims against Google and H&R Block, the arbitration will require resolution of many of the same issues involved in the claims against H&R Block.  A stay of these claims will avoid the risk of inconsistent results.

## II.   BACKGROUND

### A.   Plaintiffs' Agreements with H&R Block

Plaintiffs Smith and Goldberg allege that they used H&R Block's online services to file their taxes. Compl. ¶¶ 5, 8.  At the time of their use, H&R Block allegedly used Google's analytics pixel.  *Id.*  In order to use H&R Block's online tax-filing services, users like Smith must agree to H&R Block's Online Services Agreement ("the Agreement").  Anderson Decl. Ex. A (Schuessler

Decl. ¶ 3), Ex. C (Gibson Decl. ¶ 8).[1]  Through the Agreement, Smith agreed to resolve all

disputes with H&R Block through binding arbitration before the American Arbitration

Association ("AAA").  *Id.*, Ex. B at 15.

The Agreement also provides that use of H&R Block's online services is subject to the

company's Privacy Notice.  *Id.*, Ex. B at 4; Ex. D at 4. The Privacy Notice informs users of what

data H&R Block collects and to whom it may disclose the information.  Specifically, the Privacy

Notice states that H&R Block may collect such information as names, contact information,

financial information, and other data types in the course of using the service. *Id.* Ex. E at 2, 7; Ex.

F at 1, 5.    The Privacy Notice also discloses H&R Block's use of pixels such as Google's, and

informs users that their information may be disclosed to business partners for data processing,

analytics, and advertising. *Id.* Ex. E at 11; Ex. F at 7.

**B.    H&R Block's Use of Google Analytics**

Plaintiffs acknowledge that it is the tax-filing companies, like H&R Block, that must decide

to use Google Analytics. *See* Compl. ¶¶ 25 (noting that Google Analytics pixels are something

that "website owners add to their website code for each page of their site"); 36 (H&R Block

deployed the pixel on its website).

Plaintiffs also acknowledge that it is the tax-filing companies, like H&R Block, that decide

which data Google Analytics receives.  *Id.* ¶¶ 26 (noting websites can configure what data is

collected by their Google Analytics tools); 35 (websites can customize the data they wish to

collect with Google Tag pixel).

Finally, Plaintiffs even allege that it is these companies that choose to transmit data to

Google Analytics. *Id.* ¶¶ 32 ("[T]he tax filing services such as H&R Block . . . have been quietly

---

[1] Plaintiffs would not agree to coordinate the timing of this motion with that of H&R Block—the entity with the most information concerning Plaintiff Smith's and Goldberg's arbitration agreements—and successfully sought to require Google to file its motion first.  As a result, Google supplies the current version of H&R Block's Online Services Agreement, along with sworn declarations submitted by H&R Block employees in other matters demonstrating that agreement to H&R Block's Online Services Agreement is a standard process for use of H&R Block's online tax-filing services, including during the time period Plaintiffs here used H&R Block's products.  Google anticipates that H&R Block's forthcoming motion will provide additional information concerning its arbitration agreements that further support Google's motion.

DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION AND TO STAY CLAIMS
CASE NO.  5:23-CV-03527-PCP

transmitting sensitive financial information to Google . . . ."); 38 ("H&R Block, which also has millions of users, reportedly transmitted information about tax filers' filings to Google . . . .").

## C.    Plaintiffs' Claims Against Google

Smith and Goldberg assert a variety of state and federal claims against Google—all stemming from their use of H&R Block's online tax-filing services.  And despite acknowledging that H&R Block knowingly transmits its chosen data to Google Analytics, Plaintiffs' claims all contend that Google unlawfully intercepted those communications without consent.

**Counts 1, 4, 6:** Plaintiffs allege that Google intercepted communications between them and H&R Block, in which they had a "reasonable expectation of privacy." *Id.* ¶¶ 56–64, 80–93, 101–06.

**Count 2:**  Plaintiffs allege that Google used a recording device to "eavesdrop" on confidential communications between them and H&R Block in which they had a "reasonable expectation of privacy." *Id.* ¶¶ 65–72.

**Counts 3 & 5**: Plaintiffs claim that, "by implementing Google's wiretap," Google furnished a wiretap device that is "primarily or exclusively designed for eavesdropping." *Id.* ¶¶ 73–79; 94–100.

## III.    ARGUMENT

The FAA permits non-signatories to an arbitration agreement to rely on state-law equitable estoppel doctrines to enforce the agreement.  *See GE Energy Power Conversion France SAS, Corp v. Outokumpu Stainless USA, LLC, et al*., 140 S. Ct. 1637, 1643-44 (2020).  Under California law, non-signatories to an arbitration agreement (such as Google, in this case) can compel arbitration in either of two different circumstances (the "*Goldman* prongs"):

> (1) [W]hen a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are "intimately founded in and intertwined with" the underlying contract, and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and "the allegations of interdependent misconduct [are] founded in or intimately connected with the obligations of the underlying agreement."

DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION AND TO STAY CLAIMS
CASE NO.  5:23-CV-03527-PCP

—

1   *Martinez-Gonzalez v. Elkhorn Packing Co., LLC*, 635 F. Supp. 3d 883, 893 (N.D. Cal. 2022)

2   (quoting *Goldman v. KPMG*, 173 Cal. App. 4th 209, 219-221 (2009)); *see also Metalclad Corp. v.*

3   *Ventana Environmental Organizational Partnership*, 109 Cal. App. 4th 1705, 1713 (Cal. Dist. Ct.

4   App. 2003) (equitable estoppel applies to a signatory suing a nonsignatory for "claims that are

5   'based on the same facts and are inherently inseparable' from arbitrable claims against signatory

6   defendants.")  Both circumstances are present here.

### A.   Equitable Estoppel Requires the Plaintiffs to Arbitrate Their Claims Against Google

8   If the *Hunt* Plaintiffs are bound to arbitrate their claims against H&R Block, Plaintiffs

9   Smith and Goldberg are bound to arbitrate their derivative claims against Google under both

10  *Goldman* prongs.  *First*, Plaintiffs' claims against Google rely upon and assume the existence of

11  their Agreement with H&R Block.  Particularly as the Agreement incorporates the Privacy Notice,

12  which disclosed H&R Block's use of and disclosure to analytics services, Plaintiffs' claims are

13  "intimately founded in and intertwined with" the Agreement.  *Second*, Plaintiffs allege

14  "substantially interdependent and concerted" acts by Google and H&R Block that are "intimately

15  connected with the obligations of the" Agreement and Privacy Notice.  *See id*. at 218–219.

### 1.   The Claims Against Google Are Intertwined with the H&R Block Agreement

17  As to the first *Goldman* prong, Plaintiffs' claims against Google are intimately founded and

18  intertwined with their Agreement with H&R Block.

19  A non-signatory may compel arbitration under the first *Goldman* prong if the causes of

20  action against the non-signatory "rely on and presume the existence of the contract" with the

21  signatory.  *Boucher v. Alliance Title Co., Inc.*, 127 Cal. App. 4th 262, 269 (2005).  To determine

22  whether the causes of action rely on the agreement, courts look at "whether the claims that the

23  nonsignatory sought to arbitrate were "intimately founded in and intertwined with" the underlying

24  contract obligations.  *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 871 (9th Cir. 2021)

25  (ordering signatory plaintiff to arbitrate claims against nonsignatory defendant).  The focus of the

26  inquiry is on the nature of the underlying claims asserted by the plaintiff against the non-signatory.

27  *Boucher*, 127 Cal. App. 4th  at 272.  Here, Plaintiffs' claims against Google are intimately

28

intertwined with and rely upon the Agreement and Privacy Notice between H&R Block and Plaintiffs Smith and Goldberg.

*First*, each of Plaintiffs Smith's and Goldberg's claims arise from their use of H&R Block's online tax-filing service.  Neither Smith nor Goldberg could make use of those services without agreeing to H&R Block's Online Services Agreement.  Anderson Decl., Ex. A (Schuessler Decl. ¶¶ 3–4); Ex. B at 1 ("You may use H&R Block's Products and Services only if you agree to all the terms of the Agreement."); Ex. C (Gibson Decl. ¶ 8).  But for their use of H&R Block's services subject to the Agreement, there could be no claims against Google.

*Second*, each of the relevant claims requires consideration of whether the parties to the "communication"—Smith, Goldberg, and  H&R Block—consented to the transmission of data to Google.  Compl. ¶¶ 58, 68, 90, 104.  The Agreement, which includes the Privacy Notice, is the mechanism by which Plaintiffs agreed to H&R Block's collection and transmission of their data for analytics purposes.  *See Del Vecchio v. Amazon.com Inc.*, No. C11-366-RSL, 2011 WL 6325910, at *4 (W.D. Wash. Dec. 1, 2011) (where defendant's conditions of use and privacy notice disclosed use of cookies to collect information, plaintiffs' use of the defendant's site to make purchase was an implied acceptance of that fact).[2]

*Third*, Plaintiffs' federal wiretap claim fails upon showing that one party to the communication has consented to the interception.  *See Doe v. Google LLC*, No. 23-cv-02431-VC, 2023 WL 6882766, at *2 (N.D. Cal. Oct. 18, 2023) (finding the website owners had consented to the use of Google Analytics on their web properties).  Once again, the Agreement and Privacy Notice evidence H&R Block's consent to the use of Google Analytics.  In order to negate that consent, Plaintiffs must show that the interception was done for some criminal or tortious purpose, independent of the interception itself.  *Id.* (citing *Sussman v. ABC, Inc.*, 186 F.3d 1200, 1202 (9th Cir. 1999)).  In an effort to negate H&R Block's obvious consent, Plaintiffs vaguely allege that the alleged interception was "done in furtherance of one or more crimes . . . and tortious invasion of

---

[2] Additionally, Plaintiffs' section 632 claim under CIPA requires showing a reasonable expectation that the communication would be confidential. This inquiry considers the agreements of the parties and any related privacy notices. *See White v. FIA Card Servs., N.A.*, No. 12-cv-2034 AJB, 2013 WL 756292, at *4 (S.D. Cal. Feb. 26, 2013).

DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION AND TO STAY CLAIMS
CASE NO.  5:23-CV-03527-PCP

1  privacy."  Compl. ¶ 91.  It's anyone's guess what these "one or more crimes" are, but "tortious

2  invasion of privacy" requires showing a reasonable expectation of privacy in the circumstances.

3  *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014).  The H&R Block Agreement

4  and Privacy Notice delineate Plaintiffs' reasonable expectations of privacy on the H&R Block

5  website.  *See White*, 2013 WL 756292, at *5 (no reasonable expectation of privacy where

6  agreement notified consumers that calls may be monitored).

7       In sum, each of the claims of Plaintiff Smith and Goldberg against Google rely on, and

8  assume the existence of, H&R Block's Agreement and Privacy Notice.  The first *Goldman* test is

9  met, and Plaintiffs are bound to arbitrate their claims against Google.

10      **2.**     **Plaintiffs Allege Interdependent Conduct By Google and H&R Block**

11       Satisfaction of the first *Goldman* test alone is a sufficient basis for this Court to compel

12  arbitration.  Even if it were not, Plaintiffs' claims also meet the second *Goldman* test, which is

13  satisfied by allegations of interdependent and concerted misconduct between the signatory and

14  non-signatory that is "founded in or intimately connected with the obligations in the underlying

15  agreement." *See Goldman*, 173 Cal. App. 4th at 219.  Key to this inquiry is the connection

16  between the interdependent and concerted misconduct and the obligations imposed in the

17  underlying agreement.  *Id.*

18       The interdependent nature of the claims against Google and the conduct of H&R Block that

19  is governed by the terms is apparent on the face of the Complaint.  Plaintiffs acknowledge that

20  H&R Block decided to implement Google Analytics. *See* Compl. ¶¶ 25 (noting that Google

21  Analytics pixels are something that "website owners add to their website code for each page of

22  their site"); 36 (H&R Block deployed the pixel on its website).  Plaintiffs also acknowledge that

23  H&R Block was responsible for configuring Google Analytics tools to collect the data it wished.

24  *Id.* ¶¶ 26 (noting websites can configure what data is collected by their Google Analytics tools);

25  35 (websites can customize the data they wish to collect with Google Tag pixel).  Plaintiffs also

26  openly contend that their claims stem from H&R Block's decision to transmit data to Google

27  analytics. *Id.* ¶¶ 32 ("[T]he tax filing services such as H&R Block . . . have been quietly

28

DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION AND TO STAY CLAIMS
CASE NO.  5:23-CV-03527-PCP

transmitting sensitive financial information to Google . . . ."); 38 ("H&R Block, which also has millions of users, reportedly transmitted information about tax filers' filings to Google . . . .").

This interdependent conduct is intimately connected with the Agreement.  As discussed above, Plaintiffs' claims against Google arise exclusively from their use of H&R Block's online tax-filing service, and the Agreement governs that use.  Further, by entering the Agreement, Plaintiffs also agreed to the Privacy Notice incorporated therein, which sets forth the data H&R Block may collect, H&R Block's use of analytics services, and the circumstances and purposes of H&R Block's disclosure of data.  Plaintiffs' allegations that H&R Block improperly shared data with Google Analytics fall squarely within the scope of the Agreement.

Plaintiffs are hard pressed to argue otherwise.  In the related case, *Hunt v. Meta Platforms Inc.*, 3:23-cv-04953, which centers on H&R Block's use of third-party analytics software from Google and Meta, the plaintiffs were explicit in tying the alleged disclosure to H&R Block's Privacy Notice.  *See Hunt* Compl. ¶¶ 100–115 (Dkt. 1 in 3:23-cv-04953).  Plaintiffs here affirmatively sought to relate *Hunt* with this action, characterizing *Hunt* as "a belated tagalong action" that copied existing allegations, though adding H&R Block as a defendant.  Dkt. 34 at 1.  Plaintiffs in this action went so far as to say that "the gravamen of the claims and key facts in dispute in *Hunt* continue to be largely identical" to those in this case.  *Id.* at 2.

The linchpin of equitable estoppel is fairness.  *Goldman*, 173 Cal. App. 4th at 220.  There is no fairness in Plaintiffs' seeking to assert claims against Google wholly based upon their use of H&R Block's services—concerning H&R Block's alleged disclosure of information to Google, all governed by the Agreement and incorporated Privacy Notice—yet evading their agreement to arbitrate by failing to name H&R Block as a defendant and omitting the key context supplied in *Hunt* that clearly invokes equitable estoppel.  The Court should disregard the Plaintiffs' artful pleading and compel arbitration.

**B.    The Court Should Stay Any H&R Block-Related Claims Pending Arbitration**

Should the Court order that the *Hunt* plaintiffs must arbitrate their claims against H&R Block but not those against Google, the Court should stay all claims based upon H&R Block's

disclosure of information pending conclusion of the Plaintiffs' arbitration against H&R Block.

Courts have broad discretion to stay litigation among non-arbitrating parties pending arbitration. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23 (1983) (district court has "discretion" to "stay litigation among the non-arbitrating parties pending the outcome of the arbitration."). The Court may consider factors such as judicial economy and efficiency and the risk of inconsistent results in exercising such discretion. *See BrowserCam, Inc. v. Gomez, Inc.*, No. C 08-02959 WHA, 2009 WL 210513, at \*3 (N.D. Cal. Jan. 27, 2009) (the court may stay non-arbitrable claims pending arbitration for the sake of economy and efficiency); *Morales v. Lexxiom, Inc.*, CV 09-6549 SVW, 2010 WL 11507515, at \*11 (C.D. Cal Jan. 29, 2010) (considering risk of inconsistent findings to support stay pending arbitration).

*First*, economy and efficiency favor a stay pending resolution of Plaintiffs' arbitration with H&R Block. A substantial portion of the Plaintiffs' case concerns H&R Block's alleged disclosure of information to Google Analytics. A stay will thus avoid a substantial amount of discovery specific to H&R Block and the class that used its services. Further, because Plaintiffs in this action elected not to add the allegedly disclosing party—H&R Block—as a defendant in this action, a stay would avoid the need for significant third-party discovery in this action. Such information may be obtained directly from H&R Block in arbitration pursuant to the applicable arbitral rules. *See GSC Dev. Inc. v. Jinlong Indus. Co., Ltd.*, No. SACV 17-01763-CJC, 2017 WL 11643828, at \*3 (C.D. Cal. Dec. 4, 2017) (staying litigation pending arbitration to avoid duplicative discovery efforts and risk of conflicting judgments).

*Second*, there is a substantial risk of inconsistent results should claims against Google and H&R Block proceed in parallel. The claims against Google require resolution of matters inextricably bound up in issues involving H&R Block and the Agreement and Privacy Notice. These include: (1) whether the Plaintiffs consented to H&R Block's use of Google Analytics by way of the Agreement and Privacy Notice; (2) whether H&R Block consented to the collection of the relevant data; (3) whether the Plaintiffs had a reasonable expectation of privacy in the data collected by H&R Block; and (4) whether H&R Block in fact disclosed any tax-related information. Any arbitration with H&R Block will have to confront these issues, and their

resolution will impact, or even be dispositive of, Plaintiffs' claims against Google. *Bui v. Northrop Grumman Sys. Corp.*, 15-CV-1397-WQH-WVG, 2019 WL 13166662, at *2 (S.D. Cal. Jan. 29, 2019) (staying action pending arbitration where the same issues had to be decided in both the arbitration and litigation, presenting a risk of inconsistent rulings); *Morales*, 2010 WL 11507515, at *11 (granting stay to avoid prejudice of inconsistent results); *Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1114 (C.D. Cal. 2002) ("[A] failure to stay the action may lead to inconsistent findings which will hinder the pursuit of judicial efficiency.").

To avoid unnecessary expenditure of resources and the risk of inconsistent findings, Google respectfully requests that the Court stay all claims related to H&R Block pending the resolution of any arbitration it may order as to H&R Block.

## IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court grant this motion to compel arbitration if it orders arbitration of the claims against H&R Block in *Hunt*.  Alternatively, if the Court compels the Plaintiffs to arbitrate against H&R Block but not Google, the Court should stay proceedings as to the H&R Block plaintiffs pending the outcome of arbitration.


Date:  December 15, 2023                    **WILLKIE FARR & GALLAGHER LLP**

                                           By:    */s/ Benedict Hur*_____
                                                  Benedict Hur
                                                  Simona Agnolucci
                                                  Eduardo E. Santacana
                                                  Joshua Anderson
                                                  Yuhan Alice Chi
                                                  Naiara Toker
                                                  Anika Holland

                                                  Attorneys for Defendant
                                                  Google LLC