**BURSOR & FISHER, P.A**
JOEL D. SMITH, SBN 244902
jsmith@bursor.com
NEAL DECKANT, SBN 320783
ndeckant@bursor.com
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

**GEORGE FELDMAN MCDONALD, PLLC**
LORI G. FELDMAN (*pro hac vice*)
lfeldman@4-justice.com
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321

*Attorneys for Plaintiffs*
*Additional Attorneys on Signature Block*

**WILKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR, SBN 224018
bhur@wilkie.com
SIMONA AGNOLUCCI, SBN 246943
sagnolucci@willkie.com
EDUARDO E. SANTACANA, SBN 281668
esantacana@willkie.com
JOSHUA ANDERSON, SBN 312836
jdanderson@willkie.com
YUHAN ALICE CHI, SBN 324072
ychi@willkie.com
NAIARA TOKER, SBN 346145
ntoker@willkie.com
One Front Street, 34th Floor San Francisco, CA
94111 Telephone: (415) 858-7400.

*Attorneys for Defendant Google, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY L. SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case No.: 5:23-cv-03527-PCP<br>(Consol. w/ 5:23-cv-04191-PCP)<br>(Related to 5:22-cv-07557-PCP<br>    & 5:23-cv-04953-PCP)<br><br>**JOINT RULE 26(f) REPORT AND INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date: January 11, 2024<br>Time: 1:00 p.m.<br>Location: San Jose Courthouse<br>Judge: Honorable Judge P. Casey Pitts |

Plaintiffs Mary Smith, Malissa Adams, Tracylyn Patterson, Cary Goldberg, Tyisha Sheppeard, Teresa Wright, Rheazene Taylor, Tiffany Layton, Jamila Armstrong, and Monica Townsend (collectively, "Plaintiffs") and Defendant Google, LLC ("Google") (collectively, the "Parties"), by and through their undersigned counsel, hereby submit the following Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California (eff. Jan. 17, 2023), in advance of the Initial Case Management Conference in the above-captioned case scheduled for January 11, 2024 at 1:00pm before the Honorable P. Casey Pitts.

## I. JURISDICTION AND SERVICE

The Parties agree that no issues exist regarding personal jurisdiction or venue. Google was formally served on August 1, 2023. *See* ECF No. 17 (Proof of Service). There are no other defendants in this action.

Plaintiffs allege that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Federal Wiretap Act, 18 U.S.C. §§ 2510, et. seq., and pursuant to § 28 U.S.C. 1332(d) as this is a class action in which the amount in controversy exceeds the sum or value of $5,000,000 and at least one member of the Class is a citizen of a state different from the Defendant. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' state and common law claims.

## II. FACTS

*Plaintiffs' Statement:*

This is a privacy class action against Google, arising from Google's wiretapping of electronic communications on major online tax filing websites offered by H&R Block, TaxAct, and TaxSlayer, among other sites. The device that makes this wiretapping possible is Google Analytics' ubiquitous tracking pixel, which is embedded in the JavaScript of online tax preparation websites. This pixel gathers information from website visitors when they interact with the tax-preparation platforms. As a result of this wiretapping, U.S consumers have been transmitting their sensitive financial information to Google – inadvertently and without consent –when they file their taxes online.

Disclosing tax-return information without consent is a crime. 26 U.S.C. § 7216. Aiding and abetting the unlawful disclosure of tax-return information is a crime. Inspecting unlawfully obtained tax-return information is a crime. 26 U.S.C. § 7213A(a)(2). Plaintiffs bring this action on behalf of themselves individually and a putative class of all people in the United States who used an online tax preparation provider subject to Google's wiretap, including but not limited to H&R Block, TaxAct, or TaxSlayer, and who, as a result of using those services, had their tax-filing information transmitted to Google. This action also seeks to certify subclasses of class members from California, Illinois, Florida, and Texas who used these same websites. Among other causes of action, Plaintiffs allege violations of state and federal wiretapping laws and consumer protection statutes.

***Google's Statement:***

Website developers, including developers of online tax filing websites, use a variety of analytics tools to analyze users' experiences on their properties. Their use is widely understood, dutifully disclosed, and regularly consented-to by users. This District has repeatedly recognized that developers have the right to employ such analytics tools, and that the providers of those analytics tools are mere vendors or service providers to the developer.

Google Analytics (GA), one such tool, is used by millions of websites and apps across the world. It provides developers with critical insights on web and app usage and user engagement so that developers can improve their products.

Plaintiffs allege that tax filing websites H&R Block, TaxSlayer, and TaxAct (the "Websites") disclosed users' sensitive financial data to Google through the use of GA. Plaintiffs allege that the Websites implemented GA on their websites using pixels and that, through this tool, Google intercepted Plaintiffs' sensitive financial information.

Plaintiffs' claims are not sufficiently alleged and Google denies all of Plaintiffs' claims and allegations that Google disclosed, intercepted, and/or used Plaintiffs' sensitive health data in violation of statutory and/or common laws. Google will present further views regarding the relevant facts and disputed factual issues at a later date.

**III. LEGAL ISSUES**

*Plaintiffs' Statement:*

Plaintiffs in this proposed class action allege that Google violated federal and state law by improperly and illegally accessing private tax return information from Plaintiffs and the proposed class. Plaintiffs allege Google did not receive consent to receive confidential tax, financial and related information, but intentionally obtained such information. Plaintiffs allege Google is liable to the class on eight causes of action, as follows:

- Violation of the California Invasion of Privacy Act, California Penal Code § 631
- Violation of the California Invasion of Privacy Act, California Penal Code § 632
- Violation of the California Invasion of Privacy Act, California Penal Code § 635
- Violation of the Federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq*.
- Violation of the Federal Wiretap Act, 18 U.S.C. § 2512
- Violation of the Florida Security of Communications Act, Florida Statutes § 934.10
- Violation of the Illinois Eavesdropping Act, 720 ILCS 5/14-6
- Violation of the Texas Criminal Wiretap Act (Texas Code of Criminal Procedure, Article 18A.502(1); and Texas Penal Code Sections 16.02(b)(1)–(b)(3), (b)(5))

*Google's Statement:*

Google denies that it has violated any laws, denies that Plaintiffs have stated a claim under any legal theory, and denies that Plaintiffs may pursue claims on behalf of any putative class. Without the benefit of a decision on Google's pending motion to compel arbitration, motion to stay pending arbitration, and motion to dismiss, the primary legal issues at this stage likely include:

(1) Whether Plaintiffs are required to pursue their claims in arbitration.

(2) If Plaintiff in the related *Hunt* matter is compelled to arbitrate his claims with H&R Block, whether the claims in this matter against Google should be stayed pending the outcome of the arbitration.

(3) Whether Plaintiffs have alleged sufficient facts to plead a violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631; a violation of CIPA, Cal. Penal Code § 632; a violation of CIPA, Cal. Penal Code § 635; a violation of the Federal Wiretap Act, 18 U.S.C. § 2510;

a violation of the Federal Wiretap Act, 18 U.S.C. § 25102; a violation of the Florida Security of Communications Act, Florida Statutes § 934.10; a violation of the Illinois Eavesdropping Act, 720 ILCS 5/14-6; and/or violations of the Texas Criminal Wiretap Act (Texas Code of Criminal Procedure, Article 18A.502(1) and Texas Penal Code Sections 16.02(b)(1)–(b)(3), (b)(5)).

(4) Whether Plaintiffs consented to the conduct alleged in the Complaint.

(5) Whether Plaintiffs Patterson, Goldberg, Shepherd, Layton, and Armstrong's claims are barred by the applicable statutes of limitations.

Additional legal issues may be presented, particularly if the case progresses past the pleading stage.

## IV. MOTIONS

### A. Prior Motions

*Joint Statement:*

As of the date of this filing, this Court has ruled on several motions for leave to appear *pro hac vice*, as well as Plaintiffs' Motion to Relate and Sever. In that ruling, the Court related this matter to the previously filed case *Doe v. Meta Platforms* (No. 22-cv-07557-PCP) and the later-filed case *Hunt v. Meta Platforms* (No. 23-cv-04953) and denied Plaintiffs' Motion to Sever as moot.

After the Court's ruling on the Motion to Relate, Google filed an administrative motion to align the motion-to-dismiss briefing schedules in this matter and the *Hunt* matter. Plaintiffs opposed that motion. The Court denied Google's motion.

The parties respectfully request that the Court allow the parties to address the issue of severance at the CMC. *See* Fed. R. Civ. P. 21 ("The court may . . . sever any claim against a party."); *Earth Island Inst. v. Quinn*, 56 F. Supp. 3d 1110, 1114 (N.D. Cal. 2014) ("The Court has broad discretion in determining whether to order severance under Rule 21." (citations omitted)). Severing the claims against Google in *Hunt* and consolidating the severed claims with *Smith* will avoid the risk of inconsistent results and further the interests of party and judicial efficiency.

*Google's Statement Regarding Severance:*

The claims against Google in *Hunt* are based on the same operative facts and adjudicating the claims against Google in two separate cases risks creating inconsistent results. Severing and

consolidating would also obviate the need for the Court to adjudicate two Motions to Compel Arbitration and a Motion to Stay. In *Hunt*, H&R Block has indicated that it intends to seek to compel arbitration. Google's motions to compel arbitration in *Smith* and *Hunt* are intertwined with H&R Block's forthcoming motion to compel arbitration in *Hunt.* As such, if the Court severs the claims against *Hunt* defendant H&R Block, Google intends to withdraw its motion to compel arbitration in *Smith,* and would not file a motion to compel arbitration in *Hunt.* Moreover, severing and consolidating would avoid the need to place *Smith* and *Hunt* on the same schedule and would permit the *Smith* case to proceed more quickly.

***Plaintiffs' Statement Regarding Severance:***

As noted above, Plaintiffs join in the request that the Court address the issue of severance at the case-management conference. Plaintiffs do not, however, agree with Google's characterization of Plaintiffs' claims in this matter as intertwined with the *Hunt* plaintiffs' claims against H&R Block. Plaintiffs have not sued H&R Block, and the Plaintiffs subject to Google's motion to compel arbitration in this matter did not agree to arbitrate their claims against Google. These matters will be fully addressed in Plaintiffs' opposition to Google's motion to compel arbitration.

**B. Pending Motions**

Google filed its motion to compel arbitration of Plaintiffs Mary Smith and Cary Goldberg's claims or to stay litigation pending the forthcoming motions to arbitrate in *Hunt* and any subsequent arbitrations, and its motion to dismiss on December 15, 2023. The motions are currently set for hearing on March 7, 2024 at 10:00 a.m. Plaintiffs' oppositions are due January 29, 2024, and replies are due February 21, 2024. ECF No. 46.

***Google's Statement Regarding Motion to Compel Arbitration:***

If the claims against Google in *Hunt* are not severed, Google proposes that the motion to compel arbitration be decided at the same time as H&R Block and Google's forthcoming motions to compel arbitration in the related *Hunt* matter. The relief requested by Google's motion to compel arbitration in this matter is inextricably intertwined with H&R Block's motion to compel arbitration in *Hunt*. ECF No. 51 at 1 ("Google therefore brings this motion to compel arbitration of Smith and Goldberg's claims in this action, if H&R Block successfully moves to compel arbitration in Hunt."). Google therefore

proposes that the motions to compel arbitration in *Hunt* and *Smith* be decided simultaneously for the efficiency and ease of all parties and the Court.

### *Plaintiffs' Statement Regarding Motion to Compel Arbitration:*

Again, Plaintiffs do not agree with Google's characterization of Plaintiffs' claims in this matter as intertwined with the *Hunt* plaintiffs' claims against H&R Block, as will be fully addressed in Plaintiffs' opposition to Google's motion to compel arbitration in this matter. Further, Plaintiffs do not agree that Google's motions to compel arbitration in *Hunt* and this matter should be decided simultaneously. Google's motion to compel arbitration in this matter will be fully briefed and ready for decision by February 21, 2024. while Google's motion to compel arbitration in the *Hunt* matter has not yet been filed and no briefing schedule has been set. There is no reason that the motion to compel arbitration in this matter should be delayed by an as-yet unfiled motion against H&R Block—an entity that Plaintiffs have *not* sued—for an indefinite period time.

### C. Other Anticipated Motions

At the earliest practicable time after conducting adequate discovery, Plaintiffs will move to have the claims certified for class treatment under Fed. R. Civ. P. 23. In addition, the Parties may move for summary judgment and make various discovery and pretrial motions as necessary.

As more fully discussed below in Section VIII (Discovery), and for the reasons stated above, Google proposes that the Court stay discovery until the motion to compel arbitration, motion to stay pending arbitration, and motion to dismiss have been decided. Google believes that any additional motion practice will be contingent on the Court's ruling on the motions to compel arbitration, motions to stay pending arbitration, and motions to dismiss.

### V. AMENDMENT OF PLEADINGS

Plaintiffs filed their Consolidated Amended Complaint on October 9, 2023. ECF No. 35. Plaintiffs reserve their right to amend the Consolidated Complaint consistent with Fed. R. Civ. P. 15, including to the extent any order from the Court requires or permits further amendment. Plaintiffs have proposed a deadline for amending the pleadings in their proposed schedule in Section XVI below.

Google reserves all rights regarding any further motion by Plaintiffs to amend the Consolidated Amended Complaint.

## VI. EVIDENCE PRESERVATION

*Plaintiffs' Statement:*

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and commenced the meet and confer process pursuant to Fed. R. Civ. P. 26(f). The Parties are aware of and have taken significant steps to comply with their evidence-preservation obligations under the Federal Rules of Civil Procedure, including the rules governing electronic discovery.

From Plaintiffs' perspective, the parties' meet-and-confer concerning evidence preservation raised significant concerns as to whether Google has taken or intends to take appropriate measures to preserve data transmitted to Google by the tax-filing service platforms at issue in this matter. Plaintiffs and Google are continuing to confer about this issue and Plaintiffs do not believe the Court's intervention is necessary at this time. Plaintiffs do, however, reserve the right to raise this issue with the Court in the future should doing so become necessary.

As Google notes below, during the Parties' initial discussions, Google requested that Plaintiffs provide the Google Analytics identifiers for each web property at issue in this matter. Plaintiffs are endeavoring to do so and will continue to confer with Google on this issue. Nevertheless, Plaintiffs believe that Google has the ability to identify, isolate, and preserve data transmitted to Google by the tax-filing service platforms named in the Complaint using the names of these services, the URLs of their web properties, or by other means. Plaintiffs' position is that Google must preserve the transmitted to it by at least the tax-filing service platforms named in the Complaint via these and other means available to it.

*Google's Statement:*

Google respectfully submits that the deadline to complete the Rule 26(f) conference should be March 28, 2024: 21 days after the hearing on Google's motion to compel arbitration, motion to stay pending arbitration, and motion to dismiss. Previously, the Parties jointly stipulated pursuant to Section VI of this Court's standing order that "the Rule 26(f) conference . . . would be more productive after resolution of Google's anticipated motion to dismiss." ECF No. 31. And in the Order to Continue the Initial Case Management Conference and Related Deadlines dated September 6, 2023, the Court granted that stipulation, ruling that the initial case management conference would be held no earlier

than 21 days after the hearing on Google's motion to dismiss, and that the "deadline to complete the Rule 26(f) conference [would] be 21 days before the initial case management conference." ECF No. 32-1. On November 30, however, the Court set the initial case management conference for January 11, 2024, *before* the hearing on Google's anticipated motion to dismiss. Now that Google has also filed a motion to compel arbitration and motion to stay pending arbitration, Google reiterates its view that it would be more productive to complete the Rule 26(f) conference after the Court's ruling on its pending motions.

Google cannot unilaterally identify with certainty the Google Analytics accounts and properties that are at issue in this action based only on the names of the tax-filing service platforms or the URLs associated with those names. During the parties' meet-and-confer concerning evidence preservation, Google requested that Plaintiffs provide Google Analytics identifiers for the tax-filing service properties that Plaintiffs claim are at issue in this matter. Plaintiffs have not yet provided these identifiers. Once Plaintiffs provide these identifiers, Google will assess the burden of preserving additional data relevant to the properties that Plaintiffs identify.

## VII. DISCLOSURES

For the same reasons discussed in Section VI above, and consistent with the Court's Order, ECF No. 32-1, the Parties submit that the deadline to exchange initial disclosures should be 21 days after the Court hears Google's motion to dismiss.

## VIII. DISCOVERY

### A. Assignment of Magistrate

As an initial matter, Plaintiffs note that a magistrate judge has not yet been appointed in this matter. Plaintiffs believe this matter should be assigned to Magistrate Judge Virginia K. DeMarchi. Three pending matters related to unauthorized transmission of private information via the pixel developed by Meta Platforms, Inc. (f/k/a Facebook) were assigned to Judge DeMarchi in February 2023, including *Doe v. Meta Platforms* (No. 22-cv-07557-PCP), to which this matter has been related.[1]

---

[1] The other two Meta-Pixel related matters before Magistrate DeMarchi are *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (VKD), and *Gershzon v. Meta*, Case No. 3:23-cv-00083-SI (VKD).

Just as the *Doe* case concerns tax-filing service providers' transmission of consumer data to Meta via its pixel, this matter concerns the transmission of information from those same tax-filing service providers to Google via its pixel. By virtue of her longstanding supervision of these three Meta-Pixel related cases, Magistrate DeMarchi has extensive knowledge of and facility with the technologies at issue, which – at least in broad outline – operate similarly across platforms.

Magistrate DeMarchi has addressed and coordinated numerous preliminary discovery issues in the Meta-Pixel matters to date. Importantly, Magistrate DeMarchi has issued a uniform Rule 502(d) Clawback Order, Protective Order, and ESI Protocol in these cases. These discovery-management protocols can and should serve as the starting point for submission and entry of similar orders in this matter. Assignment of this matter to Judge DeMarchi will thus achieve significant efficiencies for the parties and the Court.

Google has no objection to Plaintiffs' request that discovery in this matter be referred to Magistrate Judge DeMarchi, or to whichever Magistrate Judge the Court prefers. Google does not agree to Plaintiffs' purported uniform orders and protocols and looks forward to negotiating a Clawback Order, Protective Order, and ESI Protocol appropriate to this case and these parties. Finally, although the parties have stipulated (and the Court has ordered) that discovery should not commence until after the Court has heard Google's pending motion to dismiss, Google is nevertheless willing to agree to negotiate in good faith and endeavor to file a Clawback Order, Protective Order, and ESI Protocol within 30 days of the Case Management Conference.

### B. Discovery Issues

*Joint Statement:*

The parties have stipulated (and the Court has ordered) that the initial case-management conference should not take place until 21 days after the hearing on Google's motion to dismiss, which requests that the Court resolve the entire case. ECF Nos. 31 and 32. While the Court subsequently set a Case Management Conference on January 11, 2024, the parties do not interpret that order as superseding the parties' stipulation and the Court's order as it relates to the timing of the initial case-management conference, and thus to the commencement of discovery.

*Plaintiffs' Statement Regarding Discovery:*

In accordance with the Court's Order concerning the initial case-management conference in this matter (ECF No. 32) and Federal Rule of Civil Procedure 26, Plaintiffs believe that discovery should begin following the completion of the parties' 26(f) conference. Plaintiffs anticipate that they will seek discovery concerning topics including but not limited to (i) Google's receipt and storage of data transmitted to it by the tax-filing services, (ii) technical aspects of the relevant pixels, (iii) Google's knowledge of the data being transmitted by tax-filing service providers and the uses to which that data was put. In addition to seeking discovery from Google, Plaintiffs will also conduct third-party discovery, including discovery from the tax-filing service providers.

Plaintiffs may need to seek relief from the standard limits on the number of deponents and/or interrogatories. The extent of any anticipated relief from the rules is not known at this time. Plaintiffs reserve all rights to seek relief at an appropriate time in the future.

*Google's Statement Regarding Discovery:*

The Court also has broad discretion to stay discovery pending the disposition of a dispositive motion, such as Google's motion to dismiss. *See In re Nexus 6P Products Liability Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (noting that courts in this district may stay discovery pending resolution of a dispositive motion where the pending motion is potentially dispositive of the entire case, and the pending motion can be decided absent discovery). Here, Google's motion to dismiss will be potentially dispositive of the entire case. In addition, any discovery is unnecessary for resolution of the motion to dismiss because the motion is based solely on allegations in the Consolidated Amended Complaint. *See, e.g.*, *Gibbs v. Carson*, 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014) (granting motion to stay discovery until disposition of the defendants' motion to dismiss). Even if the motion to dismiss does not dispose of the entirety of the case, the motion could substantially narrow the scope of discovery that, if conducted prior to the disposition of the motion to dismiss, could be resource-intensive, burdensome, and ultimately unnecessary. For efficiency and to conserve judicial and party resources, Google believes that a stay of discovery pending the disposition of Google's motion to dismiss is appropriate.

Google is willing to meet and confer with Plaintiffs to discuss the timing and sequencing of discovery after the motions to compel arbitration and to dismiss have been decided.

IX. **CLASS ACTIONS**

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

*Plaintiffs' Statement:*

Plaintiffs will move to have the claims certified for class treatment under Fed. R. Civ. P. 23. Plaintiffs believe that the evidence will establish that class certification is appropriate.

The Complaint identifies the following classes for certification.

- *Nationwide Class*. All people in the United States who used online tax preparation providers such as H&R Block, TaxAct, or TaxSlayer, while those websites had the Google pixel installed on them.
- *California Subclass*. All people in California who used online tax preparation providers such as H&R Block, TaxAct, or TaxSlayer, while those websites had the Google pixel installed on them.
- *Florida Subclass*. All people in Florida who used online tax preparation providers such as H&R Block, TaxAct, or TaxSlayer, while those websites had the Google pixel installed on them.
- *Illinois Subclass*. All people in Illinois who used online tax preparation providers such as H&R Block, TaxAct, or TaxSlayer, while those websites had the Google pixel installed on them.
- *Texas Subclass*. All people in Texas who used online tax preparation providers such as H&R Block, TaxAct, or TaxSlayer, while those websites had the Google pixel installed on them.

Plaintiffs reserve the right to modify the foregoing class definitions based on further investigation and discovery in the case.

*Google's Statement:*

Google does not believe the Court should address the class allegations until after it rules on the motion to compel arbitration and motion to dismiss. Google disputes that Plaintiffs may establish a

basis for class certification under Fed. R. Civ. P. 23, or that Plaintiffs will be able to show a class-wide basis for awarding damages.

## X. RELATED CASES

*Hunt v. Meta Platforms, Inc.*, No. 5:23-cv-04953-PCP and *In re Meta Pixel Tax Filing Cases*, No. 5:22-cv-07557-PCP have already been related by order of this court. The Parties are not presently aware of any further cases meeting the requirements of Civil Local Rule 3-12 as interpreted by courts in this district that have been filed in this Court or any other.

## XI. RELIEF

*Plaintiffs' Statement:*

Plaintiffs seek judgment against Google and ask that the Court grant the following: class certification, damages, restitution, and injunctive relief. Plaintiffs' damages claims include statutory, actual, nominal, common law, and/or punitive damages, as well as pre- and post-judgment interest, reasonable litigation expenses, costs of suit and attorney's fees, and other and further relief as the Court deems necessary and appropriate.

The Court may award statutory damages of $5,000 per violation for violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 631, 635, and 637.2, as well as statutory damages of not less than $100 a day for each day of violation or $10,000, whichever is greater, for violation of the Federal Wiretap Act, 18 U.S.C. § 2512. The precise number of Class Members during the relevant period is subject to discovery, and the extent of actual, nominal, common law, and/or punitive damages is subject to discovery as well as expert testimony. As a result, Plaintiffs cannot presently provide an estimate of the total damages potentially recoverable against Google should the Class(es) be certified and prevail at trial.

*Google's Statement:*

Google contends that Plaintiffs are not entitled to any relief from Google and that the complaint fails to state a claim upon which relief can be granted. At this stage in the litigation, Google is not in a position to describe the bases on which any alleged damages should be calculated in the event liability were to be established (which Google contests). Google does not anticipate filing any counterclaims.

## XII. SETTLEMENT AND ADR

Per ADR L.R. 3-5, the Parties and their counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," available at www.adr.cand.uscourts.gov. The Parties have met and conferred regarding mediation and ADR options.

*Plaintiffs' Statement:*

Plaintiffs submit that private mediation is appropriate.

*Google's Statement:*

Google believes it is premature to engage in ADR or settlement discussions at this time.

## XIII. OTHER REFERENCES

As noted above, Google has filed a motion to compel Plaintiffs Smith and Goldberg to submit their claims against Google in this action to final and binding individual arbitration. Plaintiffs oppose Google's motion and will file their opposition on January 29, 2024, as ordered by the Court.

The Parties otherwise agree that this case is not suitable for reference to a special master, or the Judicial Panel on Multidistrict Litigation at this time. The Parties reserve their rights on the suitability of these mechanisms if facts or circumstances change.

## XIV. NARROWING OF ISSUES

The Parties are not presently aware of any issues that may be narrowed by agreement.

Google believes that the motion to compel arbitration and motion to dismiss—if they are not dispositive of the cases in whole—are likely to narrow or eliminate issues for discovery and for trial. Plaintiffs disagree and oppose both Google's motion to compel arbitration and its motion to dismiss, to which Plaintiffs' oppositions will be filed in accordance with the schedule ordered by the Court.

## XV. EXPEDITED TRIAL PROCEDURE

The Parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVI. SCHEDULING

*Joint Statement:*

The parties are aware of this Court's guidance that the trial date should be no more than 18 months from the initial case management conference. As noted above, the parties have stipulated (and

the Court has ordered) that the initial case-management conference would be moved to the first available date falling no earlier than 21 days after the hearing on Google's motion to dismiss. ECF Nos. 31 and 32. The Court subsequently set a Case Management Conference on January 11, 2024, which the parties interpret as not superseding the parties' stipulation and the Court's order as it relates to timing of the initial case-management conference and related deadlines. The parties agree that the initial case-management conference following the hearing on Google's motion to dismiss would be a more appropriate time to set a case schedule in this matter.

Nevertheless, out of an abundance of caution and to comply with the Court's standing order, the Parties jointly propose the following schedule.

| Event | Deadline |
| --- | --- |
| Motions to Dismiss & Compel Fully Briefed | February 21, 2024 |
| Motions Hearing | March 7, 2024 |
| Exchange of Initial Disclosures | 21 days after an Order denying MTD (if granted, set new briefing schedule) |
| Pleading Amendment Deadline | 90 days after commencement of discovery |
| ADR Deadline | 120 days after an Order denying MTD |
| Close of Fact Discovery | 225 days after an Order denying MTD |
| Plaintiffs Motion for Class Certification and Class Expert Reports Due | 225 days after an Order denying MTD |
| Google's Opposition to Class Certification and Class Expert Reports Due | 30 days after motion for class certification |
| Plaintiffs' Class Certification Reply and Rebuttal Class Expert Reports Due | 14 days after Google's opposition to class certification |
| Close of Expert Discovery | 14 days after Google's opposition to class certification |
| Class Certification Hearing | 14 days after motion is fully briefed |
| Dispositive Motion Deadline | 30 days after Order on class certification |
| Dispositive Motions to be Heard | 14 days after motions are fully briefed |
| Final Pretrial Conference | 14 days before trial commences |

| Trial Commences | 18 months from initial case management conference |

## XVII. TRIAL

Plaintiffs have requested a trial by jury and anticipate that a trial will take 10-15 days. Google's position is that it is not possible to estimate the length of the trial before resolution of Google's motion to compel arbitration and motion to dismiss.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs certify that there is no conflict of interest (other than the named parties) to report.

Google filed its Certification of Interested Entities or Persons on October 20, 2023 (ECF No. 39), which reported that Google LLC, XXVI Holdings Inc. (Holding Company of Google LLC), and Alphabet Inc. (Holding Company of XXVI Holdings Inc.), (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

## XIX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct in the Northern District of California.

## XX. ANY OTHER MATTERS

Plaintiffs request that the Court authorize Plaintiffs' counsel to file a motion for appointment of a leadership committee and lead counsel pursuant to Fed. R. Civ. P. 23(g). Plaintiffs' counsel have reached an agreed leadership structure and thus anticipate that their leadership motion will be uncontested. Google takes no position regarding Plaintiffs' request to file such a motion. Plaintiffs' counsel will file their motion and supporting materials promptly upon receiving authorization from the Court.

| | | |
|---|---|---|
| Dated: December 28, 2023 | | **BURSOR & FISHER, P.A**. |

By:  */s/ Joel D. Smith*
Joel D. Smith

Joel D. Smith (State Bar No. 244902)
Neal Deckant (State Bar No. 320783)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jsmith@bursor.com
      ndeckant@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
lfeldman@4-justice.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Rebecca A. Peterson (241858)
Kate M. Baxter-Kauf (*pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com
kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (*pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (*pro hac vice*)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
jemerson@emersonfirm.com

*Attorneys for Plaintiffs*

**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN: 224018)
Simona Agnolucci (SBN: 246943)
Eduardo E. Santacana (SBN: 281668)
Joshua Anderson (SBN: 312836)
Yuhan Alice Chi (SBN: 324072)
Naiara Toker (SBN: 346145)
Anika Holland (SBN: 336071)
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400

*Attorneys for Defendant
Google LLC*

## CIVIL L.R. 5-1(h)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I, Joel D. Smith, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: December 28, 2023 By: */s/ Joel D. Smith*