**BURSOR & FISHER, P.A.**
Joel D. Smith, Cal. Bar No. 244902
Neal J. Deckant, Cal. Bar No. 322946
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
jsmith@bursor.com
ndeckant@bursor.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Rebecca A. Peterson, Cal. Bar No. 241858
Kate M. Baxter-Kauf (*pro hac vice*)
Robert K. Shelquist
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
rapeterson@locklaw.com
kmbaxter-kauf@locklaw.com
rkshelquist@locklaw.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
patrick@fosteryarborough.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow, Cal. Bar No. 243899
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
lfeldman@4-justice.com
mliskow@4-justice.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda (*pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
marshal@thehodalawfirm.com

**EMERSON FIRM, PLLC**
John G. Emerson
2500 Wilcrest Drive, Suite 300
Houston, TX 77042-2754
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY L. SMITH, *et al.,* individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case No. 5:23-cv-03527-PCP<br>(Consolidated with 5:23-cv-04191-PCP)<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO GOOGLE'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS**<br><br>Date: March 7, 2024<br>Time: 10:00 a.m.<br>Location: Courtroom 8, 4th Floor<br>Judge: Hon. P. Casey Pitts<br><br>Consolidated Class Action Complaint<br>Filed: 10/09/2023 |

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ..... ii

I. INTRODUCTION ..... 1

II. STATEMENT OF RELEVANT FACTS ..... 2

A. Plaintiffs File Federal and State Wiretap Claims Against Google Only, with Whom they Have Not Signed an Arbitration Agreement ..... 2

B. Google Moves to Compel Two Plaintiffs to Arbitration, Based on Unsworn Declarations About H&R Block Users in Other Cases and Arbitration Agreements with Conspicuous Opt-Out Provisions ..... 2

III. ARGUMENT ..... 4

A. The H&R Block Agreement Does Not Compel Arbitration of the Smith Plaintiffs' Claims ..... 4

1. Google Has Not Met its Burden to Show that the Smith Plaintiffs Assented to any Arbitration Agreement, Nor That They Failed to Opt Out of Such Agreement ..... 4

2. Equitable Estoppel Does Not Apply Here ..... 6

a. The Smith Plaintiffs' Claims Against Google Do Not Rely on and Are Neither Intimately Founded in Nor Intertwined with the H&R Block Agreement ..... 7

b. Google's Misconduct is Neither Interdependent nor Intimately Connected with the H&R Block Agreement ..... 8

B. The Court Should Not Stay the Smith Plaintiffs' Claims Pending Arbitration ..... 9

IV. CONCLUSION ..... 12

## TABLE OF AUTHORITIES

**Cases** **Pages**

*Aliff v. Vervent, Inc.*,
No. 20-CV-00697-DMS-AHG, 2020 WL 5709197 (S.D. Cal. Sept. 24, 2020)..............7, 8

*Belyea v. GreenSky, Inc.*,
No. 20-CV-01693, 2020 WL 3618959 (N.D. Cal. July 2, 2020) ....................................4, 5

*Berman v. Freedom Fin. Network, LLC*,
No. 18-cv-01060-DMR, 2018 WL 2865561 (N.D. Cal. June 11, 2018) ..............................4

*Burzdak v. Universal Screen Arts, Inc.*,
No. 21-CV-02148-EMC, 2021 WL 3621830 (N.D. Cal. Aug. 16, 2021) ............................4

*California Crane Sch., Inc. v. Google LLC*,
621 F. Supp. 3d 1024 (N.D. Cal. 2022)...................................................10, 11, 12

*Chen v. Bank of Am., N.A.*,
No. CV 19-6941-MWF (SK), 2020 WL 4561658 (C.D. Cal. Mar. 31, 2020) ...................12

*Congdon v. Uber Techs.*,
226 F. Supp. 3d 983 (N.D. Cal. 2016)...........................................................12

*Franklin v. Cmty. Regl. Med. Ctr.*,
998 F. 3d 867 (9th Cir. 2021) ..............................................................6

*Glob. Live Events v. Ja-Tail Enters, LLC*,
No. CV 13-8293 SVW, 2014 WL 1830998 (C.D. Cal. May 8, 2014) ..............................12

*Goldman v. KPMG*,
173 Cal. App. 4th 209 (2009) ..............................................................6

*Gray v. SEIU, United Serv. Workers W.*,
No. 20-cv-01980-JSW, 2020 WL 12228937 (N.D. Cal. Aug. 5, 2020)............................10

*GSC Dev. Inc. v. Jinlong Indus. Co., Ltd.*,
No. SACV 17-01763-CJC, 2017 WL 11643828 (C.D. Cal. Dec. 4, 2017)........................11

*Guild Mortg. Co. LLC v. CrossCountry Mortg. LLC*,
No. C21-1376-JCC-MLP, 2022 WL 447672 (W.D. Wash. Jan. 14, 2022)..................10, 11

*Hill v. Quicken Loans Inc.*,
No. EDCV190163FMOSPX, 2020 WL 5358394 (C.D. Cal. Aug. 5, 2020)........................4

*In re Carrier IQ, Inc. Consumer Priv. Litig.*,
No. C-12-MD-2330 EMC, 2014 WL 1338474 (N.D. Cal. Mar. 28, 2014) .................. 7, 8, 9

*In re Henson*,
869 F. 3d 1052 (9th Cir. 2017) .................................................................... 7, 8

*In re Uber Text Messaging*,
No. 18-CV-02931-HSG, 2019 WL 2509337 (N.D. Cal. June 18, 2019) ............................ 4

*Lockyer v. Mirant Corp.*,
398 F. 3d 1098 (9th Cir. 2005) ........................................................................ 10

*McKee v. Audible, Inc.*,
No. CV 17-1941-GW(EX), 2017 WL 4685039 (C.D. Cal. July 17, 2017) .......................... 7

*Murphy v. DirecTV, Inc.*,
724 F. 3d 1218 (9th Cir. 2013) .................................................................... 6, 9

*Rajagopalan v. NoteWorld, LLC*,
718 F. 3d 844 (9th Cir. 2013) ........................................................................... 6

*Setty v. Shrinivas Sugandhalaya LLP*,
3 F. 4th 1166 (9th Cir. 2021) ........................................................................... 6

*Wiedenbeck v. United Educ. Inst.*,
No. SACV1500810CJCJEMX, 2015 WL 12743599 (C.D. Cal. Dec. 15, 2015) ................. 8

*Wilson v. Huuuge, Inc.*,
944 F. 3d 1212 (9th Cir. 2019) .......................................................................... 4

## I. INTRODUCTION

Plaintiffs submit this opposition to Defendant Google LLC's ("Google") Motion to Compel Arbitration and to Stay Claims ("Motion" or "MTC"), EFC No. 51. Google seeks to compel arbitration of the claims brought against it by plaintiffs Mary Smith and Cary Goldberg (collectively the "Smith Plaintiffs"), based on arbitration agreements that the Smith Plaintiffs may or may not have consented to, or opted out of, between them and non-party tax preparer H&R Block (and not Google). Google's attempt to drag this case into arbitration based on other companies' agreements should be flatly rejected.

Defendant has utterly failed to meet its burden to show that the Smith Plaintiffs entered into *any* agreement with H&R Block, and that, if they did, they failed to opt out of the arbitration provision of any such agreement. And even if Google overcame this dispositive issue, neither of the two circumstances in which a non-signatory could enforce an arbitration agreement against a signatory are present here. First, the Smith Plaintiffs have not relied and need not rely on any agreement with H&R Block in asserting their claims against Google, nor are the Smith Plaintiffs' claims intimately founded in and intertwined with any agreement with H&R Block. Second, the Smith Plaintiffs plainly do not allege substantially interdependent and concerted misconduct by Google and H&R Block where such interdependent misconduct is founded in or intimately connected with the obligations of any agreement between the Smith Plaintiffs and H&R Block.

The Court should also reject Google contention that if this Court does not compel the Smith Plaintiffs to arbitrate their claims against Google — but it does compel the *Hunt* plaintiffs to arbitrate their claims against H&R Block in that separate action — the Court should stay the Smith Plaintiffs' claims here until the *Hunt* plaintiffs' arbitration against H&R Block is resolved. There is simply no reasonable basis for a stay in this hypothetical set of circumstances, and Google does not provide one. Nor does Google claim that allowing the Smith Plaintiffs' claims to proceed here would cause Google any meaningful hardship or inequity. Rather, any such stay would result in significant prejudice to the Smith Plaintiffs due to the undue delay they would

face in obtaining a remedy for Google's illegal wiretapping. And contrary to Google's argument, a stay of the Smith Plaintiffs' claims would not promote economy or efficiency as it would not obviate the need for any discovery in this action. Nor would a stay heighten the risk of any inconsistent results because, among other reasons, there are no claims in this action where the outcome depends on the hypothetical arbitration of the *Hunt* plaintiffs' claims against H&R Block, and any arbitrator's findings of facts or law are in no way binding on this Court. For these and other reasons Google's Motion should be denied.

## II. STATEMENT OF RELEVANT FACTS

### A. Plaintiffs File Federal and State Wiretap Claims Against Google Only, with Whom they Have Not Signed an Arbitration Agreement

On July 14, 2023, Plaintiff Mary L. Smith filed this action against Google for wiretapping sensitive and private tax-return information from major online tax-filing websites run by H&R Block, TaxAct, and TaxSlayer, among others. *See* ECF No. 1, ¶ 1. On August 17, 2023, Plaintiffs Malissa Adams, Tracylyn Patterson, Cary Goldberg, Tyisha Sheppeard, Teresa Wright, Tiffany Layton, Rheazene Taylor, Jamila Armstrong, and Monica Townsend filed a separate action against Google in this Court for the same conduct. *See* Case No. 5:23-cv-04191-PCP. In early September 2023, Plaintiffs and Google agreed to consolidate these two actions in this Court. *See* ECF No. 31. Accordingly, on October 9, 2023, Plaintiffs filed their Consolidated Class Action Complaint ("CAC") asserting claims against only Google pursuant to the Federal Wiretap Act, California Invasion of Privacy Act, Florida Securities of Communications Act, Illinois Eavesdropping Act, and Texas Criminal Wiretap Act. Nowhere in the CAC do Plaintiffs make any allegations regarding H&R Block's online terms of service or privacy notices.

### B. Google Moves to Compel Two Plaintiffs to Arbitration, Based on Unsworn Declarations About H&R Block Users in Other Cases and Arbitration Agreements with Conspicuous Opt-Out Provisions

On December 15, 2023, contemporaneously with its motion to dismiss,[1] Google filed this

[1] *See* Google LLC's Notice of Motion and Motion to Dismiss Consolidated Class Action Complaint ("Google MTD"), ECF No. 50.

MTC, asking the Court to send two of the ten plaintiffs to arbitration. *See id.* at 5-8. However, Google's motion is not based on any arbitration agreement it has entered with the Smith Plaintiffs. Instead, Google seeks to force the Smith Plaintiffs into arbitration based on agreements it invites the Court to *assume* the Smith Plaintiffs *must* have entered into with H&R Block and *must have* failed to opt out of, and to which Google concedes it is a "non-signatory." MTC at 5.

In support of its MTC, Google attaches the following exhibits to the Declaration of Joshua Anderson ("Anderson Declaration"):

- two unsworn declarations from other cases wherein H&R Block employees state that two individuals—Roni Sue Caimano and Aaricka Swanson—accepted H&R Block arbitration agreements on particular dates "[a]ccording to H&R Block records" (*Id.*, Ex. A, ¶ 11, Ex. C, ¶ 3);[2]

- two versions of H&R Block's online terms of service, which include arbitration provisions *and bolded opt-out clauses* (*see id.*, Exs. B and D, § 11.1);[3] and

- two versions of H&R Block privacy notices that do not authorize wiretapping (*see id.*, Ex. E at 6-13; *id.*, Ex. F at 4-8).[4]

Nowhere in these exhibits are the Smith Plaintiff's names, much less any evidence showing either agreed to any arbitration agreement or failed to opt out of any arbitration agreement.

[2] *See* Anderson Declaration, Ex. A, ¶ 11 ("Plaintiff [Roni Sue Caimano] accepted the H&R Block Online Services Agreement under the processes described above on February 7, 2023 at 11:30 A.M.") (dated Sept. 28, 2023) (*Roni Sue Caimano v. H&R Block, Inc. et al.*, Case No. 23-cv-3272, in the United States District Court for the Eastern District of Pennsylvania); *id.*, Ex. C, ¶ 10 ("Swanson agreed to the H&R Block Online Services Agreement on March 2, 2019 at 6:03:08 pm Central Time using the process described above.") (dated Dec. 2, 2019) (*Aaricka Swanson v. H&R Block, Inc. et al.*, Case No. 19-788, in the United States District Court for the Western District of Missouri).

[3] *See* Anderson Declaration, Ex. B, § 11.1 ("Scope of Arbitration Agreement" and "Arbitration Opt Out"); *id.*, Ex. D, § 11.1 ("Scope of Arbitration Agreement" and "Right to Opt Out of This Arbitration Agreement").

[4] *See* Anderson Declaration, Ex. E; *id.*, Ex. F (accessed using Internet Archive, a/k/a "the Wayback Machine," according to Anderson Declaration, ¶ 7).

## III. ARGUMENT

### A. The H&R Block Agreement Does Not Compel Arbitration of the Smith Plaintiffs' Claims

#### 1. Google Has Not Met its Burden to Show that the Smith Plaintiffs Assented to any Arbitration Agreement, Nor That They Failed to Opt Out of Such Agreement

The Federal Arbitration Act "does not govern [the] question of contract formation." *Burzdak v. Universal Screen Arts, Inc.*, No. 21-CV-02148-EMC, 2021 WL 3621830, at *3 (N.D. Cal. Aug. 16, 2021). To compel arbitration Google "must prove the existence of a valid agreement by a preponderance of the evidence." *Wilson v. Huuuge, Inc.*, 944 F. 3d 1212, 1219 (9th Cir. 2019). The Court may grant Google's MTC "[o]nly when there is no genuine issue of fact concerning the formation of the agreement." *In re Uber Text Messaging*, No. 18-CV-02931-HSG, 2019 WL 2509337, at *5 (N.D. Cal. June 18, 2019) (citation omitted) (party opposing arbitration entitled to "benefit of all reasonable doubts and inferences" and courts may find existence of arbitration agreements as matter of law only where no genuine issue of fact concerning "formation of the agreement"); *see also Berman v. Freedom Fin. Network, LLC*, Case No. 18-cv-01060-DMR, 2018 WL 2865561, at *4 (N.D. Cal. June 11, 2018) (denying motion to compel where movant failed to show "absence of a genuine issue of fact").

Because Google has failed to present any probative evidence demonstrating that Smith or Goldberg actually agreed to arbitrate against H&R Block and did not opt out, Google's attempt to compel the Smith Plaintiffs to arbitrate fails before even reaching the question of whether equitable estoppel may apply. After all, Google has submitted no records, screenshots, time records, or any other evidence to indicate how and when Smith or Goldberg "clicked the relevant buttons" that would signal them "agreeing to arbitration" with H&R Block through the website. *Hill v. Quicken Loans Inc.*, No. EDCV190163FMOSPX, 2020 WL 5358394, at *5 (C.D. Cal. Aug. 5, 2020) (denying motion to compel arbitration where defendant could not show with probative evidence how user would have agreed); *see also Belyea v. GreenSky, Inc.*, No. 20-CV-01693, 2020 WL 3618959, at *7 (N.D. Cal. July 2, 2020) (denying motion to compel arbitration

where defendant presented no evidence or records reflecting plaintiff "received or reviewed" terms of agreement, including arbitration provision, and rejecting assertions of defendant's declarant that only included "general statement[s]" and did not include supporting "evidence as to who sent the[] documents, when they were sent, and how they were sent and received.").

Here, all Google has provided to establish that the Smith Plaintiffs agreed to arbitrate are two different H&R Block agreements from different years and two declarations made about different H&R Block customers. In the case of the H&R Block agreements, there is nothing to support a finding by a preponderance of the evidence that the Smith Plaintiffs assented to arbitration rather than opted out, which both agreements invite in bold lettering with a hyperlink:

> **Arbitration Opt Out: You may opt out of this Arbitration Agreement within 30 days after you accept this Agreement by filling out the form at www.hrblock.com/goto/optout, or by sending a signed letter to Arbitration Opt Out, P.O. Box 32818, Kansas City, MO 64171. The letter should include your printed name, address, the first five digits of your Social Security Number, and the words "Reject Arbitration." If you opt out of this Arbitration Agreement, any prior arbitration agreement shall remain in force and effect.**

Anderson Declaration, Ex. B, § 11.1.

> **Right to Opt Out of This Arbitration Agreement: You are not required to accept arbitration even though you must accept this Agreement to receive service today. You may opt out of this Arbitration Agreement within the first 60 days after you accept this Agreement by fully filling out the form found at www.hrblock.com/goto/optout, or by sending a signed letter to Arbitration Opt-Out, P.O. Box 32818, Kansas City, MO 64171. The letter should include your printed name, the first five digits of your Social Security Number, state, zip code, and the words "Reject Arbitration." If you opt out of this Arbitration Agreement, any prior arbitration agreement will remain in force and effect.**

*Id.*, Ex. D, § 11.1.

Similarly, there is nothing in the declarations about the Smith Plaintiffs themselves, much less what they saw, clicked on, or chose as they navigated the H&R Block tax-filing website. Instead, the declarations indicate records reviewed and processes that would have been in place as of specific times the H&R Block customers at issue in the declarations purportedly visited the website.[5] Far from being probative of Google's claim that the Smith Plaintiffs agreed to arbitrate,

[5] *See id.*, Ex. A, ¶ 11 ("February 7, 2023 at 11:38 A.M.") (H&R Customer Caimano); *id.*, Ex. C, ¶ 10 ("March 2, 2019 at 6:03:08 pm Central Time") (H&R Customer Swanson).

Google's exhibits only serve to underline the complete lack of evidence it has provided to meet its burden. There are simply no documents or statements from persons with access to contemporaneous records to support a finding that either Smith or Goldberg ever assented to arbitration. Indeed, of all the versions of the H&R Block agreement attached to its MTC, Google does not even identify which ones the Smith Plaintiffs purportedly assented to. Thus, Google lacks sufficient evidence to meet its burden to prove that the Smith Plaintiffs agreed to forego their litigation rights and instead arbitrate any hypothetical claims against H&R Block.

**2. Equitable Estoppel Does Not Apply Here**

Courts in this Circuit overwhelmingly refuse to apply equitable estoppel where non-signatory defendants seek to enforce an arbitration agreement against a signatory plaintiff. *See Rajagopalan v. NoteWorld, LLC*, 718 F. 3d 844, 847 (9th Cir. 2013) ("We have never previously allowed a non-signatory defendant to invoke equitable estoppel against a signatory plaintiff, and we decline to expand the doctrine here."); *Setty v. Shrinivas Sugandhalaya LLP*, 3 F. 4th 1166, 1169 (9th Cir. 2021) (same).[6] This case is no different. Google, as it admits, is a non-signatory to the H&R Block Agreement and cannot enforce the arbitration provision based on the doctrine of equitable estoppel. *See* MTC at 1:14-22.

Google relies extensively on *Goldman v. KPMG*, 173 Cal. App. 4th 209, 219-221 (2009), insisting that the Smith Plaintiffs' claims fall into the narrow exceptions to the rule that a non-signatory cannot compel arbitration under the theory of equitable estoppel. *See* MTC at 5. But *Goldman* does not say anything new. The standard is the same under *Murphy v. DirecTV, Inc.*, 724 F. 3d 1218, 1229 (9th Cir. 2013). The doctrine of equitable estoppel may allow a non-signatory to enforce an arbitration agreement in only two circumstances: "(1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract, and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory

---

[6] *But see Franklin v. Cmty. Regl. Med. Ctr.*, 998 F. 3d 867 (9th Cir. 2021).

and another signatory and the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement." Neither of these circumstances is present here. By contrast, "equitable estoppel is inapplicable where a plaintiff's 'allegations reveal no claim of any violation of any duty, obligation, term or condition imposed by the [customer] agreements.'" *Id.* at 1230 (*quoting Goldman,* 173 Cal. App. 4th at 230)). In this case, the CAC alleges no such claim.

**a. The Smith Plaintiffs' Claims Against Google Do Not Rely on and Are Neither Intimately Founded in Nor Intertwined with the H&R Block Agreement**

Google's contention that the Smith Plaintiffs' claims fall under the first prong of the equitable estoppel theory fails, because the Smith Plaintiffs do not "attempt to seek any benefit from" the H&R Block Agreement. *In re Henson*, 869 F. 3d 1052, 1061 (9th Cir. 2017). Equitable estoppel is only applicable to signatories who "sought to claim the benefit of the contract," such as those who "sued under the contract." *McKee v. Audible, Inc.*, No. CV 17-1941-GW(EX), 2017 WL 4685039, at *14 (C.D. Cal. July 17, 2017); *Aliff v. Vervent, Inc.*, No. 20-CV-00697-DMS-AHG, 2020 WL 5709197, at *9 (S.D. Cal. Sept. 24, 2020), *aff'd*, No. 20-56121, 2021 WL 5985584 (9th Cir. Dec. 17, 2021) (finding application of equitable estoppel "particularly inappropriate where plaintiffs seek the protection of consumer protection laws"). Where plaintiffs' claims "are not . . . founded upon and do not arise out of the contract[]" but instead are based on "statutory rights not dependent upon the terms of those contracts," equitable estoppel does not apply. *In re Carrier IQ, Inc. Consumer Priv. Litig.*, No. C-12-MD-2330 EMC, 2014 WL 1338474, at *7 (N.D. Cal. Mar. 28, 2014).

Here, none of the Smith Plaintiffs' claims arise out of the H&R Block Agreement, or any other contract. Rather, each of their claims are statutory and are directly based on Google's invasion of the Smith Plaintiffs' privacy by intercepting their sensitive information without

consent.[7] In *In re Henson*, the Ninth Circuit found that these exact types of claims "have nothing to do with the [contracts]" because none of them "seek any benefit from [the contracts'] terms." *Id.*, 869 F. 3d at 1061 (finding no reliance on underlying contract where plaintiff claims defendant "violated [] users' 'reasonable expectations of privacy by creating zombie cookies'" and that defendant "used Class members' personal, private, and confidential data for commercial gain without their knowledge or consent"). Indeed, it is *Google* that relies on the H&R Block Agreement in formulating its defense. *See* Defendant Google LLC's Notice of Motion and Motion to Dismiss Consolidated Class Action Complaint ("Google MTD"), ECF No. 50 at 7 (raising consent defense based on language in H&R Block Agreement). Courts have repeatedly refused to apply equitable estoppel in such circumstances. *See In re Carrier IQ, Inc.*, 2014 WL 1338474, at *8 (rejecting defendants' argument plaintiffs have to rely on the agreements to show lack of consent because "it is Defendants who are invoking the agreements to disprove Plaintiffs' factual assertions"); *Wiedenbeck v. United Educ. Inst.,* No. SACV1500810CJCJEMX, 2015 WL 12743599, at *4 (C.D. Cal. Dec. 15, 2015) (explaining that when plaintiff "is not arguing that the TOU (or any related contract) is a source of [defendant's] liability," defendant cannot invoke equitable estoppel simply "by raising the contract as a defense.").

In *Aliff*, the court refused to apply equitable estoppel where plaintiffs "could have been defrauded by the alleged racketeering scheme even in the absence of signing [the agreements]," finding that plaintiffs' claim "[was] not necessarily founded in the underlying obligations of the [agreements]." 2020 WL 5709197, at *9. Here, the Smith Plaintiffs' claims are not founded in the H&R Block Agreement. Each count in the CAC is based directly on Google's unauthorized interception of the Smith Plaintiffs' electronic communications, not on a breach of H&R Block's privacy notice or any other aspect of the Agreement. Google has not shown that the Smith Plaintiffs' claims are intimately founded in and intertwined with the H&R Block Agreement.

[7] The Smith Plaintiffs have asserted claims pursuant to the Federal Wiretap Act, California Invasion of Privacy Act, Florida Securities of Communications Act, Illinois Eavesdropping Act, and Texas Criminal Wiretap Act. See CAC, ¶¶ 56-117.

**b. Google's Misconduct is Neither Interdependent nor Intimately Connected with the H&R Block Agreement**

Google has also failed to show that equitable estoppel applies under the "interdependent conduct" prong of the required analysis. The indispensable requirement for equitable estoppel "is that the claims the plaintiff asserts . . . are dependent on or inextricably bound up with the contractual obligations." *Murphy,* 724 F. 3d at 1232. As discussed above, the Smith Plaintiffs' claims against Google do not rely on, and thus cannot be, "inextricably bound with" the terms of the H&R Block Agreement. Equitable estoppel simply cannot apply under this prong.

This prong is also inapplicable for the independent reason that the Smith Plaintiffs' claims against Google are not interdependent with any claims against H&R Block. The Smith Plaintiffs' claims here are not predicated on allegations that Google colluded or otherwise acted in concert with H&R Block. *See Carrier,* 2014 WL 1338474, at *11. H&R Block could have been entirely unaware of Google's unlawful interception of the Smith Plaintiffs' information, and Google would still be liable to the Smith Plaintiffs under their claims pleaded in the CAC.

"Equitable estoppel is a doctrine that precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." *Carrier*, 2014 WL 1338474 at *5. While Google argues that the doctrine should be applied because Google's wiretapping device was installed on H&R Block's website and is theoretically governed by the H&R Block Agreement, MTC at 8, it has utterly failed to show that the Smith Plaintiffs are claiming any benefits of that agreement. Accordingly, Google's equitable estoppel argument is groundless and the motion should be denied.

**B. The Court Should Not Stay the Smith Plaintiffs' Claims Pending Arbitration**

Google argues that if the Court orders the *Hunt* plaintiffs to arbitrate their claims against H&R Block, but not those against Google, the Court should stay *all claims* by the Smith Plaintiffs against Google. *See* MTC at 8.[8] But Google provides no reasonable basis for such a stay which

[8] Google is unclear as to what claims, precisely, is seeks to stay. *Compare* MTC at 10 (asking Court to "stay all claims related to H&R Block") *with id.* ("the Court should stay proceedings as to the H&R Block plaintiffs"). Google makes no attempt to specific *which* claims it believes to be "related to H&R Block." MTC at 10. In any event, to the extent Google seeks to stay the

would significantly prejudice the Smith Plaintiffs and the Class.

When exercising its discretionary power to stay claims against litigants who are not parties to an arbitration agreement, the Court must weigh the "competing interests which will be affected by the granting or refusal to grant a stay," among which are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *California Crane Sch., Inc. v. Google LLC*, 621 F. Supp. 3d 1024, 1033 (N.D. Cal. 2022) (quoting *Lockyer v. Mirant Corp.*, 398 F. 3d 1098, 1110 (9th Cir. 2005)). "The Ninth Circuit has noted a preference for proceeding with the non-arbitrable claims when feasible." *California Crane*, 621 F. Supp. 3d at 1033 (internal quotations omitted). It has also explained "discretion [for a Court to control its own docket] is restricted by potential damage the stay may cause." *Gray v. SEIU, United Serv. Workers W.*, No. 20-cv-01980-JSW, 2020 WL 12228937, at *5 (N.D. Cal. Aug. 5, 2020). Finally, parties seeking a stay must make "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Guild Mortg. Co. LLC v. CrossCountry Mortg. LLC*, No. C21-1376-JCC-MLP, 2022 WL 447672, at *1 (W.D. Wash. Jan. 14, 2022) (brackets omitted).

Google does not contend it faces any meaningful hardship or inequity if the Smith Plaintiffs proceeded with their claims here. On the other hand, depriving the Smith Plaintiffs of the right to continue pursuing their claims against Google until a hypothetical arbitration of the claims of plaintiffs to a different action concludes would result in significant prejudice to the Smith Plaintiffs. This is because a stay of an indeterminate length would necessarily cause undue delay in the Smith Plaintiffs obtaining recompense for Google's actions and injunctive relief to prevent Google from continuing its improper wiretapping of the Smith Plaintiffs.

---

claims of any of the eight plaintiffs beyond Smith and Goldberg, none of whom alleged using H&R Block, there is absolutely no basis for the Court to do so and such a stay would result in significant prejudice to these eight plaintiffs. *See infra*.

Google argues that a stay would promote economy and efficiency by purportedly avoiding a substantial amount of discovery specific to H&R Block and the class that used its services, and would further avoid the need for significant third-party discovery. *See* MTC at 9. That is not the case. The Smith Plaintiffs here would not be entitled to discovery obtained in an arbitration between the *Hunt* plaintiffs and H&R Block, as arbitrations are private proceedings neither Google nor the Smith Plaintiffs would be parties to. A stay would also not avoid the need for third-party discovery for the same reason. Moreover, engaging in third-party discovery or discovery specific to H&R Block would not prejudice or cause any meaningful hardship to Google (nor does Google claim it would). And in any event, here the Smith Plaintiffs seek discovery and injunctive relief from Google that is not available in the hypothetical arbitration of the *Hunt* plaintiffs' claims. Neither Google nor the Smith Plaintiffs would be party to such arbitration. Accordingly, the hypothetical *Hunt* plaintiffs' arbitration proceedings will not address or simplify the discovery needs of this case. *See Guild*, 2022 WL 447672, at *4 (W.D. Wash. Jan. 14, 2022) (plaintiff's "discovery needs weigh against granting a stay.").[9]

Google further claims there is a substantial risk of inconsistent results should the Smith Plaintiffs' claims against Google and H&R Block proceed in parallel because the claims against Google are "inextricably bound up in issues involving H&R Block and the Agreement and Privacy Notice." MTC at 9. However, that is not the correct standard for determining whether a stay is warranted. Instead, courts look to whether "the arbitrable claims predominate," or whether "the outcome of the non-arbitrable claims will depend upon the arbitrator's decision." *California Crane*, 621 F. Supp. 3d at 1033. Putting aside the fact that *all* claims in this action are "non-arbitrable" because there is no pending or even hypothetical motion against the Smith Plaintiffs to compel arbitration of any claims *against H&R Block* because the Smith Plaintiffs do not *make* any

[9] Google's citation to *GSC Dev. Inc. v. Jinlong Indus. Co., Ltd.*, No. SACV 17-01763-CJC, 2017 WL 11643828 (C.D. Cal. Dec. 4, 2017) is inapposite. In *GSC* all of the plaintiff's claims against a defendant the plaintiff affirmatively sought to arbitrate against were "based on the same facts and course of dealing" between the plaintiff and the separate defendants that sought to stay the proceedings pending the arbitration sought by plaintiff.

claims against H&R Block, even if these non-existent claims were somehow sent to arbitration this would still be no basis for halting the Smith Plaintiffs' claims against Google here. *See California Crane*, 621 F. Supp.3d at 1033 ("arbitrator's findings of fact or law in Plaintiff's arbitration against Google would [not] be binding on this Court or otherwise have any impact on the non-arbitrable claims left here.").[10]

This is not a case where a party to an arbitration agreement seeks to stay certain non-arbitrable claims against it while others go to arbitration. Instead, here Google, a non-signatory to any arbitration agreement, seeks to stay *all* of the Smith Plaintiffs's claims based on the arbitration agreement of a non-party against whom the Smith Plaintiffs assert no claims. Google has not demonstrated any meaningful hardship or prejudice it would suffer if this case were to proceed as normal, and a stay would only serve to prejudice the Smith Plaintiffs and needlessly delay the resolution of their claims. As such, the Court should deny Google's request for a stay.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Google's Motion to Compel Arbitration and Stay Claims in its entirety.

---

[10] *See also Glob. Live Events v. Ja-Tail Enters., LLC*, No. CV 13-8293 SVW, 2014 WL 1830998, at *6 (C.D. Cal. May 8, 2014) ("Inconsistent verdicts are possible whether the trial precedes the arbitration or vice-versa, and can be avoided only if the second forum gives preclusive effect to the judgment of the first forum."); *Chen v. Bank of Am., N.A.*, No. CV 19-6941-MWF (SK), 2020 WL 4561658, at *3 (C.D. Cal. Mar. 31, 2020) (because arbitration not binding on court arbitrator's decision "will not necessarily impact the outcome of the non-arbitrable claims."); *Congdon v. Uber Techs.*, 226 F. Supp. 3d 983, 991 (N.D. Cal. 2016) (defendant provided no authority indicating that arbitrators' decision "would in some way bind the Court").

Dated: January 29, 2024

**GEORGE FELDMAN MCDONALD, PLLC**

By: *<u>/s/ Lori G. Feldman</u>*
Lori G. Feldman (*pro hac vice*)
Michael Liskow, Cal. Bar No. 243899
200 Park Avenue, Suite 1700
New York, NY 10166
Telephone: (646) 354-6534
Email: lfeldman@4-justice.com
mliskow@4-justice.com
eservice@4-justice.com

**BURSOR & FISHER, P.A.**
Joel D. Smith, Cal. Bar No. 244902
Neal J. Deckant, Cal. Bar No. 322946
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jsmith@bursor.com
ndeckant@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow, Cal. Bar No. 243899
200 Park Avenue, Suite 1700
New York, NY 10166
Telephone: (646) 354-6534
Email: lfeldman@4-justice.com
mliskow@4-justice.com
eservice@4-justice.com

**LOCKRIDGE GRINDAL NAUEN PLLP**
Rebecca A. Peterson, Cal. Bar No. 241858
Robert K. Shelquist
Kate M. Baxter-Kauf (*pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
rkshelquist@locklaw.com
kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda (*pro hac vice*)
12333 Sowden Road, Suite B, PMB 51811
Houston, TX 77080
Telephone: (832) 848-0036
E-mail: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
E-Mail: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson
2500 Wilcrest Drive, Suite 300
Houston, TX 77042-2754
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiff*