**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
esantacana@willkie.com
JOSHUA ANDERSON (SBN: 312836)
jdanderson@willkie.com
YUHAN ALICE CHI (SBN: 324072)
ychi@willkie.com
NAIARA TOKER (SBN: 346145)
ntoker@willkie.com
ANIKA HOLLAND (SBN: 336071)
aholland@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARY L. SMITH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GOOGLE, LLC,

Defendant.

Case No.: 5:23-cv-03527-PCP
(Consol. w/ 5:23-cv-04191-BLF)

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY CLAIMS**

Date: April 4, 2024
Time: 10:00 a.m.
Ctrm.: 8, 4th Floor
Judge: Hon. P. Casey Pitts

Complaint Filed: 7/14/2023
Trial Date: N/A

Hon. P. Casey Pitts, District Judge
San Jose Courthouse, Ctrm. 8 – 4th Floor

# TABLE OF CONTENTS


INTRODUCTION ..........1

ARGUMENT ..........2

- I. Plaintiffs Agreed to Arbitration. ..........2
- II. Plaintiffs Fail to Rebut Google's Showing that Both *Goldman* Prongs Have Been Met. ..........4
  - A. Plaintiffs Cannot Refute that their Claims are Intertwined with the Agreement. ..........4
  - B. Plaintiffs Fail to Show How the Alleged Conduct By Google and H&R Block is Not Interdependent. ..........6
  - C. Plaintiffs Miscite Relevant Law ..........7
- III. A Stay of Claims Pending Arbitration is Appropriate. ..........7

CONCLUSION ..........9

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Aliff v. Vervent, Inc.*,
No. 20-cv-00697-DMS-AUG, 2020 WL 5709197 (S.D. Cal. Sept. 24, 2020)........................5

*Bischoff v. DirecTV, Inc.*,
180 F. Supp. 2d 1097 (C.D. Cal. 2002) ...................................................................9

*Boucher v. Alliance Title Co.*,
127 Cal. App. 4th 262 (2005) ...........................................................................5, 7

*Bui v. Northrop Grumman Sys. Corp*.,
15-CV-1397-WQH-WVG, 2019 WL 13166662 (S.D. Cal. Jan. 29, 2019)..............................9

*California Crane Sch., Inc. v. Google LLC*,
621 F. Supp. 3d 1024 (N.D. Cal. 2022). ...............................................................5, 8

*In re Carrier IQ, Inc. Consumer Privacy Litig*.,
No. C-12-md-2330 EMC, 2014 WL 1338474 (N.D. Cal. Mar. 28, 2014) ..............................5

*Chen. v. Bank of Am., N.A.*,
No. CV 19-641-MWF (SK), 2020 WL 4561658 (C.D. Cal. Mar. 31, 2020) ..........................8

*Circuit City Stores, Inc. v. Najd*,
294 F.3d 1104 (9th Cir. 2002) ..............................................................................3

*Cohen v. CBR Sys., Inc.*,
625 F. Supp. 3d 997 (N.D. Cal. 2022).....................................................................7

*Congdon v. Uber Techs. Inc.*,
226 F. Supp. 3d 983 (N.D. Cal. 2016).....................................................................8

*Del Vecchio v. Amazon.com Inc*.,
No. C11-366-RSL, 2011 WL 6325910 (W.D. Wash. Dec. 1, 2011).......................................3

*Franklin v. Cmty. Reg'l Med. Ctr.*,
998 F.3d 867 (9th Cir. 2021) ...............................................................................7

*Garcia v. Pexco, LLC*,
11 Cal. App. 5th 782 ( 2017) ...............................................................................5

*Glob. Live Events v. Ja-Tail Enters., LLC*,
No. CV 13-8293 SVW, 2014 WL 1830998 (C.D. Cal. May 8, 2014) .....................................8

*Goldman v. KPMG LLP*,
173 Cal. App. 4th 209, 219-221 (2009).................................................................4, 6, 7

*Graf v. Match.com, LLC*,
CV 15-3911 PA (MRWx), 2015 WL 4263957, at *4 (C.D. Cal. July 10, 2015) .....................3

*Gray v. SEIU*,
No. 20-cv-01980-JSW, 2020 WL 12228937 (N.D. Cal. Aug. 5, 2020) ....................................8

*Guild Mortgage Co. v. Crosscountry Mortg. LLC*,
No. C21-1376-JCC-MLP, 2022 WL 447672, at *3 (W.D. Wash. Jan. 14, 2022 .....................8

*Harris v. Pac. Gas & Elec. Co*.,
No. 21-cv-04096-JCS, 2022 WL 16637987 (N.D. Cal. Nov. 2, 2022) ....................................7

*In re Henson*,
869 F.3d 1052 (9th Cir. 2017) ....................................................................................................5

*Hunt v. Meta Platforms, Inc., et al.*,
No. 23-cv-04953-PCP............................................................................................................ 1 - 9

*Johnston v. Uber Techs., Inc.*
No. 16-cv-03134-EMC, 2019 WL 4417682 (N.D. Cal. Sept. 16, 2019)..................................3

*Martinez-Gonzalez v. Elkhorn Packing Co.*,
635 F. Supp. 3d 883 (N.D. Cal. 2022) ...................................................................................4, 7

*Morales v. Lexxiom, Inc.*,
No. CV 09-6549 SVW (DTBx), 2010 WL 11507515, at *11 (C.D. Cal. Jan. 29, 2010) ...........................................................................................................................8, 9

*Murphy v. DirecTV Inc.*,
724 F.3d 1218, 1231 n.7 (9th Cir. 2013) ....................................................................................5

*Russell v. BMW of N. Am., LLC*,
No. 2:22-cv-03299-SPG-MAR, 2022 WL 18674435 (C.D. Cal. Oct. 14, 2022) ......................7

## INTRODUCTION

In its Motion to Compel Arbitration and to Stay Claims ("Motion"), Google argued that the claims of Plaintiffs Smith and Goldberg (collectively, "Plaintiffs") should be compelled to arbitration pursuant to the doctrine of equitable estoppel, and that even if the Court declines to compel Plaintiffs' claims against Google to arbitration, their claims should nevertheless be stayed pending resolution of any arbitration with H&R Block in the related *Hunt v. Meta Platforms, Inc., et al.*, No. 23-cv-04953-PCP ("*Hunt*") matter. Plaintiffs do not deny that they consented to H&R Block's arbitration clause. They do not deny that they filed this action without naming H&R Block in an attempt to litigate in Court rather than in the arbitral forum they agreed to. Instead, they play fast and loose with their own conduct and with their own allegations to avoid the very arbitration they agreed to.

*First,* Plaintiffs Smith and Goldberg refuse to admit they agreed to H&R Block's arbitration clause, instead saying Google failed to produce receipts showing they individually consented to arbitration. This "gotcha" attempt is nothing more than gamesmanship. Plaintiffs know well from the *Hunt* action that *all* users *must* agree to the Online Services Agreement and Privacy Notice as *a condition* of utilizing H&R Block's services. They are no different. Where, as here, plaintiffs necessarily consented to arbitration in order to use the platform they are accusing, no individualized proof of their consent is required. Plaintiffs tried to avoid this outcome by not naming H&R Block in this case and then attempting to dodge and weave around the fact that they consented to arbitration. The Court need not countenance their tactics.

*Second*, because Plaintiffs are bound to arbitrate their claims against H&R Block, they are likewise bound to arbitrate their claims against Google pursuant to the doctrine of equitable estoppel. Plaintiffs attempt to characterize their Complaint against Google as having nothing to do with H&R Block's services or disclosures. This is a fictional interpretation of the Complaint. Plaintiffs cannot refute that the gravamen of their Complaint is that H&R Block utilized Google Analytics tools in violation of its promises to them. Indeed, out of the other side of their mouths, Plaintiffs have acknowledged this case's substantial similarity to the claims against both Google and H&R Block in *Hunt*—a case that likewise implicates H&R Block's Agreement and that

Plaintiffs successfully sought to relate to this action. Finally, Plaintiffs also attempt to limit the application of equitable estoppel to contract claims, but cannot do so, as the law provides for its application to claims that are founded in statute.

*Third,* as Google argues in its Motion, judicial economy and the risk of inconsistent results favor a stay of this action pending the arbitration of any claims based on H&R Block's Agreement in the related *Hunt* matter. Plaintiffs argue generally that a stay pending arbitration would prejudice their claims due to delay. But arbitration is often an efficient and considerably faster means of resolving a case than litigation, and the discovery and fact development in the H&R Block arbitration will be relevant and helpful in these proceedings. Plaintiffs do not deny this and do not otherwise give any reason to deny a stay, which is warranted here.

Accordingly, Google respectfully requests that the Court (1) compel Plaintiffs to arbitrate their claims against Google, and (2) stay claims regarding H&R Block pending resolution of arbitration in the related *Hunt* matter.

## ARGUMENT

### I. Plaintiffs Agreed to Arbitration.

Google argued in its Motion that Plaintiffs agreed to arbitration. *See* Mot. at 1, 2-3, 6, 8. Plaintiffs know very well—and ***do not deny***—that assent to the Agreement is a prerequisite for all users of H&R Block's services. The declaration of H&R Block in *Hunt* certifies that all users must agree to its Online Services Agreement and its Privacy Notice as a condition of using its online tax preparation and filing services. H&R Block Motion, Declaration of Valerie Schuessler at 1–2; *see also* H&R Block Motion at 7, n.3.[1] This applies to both new and returning users every year. H&R Block Motion, Declaration of Valerie Schuessler at 1–2. These procedures have been consistent for nearly a decade, at the very least. *See id.* at 2–3 ("clients are required to agree to the

[1] As anticipated, H&R Block's Motion filed on February 1, 2024, provides substantial detail about its Agreement that is supportive of Google's Motion—e.g., that all users of the H&R Block platform must agree to arbitrate their claims. H&R Block Motion, Declaration of Valerie Schuessler at 1-2. Should the Court deny this Motion for lack of evidence of secondary detail pertaining to Plaintiffs' Agreements, Google respectfully requests that it be without prejudice, so that Google may have the opportunity to subpoena H&R Block for the applicable Agreements once discovery commences.

H&R Block Online Services Agreement each year they use H&R Block online tax preparation and filing services, which includes an agreement to individually arbitrate disputes. This has been true at least since I started with H&R Block" in May of 2014, and "[t]he Online Services Agreement has included an arbitration agreement for the entire time I have worked at H&R Block.").

Plaintiffs claim individualized proof of their consent is required, but it is not. Consent may be found where, as here, *all* users are required to agree to terms that include an arbitration agreement in order to use the service, and where the plaintiff provides no evidence that would vitiate consent. *See, e.g.*, *Graf v. Match.com, LLC*, CV 15-3911 PA (MRWx), 2015 WL 4263957, at *4 (C.D. Cal. July 10, 2015) (finding agreement to arbitrate where defendant provided evidence that all users were required to agree to its terms and plaintiff submitted no evidence in support of argument that he had not agreed); *Johnston v. Uber Techs., Inc.* No. 16-cv-03134-EMC, 2019 WL 4417682 (N.D. Cal. Sept. 16, 2019) (finding agreement to arbitrate where plaintiff had to agree to online services agreement containing arbitration clause in order to use the service); *see also Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1109 (9th Cir. 2002) (inferring that an employee agreed to arbitrate his claims because he did not opt out of the relevant agreement, and recognizing that courts "may conclude that the parties have come to agreement" where "inaction is indistinguishable from overt acceptance"); *Del Vecchio v. Amazon.com Inc*., No. C11-366-RSL, 2011 WL 6325910, at *4 (W.D. Wash. Dec. 1, 2011) (where defendant's conditions of use and privacy notice disclosed use of cookies to collect information, plaintiffs' use of the defendant's site to make purchase was an implied acceptance of that fact).

Plaintiffs do not deny that they agreed to arbitrate their claims—*because they cannot*. But they resort to all other available tactics to avoid the agreement they made. At Plaintiffs' request, the Court related this action to the *Hunt* matter (ECF No. 40), which Plaintiffs describe as "belated tagalong action" that "adds H&R Block as a defendant." Administrative Motion at 1, ECF No. 34. Plaintiffs refused to coordinate the timing of this Motion with H&R Block's Motion to Compel in *Hunt*, and required Google to file its Motion first, leaving insufficient time for Google to both preserve its right to compel arbitration and obtain supplemental details about the Agreements that Plaintiffs consented to—details not required to adjudicate this Motion but that Plaintiffs now insist

on placing at issue. *See* Defendant Google LLC's Motion for Administrative Relief to Align Briefing Schedule in Related *Smith* and *Hunt* Matters at 3-5 ("Google's Admin. Motion"), ECF No. 43 ("Counsel for *Smith* Plaintiffs revealed that he also meant to jam Google into filing a motion to compel arbitration"); Declaration of Eduardo Santacana in Support of Google's Admin. Motion at ¶ 11 ("Santacana Decl."), ECF No. 44 ("Counsel for *Smith* also told me on this call that, if Google does not also move to compel arbitration by December 8, 2023, *Smith* Plaintiffs would argue that the arbitration in *Hunt* is waived."). By omitting H&R Block as a defendant in this action, and by refusing to allow Google to coordinate its briefs in this case with *Hunt*, Plaintiffs have attempted to evade the Agreement they made. *See* Google's Admin. Motion at 3-5; Santacana Decl. ¶ 11; Mot. at 8.[2]

## II. Plaintiffs Fail to Rebut Google's Showing that Both *Goldman* Prongs Have Been Met.

As set forth in Google's Motion, Plaintiffs' claims against Google should be arbitrated pursuant to the doctrine of equitable estoppel because both *Goldman* prongs are satisfied. First, Plaintiffs' claims are "intimately founded in and intertwined with" the Agreement with H&R Block. *Martinez-Gonzalez v. Elkhorn Packing Co.*, 635 F. Supp. 3d 883, 893 (N.D. Cal. 2022) (quoting *Goldman v. KPMG LLP*, 173 Cal. App. 4th 209, 219–221 (2009)). Second, Plaintiffs allege "substantially interdependent and concerted" acts by Google and H&R Block that are "founded in or intimately connected with the obligations of the underlying agreement." *Id.* Plaintiffs fail to meaningfully rebut this showing, attempting instead to artificially distance their claims from H&R Block's site and policies.

### A. Plaintiffs Cannot Refute that their Claims are Intertwined with the Agreement.

Plaintiffs' claims against Google are "intimately founded in and intertwined with" the H&R Block Agreement, which satisfies the first *Goldman* prong. Plaintiffs argue that their claims in this case do not arise out of the Agreement because they do not assert any rights or otherwise

[2] In an effort to negate the validity of their Agreements, Plaintiffs point to the lack of secondary detail about the circumstances under which they agreed to the terms. This is misplaced, because the Agreements are valid regardless of when or how Plaintiffs assented to them. Insofar as there is any question about the validity or enforcement of the H&R Block Agreement, Google incorporates herein the arguments contained in H&R Block's Motion at § II(A)(1)-(2) as to Plaintiffs.

invoke the protections of the Agreement. They rely on cases where the claims are "unrelated to any contract" or that "are not in any legal way founded upon and do not arise out of the contracts." *In re Carrier IQ, Inc. Consumer Privacy Litig*., No. C-12-md-2330 EMC, 2014 WL 1338474, at *7 (N.D. Cal. Mar. 28, 2014); *see also In re Henson*, 869 F.3d 1052, 1061 (9th Cir. 2017) (plaintiff's claims had "nothing to do with" the underlying agreement). But here, there is no question that Plaintiffs rely on the Agreement to make out their claims against Google, because their claims against Google would not even exist absent the Agreement. The gravamen of Plaintiffs' entire case is whether they consented to the disclosure of their tax information, which only could have occurred through the Agreement; and whether they or H&R Block consented to the use of Google Analytics. *See* Mot. at 4–6; Compl. ¶¶ 56–93, 94–106; *see also* ECF No. 34 at 3 (finding that this case, like *Hunt*, alleges that "class members did not consent" to the disclosure of their tax filing information). Plaintiffs' argument that the Complaint has "no claim of any violation" of any agreement, Opp'n at 7, is unpersuasive when their Complaint is based on expectations of privacy that unquestionably were governed by the Agreement and Privacy Policy they agreed to.

Plaintiffs also attempt to categorically insulate statutory claims from the application of equitable estoppel. There is no such categorical bar. For purposes of equitable estoppel, "[t]hat the claims are cast in tort rather than contract does not avoid the arbitration clause." *Boucher v. Alliance Title Co.*, 127 Cal. App. 4th 262, 272 (2005); *see also Garcia v. Pexco, LLC*, 11 Cal. App. 5th 782, 787–788 ( 2017) (plaintiff "cannot avoid [to arbitrate] his causes of action . . . by framing his claims as merely statutory.") Even the case law cited in Plaintiff's own authorities recognize that courts have not excluded non-contract cases from the application of equitable estoppel. *Aliff v. Vervent, Inc.*, No. 20-cv-00697-DMS-AUG, 2020 WL 5709197, at *9 (S.D. Cal. Sept. 24, 2020) (citing *Murphy v. DirecTV Inc.*, 724 F.3d 1218, 1231 n.7 (9th Cir. 2013) (noting that consumer class actions are not outside the ambit of equitable estoppel)).

Plaintiffs further argue that their claims are not "intimately founded in and intertwined with" the Agreement because it is *Google* who raised the Agreement as a defense. Opp'n at 8. Although it is obvious Plaintiffs attempted to craft their Complaint to avoid arbitration, they

cannot. As discussed above, and as Plaintiffs recognize, "[e]ach count" of the Complaint is based on Google's allegedly "unauthorized" interception of communications. Opp'n at 8. Whether any "unauthorized" interception of communications occurred hinges on precisely *what Plaintiffs' authorized* to share with H&R Block, and what H&R Block disclosed that it would share with Google, in the Agreement. Plaintiffs cannot escape the fact that the Court will need to enforce or interpret the Agreement when adjudicating their claims. *See Goldman*, 173 Cal. App. 4th at 231 (citing *Boucher*, 127 Cal. App. 4th at 272 ("The focus is on the nature of the claims.")).

**B. Plaintiffs Fail to Show How the Alleged Conduct By Google and H&R Block is Not Interdependent.**

Google need not show that both *Goldman* prongs are met. Even if it did, Plaintiffs' claims satisfy the second *Goldman* prong because they allege interdependent conduct by Google and H&R Block. On this point, Plaintiffs argue (again) that Google "utterly failed" to show that Plaintiffs are claiming any benefit of the Agreement. Opp'n at 9. But this is not the correct inquiry. The correct inquiry is whether the claims of "substantially interdependent and concerted" acts by Google and H&R Block are "founded in or intimately connected with the obligations of the underlying agreement." *Goldman*, 173 Cal. App. 4th at 219. Here, that is the case. Plaintiffs do not dispute that H&R Block implemented Google Analytics on its website, was responsible for configuring Google Analytics tools to collect data, and made the decision about whether to transmit data to Google Analytics allegedly without Plaintiffs' consent. Mot. at 7. In *Hunt* (the "tagalong action"), Meta sought to sever and consolidate similar claims asserted against it in a third case. The *Hunt* plaintiff countered with the fact that the claims against Meta and H&R Block that Meta sought to sever are "closely intertwined" and should remain together. *Hunt*, Order Denying Motion to Sever and Consolidate at 2, ECF No. 85. The Court, in declining to sever and consolidate the claims against Meta likewise cited the common questions of fact, which "is exactly why the Court previously ordered the two cases related" in the first place. *Id.* The same rationale applies to this case and cuts directly against Plaintiffs' argument. Plaintiffs here assert claims against Google with questions of fact that are not only intertwined with and founded in the

H&R Block Agreement, but also with the claims asserted in *Hunt*. This is sufficient to satisfy the second *Goldman* prong.

**C. Plaintiffs Miscite Relevant Law**

Plaintiffs also try to escape equitable estoppel by relying on inapposite cases. They cite *Rajagopalan v. NoteWorld, LLC*, for the proposition that "Courts in this Circuit *overwhelmingly refuse* to apply equitable estoppel." Opp'n. at 6 (emphasis added). This is false and misrepresents applicable law. Both *Rajagopalan* and *Setty v. Shrinivas Sugandhalaya*, which Plaintiffs also cite, apply Washington law—but California law applies here. *Martinez-Gonzalez*, 635 F. Supp. 3d at 893 (non-signatories can invoke arbitration if the relevant state contract law allows). In any event, the Ninth Circuit has expressly overruled Plaintiffs' cited authority, recognizing that "*it is no longer true* that we have never applied equitable estoppel to compel arbitration of a plaintiff's claims against a nonsignatory." *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 873 n.7 (9th Cir. 2021) (emphasis added) (citations omitted). Plaintiffs thus misapply the law and ignore the number of cases applying equitable estoppel to compel claims against a nonsignatory to arbitration. *See, e.g., id.*; *Russell v. BMW of N. Am., LLC*, No. 2:22-cv-03299-SPG-MAR, 2022 WL 18674435 (C.D. Cal. Oct. 14, 2022); *Boucher* , 127 Cal. App. 4th at 269; *Cohen v. CBR Sys., Inc.*, 625 F. Supp. 3d 997 (N.D. Cal. 2022); *Harris v. Pac. Gas & Elec. Co.*, No. 21-cv-04096-JCS, 2022 WL 16637987 (N.D. Cal. Nov. 2, 2022).

**III. A Stay of Claims Pending Arbitration is Appropriate.**

As argued in Google's Motion, if the Court declines to compel Plaintiffs to arbitrate their claims against Google, but compels the plaintiff in *Hunt* to arbitrate his claims against H&R Block, the Court should stay all claims in this action involving H&R Block pending conclusion of the *Hunt* plaintiff's arbitration against H&R Block to promote judicial economy and avoid inconsistent results.[3]

---

[3] In a footnote, Plaintiffs claim that "Google makes no attempt to specific [*sic*] *which* claims it believes to be 'related to H&R Block.'" Opp'n at 9, n.8. Google has indicated here and in its Motion that the claims related to H&R Block are all claims that pertain to H&R Block's disclosure of data and tax filing information. Mot. at 8-10.

Plaintiffs first argue that a stay pending arbitration would cause them "significant prejudice," simply because it would delay their requested relief. Opp'n at 10. These claims of delay ring hollow. Arbitration is an efficient and streamlined forum that often progresses more quickly than litigation in court. The parties will benefit from all the discovery and fact development obtained during arbitration proceedings in this action.[4] Beyond generic delay, Plaintiffs do not assert any form of hardship resulting from a stay, nor could they.[5]

Next, Plaintiffs claim that arbitration would have no impact on the remaining non-arbitrable claims. Opp'n at 12. This is not true. Indeed, given the "largely identical" claims and facts at issue in *Hunt*, the arbitrator would be resolving, or at least simplifying, issues of law and fact that are directly relevant to the non-arbitrable claims in this action. *See* Mot. at 9. This includes the question of whether Plaintiffs consented to H&R Block's use of Google Analytics, and virtually any other questions of law or fact regarding H&R Block and its services. *See id.* Courts have granted a stay pending arbitration under such circumstances.[6]

---

[4] Plaintiffs claim that a stay would not promote economy and efficiency because Plaintiffs here would not be "entitled" to discovery obtained in any *Hunt* arbitration, and as a result, discovery in this litigation would not be simplified. Opp'n at 11. Plaintiffs fail to recognize that third-party discovery would need to be taken from H&R Block in this litigation even if arbitration proceeds in parallel. H&R Block will have an interest in responding to discovery only once and in re-producing in this case anything that was produced in the parallel arbitration.

[5]The cases Plaintiffs cite in support of their argument against a stay are inapposite. In *California Crane Sch., Inc. v. Google LLC*, neither party identified prejudice beyond delay or identified how non-arbitrable claims could be impacted by findings of fact or law in arbitration. 621 F. Supp. 3d 1024 (N.D. Cal. 2022). In *Gray*, a stay did not promote judicial economy because the claims in litigation and arbitration were distinct and severable. *Gray v. SEIU*, No. 20-cv-01980-JSW, 2020 WL 12228937, at *6 (N.D. Cal. Aug. 5, 2020). In *Guild Mortgage Co.*, a Washington Magistrate Judge denied a "lengthy and indefinite stay" but acknowledged that stays have been granted where the claims against a defendant in litigation depend on the viability of claims against defendants in arbitration. *See Guild Mortgage Co. v. Crosscountry Mortg. LLC*, No. C21-1376-JCC-MLP, 2022 WL 447672, at *3 (W.D. Wash. Jan. 14, 2022) (distinguishing *Morales v. Lexxiom, Inc.*, No. CV 09-6549 SVW (DTBx), 2010 WL 11507515, at *11 (C.D. Cal. Jan. 29, 2010) (finding a stay warranted where arbitration would resolve "questions of fact common to all who would be involved in both the litigation and the arbitration.")).

[6]Contrary to Plaintiffs' assertion, whether issue preclusion applies to an arbitrator's ruling is not dispositive of whether a stay is warranted due to risk of inconsistent rulings. Courts have granted a stay of litigation pending arbitration regardless of whether issue preclusion applies. Compare *Glob. Live Events v. Ja-Tail Enters., LLC*, No. CV 13-8293 SVW, 2014 WL 1830998, at *6 (C.D. Cal. May 8, 2014) (consideration of inconsistent verdicts did not favor or disfavor granting a stay; given the pace of arbitration, "[a] stay of nonarbitrable claims causes little harm to the parties, if, even without a stay, the trial would be likely to occur many months or years in the future"); *Chen. v. Bank of Am., N.A.*, No. CV 19-641-MWF (SK), 2020 WL 4561658, at *3 (C.D. Cal. Mar. 31, 2020) (arbitration would have little impact on litigation where there is "some overlap" between claims); *Congdon v. Uber Techs. Inc.*, 226 F. Supp. 3d 983, 991 (N.D. Cal. 2016) (resolution of

Finally, Plaintiffs make a last-ditch effort to argue against a stay by stating that "*all* claims in this action are 'non-arbitrable' because there is no pending or even hypothetical motion" compelling Smith and Goldberg to arbitration with H&R Block. Opp'n at 11. Since the filing of Plaintiffs' Opposition, H&R Block *has* moved to compel arbitration as to all class members, defined as "[a]ll persons in the United States and its territories who submitted personal information to H&R Block for the purpose of online tax return preparation during the time . . . Google Analytics existed on the H&R Block websites." *Hunt*, Compl. ¶ 217, ECF No. 12. There is no question Plaintiffs are encompassed in the nationwide class in *Hunt*: Smith and Goldberg are U.S. residents who both "used H&R Block's website to file [their] taxes online," during which time it "utilized Google's tracking pixel." Compl. ¶¶ 5, 8.

In light of the foregoing, the Court should grant a stay pending arbitration for considerations of judicial economy and the desirability of avoiding potential inconsistent findings. *See Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1115 (C.D. Cal. 2002) ("the similarity of the issues of law and fact in this case to those that will be considered during arbitration, as well as the potential for inconsistent findings absent a stay, persuade the Court that a stay is warranted.")

**CONCLUSION**

For the foregoing reasons, Google respectfully requests that this Court (1) compel Plaintiffs to arbitrate their claims against Google, and (2) stay claims regarding H&R Block pending resolution of arbitration in the related *Hunt* matter.

---

claims in arbitration would have no bearing on claims in court as to plaintiffs who affirmatively opted out of the arbitration agreement) *with* Bischoff, 180 F. Supp. 2d at 1115 (staying action pending arbitration in part because "the decision of the arbitrators would be helpful in deciding the issues in the case") (citing *Hikers Indus., Inc. v. William Stuart Indus. (Far East) Ltd.*, 640 F. Supp. 175 (S.D.N.Y. 1986)); *Bui v. Northrop Grumman Sys. Corp.*, 15-CV-1397-WQH-WVG, 2019 WL 13166662, at *2 (S.D. Cal. Jan. 29, 2019) (staying litigation pending arbitration of same issues was warranted to avoid risk inconsistent results); *Morales*, 2010 WL 11507515, at *11 (granting stay of litigation pending arbitration to avoid inconsistent results).

Date: February 21, 2024

**WILLKIE FARR & GALLAGHER LLP**

By: *_/s/ Benedict Hur_*______________
Benedict Hur
Simona Agnolucci
Eduardo E. Santacana
Joshua Anderson
Yuhan Alice Chi
Anika Holland
Naiara Toker

Attorneys for Defendant
Google LLC