UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L. SMITH, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE, LLC,<br><br>　　　　　Defendant. | Case No.  23-cv-03527-PCP<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION OR STAY PROCEEDINGS**<br><br>Re: Dkt. No. 51 |

　　　　Google, LLC, the only defendant in this putative class action, seeks to require plaintiffs Mary Smith and Cary Goldberg to arbitrate their claims against Google on the basis of their purported arbitration agreement with H&R Block (which is not a party in this case). These plaintiffs' claims against Google do not rely on their purported agreement with H&R Block, and they do not allege interdependent and concerted misconduct by Google and H&R Block that is founded in or intimately connected with any obligations created by the purported agreement with H&R Block. Ms. Smith and Mr. Goldberg are therefore not estopped from pursuing their claims against Google in court rather than arbitration. Google's motion is denied.

**I.　　Background**

　　　　This is a putative class action against Google. Plaintiffs are individuals who have used H&R Block, TaxSlayer, and TaxAct to file taxes online. According to the complaint, these tax preparation services deployed Google tracking tools on their websites. Plaintiffs allege that as a result their financial data was sent to Google without their consent. Plaintiffs assert a series of state and federal statutory claims against Google. In another case the Court has deemed related to this one, a different plaintiff has brought a putative class action arising from some of the same alleged conduct. That lawsuit is being pursued against not only Google but also Meta Platforms

1  (which operates Facebook) and several H&R Block entities. *See* Amended Complaint, Dkt. No.
2  12, *Hunt v. Meta Platforms, Inc.*, No. 23-cv-04953-PCP (Oct. 5, 2023). In that separate case, the
3  H&R Block parties have moved to compel arbitration on the basis of the plaintiff's purported
4  agreement to arbitrate his claims when accepting H&R Block's Online Services Agreement. *See*
5  Motion to Compel Arbitration, Dkt. No. 86, *Hunt*, No. 23-cv-04953 (Feb. 1, 2024).

6  Two of the plaintiffs in this case, Ms. Smith and Mr. Goldberg, allege that they used H&R
7  Block to file taxes online. Compl. ¶¶ 5, 8. Google argues that by using H&R Block, Ms. Smith and
8  Mr. Goldberg necessarily agreed to arbitrate any claims they may have against H&R Block, and
9  that, if H&R Block's motion to compel arbitration in *Hunt* is granted, Ms. Smith and Mr.
10 Goldberg should also be forced to arbitrate their claims in this action. Google also argues that even
11 if Ms. Smith and Mr. Goldberg are not required to arbitrate their claims in this action, the Court
12 should stay this action until any arbitration of Mr. Hunt's claims against H&R Block is completed.

## II.     Legal Standard

The Federal Arbitration Act (FAA) provides that a "written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The "foundational … principle" of this statute is that "arbitration is a matter of consent." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010). "Generally, parties who have not assented to an arbitration agreement cannot be compelled to arbitrate under its terms." *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1094 (9th Cir. 2020). But "a litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013); *see Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009).

## III.    Analysis

Google asks the Court to compel Ms. Smith and Mr. Goldberg to arbitrate their claims against Google on the basis of their purported arbitration agreement with H&R Block. Google's argument is conditional: Google seeks to require Ms. Smith and Mr. Goldberg to arbitrate their

1    claims against Google only if the Court grants H&R Block's pending motion to compel arbitration
2    in the separate *Hunt* case.
3            Plaintiffs correctly argue that Google has not conclusively established that Ms. Smith or
4    Mr. Goldberg ever entered an arbitration agreement with H&R Block. Unsurprisingly, since
5    Google is not a party to the purported agreement, Google has not provided specific evidence of
6    Ms. Smith or Mr. Goldberg's agreement with H&R Block.[1] And even assuming that Ms. Smith
7    and Mr. Goldberg were required to accept H&R Block's Online Services Agreement to use its
8    website, that Agreement permitted users to opt out of its mandatory arbitration provisions. Thus, it
9    is possible that Ms. Smith and Mr. Goldberg used H&R Block's website without agreeing to
10   arbitration.
11           As Google notes, however, neither Ms. Smith nor Mr. Goldberg has specifically denied
12   accepting H&R Block's Online Services Agreement, and neither has stated that they opted out of
13   the arbitration provisions. The summary judgment standard applies to motions to compel
14   arbitration, and the evidence before the Court creates a genuine dispute of material fact regarding
15   Google's motion. *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021). Where
16   a motion to compel arbitration presents such a dispute, the FAA generally requires the Court to
17   "proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in
18   abeyance until the factual issues have been resolved." *Id.* at 672; *see also Hoang v. Citibank, N.A.*,
19   --- F. Supp. 3d. ----, 2023 WL 7890208, at *1 (N.D. Cal. Nov. 16, 2023) ("Because the making of
20   the arbitration agreement is in issue, this question must proceed to trial.").
21           But even assuming that the Court were to grant H&R Block's motion to compel arbitration
22   in *Hunt* and that Google could establish at trial that Ms. Smith and Mr. Goldberg entered a valid
23   and enforceable arbitration agreement with H&R Block, Google's motion would have to be denied
24   because Google cannot establish that Ms. Smith and Mr. Goldberg are equitably estopped from
25   pursing their claims against Google in federal court.

---

[1] Google suggests that information missing from its motion may be provided by H&R Block in connection with the *Hunt* motion, *see* Motion, Dkt. No. 51, at 6 n.1, but it is unclear why H&R Block would include evidence about non-parties like Ms. Smith or Mr. Goldberg in support of its motion to compel Mr. Hunt to arbitrate his claims against H&R Block.

Whether a nonparty can enforce an arbitration agreement is a matter of state law. *See Kramer*, 705 F.3d at 1128. The parties do not dispute that California law governs. Under California law there are five theories by which an arbitration provision can be enforced by or against a party that did not agree to it: incorporation by reference, assumption, agency, alter ego, and estoppel. *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 220 (2009). In moving to compel arbitration, Google relies solely on a theory of equitable estoppel.

As the California Court of Appeal explained in *Goldman*, the "linchpin" for this theory is "fairness":

> Equitable estoppel generically precludes a party from asserting rights he otherwise would have had against another when his own conduct renders assertion of those rights contrary to equity. So, if a plaintiff relies on the terms of an agreement to assert his or her claims against a nonsignatory defendant, the plaintiff may be equitably estopped from repudiating the arbitration clause of that very agreement. In other words, a signatory to an agreement with an arbitration clause cannot have it both ways; the signatory cannot, on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory.

*Goldman*, 173 Cal. App. 4th at 220 (cleaned up).

The California courts have identified two circumstances where parties to an arbitration provision may be estopped, as a matter of fairness, from bringing claims against a nonparty in court: "(1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract, and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement." *Kramer*, 705 F.3d at 1128–29 (cleaned up) (citing *Goldman*, 173 Cal. App. 4th at 219, 221).

Neither circumstance is present here. First, Ms. Smith and Mr. Goldberg are not relying on the terms of their purported agreement with H&R Block in asserting claims against Google, and

4

their claims are not "intimately founded in" or "intertwined with" that agreement. They assert only statutory claims against Google, none of which relies directly on the terms of any written agreement between plaintiffs and H&R Block.

Google argues that plaintiffs' claims arise from their use of H&R Block's service, and that plaintiffs could not have used this service at all without assenting to H&R Block's agreement and the arbitration provision it included. Maybe so. But it is not enough for an agreement to be one but-for causal link in a chain of events leading to the circumstances underlying a claim; the claim itself must stem from or be intertwined with the agreement.

Here, as in *Goldman*, plaintiffs' claims do not involve "violation of any duty, obligation, term or condition imposed by the … agreement[]," nor are they "founded in or even tangentially related to any duty, obligation, term or condition imposed by the … agreement[]."173 Cal. App. 4th at 230. Here, as in *Goldman*, the claims "are fully viable without reference to the terms" of the purported agreement. *Id.* Thus, as in *Goldman*, "the basis for equitable estoppel—relying on an agreement for one purpose while disavowing the arbitration clause of the agreement—is completely absent." *Id.*

Google also argues that Ms. Smith and Mr. Goldberg's claims will necessarily require determining whether they consented to the alleged data transmissions. Motion at 9. As Ms. Smith and Mr. Goldberg point out, however, the claims themselves do not require considering the purported H&R Block agreement to determine consent; the agreement is instead relevant only as a potential defense. *See* Opposition at 12.

In short, Ms. Smith and Mr. Goldberg's claims against Google are not so connected with their alleged agreement with H&R Block that considerations of fairness would prohibit them from bringing those claims in court rather than arbitration.

Second, Ms. Smith and Mr. Goldberg do not allege "substantially interdependent and concerted misconduct" by Google and H&R Block that is "founded in or intimately connected with the obligations of the underlying agreement" between plaintiffs and H&R Block. In arguing to the contrary, Google points to several specific allegations by plaintiffs: that H&R Block decided to implement Google's tracking tools, Motion at 10 (citing Compl. ¶¶ 25, 36); that H&R Block

was responsible for configuring Google Analytics tools, Motion at 10 (citing Compl. ¶¶ 26, 35); and that H&R Block made the decision to transmit data to Google, Motion at 10 (citing Compl. ¶ 32, 38). But this is not the kind of concerted conduct "founded in or intimately connected with the obligations of" the H&R Block agreement that would make it fair for Google to enforce the arbitration provision of that agreement against Ms. Smith and Mr. Goldberg. To start, these allegations generally seem to show H&R Block acting independently from Google—making its own decisions regarding the use and implementation of Google's tools without further involvement from Google. And to the extent Google acted interdependently or in concert with H&R Block, there is no indication that Google interacted differently with H&R Block than with any other third parties that use its tracking tools. Indeed, in its motion to dismiss, Google emphasizes that its tracking tools are "products available in the market" to developers, that it is web developers who "are in control of how to implement Google Analytics on their websites," and that plaintiffs do not allege "that Google instructed the Websites to transmit to Google the purported financial data—or any other type of data at all." *See* Motion to Dismiss, Dkt. No. 50, at 12–14. If Google interacted with H&R Block no differently from how it interacted with any other user of its off-the-shelf tracking tools, it is difficult to see how Google's actions could be "founded in" or "intimately connected with" the specific agreement that H&R Block allegedly had with its *own* users.

In short, Google has not demonstrated that either of the circumstances that might justify allowing a nonparty to enforce an arbitration agreement is present here. Its motion to compel arbitration is therefore denied.

Google also argues that if its motion to compel arbitration of Ms. Smith and Mr. Goldberg's claims is denied, the Court should nonetheless stay litigation of any claims in this case that are based on H&R Block's alleged disclosure of information until any *Hunt* arbitration has concluded.[2] Google first argues that a stay would avoid unnecessary discovery specific to H&R Block and its users (including third-party discovery). But as Ms. Smith and Mr. Goldberg note,

---

[2] Google's argument depends, of course, on the Court granting H&R Block's pending motion to compel in *Hunt*.

they would not necessarily be entitled to any discovery obtained in an arbitration between the *Hunt* plaintiff and H&R Block, and it is unclear how engaging in third-party discovery in this case would prejudice Google. Google next argues that inconsistent results could arise if an arbitrator resolves claims against H&R Block while this Court addresses claims against Google. But some degree of redundancy is inevitable regardless of whether the *Hunt* arbitration or the proceedings in this Court go first. None of the claims against Google will *depend* on what an arbitrator may decide in resolving claims against H&R Block, even if similar issues and allegations may be at play. Ms. Smith and Mr. Goldberg are not parties in *Hunt*, so the outcome of any arbitration in that case will not bind them.[3] Finally, because this lawsuit includes plaintiffs who used tax services other than H&R Block, this lawsuit will move forward whether or not Ms. Smith and Mr. Goldberg's claims are stayed. This further weighs against staying those claims pending any arbitration in *Hunt*.

For these reasons, a stay of Ms. Smith and Mr. Goldberg's claims in this case is unwarranted whether or not the claims against H&R Block in *Hunt* are sent to arbitration.

## IV.  Conclusion

For the foregoing reasons, Google's motion to compel arbitration or stay litigation of Ms. Smith and Mr. Goldberg's claims pending any arbitration in *Hunt* is denied. The hearing on Google's still-pending motion to dismiss will be reset from April 18, 2024 to May 9, 2024.

**IT IS SO ORDERED.**

Dated: March 19, 2024

_____
P. Casey Pitts
United States District Judge

---

[3] Google argues that plaintiffs are members of the putative class in *Hunt* but this conclusion is premature, because it is not yet certain whether a class will ever be certified in *Hunt* or whether Ms. Smith and Mr. Goldberg will opt out of any certified class.

7