**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman *(pro hac vice)*
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
Email: lfeldman@4-justice.com
e-service@4-justice.com

*Attorneys for Plaintiffs*
*Additional Attorneys on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARY SMITH, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE, LLC,

Defendant

Case No. 5:23-cv-03527-PCP
(Consolidated with 5:23-cv-04191-PCP)

**PLAINTIFFS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO GOOGLE'S MOTION TO DISMISS**

Date: May 9, 2024
Time: 10:00 a.m.
Location: Courtroom 8, 4th Floor
Judge: Hon. P. Casey Pitts

## I. INTRODUCTION

As per the Court's request, this supplemental response addresses how the Court's recent decision on Meta Platforms, Inc.'s ("Meta") motion to dismiss in the *Meta Pixel Tax Filing Cases* (the "*Meta* Order")[1] relates to the arguments in Google's pending motion to dismiss in this matter (the "MTD").

## II. ARGUMENT

The arguments in Google's motion to dismiss can be sorted into eight distinct categories. The *Meta* Order makes clear that five of these must be rejected. The remaining three arguments were not addressed in the *Meta* Order because Meta did not raise them. Each was, however, rebutted in Plaintiffs' earlier Response to Google's Motion to Dismiss (the "MTD Response").

### A. The *Meta* Order Disposed Of Five Of Google's Arguments

#### 1. <u>The *Meta* Order Disposed Of Google's "Consent" Arguments</u>

Google's consent-related arguments are the same as those the Court rejected in *Meta*. <u>First</u>, Google argues that Plaintiffs purportedly consented to the transmission of their tax-filing information to Google. In support, Google contends that it required the tax-filing service providers to disclose their use of Google Analytics to Plaintiffs, which Google says they did. (MTD, 7:2-20.) But, as the Court held in the *Meta* Order, "whether plaintiffs consented to having their data collected is a question of fact." (Order, 8:10-11.) The Court cannot determine that Plaintiffs consented to Google collecting sensitive financial data at the 12(b)(6) stage "simply because … [Google] believes that these [policies] adequately disclose the collection practices at issue." (Order, 8:12-14.) None of the cases Google cites changes the analysis.[2] The *Meta* Order thus disposed of Google's plaintiff-consent arguments.[3]

---

[1] *In re Meta Pixel Tax Filing Litigation*, Case No. 3:22-cv-07557, Order Denying in Part and Granting in Part Motion to Dismiss, Dkt. 141 (N.D. Cal. Mar. 25, 2024) ("Order").

[2] *See* MTD Response, 4:22-5:8 (distinguishing Google's cited cases).

[3] Specifically, the *Meta* Order forecloses Google's plaintiff-consent arguments for dismissal of the following claims: California Invasion of Privacy Act § 631 (Count I), California Invasion of Privacy Act § 632 (Count II), California Invasion of Privacy Act § 635 (Count III), Florida Security

Second, Google argues that Plaintiffs' federal and Texas wiretapping claims should be dismissed because the tax-filing services consented to Google's interception of the Plaintiffs' data. (MTD, 11:1-19.) According to Google, this undermines Plaintiffs' claims under these one-party consent statutes. (*Id*.) But, just as in *Meta*, this asks the Court to "draw[] a pivotal inference in [Google's] favor—that merely by installing [Google's] tracking tools, website operators understood how and what data would be transmitted to [Google] and consented to that transmission." (Order, 8:22-25.) The *Meta* Order thus disposed of Google's one-party consent arguments.[4]

### 2. The *Meta* Order Disposed Of Google's "Intent" Arguments

Google's intent-related arguments are the same as those the Court rejected in *Meta*. Google argues that Plaintiffs have not plausibly alleged that Google intentionally intercepted their tax-return data. (MTD, 10:2-20.) In support, it cites its own privacy policies—which, according to Google, show that it did not want data it intercepted. (MTD, 10:12-13.) But here, just as in *Meta*, "the Court cannot conclude from [the cited terms'] mere existence that [Google] and developers intended to or did comply with the terms rather than deviating from them to their mutual benefit."[5] And in contrast, Plaintiffs' Complaint sets out pages of allegations concerning Google's advertising-driven business model, the integration of the data gleaned from its Google Analytics pixel into its user dossiers, the integration of the Google Analytics pixel into Google's broader suite of advertising products, and Google's resulting financial incentive to gather and use the data at issue here. (Compl. ¶¶ 18-43.) Just as in *Meta*, these allegations are sufficient to plead intent and willfulness at the 12(b)(6) stage.[6]

---

of Communications Act § 934.10 (Count VI), and Illinois Eavesdropping Act 720 ILCS 5/14-6 (Count VII).

[4] Specifically, the *Meta* Order forecloses Google's one-party consent arguments for dismissal of the following claims: Federal Wiretap Act § 2511 (Count IV) and Texas Wiretap Act, Article 18A.502(1) (Count VIII). Although the Texas Wiretap Act was not at issue in the *Meta* case, the logic of the *Meta* Order nevertheless forecloses Google's consent-related argument as to that statute, and Google does not cite cases suggesting otherwise.

[5] Order, 7:8-10 (concluding that plaintiffs adequately alleged intent for CIPA claims); *see also id.* at 17:21-18:2 (concluding that plaintiffs adequately alleged intent for wiretap device-manufacture claim); *id.* at 12:14-21 (concluding that plaintiffs adequately alleged intent to intercept communications in a "surreptitious manner" for purposes of Illinois Eavesdropping Act claim).

[6] Specifically, the *Meta* Order forecloses Google's intent-related arguments for dismissal of the following claims: California Invasion of Privacy Act § 631 (Count I), California Invasion of

### 3. The *Meta* Order Disposed Of Google's "Private-Right-Of-Action" Arguments

Google argues that there is no private right of action for violation of the California Invasion of Privacy Act, Section 635 (Count III) or the Federal Wiretap Act, Section 2512 (Count V). (MTD, 12:13-20.) The Court considered and rejected these arguments in the *Meta* Order.[7] As concerns the Federal Wiretap claim, in particular, the *Meta* Order concluded that "Section 2520 at the very least provides a private cause of action to enforce Section 2512(1)(b) against a defendant who also played an active role in the unlawful interception, disclosure, or use of the plaintiff's communication." (Order, 18:23-25.) Here, just as in *Meta*, the Complaint alleges that Google played an active role in receiving, storing, compiling, and using the data it received via its pixel for advertising purposes. (Compl. ¶¶ 28, 32, 33-34, 36-40). The *Meta* Order thus disposed of Google's private-right-of-action arguments.

### 4. The *Meta* Order Disposed Of Google's Argument That Its Pixel Is "Not Primarily Designed For Eavesdropping"

Google argues that Plaintiffs' claims under the California Invasion of Privacy Act, Section 635 (Count III) and the Federal Wiretap Act, Section 2512 (Count V) should be dismissed because its pixel is not "inherently unlawful." (MTD, 12:22-13:22.) Google has misstated the standard by suggesting that Plaintiffs must show that its pixel is "inherently unlawful" to prevail on these claims. The core of its argument, however, is that its pixel is not "primarily or exclusively designed or intended for eavesdropping." (*Id.*) Properly framed, it is clear that the *Meta* Order disposed of this argument too. (Order, 16:24-17:1.) Here, just as in *Meta*, Plaintiffs allege that Google's pixel is in fact primarily or exclusively designed for eavesdropping, that it is "invisible," and that it transmits internet users' communications in real time directly to Google. (Compl. ¶¶ 25, 28, 77.) The *Meta* Order thus disposes of Google's argument that its pixel is not primarily designed for eavesdropping.

---

Privacy Act § 632 (Count II), California Invasion of Privacy Act § 635 (Count III), Federal Wiretap Act § 2511 (Count IV), Federal Wiretap Act § 2512 (Count V), Florida Security of Communications Act § 934.10 (Count VI), Illinois Eavesdropping Act 720 ILCS 5/14-6 (Count VII), and Texas Wiretap Act, Article 18A.502(1) (Count VIII).

[7] Order, 16:13-23 (concluding that a private right of action exists for violation of CIPA § 635); *id.* at 18:3-19:14 (same for violation of 18 U.S.C. § 2512).

### 5. <u>The *Meta* Order Impliedly Denied Meta's "Statute-Of-Limitations" Arguments, And Google's "Statute-Of-Limitations" Arguments Are Similarly Defective</u>

The *Meta* Order rejected Meta's statute-of-limitations arguments by ruling that the causes of action Meta sought to dismiss on these grounds survived without qualification or temporal limitation. Google makes the same limitations-period arguments here, which the Court should reject for the same reasons. Google's statute-of-limitations arguments are rebutted in Plaintiffs' Response. (MTD Response, 12:27-14-2). Plaintiffs have requested leave to amend, if necessary, to add allegations supporting application of tolling, equitable estoppel, and the discovery rule. (*Id*.)

## B. Google's Remaining Arguments Are Rebutted In Plaintiffs' Response

### 1. <u>Google's "Vendor" Argument Is Contrary To The Majority Line Of Cases And Should Be Rejected</u>

Google argues that it cannot be held liable on Plaintiffs' wiretapping claims because it is a "vendor." (MTD, 8:1-9:-5.) Google repeats this same argument for all of Plaintiffs' wiretapping claims, but cites authority only for Plaintiffs' claim under CIPA Section 631(a). As explained in detail in Plaintiffs' Response, Google's argument is contrary to the weight of authority in this Circuit, and relies on cases that misapplied CIPA Section 631(a) and California Supreme Court authority. (MTD Response, 7:17-9:16.) And even if the Court were to follow the minority line of cases, Google's argument founders because those authorities apply only where the technology company collected data *solely for the benefit of a third-party website owner*, which is not the case here. (MTD Response, 9:17-10-25.)

### 2. <u>Google's Argument That It Did Not "Record" The Communications Ignores The Plain Text Of The Complaint</u>

Google contends that Plaintiffs' CIPA Section 632 claim should be dismissed because "there is no allegation in the complaint that Google took any action whatsoever to effectuate the wrongdoing." (MTD, 9:8-12.) As explained in Plaintiffs' Response, this argument ignores the pages of allegations explaining how *Google*—not the tax-service websites—developed Google Analytics so that Google could profit from data mining, stored the information intercepted on its own servers, and manipulated that data for advertising purposes. (MTD Response, 14:12-25.)

### 3. <u>Google's Argument That Plaintiffs' Data Was Not "Confidential" Is Misguided</u>

Google argues that there is a *general* presumption that Internet-based communications are not confidential, and that this presumption should apply to the tax-filing information at issue here. (MTD, 8:12-27). As explained in Plaintiffs' Response, this extreme argument is flatly contrary to recent decisions by Judge Gonzalez Rogers and Judge Orrick. (MTD Response, 14:26-15:27.)

## III. CONCLUSION

For the reasons set out above, the Court should deny Google's Motion to Dismiss in its entirety.

Dated: April 19, 2024

**BURSOR & FISHER, P.A.**

By: /s/ Neal Deckant

Neal Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (pro hac vice)
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
lfeldman@4-justice.com
eservice@4-justice.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Rebecca A. Peterson (State Bar No. 241858)
Kate M. Baxter-Kauf (pro hac vice)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com
kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (pro hac vice)
12333 Sowden Road, Suite B

Houston, TX 77080
Telephone: (832) 848-0036
marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (pro hac vice)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (pro hac vice)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
jemerson@emersonfirm.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, #1520
Boston, MA 02116
joel@skclassactions.com

*Attorneys for Plaintiffs*