**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
esantacana@willkie.com
JOSHUA ANDERSON (SBN: 312836)
jdanderson@willkie.com
YUHAN ALICE CHI (SBN: 324072)
ychi@willkie.com
NAIARA TOKER (SBN: 346145)
ntoker@willkie.com
ANIKA HOLLAND (SBN: 336071)
aholland@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MARY L. SMITH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GOOGLE, LLC,

Defendant.

Case No.: 5:23-cv-03527-PCP
(Consol. w/ 5:23-cv-04191-BLF)

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF GOOGLE LLC'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S ORDER [ECF NO. 72]**

Complaint Filed: 7/14/2023
Trial Date: N/A

*Hon. P. Casey Pitts, District Judge*
*San Jose Courthouse, Ctrm. 8 – 4th Floor*

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTE THAT**, pursuant to Federal Rule of Evidence ("Rule") 201 and applicable case law, Defendant Google LLC ("Google") herby respectfully requests that the Court consider Exhibits 1-A through 4-N to the concurrently filed Declaration of Anika Holland under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in support of Google's concurrently filed Supplemental Brief in response to the Court's March 26, 2024 Order, ECF No. 72.

- **Exhibit 1-A:** *Google Analytics Terms of Service*, dated June 17, 2019, available at https://marketingplatform.google.com/about/analytics/terms/gb-20190617/

- **Exhibit 1-B:** *Google Analytics Terms of Service*, dated March 31, 2021, available at https://marketingplatform.google.com/about/analytics/terms/us-20210331/

- **Exhibit 1-C:** *Google Analytics Terms of Service*, dated May 15, 2023, available at https://marketingplatform.google.com/about/analytics/terms/us/

- **Exhibit 2-A:** *H&R Block Privacy Notice*, effective November 1, 2014, available at https://web.archive.org/web/20150226023045/https://www.hrblock.com/pdf/HRB%20Digital%20Tax%20Preparation%20Online%20and%20Mobile%20Application%20Privacy%20Prac.pdf

- **Exhibit 2-B:** *H&R Block Privacy Notice*, effective January 1, 2020, available at https://web.archive.org/web/20200718134255/https://www.hrblock.com/pdf/HRB%20Digital%20Tax%20Preparation%20Online%20and%20Mobile%20Application%20Privacy%20Prac.pdf

- **Exhibit 2-C:** *H&R Block Privacy Notice*, effective January 1, 2022, available at https://web.archive.org/web/20220422203150/https://www.hrblock.com/pdf/HRB%20Digital%20Tax%20Preparation%20Online%20and%20Mobile%20Application%20Privacy%20Prac.pdf

- **Exhibit 2-D:** *H&R Block Privacy Notice*, effective January 1, 2023, available at https://web.archive.org/web/20230308061531/https://www.hrblock.com/pdf/HRB-Digital-Tax-Preparation-Online-and-Mobile-Application-Privacy-Prac.pdf

- **Exhibit 3-A:** *TaxAct Privacy Statement,* last updated August 22, 2016, available at https://web.archive.org/web/20170217215410/www.taxact.com/privacy-policy.

- **Exhibit 3-B:** *TaxAct Privacy Statement,* last updated June 5, 2018, available at https://web.archive.org/web/20181005050202/https://www.taxact.com/privacy-policy

- **Exhibit 3-C:** *TaxAct Privacy Statement,* last updated November 2, 2018, available at https://web.archive.org/web/20190201201825/https://www.taxact.com/privacy-policy
- **Exhibit 3-D:** *TaxAct Privacy Statement,* last updated December 17, 2019, available at https://web.archive.org/web/20200112061555/https://www.taxact.com/privacy-policy
- **Exhibit 3-E:** *TaxAct Privacy Statement,* last updated December 10, 2020, available at https://web.archive.org/web/20210204163535/http://www.taxact.com/privacy-policy
- **Exhibit 3-F:** *TaxAct Privacy Statement,* last updated August 19, 2021, available at https://web.archive.org/web/20211024215756/http://www.taxact.com/privacy-policy
- **Exhibit 3-G:** *TaxAct Privacy Statement,* last updated December 21, 2021, available at https://web.archive.org/web/20221207063244/http://www.taxact.com/privacy-policy
- **Exhibit 3-H:** *TaxAct Privacy Statement,* last updated January 1, 2023, available at https://web.archive.org/web/20230105181818/http://www.taxact.com/privacy-policy
- **Exhibit 4-A:** *TaxSlayer Privacy Policy*, effective July 18, 2012, available at https://web.archive.org/web/20130117185141/http://www.taxslayer.com:80/Policies/Privacy
- **Exhibit 4-B:** *TaxSlayer Privacy Policy*, effective September 29, 2013, available at https://web.archive.org/web/20140107002244/http://www.taxslayer.com/Policies/Privacy
- **Exhibit 4-C:** *TaxSlayer Privacy Policy*, effective July 1, 2015, available at https://web.archive.org/web/20150905121002/https://www.taxslayer.com/Policies/Privacy
- **Exhibit 4-D:** *TaxSlayer Privacy Policy*, effective January 8, 2016, available at https://web.archive.org/web/20160327221347/https://www.taxslayer.com/Policies/Privacy
- **Exhibit 4-E:** *TaxSlayer Privacy Policy*, effective September 23, 2016, available at https://web.archive.org/web/20161012180423/https://www.taxslayer.com/Policies/Privacy
- **Exhibit 4-F:** *TaxSlayer Privacy Policy*, effective January 3, 2018, available at https://web.archive.org/web/20180407055317/https://www.taxslayer.com/Policies/Privacy
- **Exhibit 4-G:** *TaxSlayer Privacy Policy*, effective January 3, 2019, available at https://web.archive.org/web/20190602113830/https://www.taxslayer.com/Policies/Privacy
- **Exhibit 4-H:** *TaxSlayer Privacy Policy*, effective November 15, 2019, available at https://web.archive.org/web/20200422040548/https://www.taxslayer.com/policies/privacy

- **Exhibit 4-I:** *TaxSlayer Privacy Policy*, effective January 14, 2021, available at https://web.archive.org/web/20210206013136/https://www.taxslayer.com/Policies/Privacy
- **Exhibit 4-J:** *TaxSlayer Privacy Policy*, effective April 21, 2011, available at https://web.archive.org/web/20210519023800/https://www.taxslayer.com/Policies/Privacy
- **Exhibit 4-K:** *TaxSlayer Privacy Policy*, effective September 23, 2021, available at https://web.archive.org/web/20211017061709/https://www.taxslayer.com/Policies/Privacy
- **Exhibit 4-L:** *TaxSlayer Privacy Policy*, effective January 11, 2022, available at https://web.archive.org/web/20220121171734/https://www.taxslayer.com/Policies/Privacy
- **Exhibit 4-M:** *TaxSlayer Privacy Policy*, effective December 27, 2022, available at https://web.archive.org/web/20230127110229/https://www.taxslayer.com/policies/privacy/
- **Exhibit 4-N:** *TaxSlayer Privacy Policy*, effective March 2, 2023, available at https://web.archive.org/web/20230308003513/https://www.taxslayer.com/policies/privacy/

Date: April 19, 2024

**WILLKIE FARR & GALLAGHER LLP**

By: _*/s/ Benedict Y. Hur*______________
Benedict Hur
Simona Agnolucci
Eduardo E. Santacana
Joshua Anderson
Yuhan Alice Chi
Naiara Toker
Anika Holland

*Attorneys for Defendant*
*Google LLC*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Google respectfully requests that the Court consider Exhibits 1-A through 4-N to the Declaration of Anika Holland in support of Google's concurrently filed Supplemental Brief. As explained below, these exhibits, which consist of current and archived privacy policies referenced in Plaintiffs' Complaint, are not subject to reasonable dispute and are each subject to judicial notice and/or incorporation by reference. The Court's March 26, 2024 order (ECF No. 72) invited Google to submit a supplemental brief addressing whether and how the order on Meta Platform Inc.'s ("Meta") Motion to Dismiss in *In Re Meta Pixel Tax Filing Cases*, No. 22-cv-07557 (2024 WL 1251350) (N.D. Cal. Mar. 25, 2024) (the "Order") relates to Google's arguments in its Motion to Dismiss (ECF No. 50) in this case. As noted in Google's Supplemental Brief, in denying in part Meta's motion to dismiss, this Court found it was not clear which policies were in place when the plaintiffs used the online tax service products. *See* Order at *8, *11. To address that issue, Google submits this Request for Judicial Notice ("RJN") that includes the publicly available policies that were in place during the relevant time periods. The policies are all consistent with those Google supplied in its initial RJN, and do not change the arguments raised in the parties' briefing.

## I. LEGAL STANDARD

At the motion to dismiss stage, courts can consider materials beyond those alleged on the face of the complaint when they are "matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under Federal Rule of Evidence 201(b), courts may take judicial notice of matters that are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Minor v. FedEx Off.*, No. 14-CV-01117-LHK, 2014 WL 12570168, at *3–4 (N.D. Cal. Aug. 11, 2014) (reciting and applying these rules). Documents that "appear on publicly available websites . . . are thus proper subjects for judicial notice." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (granting Google's request for judicial notice in the motion to dismiss context); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (noticing publicly available websites). It is proper for the Court to consider this request for judicial notice in support of Google's Supplemental Brief because, under Federal

Rule of Evidence 201(d), the "court may take judicial notice at any stage of the proceeding." *See also Simpson v. Best W. Int'l, Inc.*, No. 3:12-CV-04672-JCS, 2012 WL 5499928, at *2 (N.D. Cal. Nov. 13, 2012) ("Defendant was permitted to submit an additional Request for Judicial Notice with its reply."). A party is, moreover, "entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e).

The doctrine of incorporation by reference, which is distinct from the doctrine of judicial notice, supplies an additional basis for considering documents beyond a complaint's four corners in the specific context of a Rule 12 motion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."). When a plaintiff's claim depends on the contents of a document attached to the defendant's motion to dismiss, and the document's authenticity is unquestioned, the court may deem the document incorporated into the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *accord Ritchie*, 342 F.3d at 908 (stating that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"). In deciding a motion to dismiss, a court "must consider the complaint in its entirety," including "matters of which a court may take judicial notice" and "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Khoja*, 899 F.3d at 999.

## II. ARGUMENT

### A. Judicial Notice of Publicly Available Web Pages

Exhibits 1-A through 4-N are judicially noticeable as publicly available documents not subject to reasonable dispute. These exhibits consist of the following publicly accessible web pages:

- **Exhibits 1-A through 1-C:** each available version of Google Analytics' Terms of Service from June 17, 2019, through the filing of Plaintiffs' Complaint.
- **Exhibits 2-A through 2-D:** each available version of H&R Block's Privacy Notice from November 1, 2014, through the filing of Plaintiffs' Complaint. Note that the Complaint

alleges Plaintiffs filed their taxes using H&R Block's tax filing website in the years 2019 to present. Compl. ¶ 38.

- **Exhibits 3-A through 3-H**: each available version of TaxAct's Privacy Statement, from August 22, 2016, through the filing of Plaintiffs' Complaint. While Plaintiffs allege they filed their taxes using TaxAct's tax filing website in the years 2012 to present, the Complaint does not allege when TaxAct began using Google Analytics.
- **Exhibits 4-A through 4-N:** each available version of TaxSlayer's Privacy Policy from July 18, 2012, through the filing of Plaintiffs' Complaint. The Complaint alleges Plaintiffs filed their taxes using TaxSlayer's tax filing website in the years 2012 to present. Compl. ¶ 13.

As publicly available web pages, these exhibits are the proper subjects of judicial notice. *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed."). Exhibits 1-A through 1-C are Google Analytics' current and historic Terms of Service. Courts in this District often take judicial notice of privacy policies and terms of service in privacy-related litigation, including the same documents Google asks the Court to notice here and very similar ones. *See, e.g., Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (noticing Google's terms of service and privacy policies); *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (same); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617–18 (N.D. Cal. 2021) (same); *Brown*, 525 F. Supp. 3d at 1061 (same); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (same for Yahoo's); *Yuksel v. Twitter, Inc.*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *2 (N.D. Cal Nov. 7, 2022) (same for Twitter's terms of service and rules); *Coffee v. Google LLC*, No. 20-CV-03901-BLF, 2021 WL 493387, at *3–4 (N.D. Cal. Feb. 10, 2021) (same for Google's terms of service).

Exhibits 2-A through 2-D, 3-A through 3-H, and 4-A through 4-N are web pages available through the Internet Archive's Wayback Machine, and "[d]istrict courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine." *Parziale v. HP, Inc*, No. 5:19-CV-05363-EJD, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020); *Erickson v. Neb.*

*Mach. Co.*, No. 15-CV-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). In sum, there is ample case law supporting this Court's authority to take judicial notice of each of Google's submitted exhibits here.

**B. Incorporation by Reference**

The Court may also consider the materials in Google's exhibits for the additional reason that Plaintiffs' Complaint incorporates them by reference. Where, as here, important documents are "referenced in a complaint but not explicitly incorporated therein," "the complaint relies on the document[s]," and their "authenticity is unquestioned," a court may consider them when deciding a motion to dismiss. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). This serves to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Id.* (internal quotations and citation omitted).

Exhibits 1-A through 1-C are the current and historic versions of Google Analytics' terms of service, which Plaintiffs paraphrase in the Complaint. Compl. ¶ 42. ("Google purports to have policies in place that prohibit its Google Analytics customers from 'passing any information that could be used by Google to identify individuals.'").

The remaining Exhibits, while not expressly referenced in the Complaint, are integral to the allegations that Google violated Plaintiffs' "objectively reasonable expectations of privacy" while using the tax filing websites referenced in the Complaint, which necessarily rely on those websites' privacy policies. *See* Compl. ¶ 71; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Birdsong v. AT&T Corp.,* No. C12-6175 TEH, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) ("[U]nder the doctrine of incorporation by reference, courts may consider extrinsic documents if they are 'integral' to the plaintiff's claims and their authenticity is not in dispute."); *Bamforth v. Facebook, Inc.*, No. 20-CV-09483-DMR, 2021 WL 4133753, at *10 (N.D. Cal. Sept. 10, 2021) *aff'd* No. 21-16681, 2023 WL 5925982 (9th Cir. Sept. 12, 2023); *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 936 (N.D. Cal. 2019) (same). All of these documents are "integral to the . . . complaint" because it references and/or relies on them for its allegations. *See Coto Settlement*, 593

F.3d at 1038 (capitalization altered). Accordingly, Plaintiffs' Complaint incorporates these documents by reference, and the Court may consider them in deciding Google's Motion to Dismiss.

## III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Request for Judicial Notice of Exhibits 1-A through 4-N, attached to the Declaration of Anika Holland, under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in connection with Google's concurrently filed Supplemental Brief.

Date: April 19, 2024

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Benedict Y. Hur*
Benedict Hur
Simona Agnolucci
Eduardo E. Santacana
Joshua Anderson
Yuhan Alice Chi
Naiara Toker
Anika Holland

*Attorneys for Defendant Google LLC*