**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
esantacana@willkie.com
JOSHUA ANDERSON (SBN: 312836)
jdanderson@willkie.com
YUHAN ALICE CHI (SBN: 324072)
ychi@willkie.com
NAIARA TOKER (SBN: 346145)
ntoker@willkie.com
ANIKA HOLLAND (SBN: 336071)
aholland@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

ALEXIS DORNER (DC Bar No. 1781014)*
adorner@willkie.com
1875 K Street NW
Washington, DC 20006
Telephone: (202) 303-1000
*Admitted *pro hac vice*

Attorneys for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY L. SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case No.: 5:23-cv-03527-PCP<br>(Consol. w/ 5:23-cv-04191-BLF)<br><br>**GOOGLE LLC'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: 7/14/2023<br>Trial Date: 11/2/2026<br><br>*Hon. P. Casey Pitts, District Judge*<br>*San Jose Courthouse, Ctrm. 8 – 4th Floor* |

Defendant Google LLC ("Google") hereby answers the Consolidated Class Action Complaint ("Complaint") filed on October 9, 2023, by Plaintiffs Mary L. Smith, Malissa Adams, Tracylyn Patterson, Cary Goldberg, Tyisha Sheppeard, Teresa Wright, Rheazene Taylor, Tiffany Layton, Jamila Armstrong, and Monica Townsend ("Plaintiffs"), according to its numbered paragraphs as follows below. Except as expressly admitted herein, Google denies all allegations in the Complaint. Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.

## NATURE OF THE ACTION

1. Google admits that Plaintiffs filed this case as a putative class action against Google, asserting claims for wiretapping, among other claims. Otherwise, denied.

2. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google also states that Paragraph 2 refers to a document and the document speaks for itself. Otherwise, denied.

3. Paragraph 3 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 3.

4. Google admits that Plaintiffs filed this case as a putative class action against Google, asserting claims for wiretapping, among other claims. Otherwise, denied.

## THE PARTIES

5. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies them.

6. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies them.

7. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies them.

8. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies them.

9. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

10. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies them.

12. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies them.

13. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies them.

14. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies them.

15. Google admits that it is a Delaware limited liability company with its principal place of business in Mountain View, California. Otherwise, denied.

## JURISDICTION AND VENUE

16. Paragraph 16 calls for a legal conclusion to which no response is required; to the extent a response is required, Google admits this Court has jurisdiction over this action.

17. Paragraph 17 calls for a legal conclusion to which no response is required; to the extent a response is required, Google admits that venue is proper in this Court.

## STATEMENT OF FACTS

### *The Evolution of Google's Business Model: From Search Engine to Surveillance*[1]

18. Google admits that it provides advertising services, analytics services, search engine, email services, and cloud services. Google states that the webpages referred to and cited by Paragraph 18 and footnotes 3 and 4 speak for themselves, and therefore no response is required. Otherwise, denied.

---

[1] Google interprets any headings to provide a roadmap to the allegations and not as allegations themselves. Google therefore does not provide a specific response to the headings. To the extent a response is required, Google denies any allegations contained therein. The various headings and subheadings in the Complaint are reproduced herein solely for convenience.

19. Google admits that it provides advertising services, and a search engine. Google states that the websites referred to and quoted in Paragraph 19, and cited in footnotes 5 through 10, speak for themselves, and therefore no response is required. Otherwise, denied.

20. Google states that the websites referred to in Paragraph 20 and cited in footnotes 11 and 12 speak for themselves, and therefore no response is required. Otherwise, denied.

21. Google admits that it offers an advertising service. Google also admits that it offers an analytics service. Google states that the websites referred to in Paragraph 21 and cited in footnotes 13 through 16 speak for themselves, and therefore no response is required. Otherwise, denied.

22. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google further states that the websites referred to and quoted in Paragraph 22, and cited in footnotes 17 and 18, speak for themselves, and therefore no response is required. Otherwise, denied.

23. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google also admits that Google Analytics allows developers to use "events" to measure a specific interaction or occurrence on the developers' websites or apps. Google states that the websites referred to and quoted in Paragraph 23, and cited in footnotes 19 through 21, speak for themselves, and therefore no response is required. Google notes that the websites cited in Paragraph 23, footnotes 19 and 20, have been updated since the filing of the Complaint, and "[c]onversions are now called key events." *See* https://support.google.com/analytics/ answer/12799087?hl=en& sjid=3548329945210241384-NA (last accessed June 4, 2023). Otherwise, denied.

***The Wiretapping Device: Google Analytics' Tracking Pixel***

24. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google states that the websites referred to and quoted in Paragraph 24, and cited in

footnotes 22 through 27, speak for themselves, and therefore no response is required. Otherwise, denied.

25. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google states that the websites referred to and quoted in Paragraph 25, and cited in footnotes 28 and 29, speak for themselves, and therefore no response is required. Google notes, however, that the website cited in Paragraph 25, footnote 29 says nothing about whether the alleged "tracking pixel" is, as Plaintiffs allege, "a default feature of Google Analytics." Otherwise, denied.

26. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google further admits that it is up to the developer using Google Analytics to choose how to configure its Google Analytics settings. Google states that the website referred to and quoted in Paragraph 26, and cited in footnotes 30 through 35, speaks for itself, and therefore no response is required. Otherwise, denied.

27. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google also admits that Google Analytics allows developers to use "events" to measure a specific interaction or occurrence on the developers' websites or apps. Google further admits that Google Analytics collects certain "Automatically Collected Events," which are triggered by certain of the users' basic interactions with the developer's app or site. Google states that the websites referred to and quoted in Paragraph 27 and cited in footnote 36 speaks for itself, and therefore no response is required. Otherwise, denied.

28. Paragraph 28 contains legal conclusions, characterizations, or arguments, to which no response is required. Google also states that the website referred to in Paragraph 28 and cited in footnote 37 speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction and that Google provides the developer with a report to view their measurement. Otherwise, denied.

29. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google also admits that developers can use Google Analytics with other Google solutions and partner products. Additionally, Google also states that the website cited in Paragraph 29, footnote 38 speaks for itself and therefore no response is required. Otherwise, denied.

30. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegation in Paragraph 30 and on that basis denies it.

31. Google states that the website referred to in Paragraph 31 and cited in footnote 39 speaks for itself, and therefore no response is required. To the extent a response is required, Google states that it does not know what Plaintiffs mean by "has been available in some form" and thus lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis denies the allegations. Otherwise, denied.

***Google Secretly Hoovers Up Vast Amounts of Private Tax Return Information***

32. Google admits that it provides analytics services to H&R Block, TaxAct, and TaxSlayer. Google denies all remaining allegations in Paragraph 32.

33. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google states that the website cited to and characterized by Paragraph 33 speaks for itself, and therefore no response is required. Otherwise, denied.

34. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google admits that Paragraph 34 purports to quote from and characterize an unattributed source, and Google therefore lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and on that basis denies them.

35. Google admits that it offers Google Tag that developers can use to measure certain data on their websites. Google states that the website characterized in Paragraph 35 and cited in footnote 41 speaks for itself, and therefore no response is required. Otherwise, denied.

36. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis denies them.

37. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and on that basis denies them.

38. Google admits that it offers analytics services to H&R Block. Google states that the *Attacks on Tax Privacy* Senate Report characterized in Paragraph 38 and cited in footnote 42 speaks for itself and therefore no response is required. To the extent a response is required, Google lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, as they pertain to the conduct of Plaintiffs and the third-party Tax Websites, and on that basis denies them.

39. Google admits that it offers analytics services to TaxSlayer. The *Attacks on Tax Privacy* Senate Report referred to in paragraph 39 and cited in footnote 42 speaks for itself, and therefore no response is required. To the extent a response is required, Google lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, as they pertain to the conduct of TaxSlayer, and on that basis denies them.

40. Paragraph 40 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 40.

41. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google further admits that Google Analytics collects pseudonymous information about users' interactions with the developers' website. To the extent Paragraph 41 quotes and paraphrases the *Attacks on Tax Privacy* Senate Report cited in footnote 44, Google asserts that the Report speaks for itself and no response is required. Otherwise, denied.

42. Google admits that the Google Analytics Terms of Service prohibit app developers from sending Google Analytics any data that contains personally identifiable information. To the extent Paragraph 42 quotes and paraphrases the *Attacks on Tax Privacy* Senate Report cited in

footnote 45, Google asserts that the Report speaks for itself and no response is required. Otherwise, denied.

43. The *Attacks on Tax Privacy* Senate Report characterized in paragraph 43 and cited in footnote 46 speaks for itself, and therefore no response is required. Otherwise, denied.

***Google Did Not Receive Consent To Receive Confidential Tax Information***

44. Paragraph 44 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 44 cites partially to the Internal Revenue Code and denies any remaining allegations.

45. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction and that Google provides the developer with a report to view their measurements. Google also admits that Google Analytics collects pseudonymous information about users' interactions with the developers' website. Otherwise, denied.

46. Google denies the allegations in Paragraph 46.

47. Google admits that the Google Analytics Terms of Service prohibit app developers from sending Google Analytics any data that contains personally identifiable information, and Google's personalized advertising policies prohibit personalized advertising based on sensitive information or prohibited categories. Additionally, Paragraph 47 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 47.

## **CLASS ACTION ALLEGATIONS**

48. Paragraph 48 sets forth Plaintiffs' proposed class definitions and does not require a response. To the extent a response is required, Google denies any allegations in Paragraph 48, and denies that class certification is appropriate in this action. Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

49. Paragraph 49 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 49 and reserves all rights to oppose modification or amendment of the proposed class definitions.

50. Paragraph 50 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 50.

51. Paragraph 51 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 51.

52. Paragraph 52 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 52.

53. Paragraph 53 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 53.

54. Paragraph 54 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 54.

55. Paragraph 55 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 55.

**COUNT I**

**Violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631**

56. Google incorporates its responses in the preceding paragraphs of this Answer.

57. Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

58. Paragraph 58 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 58 purports to cite to Section 631(a) of CIPA; Google otherwise denies the allegations in Paragraph 58.

59. Paragraph 59 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 59 purports to cite to and characterize certain caselaw; Google otherwise denies the allegations in Paragraph 59.

60. Paragraph 60 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 60.

61. Paragraph 61 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 61.

62. Paragraph 62 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 62.

63. Paragraph 63 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 63.

64. Paragraph 64 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 64.

**COUNT II**

**Violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 632**

65. Google incorporates its responses in the preceding paragraphs of this Answer.

66. Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

67. Paragraph 67 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 67 cites CIPA's statement of purpose. Otherwise, denied.

68. Paragraph 68 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 68 cites Section 632(a). Otherwise, denied.

69. Paragraph 69 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 69.

70. Paragraph 70 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 70.

71. Paragraph 71 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 71.

72. Paragraph 72 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 72.

## COUNT III

## Violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 635

73. Google incorporates its responses in the preceding paragraphs of this Answer.

74. Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

75. Paragraph 75 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 75 cites Section 635 of the California Penal Code. Otherwise, denied.

76. Paragraph 76 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 76.

77. Paragraph 77 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 77.

78. Paragraph 78 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 78.

79. Paragraph 79 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 79.

**COUNT IV**

**Violation of the Federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq.***

80. Google incorporates its responses in the preceding paragraphs of this Answer.

81. Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

82. Paragraph 82 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 82 cites the Federal Wiretap Act, 18 U.S.C. § 2511. Otherwise, denied.

83. Paragraph 83 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 83.

84. Paragraph 84 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 84.

85. Paragraph 85 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 85.

86. Paragraph 86 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 86.

87. Paragraph 87 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 87.

88. Paragraph 88 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 88 cites the Federal Wiretap Act, 18 U.S.C. § 2510. Otherwise, denied.

89. Paragraph 89 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 89.

90. Paragraph 90 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 90.

91. Paragraph 91 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 91.

92. Paragraph 92 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 92.

93. Paragraph 93 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations and denies that Plaintiffs are entitled to relief.

**COUNT V**

**Violation of the Federal Wiretap Act, 18 U.S.C. § 2512**

94. Google incorporates its responses in the preceding paragraphs of this Answer.

95. Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

96. Paragraph 96 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 96 cites the Federal Wiretap Act, 18 U.S.C. § 2512(1)(b). Otherwise, denied.

97. Paragraph 97 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 97.

98. Paragraph 98 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 98.

99. Paragraph 99 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 99.

100. Paragraph 100 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations and denies that Plaintiffs are entitled to relief.

**COUNT VI**

**Violation of the Florida Security of Communications Act, Florida Statutes § 934.10**

101. Google incorporates its responses in the preceding paragraphs of this Answer.

102. Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

103. Paragraph 103 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 103 cites Florida's Security of Communications Act, Fla. Stat. § 934.03 *et seq*. Otherwise, denied.

104. Paragraph 104 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 104.

105. Paragraph 105 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 105.

106. Paragraph 106 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations and denies that Plaintiffs are entitled to relief.

**COUNT VII**

**Violation of the Illinois Eavesdropping Act, 720 ILCS 5/14-6**

107. Google incorporates its responses in the preceding paragraphs of this Answer.

108. Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

109. Paragraph 109 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 109 cites sections of the Illinois Eavesdropping Act. Otherwise, denied.

110. Paragraph 110 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 110.

111. Paragraph 111 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 111.

**COUNT VIII**

**Violation of the Texas Criminal Wiretap Act (Texas Code of Criminal Procedure, Article 18A.502(1); and Texas Penal Code Sections 16.02(b)(1)–(b)(3), (b)(5))**

112. Google incorporates its responses in the preceding paragraphs of this Answer.

113. Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

114. Paragraph 114 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 114 cites sections of the Texas Penal Code, Texas Code of Criminal Procedure, and Texas Criminal Wiretap Act. Otherwise, denied.

115. Paragraph 115 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 115.

116. Paragraph 116 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 116.

117. Paragraph 117 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 117.

## PRAYER FOR RELIEF

Google denies that Plaintiffs are entitled to relief.

## JURY TRIAL DEMAND

Google admits that Plaintiffs purport to demand a trial by jury of all issues so triable.

## DEFENSES

### FIRST DEFENSE

**(Unjust Enrichment)**

Plaintiffs and the members of the putative class would be unjustly enriched if they recovered from Google any of the damages alleged in the Complaint.

**SECOND DEFENSE**

**(Consent)**

Plaintiffs and the members of the putative class consented to and/or received disclosures of all of Google's complained-of acts and conduct; thus, the Complaint, and each purported cause of action therein, is barred.

**THIRD DEFENSE**

**(Statute of Limitations)**

The Complaint, and each purported cause of action therein, is barred in whole or in part by the applicable statutes of limitations.

**FOURTH DEFENSE**

**(Waiver)**

Plaintiffs and the members of the putative class, by reason of their own acts, omissions, representations, and/or course of conduct, are estopped from asserting, and have waived any right to assert, each of their respective claims against Google.

**FIFTH DEFENSE**

**(Laches)**

The claims of Plaintiffs and the members of the putative class are barred by the doctrine of laches.

**SIXTH DEFENSE**

**(License)**

Google had an implied or express license to utilize the information provided by users and at issue in the Complaint.

**SEVENTH DEFENSE**

**(Equitable Estoppel)**

The Complaint, the claim alleged therein, and the elements of relief sought therein are barred in whole or in part, including but not limited to the extent that Plaintiffs' and the members of the putative class's own conduct, and no acts or omissions of Google, caused Plaintiffs' and the members of the putative class's alleged damages and injuries, and/or because Plaintiffs and the

members of the putative class observed, knew, were informed about, read, heard about, understood, and/or came to understand the details of the terms governing the service that they now challenge, yet nevertheless consented to the terms with that knowledge about which they now complain.

**EIGHTH DEFENSE**

**(Indemnification)**

Any damages to which Plaintiffs and the members of the putative class may be found entitled to in this action, if any, are subject to the agreements governing the relationship between Google and developers utilizing Google's analytics services such as H&R Block, TaxAct, and TaxSlayer, including, but not limited to, the indemnification clauses in the Terms of Service for Google Analytics.

**NINTH DEFENSE**

**(Contractual Defenses)**

Plaintiffs' and the members of the putative class's claims and damages are barred, in whole or in part, by contracts and/or agreements they entered into.

**TENTH DEFENSE**

**(Failure to Mitigate)**

Plaintiffs' and the members of the putative class's claims for damages—are barred, in whole or in part, because they failed to mitigate the damages they suffered.

**ELEVENTH DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs and the members of the putative class are not entitled to equitable relief because they have an adequate remedy at law and the relief they request is not the proper subject of a judicial remedy.

**TWELFTH DEFENSE**

**(Statutory Damages – Unconstitutional)**

Statutory damages should not be awarded or should otherwise be limited to the extent imposition of such damages would violate the Fifth, Eighth, or Fourteenth Amendments of the

United States Constitution, Article 1 of the California Constitution, section 3294 of the California Civil Code, or any other provision of law.

**THIRTEENTH DEFENSE**

**(Unclean Hands)**

Plaintiffs and the members of the putative class are barred from recovery, in whole or in part, by the doctrine of unclean hands.

**FOURTEENTH DEFENSE**

**(Authorization)**

The Complaint and the alleged claims in it are barred, in whole or in part, because at all relevant times, Google's alleged conduct was authorized by the Tax Websites.

**FIFTEENTH DEFENSE**

**(Release)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent they have been released.

**SIXTEENTH DEFENSE**

**(Justification)**

The named Plaintiffs, and each and every member of the putative class, are barred from recovery because Google's actions were, in whole or in part, privileged, justified and/or excused by operation of law.

**SEVENTEENTH DEFENSE**

**(Intervening or Superseding Cause)**

Plaintiffs' claims—and each and every member of the putative class's claims—are barred, in whole or in part, because the damages alleged in the Complaint, if any, were caused by persons and entities other than Google. Such intervening and superseding conduct of others bars and/or diminishes recovery, if any, by Plaintiffs and the putative class members against Google.

**EIGHTEENTH DEFENSE**

**(Unauthorized Remedies)**

The Complaint and the alleged claims in it are barred in whole or in part because the remedies sought are unconstitutional, contrary to public policy, otherwise unauthorized, or not recognized by applicable state law.

Date: July 18, 2024

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Benedict Hur*
Benedict Hur
Simona Agnolucci
Eduardo E. Santacana
Joshua Anderson
Yuhan Alice Chi
Naiara Toker
Anika Holland
Alexis Dorner

*Attorneys for Defendant*
*Google LLC*