**BURSOR & FISHER, P.A.**
Neal J. Deckant, Cal. Bar No. 322946
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
jsmith@bursor.com
ndeckant@bursor.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Rebecca A. Peterson, Cal. Bar No. 241858
Kate M. Baxter-Kauf (*pro hac vice*)
Robert K. Shelquist
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
rapeterson@locklaw.com
kmbaxter-kauf@locklaw.com
rkshelquist@locklaw.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
patrick@fosteryarborough.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow, Cal. Bar No. 243899
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
lfeldman@4-justice.com
mliskow@4-justice.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda (*pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
marshal@thehodalawfirm.com

**EMERSON FIRM, PLLC**
John G. Emerson
2500 Wilcrest Drive, Suite 300
Houston, TX 77042-2754
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiffs*
(Additional Attorneys on Signature Block)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY L. SMITH, *et al.,* individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case No. 5:23-cv-03527-PCP<br>(Consolidated with 5:23-cv-04191-PCP)<br><br>**[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION** |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

Plaintiffs in this action ("Plaintiffs") and Defendant Google LLC ("Google") (together, the "Parties") are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. PROPORTIONALITY**

Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information consistent with Fed. R. Civ. P. 26(b)(1). This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

**4. COST-SHIFTING**

As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

**5. LIAISON**

The Parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**6. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) For custodial ESI, to the extent available, only ESI created or received between January 1, 2012 and July 14, 2023 will be preserved;[1]

b) The parties have discussed the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties will agree on the number of custodians per party for whom ESI will be preserved, searched, reviewed, and produced;

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

1. backup systems and/or tapes used for disaster recovery; and

2. systems no longer in use that cannot be accessed.

e) Among the sources of data the Parties agree are not reasonably accessible, or not proportional to the needs of the case, the Parties agree not to preserve, search, review, or produce the following:

1. voice messages;

2. information from handsets, mobile devices, personal digital assistants, and tablets;

3. automatically saved versions of documents and emails;

4. video and audio recordings not attached to an email;

5. deleted, slack, fragmented, or other data accessible only by forensics;

---

[1] The parties agree that the time period identified in Section 6(a) does not govern the relevant time period for purposes of search and production of discovery materials. The parties will negotiate the relevant time period for search and production of discovery materials in connection with the parties' on-going meet and confer efforts.

6. systems, server and network logs;[2]

7. random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

8. on-line access data such as temporary internet files, history, cache, cookies, and the like;

9. dynamic fields of databases or log files that are not retained in the usual course of business; and

10. data in metadata fields that are frequently updated automatically, such as last opened dates.

## 7. SEARCH

a) The Parties agree that in responding to an initial Federal Rule of Civil Procedure 34 request, or earlier if appropriate, they will meet and confer to identify ESI that is subject to production in discovery.

b) The parties have/will agree to filter out ESI that is not subject to discovery. Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional filtering of non-human readable files may include, but are not limited to, Bin files and P7S files.

c) A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across Custodians. A party may also de-duplicate email threads and attachments as follows: In an email thread, only the most evolved responsive email in a thread will be produced. Where an earlier-in-thread email has a responsive attachment not contained within the most evolved responsive email, the most evolved earlier-in-thread email containing the attachment will also be produced along with its attachment. An attachment is a file associated with an email for retention and storage as a single message unit.

d) If applicable, no provision of this Order affects the inspection or production of source code which will be collected and made available consistent with the protective order governing this case.

## 8. PRODUCTION FORMATS

The parties agree to produce documents in the formats set forth in Appendix 1 and 2 hereto.

[2] "Systems, server and network logs" do not include the relevant Google Analytics logs that Google, as noted in its March 13, 2024 letter, has taken and continues to take steps to preserve.

If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

**9. PHASING**

a) When a party propounds discovery requests pursuant to Federal Rule of Civil Procedure 34, the Parties agree to discuss phasing the production of ESI.

b) The Parties agree to meet and confer in good faith regarding sources and custodians for their initial productions.

**10. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Activities undertaken in compliance with the duty to preserve information are protected from discovery under Federal Rule of Civil Procedure 26(b)(3)(A) and (B).

b) Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The P arties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

c) Nothing in this Agreement shall be construed or interpreted as precluding a producing party from performing review and analysis to determine if a document is in fact relevant to the requesting party's request or is privileged or otherwise protected. Further, any document that is in good faith reasonably deemed not relevant to the requesting party's request, or is privileged or otherwise protected, may be withheld.

d) When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify any procedure herein that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information

of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim.

Any disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**11. PRIVILEGE LOG**

If a Party reasonably determines that one or more responsive documents are not discoverable or a portion of a Document needs to be redacted because it is subject to the attorney client communication privilege or work product doctrine, or otherwise not discoverable on the basis of a recognized protection or privilege (collectively, the "Privileges" and each a "Privilege"), the Party shall produce a privilege log for each document or each category of documents withheld for privilege from that production. A producing Party will produce a separate privilege log for each production within 45 days after each production volume. The privilege log must set forth: (a) the nature of the privilege(s) or other protection claimed; (b) the date of the Document; (c) pursuant to Appendix 2 of this Order, for emails the "from," "to," "cc," and "bcc" fields of the most evolved thread, and for non-emails, the "author" field; (d) a description of the general subject matter

contained in the Document and the type of Document (e.g., letter, memorandum, handwritten notes) sufficient to allow the Receiving Party to assess the claimed Privilege and/or to allow the Court to rule upon the applicability of the claimed protection; and (e) the custodian of the Document. For redacted Documents with multiple redactions, one log entry can be used to describe the multiple redactions. Names of counsel shall be designated with an asterisk. Communications may be identified on a privilege log by category, rather than individually.

Documents that are privileged and that post-date the filing of the original complaint need not be placed on a privilege log. Documents redacted for privilege need not be logged so long as the receiving party can adequately assess the basis of the privilege. Header information including sender(s), recipient(s), date, time (if applicable) and subject or re: lines should not be redacted, except that subject/re: lines may be redacted in part if they disclose privileged or work product information. To the extent the Receiving Party cannot assess the validity of a privilege claim, the Receiving Party may make a reasonable request for a privilege log, and within 14 days of a reasonable request by the Receiving Party the Producing Party shall provide a privilege log entry for the redacted document that more fully details the basis of the privilege claim.

**12. HARD COPY DOCUMENT STORAGE**

Nothing in this Order is intended to enlarge or diminish any obligation a party may have to preserve non-duplicative documents that are not electronically stored.

**13. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown. Any such modified stipulated order will be titled sequentially as follows, "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified stipulated order will supersede the previous stipulated order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated: December 6, 2024

Respectfully submitted,

**SMITH KRIVOSHEY, PC**

By: */s/ Joel Smith*
Joel Smith

Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor
Boston, MA 02216
Telephone: 617-377-7404
Email: joel@skclassactions.com

*Attorneys for Plaintiff and the Proposed Class*

*Attorneys for Plaintiff and the Proposed Class*

Dated: December 6, 2024

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Benedict Y. Hur*
Benedict Y. Hur

BENEDICT Y. HUR (SBN: 224018)
bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
esantacana@willkie.com
JOSHUA ANDERSON (SBN: 312836)
jdanderson@willkie.com
YUHAN ALICE CHI (SBN: 324072)
ychi@willkie.com
NAIARA TOKER (SBN: 346145)
ntoker@willkie.com
ANIKA HOLLAND (SBN: 346145)
aholland@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599

ALEXIS DORNER (DC Bar No. 1781014) (*pro hac vice*)
adorner@willkie.com

1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000

*Attorneys for Defendant Google LLC*

**~~[PROPOSED]~~ ORDER**

**IT IS SO ORDERED** that the foregoing Agreement is Approved.

DATED: December 9, 2024

HONORABLE SUSAN VAN KEULEN
United States Magistrate Judge

**APPENDIX 1**
**PRODUCTION DELIVERY REQUIREMENTS**

**GENERAL PRODUCTION PROVISIONS**

The parties have agreed that ESI should be produced as TIFF images and in Native Format where applicable with accompanying data and image load files.

**TIFF Image Files**

The parties agree that all documents, with the exception of documents produced in Native Format, will be produced as single-page black and white Group IV TIFF image files of at least 300 dpi resolution with 1 bit depth. Page size shall be 8.5 x 11 inches, unless in the reasonable judgment of the Producing Party, a particular item requires a different page size. Each image file will use the Bates number of the page as its unique file name. Original document orientation as displayed in the native file should be maintained in the TIFF image (i.e., portrait to portrait and landscape to landscape).

**Text Files**

Each document produced under this Order shall be accompanied by a document-level text file containing all of the text for that document, not one text file per page. Each text file shall be named to use the Bates number of the first page of the corresponding document. The text files shall be generated by extracted text from native files, except for files with redactions as noted below, and OCR text files from hard copy scanned documents as applicable. The .DAT load file shall include a link to the corresponding text file.

**OCR Text File**

The parties will provide searchable OCR text of any scanned documents, unless the party determines that the utility of the OCR is outweighed by the expense. In that case, the Producing Party will produce the documents as they are kept in the ordinary course of business.

**Extracted Text Files from ESI**

The parties shall extract the text of each ESI item directly from the ESI native file, where extracted text is reasonably available.

**OCR Text for Redacted Documents**

The parties will provide searchable OCR text for any redacted files.

**Bates Numbering**

**1.** Each TIFF image produced under this Order should be assigned a Bates number that must: (1) be unique across the entire document production; (2) maintain a constant length of nine numeric digits (including 0-padding) across the entire production; (3) contain only alphanumeric characters, no special characters or embedded spaces; and (4) be sequential within a given document. The Producing Party will identify the Bates number range of each production in a cover letter or production log accompanying the production. If a Producing Party skips a Bates number or set of Bates numbers in a production, the Producing Party will identify and note the gap in the cover letter or production log accompanying the production.

**2.** The Producing Party will brand all TIFF images in the lower right-hand corner with their corresponding Bates number, using a consistent font type and size. If the Receiving Party believes that a Bates number obscures the content of a document, then the Receiving Party may request that the document be produced with the Bates number in a different position.

**Re-Production of Prior or Other Litigation Documents**

Where a Requesting Party seeks re-production of a set of documents produced in a prior litigation or any other proceeding, or where a prior production of documents or ESI by a party in a prior litigation or any other proceeding is the only reasonably accessible source of those documents or ESI to be produced by a party in this litigation, the Producing Party will produce such documents with the metadata agreed upon in this ESI stipulation, to the extent such metadata exists for those documents.

**Parent-Child Relationships**

Parent-child relationships within a document family (e.g., the association between an attachment and its parent email), must be preserved by assigning sequential Bates numbers to all items within the parent-child group, and identifying those Bates numbers in the relevant ESI

metadata and coding fields specified in Appendix 2. For example, if a party is producing an email with attachments, the attachments must be processed and assigned Bates numbers in sequential order, following consecutively behind the parent email. An attachment is a file associated with an email for retention and storage as a single message unit.

**Color Documents**

If an original ESI document contains color text, markings or graphics, and the Receiving Party believes it is necessary to view such document in its original color to understand its full meaning or content, then the Receiving Party may request that the ESI document be produced in color format. The Producing Party shall then reproduce such document(s) and/or ESI in color JPEG format, or in Native Format if it is satisfied by the receiving party's explanation as to why color reproduction is required. This section also applies to documents that are produced as TIFF images.

**Confidentiality Designations**

If a particular document has a confidentiality designation, the designation shall be stamped on the face of all TIFF images pertaining to such document, in the lower left-hand corner of the document, or as close thereto as possible while preserving the underlying image. If the Receiving Party believes that a confidentiality designation obscures the content of a document, then the Receiving Party may request that the document be produced with the confidentiality designation in a different position. No party may attach to any filing or any correspondence addressed to the Court (including any Magistrate Judge), or any adverse or third party, or submit as an exhibit at a deposition or any other judicial proceeding, a copy (whether electronic or otherwise) of any Native Format document produced by any party without ensuring that the confidentiality designation is identified in the filename of the Native Format document or that the corresponding Bates number and confidentiality legend, as designated by the Producing Party, appears on the document. For each document that has a confidentiality designation, a Confidentiality field will be populated with the confidentiality designation in the .dat file. Also, any documents marked with a confidentiality designation must be handled in accordance with the Protective Order entered in this case.

**PRODUCTION OF HARD COPY DOCUMENTS**

All hard copy documents that are scanned will be produced in electronic form. Where necessary and practicable, hard copy documents in color will be scanned in color to ensure full information is communicated in the scanned copy. Scanned color documents will be provided in JPG file format.

**Unitization of Paper Document**

To the extent practicable, hard copy documents shall be unitized using logical document determinations or "LDD."

**Identification**

Where a document or group of documents has an identification spine, "post-it note," or any other label, the information on the label shall be scanned and produced to the extent practicable.

**Custodian Identification**

The Parties will utilize reasonable best efforts to ensure that paper records for a particular custodian or department level custodian, which are included in a single production, are produced in consecutive Bates stamp order.

**Metadata**

The metadata associated with each hard copy document need only identify the Bates number and the custodian associated with that hard copy document, and any Confidential Designation or Redaction applied to that document.

**PRODUCTION OF "ESI"**

Native Files: Certain files types, such as spreadsheet-application files (e.g., MS Excel, .csv), and multimedia audio/visual files such as voice and video recordings (e.g., .wav, .mpeg, and .avi), shall be produced in Native Format. If good cause exists to request production of files, other than those specifically set forth above, in Native Format, a party may request such production and provide (1) a reasonable and proportional list of specific documents (identified by Bates stamps) for which the party is requesting the re-production of in Native Format, and (2) an explanation of

the need for native file review, which request shall not unreasonably be denied. For files produced in Native Format, the Producing Party shall provide a single-page TIFF slip-sheet with the applicable Bates stamp indicating that a native item was produced. The corresponding load (.DAT) file shall include a NativeFileLink which provides the relative path linking information for each native file that is produced. In addition, the confidentiality designation will be indicated in the name of the native file where reasonably feasible.

**<u>Metadata Fields and Processing</u>**

ESI shall be processed in a manner that preserves the source native file and relevant metadata without modification, where possible, including their existing time, date, and time-zone metadata consistent with the requirements provided in this Order. .

**<u>Hidden text</u>**

ESI shall be processed, to the extent practicable, in a manner that preserves hidden columns or rows, hidden text, notes, or worksheets, speaker notes, tracked changes, redlines and comments.

**<u>Compressed Files and Encrypted Files</u>**

Compressed file types (i.e., .CAB, .GZ, .TAR .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual files. The Producing Party will make reasonable efforts, prior to production, to unencrypt any discoverable electronically stored information that exists in encrypted format (e.g., because password-protected) and that can be reasonably unencrypted.

**<u>Metadata and Coded Fields</u>**

ESI items shall be produced with all of the metadata and coding fields set forth in Appendix 2.

This Order does not create any obligation to create or manually code fields that are not automatically generated by the processing of the ESI, or that do not exist as part of the original metadata of the document; provided, however, that the Producing Party must populate, where practicable, the (a) BegBates, (b) EndBates, (c) BegAttach, (d) EndAttach, (e) Custodian, and (f)

NativeFileLink fields. These fields should be populated for all produced ESI, as well as paper documents converted to electronic form, regardless of whether the fields can be populated pursuant to an automated process.

**DATABASES, STRUCTURED, AGGREGATED OR APPLICATION DATA**

To the extent practicable, the Parties will make reasonable efforts to produce Documents collected from databases in a reasonably useable format. If the data cannot be produced in a reasonably useable format, the parties will meet and confer to address the production format.

**RESPONSIVENESS, PRIVILEGE & REDACTIONS**

The parties agree that if an attachment to an e-mail is wholly nonresponsive to the discovery requests, it will be not produced along with any other documents in the family. Only documents in the family that are responsive to the discovery requests will be produced.

**Redactions**

The parties agree that where ESI items need to be redacted, they shall be produced in TIFF format with each redaction clearly indicated or where TIFF format is not practicable, in redacted Native Format, as noted below. Any unaffected data fields shall be provided. The redaction of any material for privilege or other reason shall be governed by the applicable rules and case law regarding privilege and the provisions contained in the Protective Order entered in this action. Documents that are to be produced in Native Format, but that require redactions may be produced as TIFF images with the relevant portions redacted, or if a TIFF image production is not practicable (e.g., the file is a video or very large spreadsheet), the Producing Party may produce a copy of the native file with the relevant portions replaced with "REDACTED" or a similar mark. If modification of a native file is required for redaction purposes, metadata information associated with that file should remain unchanged, unless it also requires redaction. For each document that is redacted, a Redaction field will be populated with the word "REDACTED" in the .DAT file. Also, the Producing Party will keep a pristine original copy of the native Document.

**Printing Specifications for Excel and PowerPoint files**

For Excel and PowerPoint type files that are printed to TIFF for redaction and redacted, the following printing options shall be enabled:

| Excel Print to TIFF Options |
| --- |
| • Unhide columns and rows<br>• Unhide worksheets<br>• Autofit columns and rows, settings to be over by columns first and, then down by rows<br>• Print gridlines<br>• Do not apply Autofilter<br>• Display headings<br>• Display comments<br>• Header and Footer filename field handling: Show field code |
| **PowerPoint Print to TIFF Options** |
| • Print notes pages<br>• Print hidden slides<br>• Print comments |

The Producing Party shall also make reasonable efforts to ensure that any spreadsheets produced only as TIFF images because of redactions are formatted so as to be legible. For redacted items which were originally ESI, all metadata fields noted in this protocol that do not contain privileged or protected information will be provided and will include all non- redacted data. A document's status as redacted does not relieve the Producing Party from providing all of the metadata required herein.

**De-duplication and Document Families**

ESI may be de-duplicated globally at the parent level using MD5 hash or SHA-1 hash. For emails, de-duplication may be performed using a hash calculated using a combination of metadata fields. Such hash shall, at a minimum, account for all sender and recipient metadata including BCC recipients, the email subject, date sent, and attachment names.

The parties are permitted to produce the longest unique email chain and do not need to separately produce the lesser-included emails unless those lesser-included emails have unique attachments not included in the longest chain. If a lesser-included email has a unique attachment, then the lesser-included email must be separately produced with the attachments. An attachment is a file associated with an email for retention and storage as a single message unit.

If a party produces only inclusive email, the parties agree to redact any privileged content or message component and produce in full the rest of the conversation in the inclusives.

"Near duplicate" documents shall be produced rather than removed. The Producing Party need only produce a single copy of a particular ESI material.

If a Producing Party elects to de-duplicate globally, the Producing Party shall identify custodians who were in possession of a de-duplicated document in the AllCustodian metadata field specified in Appendix 2. This means that the field "AllCustodian" will be populated showing all custodians who had a copy of the same document which is not being produced because of deduplication.

De-duplication shall not break apart families and shall be performed at a family level. A document and all other documents in its attachment range, emails with attachments and files with extracted embedded OLE documents all constitute family groups. If any member of a family group is produced, all members of that group must also be produced or else logged as no such member shall be withheld from production as a duplicate. The Producing Party agrees that the presence of a custodian's name contained in the "AllCustodian" field in the metadata for a particular document is evidence that the custodian possessed that document in his/her custodial file.

**<u>Load Files</u>**

The metadata load file should be in standard Concordance format (.DAT). The .DAT file shall contain a relative path to the corresponding native file.

Concordance Data Load Files:

The metadata load file should use standard Concordance delimiters:

- Column - ¶ (ASCII 182);
- Quote - þ (ASCII 254);
- Newline - ® (ASCII 174).
- The first line of the .DAT file should contain the field names arranged in the same order as the data is arranged in subsequent lines.
- All date fields should be produced in mm/dd/yyyy format, if possible. Date fields may be combined date/time fields
- All produced attachments should sequentially follow the parent document/email.

Sample Concordance .DAT Load File:

þBegBatesþ¶þBegattatchþ¶þCustodianþ¶þNative Pathþ¶þExtracted Textþ

þABC000001þ¶þABC000001þ¶þSampleþ¶þ\VOL001\NATIVES\001\ABC000001.xlsþ¶þTEXT\001\ABC000001.ttþþABC000002þ¶þABC000001þ¶þSampleþ¶þNATIVES\001\ABC000002.gifþ¶þTEXT\001\ABC000002.txtþ

The image load file must be in standard Option (.OPT) format and must reference each TIFF file in the corresponding production, and the total number of TIFF files referenced in the load file must match the total number of image files in the production. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the corresponding image load file for that production. In any deliverable volume, documents should be organized in such a way that each folder in the volume contains 1,000 files (each TIFF page or native file is a single file) as one file per folder.

- Every image in the delivery volume should be cross-referenced in the image load file.
- The imageID key should be named the same as the Bates number of the page.
- Load files should not span across media (e.g., CDs, DVDs, hard drives, etc.), i.e., a separate volume should be created for each piece of media delivered.

Sample Concordance/Opticon Image (.OPT) Load File:

MSC000001,MSC001, \VOL001\IMAGES\001\MSC000001.TIF,Y,,,2

MSC000002,MSC001, \VOL001\IMAGES\001\MSC000002.TIF,,,,
MSC000004,MSC001, \VOL001\IMAGES\001\MSC000004.TIF,Y,,,2
MSC000005,MSC001, \VOL001\IMAGES\001\MSC000005.TIF,,,,

OCR/Extracted Text Files:

- OCR or Extracted Text files shall be provided in a separate directory containing document-level text files. The .DAT file shall contain a relative path to the corresponding text file. OCR or Extracted text itself should not be included in the .DAT file:
  PROD001\TEXT\001\ABC00015.txt

**APPENDIX 2: ESI METADATA AND CODING FIELDS**

The chart below describes the metadata fields to be produced, where reasonably available, in generic, commonly used terms which the Producing Party is to adapt to the specific types of ESI it is producing, to the extent such metadata fields exist associated with the original electronic documents and are automatically generated as part of the electronic data discovery process. Any ambiguity about a metadata field should be discussed with the Receiving Party prior to processing the subject ESI for production.

| Field Name | Field Description |
| --- | --- |
| BegBates | First Bates number (production number) of an item |
| EndBates | Last Bates number (production number) of an item<br>**The EndBates field should be populated for single-page items. |
| BegAttach/Group ID | First Bates number of family group. |
| EndAttach | Last Bates number of attachment range (*i.e.*, Bates number of the last page of the last attachment) |
| Custodian | Name of person or source from whose/which files the item is produced |
| AllCustodian | Name of the person(s), in addition to the Custodian, from whose files the item would have been produced if it had not been de- duplicated |
| HashValue | The MD5 or SHA-1 or IntMsgID hash value of the item. |
| NativeFileLink | Relative path for documents provided in Native Format only.<br>**The linked file must be named per the BegBates value. |
| SourceParty | Name of entity or party producing the item |
| DateSent (mm/dd/yyyy) | Date email or calendar item was sent |
| TimeSent (hh:mmAM/PM) | Time email or calendar item was sent (Date and time fields may be combined) |
| DateReceived | Date email or calendar item was received |

| Field Name | Field Description |
|---|---|
| TimeReceived | Time email or calendar item was received (Date and time fields may be combined) |
| To | The names and/or SMTP email addresses of all recipients that were included on the "To" line of the email or calendar item |
| From | The name and/or SMTP email address of the sender of the email or calendar item |
| CC | The names and/or SMTP email addresses of all recipients that were included on the "CC" line of the email or calendar item |
| BCC | The names and/or SMTP email addresses of all recipients that were included on the "BCC" line of the email or calendar item |
| DateCreated (mm/dd/yyyy) | Date the item was created |
| TimeCreated (hh:mm AM/PM) | Time the item was created (Date and time fields may be combined) |
| LastModDate (mm/dd/yyyy) | Date the item was last modified |
| LastModTime (hh:mm AM/PM) | Time the item was last modified |
| FileName | The filename of the source native file for an ESI item |
| Title | Any value populated in the Title field of the source file metadata or item properties |
| Subject/E-Mail Subject | Any value populated in the Subject field of the source file metadata or document properties (e.g., subject line of email or calendar item) |
| Author | Creator of the document; any value populated in the Author field of the source file metadata or document properties |
| TextPath | Full relative path to the location of the document-level text file. |
| Redacted | User-generated field that will indicate redactions with the word "REDACTED". Otherwise, blank. |
| Confidentiality | User-generated field that will indicate confidentiality. With the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" applicable. Otherwise, blank. |

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 6, 2024

By: */s/ Joel D. Smith*
Joel D. Smith

*Attorneys for Plaintiffs and the Proposed Class*