# EXHIBIT A

**EXHIBIT A – JOINT CHART**

| Disputed Request For Production | Google Response | Plaintiffs' Proposed Compromise | Google's Proposed Compromise | Order |
|---|---|---|---|---|
| **Dispute 2 - AI Related Documents** | | | | |
| **RFP 36**<br><br>All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR use of algorithms, artificial intelligence ("AI") or automated decision-making processes in relation to WEBSITE VISITOR DATA during the CLASS PERIOD, including but not limited to the development, testing, implementation, and decisions regarding what data to collect, how to process it, and how to utilize it. | Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms "concerning," "algorithms," "artificial intelligence," and "automated decision-making processes"; (ii) it seeks documents that are not relevant to any claim or defense in this Action and thus seeks documents outside the scope of permissible discovery, particularly insofar as the claims in the operative Complaint concern only interception; (iii) it is overbroad and unduly burdensome to the extent it seeks "all" documents discussing or referencing matters without regard to the relevance of the data; (iv) it is overbroad and unduly burdensome to the extent it seeks information that is publicly available; and (v) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations. | Plaintiffs' January 28, 2025, letter to Google offered to limit this request to only algorithms or AI systems used in the context of Google Analytics, Firebase Analytics, Google Tag Manager, and any other tools implemented on the Subject Websites or applied to Website Visitor Data during the CLASS PERIOD. | Google has already agreed to produce documents demonstrating how data Google received from Google Analytics from the websites at issue may be used, and does not intend to withhold responsive and relevant non-privileged documents reflecting how Google may use GA data, including any "algorthms," machine learning, or ads modeling. Google has not agreed to specifically search for AI products or systems such as Google's Gemini unrelated to the | |

| | Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.<br><br>Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request. | | websites and data at issue here. | |

| Dispute 3 - Documents and Data relating to Mobile Apps and app-version of Google Analytics (Google Analytics for Firebase) | | | | |
|---|---|---|---|---|
| **RFP 3**<br><br>All raw data that YOU received from the SUBJECT WEBSITES during the CLASS PERIOD via GOOGLE ANALYTICS. If this data is available in csv or similar structured data format, please produce it in that format. | Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms "raw data", "csv", and "structured data"; (ii) it is overbroad and disproportionate to the needs of the Action and thus any corresponding search and production would be unduly burdensome; (iii) it seeks documents that are not relevant to any claims or defenses in the Action and thus seeks documents outside the scope of permissible discovery; (iv) it is unduly burdensome, overbroad, and disproportional to the needs of the case because it seeks documents and information relating to data that is not at issue in this case; (v) it is overbroad and unduly burdensome to the extent it seeks "all" documents within an overbroad category of documents related to multiple websites, without regard to the relevance of the data; and (vi) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitation. Google also objects to this Request to the extent it seeks documents | Plaintiffs' letter dated April 22, 2025, confirming the substance of the parties' meet and confer on March 17, 2025, detailed Plaintiffs' compromises with Google regarding RFP No. 3, including by limiting the types of "raw data" sought and the sources of the data. | The parties have previously negotiated an agreed scope of production concerning RFPs 3, 9, 12, 27, 38, and 39 as it pertains to the Tax Websites and continue to negotiate the scope of RFP 16. Pursuant to the parties' meet and confer on September 30, 2025, Google understands that Plaintiffs' dispute seeks data and documents associated with mobile apps offered by the tax companies, but does not otherwise seek to expand the parties' agreed scope of production. Google believes the previously negotiated scope of production is adequate, and that | |

| | | | | |
|---|---|---|---|---|
| | protected by the attorney-client privilege, work product privilege, and/or other applicable privileges.<br><br>Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request. | | expanding discovery into different technologies (i.e., Google Analytics for Firebase) is not warranted by the pleadings. | |

| | | | | |
|---|---|---|---|---|
| **RFP 9**<br><br>All DOCUMENTS and COMMUNICATIONS CONCERNING training provided to YOUR employees, and to employees of the SUBJECT WEBSITES, concerning the use of GOOGLE TAG MANAGER, GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE or any other related technologies, in both mobile applications and websites, involved in data collection, processing, or privacy practices, including but not limited to any certifications or acknowledgments from employees that they have completed required data privacy training. | Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "related technologies," "mobile applications," "certifications," and "acknowledgements"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager and Google Analytics for Firebase, technologies that are wholly different from Google Analytics and that are not implicated by the allegations in Plaintiffs' Complaint; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery because the Complaint does not allege that putative class members or any named plaintiffs used mobile applications when filing their taxes through the Tax Websites; (iv) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (v) it fails to identify the category of documents requested with reasonable | | | |

| | | | | |
|---|---|---|---|---|
| | particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.<br><br>Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request. | | | |

| | | | | |
|---|---|---|---|---|
| **RFP 12**<br><br>All financial statements, billing records, and revenue reports related to data collected through both mobile applications and websites associated with the SUBJECT WEBSITES during the CLASS PERIOD, including data collected through GOOGLE TAG MANAGER, GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE or any other related technologies. | Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "financial statements" "billing records," "revenue reports," "mobile applications," and "related technologies"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager and Google Analytics for Firebase, technologies that are wholly different from Google Analytics and that are not implicated by the allegations in Plaintiffs' Complaint; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery because the Complaint does not allege that putative class members or any named plaintiffs used mobile applications when filing their taxes through the Tax Websites, and because it seeks information related to purported benefits to Google whereas none of the statutes asserted in the operative Complaint allow a disgorgement remedy; (iv) it is unduly burdensome as to time, including to | | | |

| | | | | |
|---|---|---|---|---|
| | the extent it seeks information outside the applicable statutes of limitations; (v) it fails to identify the category of documents with reasonable particularity; and (vi) it is duplicative of Plaintiffs' Request for Production Set Two Request No. 12. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.<br><br>Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request. | | | |

| RFP 16 | Google incorporates its general | Plaintiffs' letter dated | | |
|---|---|---|---|---|
| | responses and objections set forth | January 28, 2025, | | |
| All logs of PLAINTIFFS' | above. Google further objects to this | offered to limit the logs | | |
| data collected by | Request on the grounds that (i) it is | sought by this RFP to | | |
| GOOGLE or any third | vague and ambiguous as to the | logs of Plaintiffs' data | | |
| party, including types of | undefined terms "logs," "data," | collected by Google, or | | |
| data, volumes of data, and | "volumes," and "user activity | logs of Plaintiffs' data | | |
| specific user activity | records"; (ii) it seeks data that are not | collected by the Tax | | |
| records. | relevant to any claims or defenses in | Preparers that are in | | |
| | this Action and thus seeks information | Google's possession, | | |
| | outside the scope of permissible | including types of data, | | |
| | discovery; (iii) it is unduly | volumes of data, and | | |
| | burdensome, overbroad, and | specific user activity | | |
| | disproportionate to the needs of the | records. | | |
| | Action to the extent that it seeks | | | |
| | information in Plaintiffs' possession, | | | |
| | that is publicly available, or that is | | | |
| | otherwise obtainable from some other | | | |
| | source that is more convenient, less | | | |
| | burdensome, or less expensive; (iv) it | | | |
| | is overbroad and unduly burdensome | | | |
| | to the extent it seeks "all" data without | | | |
| | limitation to the Tax Websites or type | | | |
| | of tax information at issue in the | | | |
| | Complaint; (v) it is overbroad and | | | |
| | unduly burdensome as to time, | | | |
| | including to the extent it seeks | | | |
| | information outside the applicable | | | |
| | statutes of limitations; and (vi) it seeks | | | |
| | data that is in the possession of third | | | |
| | parties or is otherwise not in Google's | | | |
| | possession, custody, or control. | | | |
| | Google also objects to this Request to | | | |

| | the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.<br><br>Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request. | | | |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| **RFP 27**<br><br>All DOCUMENTS and COMMUNICATIONS CONCERNING internal discussions between YOUR employees regarding data privacy concerns, strategies, and the handling of data containing PERSONAL INFORMATION, and/or WEBSITE VISITOR DATA, during the CLASS PERIOD. | Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "data privacy concerns," "strategies," and "handling"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data that is not at issue in this case; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery; and (iv) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitation. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.<br><br>Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored | Plaintiffs' email to Google dated November 18, 2024, offered to limit RFP 27 to the following:<br><br>All DOCUMENTS and COMMUNICATIONS concerning internal discussions between YOUR employees regarding data privacy concerns, strategies, and the handling of data containing PERSONAL INFORMATION and/or WEBSITE VISITOR DATA, specifically related to mobile applications and websites associated with the SUBJECT WEBSITES, during the CLASS PERIOD. | | |

| | | | | |
|---|---|---|---|---|
| | request after the parties have met and conferred to discuss this Request. | | | |

| | | | | |
|---|---|---|---|---|
| **RFP 38**<br><br>All DOCUMENTS and COMMUNICATIONS CONCERNING the data collected through any mobile applications or any other related technologies used by the SUBJECT WEBSITES during the CLASS PERIOD, including but not limited to data collected through GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE, GOOGLE TAG MANAGER, or any other related technologies. | Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "mobile applications" and "related technologies," particularly insofar as these terms concern the use of unspecified applications and technologies by third parties; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager and Google Analytics for Firebase, technologies that are wholly different from Google Analytics and that are not implicated by the allegations in Plaintiffs' Complaint; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery because the Complaint does not allege that putative class members or any named plaintiffs used mobile applications when filing their taxes through the Tax Websites; (iv) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent it seeks information in Plaintiffs' possession; | | | |

| | | | | |
|---|---|---|---|---|
| | (v) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (vi) it fails to identify the category of documents requested with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.<br><br>Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request. | | | |

| | | | | |
|---|---|---|---|---|
| **RFP 39**<br><br>All DOCUMENTS and COMMUNICATIONS CONCERNING the implementation, configuration, and use of GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE, GOOGLE TAG MANAGER, or any other related technologies in mobile applications and websites used by the SUBJECT WEBSITES during the CLASS PERIOD, including but not limited to JSON files, event tracking setups, and user engagement data. | Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "implementation," "configuration," "use," "related technologies," "mobile applications," "event tracking setups," and "user engagement data," particularly insofar as these terms concern the use of unspecified applications and technologies by third parties; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager and Google Analytics for Firebase, technologies that are wholly different from Google Analytics and that are not implicated by the allegations in Plaintiffs' Complaint; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery because the Complaint does not allege that putative class members or any named plaintiffs used mobile applications when filing their taxes through the Tax Websites; (iv) it is unduly burdensome, overbroad, and disproportionate to the needs of the | | | |

| | | | | |
|---|---|---|---|---|
| | Action to the extent it seeks information in Plaintiffs' possession; (v) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (vi) it fails to identify the category of documents requested with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.<br><br>Subject to the above objections, Google will produce relevant, non-privileged documents that are sufficient to show the configuration and implementation of Google Analytics on the Tax Websites, to the extent such documents exist within Google's possession, custody, or control, and can be located in the course of a reasonable search. | | | |