# EXHIBIT B

**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

*Attorneys for Plaintiffs*
*Additional Attorneys on Signature Page*

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman *(pro hac vice*)
Michael Liskow (Stare Bar No. 243899)
102 Half Moon Bay Drive
Croton on Hudson, NY 10520
Telephone: (917) 983-9321
lfeldman@4-justice.com
mliskow@4-justice.com
e-service@4-justice.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARY SMITH et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE, LLC,

Defendant

Case No. 5:23-cv-03527-PCP
(Consolidated with 5:23-cv-04191-PCP)

**PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS TO DEFENDANT GOOGLE, LLC**

## DEFINITIONS

All undefined terms and phrases should be construed with reason and common sense in attributing ordinary definitions to them and should not be deliberately misconstrued or narrowly construed to supply an evasive answer. Specific definitions are as follows:

1. "CLASS PERIOD" means the day YOU first received WEBSITE VISITOR DATA from any of the SUBJECT WEBSITES through the present.

2. "GOOGLE" means defendant Google, LLC, its present and former officers, directors, and employees, predecessors and successors, parents, subsidiaries, divisions, subdivisions, affiliates, agents, representatives, accountants, and attorneys, and ALL of the persons acting on its behalf.

3. "GOOGLE ANALYTICS" means the Google product at issue in the REPORT and includes, but is not limited to, GOOGLE TAG MANAGER, GOOGLE ANALYTICS FOR FIREBASE and any other related technology that resulted in the transmission of data from the SUBJECT WEBSITES to GOOGLE.

4. "GOOGLE ANALYTICS FOR FIREBASE" means the GOOGLE product that collects and analyzes data from mobile applications, including but not limited to user interactions, event tracking, and other data points gathered through mobile apps, which is then used in conjunction with, or as part of, the broader GOOGLE ANALYTICS ecosystem.

5. "GOOGLE TAG MANAGER" means Google Tag Manager, Tag Manager 360 and any other tag manager program, application or software offered by Google.

6. "PERSON" or "PERSONS" includes any natural individual, firm, association, organization, partnership, limited partnership, sole partnership, trust, corporation, or legal or government entity, association, or body.

7. "PERSONAL INFORMATION" means information that identifies, relates to, describes, is capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular Person. It includes references that can create a profile about a Person reflecting the Person's preferences, characteristics, psychological trends, predispositions, behaviors, attitudes, intelligence, abilities, or aptitudes, as well as financial and/or tax information regarding the Person or the Person's family and/or other dependents.

8. "PLAINTIFFS" means Mary L. Smith, Malissa Adams, Tracylyn Patterson, Cary Goldberg, Tyisha Sheppeard, Teresa Wright, Rheazene Taylor, Tiffany Layton, Jamila Armstrong and Monica Townsend.

9. The "REPORT" means *Attacks on Tax Privacy: How the Tax Prep Industry Enabled Meta to Harvest Millions of Taxpayers' Sensitive Data*, issued in July 2023, and which YOU used as a demonstrative during the hearing on YOUR motion to dismiss.

10. "SUBJECT WEBSITES" means any website that customers of H&R Block, TaxAct, TaxSlayer and Ramsay Solutions can use to prepare and/or file their taxes online with those companies.

11. "WEBSITE VISITOR DATA" means all information about visitors to the SUBJECT WEBSITES received by YOU through the implementation or integration of GOOGLE ANALYTICS, GOOGLE TAG MANAGER or any related technologies, including all information concerning online tax preparation and tax filings.

12. "YOU" or "YOUR" mean GOOGLE.

**GENERAL INSTRUCTIONS**

1. All DOCUMENTS shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

2. These requests relate to all DOCUMENTS which are in YOUR possession, custody, or control, or in the possession, custody, or control of YOUR predecessors, successors, parents, subsidiaries, divisions or affiliates, or YOUR respective officers, directors, agents, attorneys, accountants, employees, partners, or other PERSONS occupying similar positions or performing similar functions. A DOCUMENT is deemed to be in YOUR possession, custody, or control if it is in YOUR physical custody, or if it is in the physical custody of any other PERSON and YOU (a) own such DOCUMENT in whole or in part, (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such DOCUMENT on any terms, (c) have an understanding, express or implied, that YOU may use, inspect, examine, or copy such DOCUMENT on any terms, or (d)

have, as a practical matter, been able to use, inspect, examine, or copy such DOCUMENT when YOU sought to do so.

3. YOU shall produce the original of each DOCUMENT described below or, if the original is not in YOUR custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

4. The technical specifications governing the form in which DOCUMENTS should be produced by YOU are set forth in the ESI Protocol to be agreed to and entered in this action. If any DOCUMENT warrants a different format, the Parties will cooperate to arrange for the mutually acceptable production of such DOCUMENTS.

5. If production of DOCUMENTS is withheld on the ground of privilege, as to each such withheld DOCUMENT, YOU shall provide a privilege log as required by the ESI Protocol to be agreed to and entered in this action.

6. Whenever a DOCUMENT is not produced in full or is produced in redacted form, YOU shall so indicate on the DOCUMENT and state with particularity the reason or reasons it is not being produced in full and describe to the best of YOUR knowledge, information, and belief, and with as much particularity as possible, those portions of the DOCUMENT which are not being produced.

7. If a DOCUMENT responsive to these requests was at any time in YOUR possession, custody, or control but is no longer available for production, as to each such DOCUMENT YOU shall state the following information:

    a. The DOCUMENT'S file or code number;

    b. The nature and type of the DOCUMENT;

    c. A description of the DOCUMENT'S contents;

    d. The form of the DOCUMENT and its mode of storage, *e.g.*, paper, cards, tapes, film, electronic, facsimile, computer storage devices, videotape, or other medium;

    e. The number of pages of the DOCUMENT;

      f. The names and addresses of the DOCUMENT'S authors and the name and address of the company by which the authors were employed;

g. The dates the DOCUMENT was in YOUR custody, possession, and control and the PERSONS who had such custody, possession, or control of the DOCUMENT, along with their position;

h. Whether the DOCUMENT is missing, damaged, destroyed, transferred, or otherwise disposed of, the date that action occurred or was discovered, the PERSONS who took that action, and the PERSONS who ordered, directed, advised or approved that action;

i. The DOCUMENT'S current location and the name and address of its current custodian, if any; and

j. All PERSONS having knowledge of the information contained in the DOCUMENT.

8. With respect to any category of DOCUMENTS, if the production of which YOU contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

9. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the following requests inclusive rather than exclusive; the singular includes the plural, and the plural includes the singular; and the use of the verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the following requests DOCUMENTS that may otherwise be construed to be outside their scope.

**REQUESTS FOR PRODUCTION**

7. The full GOOGLE TAG MANAGER history for each of the SUBJECT WEBSITES, including but not limited to GOOGLE TAG MANAGER history associated with the following GOOGLE ANALYTICS account IDs and/or GOOGLE TAG MANAGER Container IDs:

a. **TaxAct –** GOOGLE ANALYTICS account ID 135425799; GOOGLE TAG MANAGER Container ID: 1656792 (public Container ID: GTM-MJLZSZ).

b. **TaxSlayer** - GOOGLE TAG MANAGER public Container IDs: GTM-WWCL2R, G-1RX0C0G9G8.

c. **H&R Block** - GOOGLE TAG MANAGER public Container IDs: G-FRQ06CPX4Y, G-ER4WH1W76L, DC-9121585, AW-858419637, AW-986633679, AW-824176236, AW-955953367, AW-106843090.

d. **Ramsey Solutions** - GOOGLE TAG MANAGER public Container ID: GTM-5F9XZP3.

8. All DOCUMENTS and COMMUNICATIONS CONCERNING how GOOGLE TAG MANAGER was implemented, configured and used on the SUBJECT WEBSITES during the CLASS PERIOD, including but not limited to the .JSON files relating to each of the SUBJECT WEBSITES' GOOGLE TAG MANAGER history identified in Request No. 7.

9. All DOCUMENTS and COMMUNICATIONS CONCERNING training provided to YOUR employees, and to employees of the SUBJECT WEBSITES, concerning the use of GOOGLE TAG MANAGER, GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE or any other related technologies, in both mobile applications and websites, involved in data collection, processing, or privacy practices, including but not limited to any certifications or acknowledgments from employees that they have completed required data privacy training.

10. DOCUMENTS sufficient to show the time period(s) during which GOOGLE TAG MANAGER operated on the SUBJECT WEBSITES.

11. All financial statements, billing records, and revenue reports related to data collected on the SUBJECT WEBSITES during the CLASS PERIOD through GOOGLE TAG MANAGER, GOOGLE ANALYTICS, or any other related technologies.

12. All financial statements, billing records, and revenue reports related to data collected through both mobile applications and websites associated with the SUBJECT WEBSITES during the CLASS PERIOD, including data collected through GOOGLE TAG MANAGER, GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE or any other related technologies.

13. All DOCUMENTS and COMMUNICATIONS CONCERNING revenue generated by YOU through the sale, licensing, or sharing of PERSONAL INFORMATION with third parties

during the CLASS PERIOD, including but not limited to financial statements, contracts, revenue reports, and any associated analysis.

14. All DOCUMENTS and COMMUNICATIONS CONCERNING revenue, profits, and financial benefits generated by YOU from the use of PERSONAL INFORMATION, including but not limited to WEBSITE VISITOR DATA, for advertising purposes during the CLASS PERIOD. This includes, but is not limited to, financial statements, revenue reports, billing records, and any analysis or documentation related to the monetization of PERSONAL INFORMATION through targeted advertising, programmatic advertising, or any other advertising strategies.

15. ALL marketing and business strategy documents, including marketing materials, analysis, data insights, valuations, business cases, internal studies, and any other DOCUMENTS CONCERNING the value to YOU of PERSONAL INFORMATION data collected by YOU from the SUBJECT WEBSITES or other sources during the CLASS PERIOD.

16. All logs of PLAINTIFFS' data collected by GOOGLE or any third party, including types of data, volumes of data, and specific user activity records.

17. All DOCUMENTS and COMMUNICATIONS CONCERNING how YOU collect and collected WEBSITE VISITOR DATA during the CLASS PERIOD.

18. All DOCUMENTS and COMMUNICATIONS CONCERNING how YOU process and processed WEBSITE VISITOR DATA during the CLASS PERIOD.

19. All DOCUMENTS and COMMUNICATIONS CONCERNING how YOU store and stored WEBSITE VISITOR DATA during the CLASS PERIOD.

20. ALL DOCUMENTS and COMMUNICATOINS CONCERNING YOUR data retention policies related and/or applied to the WEBSITE VISITOR DATA during the CLASS PERIOD, including but not limited to the types of data retained, the scope of the retention, the duration for such retention and the rationale(s) for such duration.

21. All DOCUMENTS and COMMUNICATIONS CONCERNING how YOU use and used WEBSITE VISITOR DATA during the CLASS PERIOD.

22. All DOCUMENTS demonstrating compliance with data protection regulations and industry best practices during the CLASS PERIOD, including internal audits, compliance reports,

and communications regarding data handling practices.

23. All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR data sharing practices with third parties during the CLASS PERIOD, including the nature and scope of such data sharing.

24. All DOCUMENTS and COMMUNICATIONS CONCERNING any data breaches, security incidents or unauthorized data access during the CLASS PERIOD involving GOOGLE TAG MANAGER, GOOGLE ANALYTICS, or any other related technologies on the SUBJECT WEBSITES, including any steps taken by YOU to address and mitigate the impact of any data breaches, security incidents or unauthorized data access.

25. All DOCUMENTS and COMMUNICATIONS CONCERNING user complaints, inquiries, or support requests concerning data privacy and security issues involving GOOGLE TAG MANAGER, GOOGLE ANALYTICS, or any other related technologies on the SUBJECT WEBSITES during the CLASS PERIOD, including but not limited to YOUR responses, internal discussions, and/or policies or procedures for handling such complaints, inquiries, or support requests.

26. All DOCUMENTS and COMMUMNICATIONS CONCERNING GOOGLE ANALYTICS and GOOGLE TAG MANAGER user complaints and user support requests related to data privacy and data security issues during the CLASS PERIOD, including but not limited to YOUR responses to such requests and responses and your processes and policies for handling and resolving such user complaints and user support requests.

27. All DOCUMENTS and COMMUNICATIONS CONCERNING internal discussions between YOUR employees regarding data privacy concerns, strategies, and the handling of data containing PERSONAL INFORMATION, and/or WEBSITE VISITOR DATA, during the CLASS PERIOD.

28. All DOCUMENTS and COMMUNICATIONS CONCERNING any third-party audits, assessments, or reviews conducted regarding YOUR data collection, processing, and storage practices that were applied, or were supposed to be applied, to the SUBJECT WEBSITES or WEBSITE VISITOR DATA during the CLASS PERIOD.

29. All DOCUMENTS CONCERNING records of cookie consent mechanisms and user agreements related to data collection on the SUBJECT WEBSITES during the CLASS PERIOD.

30. All DOCUMENTS and COMMUNICATIONS CONCERNING the data minimization practices used by YOU during the CLASS PERIOD in relation to the WEBSITE VISITOR DATA, including any policies, procedures, guidelines, or implementation of such practices.

31. All DOCUMENTS and COMMUNICATIONS CONCERNING the consent mechanisms and opt-out options regarding data collection provided to the administrators or operators of the SUBJECT WEBSITES using GOOGLE TAG MANAGER, GOOGLE ANALYTICS, or other related technologies during the CLASS PERIOD.

32. All DOCUMENTS and COMMUNICATIONS CONCERNING the consent mechanisms and opt-out options regarding data collection presented to website visitors on the SUBJECT WEBSITES during the CLASS PERIOD, including but not limited to any records of how these mechanisms were implemented and any analysis of their effectiveness.

33. All DOCUMENTS and COMMUNICATIONS CONCERNING the anonymization of WEBSITE VISITOR DATA during the CLASS PERIOD, including but not limited to the effectiveness of the anonymization and YOUR compliance with applicable laws.

34. All DOCUMENTS and COMMUNICATIONS CONCERNING any Data Processing Agreements ("DPAs") or other contractual agreements with third parties relating to the processing of WEBSITE VISITOR DATA collected through GOOGLE ANALYTICS, GOOGLE TAG MANAGER, or other related technologies.

35. All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR compliance with data protection laws (*e.g.*, the European Union General Data Protection Regulation, the California Consumer Privacy Act) during the CLASS PERIOD.

36. All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR use of algorithms, artificial intelligence ("AI") or automated decision-making processes in relation to WEBSITE VISITOR DATA during the CLASS PERIOD, including but not limited to the development, testing, implementation, and decisions regarding what data to collect, how to process

it, and how to utilize it.

37. All reports, logs, and records CONCERNING data deletion requests during the CLASS PERIOD related to WEBSITE VISITOR DATA, including summaries of the actions taken in response to such requests.

38. All DOCUMENTS and COMMUNICATIONS CONCERNING the data collected through any mobile applications or any other related technologies used by the SUBJECT WEBSITES during the CLASS PERIOD, including but not limited to data collected through GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE, GOOGLE TAG MANAGER, or any other related technologies.

39. All DOCUMENTS and COMMUNICATIONS CONCERNING the implementation, configuration, and use of GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE, GOOGLE TAG MANAGER, or any other related technologies in mobile applications and websites used by the SUBJECT WEBSITES during the CLASS PERIOD, including but not limited to JSON files, event tracking setups, and user engagement data.

Dated: August 20, 2024

By: *<u>/s/ Rebecca A. Peterson</u>*__________
Rebecca A. Peterson

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Rebecca A. Peterson (241858)
Kate M. Baxter-Kauf (pro hac vice)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
Email: rapeterson@locklaw.com
kmbaxter-kauf@locklaw.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
Email lfeldman@4-justice.com

mliskow@4-justice.com
eservice@4-justice.com

**BURSOR & FISHER, P.A**.
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

**SMITH KRIVOSHEY, P.C.**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street
5th Floor, #1520
Boston, MA 02116
Telephone: 617-377-7404
Email: joel@skclassactions.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (pro hac vice)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
Email: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (pro hac vice)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (pro hac vice)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiffs and the Proposed Class*

**PROOF OF SERVICE**

**STATE OF NEW YORK, COUNTY OF WESTCHESTER**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Hennepin, State of Minnesota. My business address is 100 Washington Avenue South, Suite 220, Minneapolis, MN 55401.

On August 20, 2024, I served true copies of the following document(s) described as **PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS TO DEFENDANT GOOGLE, LLC** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

BY EMAIL OR ELECTRONIC TRANSMISSION:

I caused a copy of the document(s) to be sent from the e-mail address rapeterson@locklaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar (*pro hac vice*) of this Court at whose direction the service was made.

Executed on August 20, 2024, at Minneapolis, MN.

*/s/ Rebecca A. Peterson*__________
Rebecca A. Peterson

**SERVICE LIST**

Simona Alessandra Agnolucci
Joshua Douglas Anderson
Yuhan Alice Chi
Anika Holland
Benedict Y. Hur
Eduardo E. Santacana
Naiara Toker
**WILLKIE FARR & GALLAGHER LLP**
333 Bush Street
San Francisco, CA 94104
Email: sagnolucci@willkie.com
jdanderson@willkie.com
ychi@willkie.com
aholland@willkie.com
bhur@willkie.com
esantacana@willkie.com
ntoker@willkie.com

*Counsel for Defendant Google, LLC*

Alexis Dorner
**WILLKIE FARR & GALLAGHER LLP**
1875 K Street NW
Washington, DC 20006
Email: adorner@willkie.com

*Counsel for Defendant Google, LLC*