# EXHIBIT C

**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
JOSHUA ANDERSON (SBN: 312836)
  jdanderson@willkie.com
YUHAN ALICE CHI (SBN: 324072)
  ychi@willkie.com
NAIARA TOKER (SBN: 346145)
  ntoker@willkie.com
ANIKA HOLLAND (SBN: 336071)
  aholland@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:  (415) 858-7400

ALEXIS DORNER (DC Bar No. 1781014)*
  adorner@willkie.com
1875 K Street NW
Washington, DC 20006
Telephone: (202) 303-1000
*Admitted *pro hac vice*

Attorneys for Defendant
GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L. SMITH, individually and on behalf of all others similarly situated, | Case No.: 5:23-cv-03527-PCP (Consol. w/ 5:23-cv-04191-BLF) |
| Plaintiff, | **DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS** |
| v. | |
| GOOGLE, LLC, | |
| Defendant. | Complaint Filed: 7/14/2023 Trial Date:        N/A |
| | *Hon. P. Casey Pitts, District Judge San Jose Courthouse, Ctrm. 8 – 4th Floor* |

**PROPOUNDING PARTY:**      **PLAINTIFFS and THE PROPOSED CLASS**

**RESPONDING PARTY:**       **DEFENDANT Google LLC**

**SET NO.:**                **TWO**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Civil Local Rules of the United States District Court for the Northern District of California, Defendant Google LLC hereby objects and responds to Plaintiffs MARY SMITH, et al.'s ("Plaintiffs") Second Set of Documents Requests (each a "Request" and collectively the "Requests"), Nos. 7–39.

## GENERAL STATEMENT AND GENERAL OBJECTIONS

1. The parties are currently negotiating a protocol for the production of electronically stored information ("ESI Protocol"). Where Google has indicated it will produce documents in response to any Request, such production will occur only after the execution and entry of the mutually agreed ESI protocol.

2. Each of Google's responses is subject to, and incorporates, the following general statement and objections. Google specifically incorporates each of these general objections into its responses to each of Plaintiffs' Requests, whether or not each such general objection is expressly referred to in Google's responses to a specific Request.

3. Google objects to the instructions, definitions, and Requests to the extent that they are broader than, or attempt to impose conditions, obligations, or duties beyond those required by the Federal Rules, the Local Rules, or any other applicable authority. Google's responses will be provided in accordance with the Federal Rules, the Local Rules, and any other applicable authority.

4. Google objects to any Request to the extent that it seeks information protected from discovery by: (1) the attorney-client privilege; (b) the attorney work-product doctrine; (c) the common-interest or and joint-defense doctrines; and/or (d) any other applicable privilege, doctrine, immunity or protection from disclosure afforded by state or federal law. The inadvertent production by Google of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by Google of such protections.

5. Google objects to any Request to the extent that it is overbroad, unduly burdensome, compound, and/or oppressive. In particular, Google objects to any Request to the extent that it calls

for information not relevant to the claims or defenses of the parties, or proportional to the needs of the case.

6.  Google objects to each Request to the extent it is vague, ambiguous, overly broad, or unduly burdensome as to time frame.

7.  Google objects to the instructions, definitions, and Requests to the extent they seek or purport to require the identification of "any," "all," "each," or "every" document, communication, person, entity, or other thing regarding or relating to a particular subject matter, as unduly burdensome, overbroad, and not proportional to the needs of the action.

8.  Google objects to any Request to the extent that it purports to attribute any special or unusual meaning to any term or phrase.

9.  Google objects to the Requests to the extent they seek confidential, proprietary, or trade secret information of third parties.

10.  Google objects to any instruction or Request to the extent that it would impose a duty on Google to undertake a search for, or an evaluation of, information, documents, or things for which Plaintiffs are equally able to search for and evaluate, including documents that are publicly available, in the possession of third parties, and/or are already in the possession of Plaintiffs.

11.  Google's objections and responses to these Requests are not intended to waive or prejudice any objections Google may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any Request, or as to the admissibility of any information or category of information at trial or in any other proceedings. Google expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules, and the failure to assert such rights and privileges or the inadvertent disclosure by Google of information protected by such rights and privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

12.  Google objects to Plaintiffs' definitions, instructions, and Requests to the extent that they require Google to search, review, and produce emails or other electronic documents outside

the scope of, or otherwise conflict with, the Federal Rules, Local Rules, or any other relevant rules or Court orders governing this Action.

13.    Google objects to Plaintiffs' "Definitions" and to any Request to the extent they purport to give meaning or legal significance to a document, fact, or purported fact whose meaning or significance is subject to dispute between the parties. Google's responses to each of Plaintiffs' Requests shall not constitute an admission or concession to any of the definitions, terms, and phrases used therein. By responding to any Requests, Google does not concede the relevance or admissibility of any of the information provided.

14.    Google has responded to the Requests as it interprets and understands them. If Plaintiffs subsequently assert an interpretation of any Request that differs from Google's understanding of that Requests, Google reserves the right to supplement its objections and/or responses.

15.    Discovery in this matter is ongoing. Accordingly, Google reserves the right to change, amend, or supplement any or all of the matters contained and/or documents produced pursuant to these responses as Google's investigation continues, additional facts are ascertained, analyses are made, research is completed, and additional documents are subsequently discovered, collected, and/or reviewed.

## **OBJECTIONS TO DEFINITIONS**

1.    Google objects to the definition of "CLASS PERIOD" as vague and ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of this Action. Google further objects to the definition to the extent it exceeds the applicable statutes of limitation for the claims alleged in Plaintiffs' Consolidated Class Action Complaint ("Complaint"). Google further incorporates by reference its objections below as to the terms "YOU," "WEBSITE VISITOR DATA," and "SUBJECT WEBSITES." Google is willing to meet and confer regarding a relevant time period that is proportional to the needs of this Action.

2.    Google objects to the definitions of "GOOGLE," "YOU," and "YOUR" to the extent that it purports to include forms of information not discoverable under the Federal Rules, the Local Rules, or any other applicable authority. Google further objects to the extent it seeks information

or refers to documents controlled by individuals who are not parties to this litigation and/or which are not within Google's control. Google construes "GOOGLE," "YOU," and "YOUR," to mean Google LLC.

3.    Google objects to the definition of "GOOGLE ANALYTICS" as vague and ambiguous, overbroad, and unduly burdensome. Google further objects to the definition to the extent it seeks to include Google products that are not at issue in Plaintiff's Complaint, including Google Tag Manager and Google Analytics for Firebase, which are completely separate technologies. Google further objects as vague and ambiguous as to the undefined terms "any other related technology," "transmission," and "data." Google further incorporates by reference its objections to definitions of "SUBJECT WEBSITES," "GOOGLE," "GOOGLE ANALYTICS FOR FIREBASE," and "GOOGLE TAG MANAGER." Google construes the term "GOOGLE ANALYTICS" as the analytics tool called Google Analytics offered by Google that was used by the third-party developers, TaxAct, TaxSlayer, and H&R Block (together, the "Developers") on their respective websites, as specifically identified in Plaintiff's Complaint.

4.    Google objects to the definition of "GOOGLE ANALYTICS FOR FIREBASE" as vague and ambiguous, overbroad, and unduly burdensome. Google further objects to the definition to the extent it seeks to include a Google product that is not at issue in Plaintiffs' Complaint. Google further objects as vague and ambiguous as to the undefined terms "mobile applications," "user interactions," "event tracking," "other data points" and "ecosystem."

5.    Google objects to the definition of "GOOGLE TAG MANAGER" as vague and ambiguous, overbroad, and unduly burdensome. Google further objects to the definition to the extent it seeks to include a Google product that is not at issue in Plaintiffs' Complaint. Google further objects as vague and ambiguous as to the undefined terms "Tag Manager 360," and "other tag manager program, application, or software."

6.    Google objects to the definition of "PERSONAL INFORMATION" as vague and ambiguous, overbroad, and unduly burdensome. Google further objects to the definition as seeking irrelevant information and is thus disproportionate to the needs of the Action to the extent it seeks to include information other than financial and/or tax information, and information belonging to

individuals other than putative class members. Google also objects to the definition as vague and ambiguous to the extent it includes information "capable of being associated with, or could reasonably be linked, directly or indirectly with a particular Person." Google construes the term "PERSONAL INFORMATION" to mean financial or tax information. Google's construction of the term "PERSONAL INFORMATION" herein is not a concession that any information Google received via the use of Google Analytics by H&R Block, TaxAct, and TaxSlayer was personally identifiable.

7. Google objects to the definition of "SUBJECT WEBSITES" as vague and ambiguous, overbroad, and unduly burdensome. Google further objects to the definition as seeking irrelevant information and thus disproportionate to the needs of the Action to the extent it seeks to include "any website" that customers of H&R Block, TaxAct, and TaxSlayer can use to "prepare and/or file their taxes online" regardless of whether such websites incorporated Google Analytics, were in fact used by any Plaintiff, or involved the transmission of any information. Google also objects to the definition's inclusion of "Ramsay Solutions," as seeking irrelevant information that is disproportionate to the needs of the Action. Google construes the term "SUBJECT WEBSITES" as the Developers' websites on which the Developers incorporated Google Analytics and that allow the Developers' users to enter their financial information and file taxes online.

8. Google objects to the definition of "WEBSITE VISITOR DATA" as vague and ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the Action. Google further objects to the definition as incomprehensible, unduly burdensome, and disproportionate to the needs of the Action to the extent it purports to include "all information" about "visitors" and "online tax preparation and tax filings." Google further incorporates herein its objections to the definitions of "SUBJECT WEBSITES," "YOU," "GOOGLE ANALYTICS," and "GOOGLE TAG MANAGER." Google is willing to meet and confer regarding the relevant and proportional definition of "WEBSITE VISITOR DATA."

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 7:**

The full GOOGLE TAG MANAGER history for each of the SUBJECT WEBSITES, including but not limited to GOOGLE TAG MANAGER history associated with the following GOOGLE ANALYTICS account IDs and/or GOOGLE TAG MANAGER Container IDs:

a.    **TaxAct –** GOOGLE ANALYTICS account ID 135425799; GOOGLE TAG MANAGER Container ID: 1656792 (public Container ID: GTM-MJLZSZ).

b.    **TaxSlayer -** GOOGLE TAG MANAGER public Container IDs: GTMWWCL2R, G-1RX0C0G9G8.

c.    **H&R Block -** GOOGLE TAG MANAGER public Container IDs: GFRQ06CPX4Y, G-ER4WH1W76L, DC-9121585, AW-858419637, AW-986633679, AW-824176236, AW-955953367, AW-106843090.

**Ramsey Solutions -** GOOGLE TAG MANAGER public Container ID: GTM-5F9XZP3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager, a technology that is wholly different from Google Analytics and that is not implicated by the allegations in Plaintiffs' Complaint; (ii) it seeks data that are not relevant to any claims or defenses in this Action and thus seeks information outside the scope of permissible discovery; (iii) it presupposes that the Tax Websites used Google Tag Manager; (iv) per Google's August 27, 2024 email to Plaintiffs' counsel, many of the purported "Google Analytics Account IDs" listed in this request are not Google Analytics account IDs, based on Google's investigation to date; (v) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information that is otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive; and (iv) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations. Google also objects to this Request

to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS CONCERNING how GOOGLE TAG MANAGER was implemented, configured and used on the SUBJECT WEBSITES during the CLASS PERIOD, including but not limited to the .JSON files relating to each of the SUBJECT WEBSITES' GOOGLE TAG MANAGER history identified in Request No. 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "implemented," "configured," and "used"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager, a technology that is wholly different from Google Analytics and that is not implicated by the allegations in Plaintiffs' Complaint; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery; and (iv) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS CONCERNING training provided to YOUR employees, and to employees of the SUBJECT WEBSITES, concerning the use of GOOGLE TAG MANAGER, GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE or any other related technologies, in both mobile applications and websites, involved in data collection, processing, or privacy practices, including but not limited to any certifications or acknowledgments from employees that they have completed required data privacy training.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "related technologies," "mobile applications," "certifications," and "acknowledgements"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager and Google Analytics for Firebase, technologies that are wholly different from Google Analytics and that are not implicated by the allegations in Plaintiffs' Complaint; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery because the Complaint does not allege that putative class members or any named plaintiffs used mobile applications when filing their taxes through the Tax Websites; (iv) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (v) it fails to identify the category of documents requested with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show the time period(s) during which GOOGLE TAG MANAGER operated on the SUBJECT WEBSITES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager, a technology that is wholly different from Google Analytics and that is not implicated by the allegations in Plaintiffs' Complaint; (ii) it presupposes that the Tax Websites utilized Google Tag Manager; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information that is otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive; and (iv) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All financial statements, billing records, and revenue reports related to data collected on the SUBJECT WEBSITES during the CLASS PERIOD through GOOGLE TAG MANAGER, GOOGLE ANALYTICS, or any other related technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "financial statements" "billing records," "revenue reports," and "related technologies"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager, a technology that is wholly different from Google Analytics and that is not implicated by the allegations in Plaintiffs' Complaint; (iii) it seeks

documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery, particularly insofar as it seeks information related to purported benefits to Google whereas none of the statutes asserted in the operative Complaint allow a disgorgement remedy; (iv) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (v) it fails to identify the category of documents with reasonable particularity.  Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 12**

All financial statements, billing records, and revenue reports related to data collected through both mobile applications and websites associated with the SUBJECT WEBSITES during the CLASS PERIOD, including data collected through GOOGLE TAG MANAGER, GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE or any other related technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "financial statements" "billing records," "revenue reports," "mobile applications," and "related technologies"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager and Google Analytics for Firebase, technologies that are wholly different from Google Analytics and that are not implicated by the allegations in Plaintiffs' Complaint; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery because the Complaint does not allege that putative class members or any named plaintiffs used mobile applications when filing their taxes through the Tax Websites, and because it seeks information related to purported benefits to Google whereas none of the statutes asserted in the

operative Complaint allow a disgorgement remedy; (iv) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; (v) it fails to identify the category of documents with reasonable particularity; and (vi) it is duplicative of Plaintiffs' Request for Production Set Two Request No. 12. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS CONCERNING revenue generated by YOU through the sale, licensing, or sharing of PERSONAL INFORMATION with third parties during the CLASS PERIOD, including but not limited to financial statements, contracts, revenue reports, and any associated analysis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms "concerning," "generated," "sharing," "financial statements," and "associated analysis"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the case because it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery, particularly insofar as it seeks information related to purported benefits to Google whereas none of the statutes asserted in the operative Complaint allow a disgorgement remedy; (iii) it presupposes that Google generates revenue through the "sale, licensing, or sharing" of "PERSONAL INFORMATION"; (iv) it is overbroad and unduly burdensome to the extent it seeks "all" documents within an overbroad category of documents with no limitation to the putative class members' personal information, tax information, or the Tax Websites at issue in the Complaint; and (vi) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statute of limitations. Google also

objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS CONCERNING revenue, profits, and financial benefits generated by YOU from the use of PERSONAL INFORMATION, including but not limited to WEBSITE VISITOR DATA, for advertising purposes during the CLASS PERIOD. This includes, but is not limited to, financial statements, revenue reports, billing records, and any analysis or documentation related to the monetization of PERSONAL INFORMATION through targeted advertising, programmatic advertising, or any other advertising strategies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms "concerning," "generated," "sharing," "advertising purposes," "financial statements," "analysis," and "documentation"; (ii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery, particularly insofar as it seeks information related to purported benefits to Google whereas none of the statutes asserted in the operative Complaint allow a disgorgement remedy; (iii) it presupposes that Google generates "revenue, profits, and financial benefits" from the use of "PERSONAL INFORMATION" for advertising purposes; (iv) it is overbroad and unduly burdensome to the extent it seeks "all" documents within an overbroad category of documents with no limitation to the putative class members' personal information, tax information, or Tax Websites alleged in the Complaint; (v) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statute of limitations. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 15:**

ALL marketing and business strategy documents, including marketing materials, analysis, data insights, valuations, business cases, internal studies, and any other DOCUMENTS CONCERNING the value to YOU of PERSONAL INFORMATION data collected by YOU from the SUBJECT WEBSITES or other sources during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms "marketing," "business strategy," "data insights," "business cases," "internal studies," and "concerning"; (ii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery, particularly insofar as it seeks information related to purported benefits to Google whereas none of the statutes asserted in the operative Complaint allow a disgorgement remedy; (iii) it is overbroad and unduly burdensome to the extent it seeks "all" documents within an overbroad category of documents with no limitation to he putative class members' personal information or tax information; and (iv) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statute of limitations. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google will produce responsive, non-privileged documents sufficient to show any revenue earned based on any tax information that may have been collected through the Tax Websites' use of Google Analytics, to the extent any such documents exist and can be located in the course of a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

All logs of PLAINTIFFS' data collected by GOOGLE or any third party, including types of data, volumes of data, and specific user activity records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "logs," "data," "volumes," and "user activity records"; (ii) it seeks data that are not relevant to any claims or defenses in this Action and thus seeks information outside the scope of permissible discovery; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information in Plaintiffs' possession, that is publicly available, or that is otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive; (iv) it is overbroad and unduly burdensome to the extent it seeks "all" data without limitation to the Tax Websites or type of tax information at issue in the Complaint; (v) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (vi) it seeks data that is in the possession of third parties or is otherwise not in Google's possession, custody, or control.  Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS CONCERNING how YOU collect and collected WEBSITE VISITOR DATA during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," and "collect"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data that is not at issue in this case; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information that is publicly available; (iv) it is overbroad and unduly

burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (v) it fails to identify the category of documents requested with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google will produce responsive, non-privileged documents sufficient to show the functionality of Google Analytics during the relevant time period as it relates to the claims asserted in the operative Complaint.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS CONCERNING how YOU process and processed WEBSITE VISITOR DATA during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," and "process"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data that is not at issue in this Action, particularly insofar as the claims in the operative Complaint concern only interception; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information that is publicly available; (iv) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (v) it fails to identify the category of documents requested with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google will produce responsive, non-privileged documents sufficient to show the functionality of Google Analytics during the relevant time period as it relates to the claims asserted in the operative Complaint.

DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS
CASE NO.  5:23-CV-03527-PCP

1

**REQUEST FOR PRODUCTION NO. 19:**

2

All DOCUMENTS and COMMUNICATIONS CONCERNING how YOU store and stored

3

WEBSITE VISITOR DATA during the CLASS PERIOD.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

5

Google incorporates its general responses and objections set forth above. Google further

6

objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms

7

"concerning," and "store"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs

8

of the case because it seeks documents and information relating to data that is not at issue in this

9

case, particularly insofar as the claims in the operative Complaint concern only interception; (iii) it

10

is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that

11

it seeks information that is publicly available; (iv) it is overbroad and unduly burdensome as to time,

12

including to the extent it seeks information outside the applicable statutes of limitations; and (v) it

13

fails to identify the category of documents requested with reasonable particularity. Google also

14

objects to this Request to the extent it seeks documents protected by the attorney-client privilege,

15

work-product privilege, and/or other applicable privileges.

16

Subject to the above objections, Google will produce responsive, non-privileged documents

17

sufficient to show the functionality of Google Analytics during the relevant time period as it relates

18

to the claims asserted in the operative Complaint.

19

**REQUEST FOR PRODUCTION NO. 20:**

20

ALL DOCUMENTS and COMMUNICATOINS [sic] CONCERNING YOUR data

21

retention policies related and/or applied to the WEBSITE VISITOR DATA during the CLASS

22

PERIOD, including but not limited to the types of data retained, the scope of the retention, the

23

duration for such retention and the rationale(s) for such duration.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

25

Google incorporates its general responses and objections set forth above. Google further

26

objects to this request on the grounds that (i) it is vague and ambiguous as to the undefined terms

27

"concerning" and "data retention"; (ii) it is unduly burdensome, overbroad, and disproportionate to

28

the needs of the case because it seeks documents and information relating to data that is not at issue

in this case, particularly insofar as the claims in the operative Complaint concern only interception; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information that is publicly available; (iv) it is unduly burdensome and overbroad to the extent it seeks "all" documents within an overbroad category, without regard to the relevance of the data; (v) it is unduly burdensome and overbroad as to time, including to the extent it seeks information outside the applicable statute of limitations; and (vi) it seeks documents and information in the custody, possession, and control of third parties. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google will produce responsive, non-privileged documents sufficient to show the functionality of Google Analytics during the relevant time period as it relates to the claims asserted in the operative Complaint.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS CONCERNING how YOU use and used WEBSITE VISITOR DATA during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," and "use"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data that is not at issue in this case, particularly insofar as the claims in the operative Complaint concern only interception; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information that is publicly available; (iv) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (v) it fails to identify the category of documents requested with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections,  Google will produce responsive, non-privileged documents sufficient to show the functionality of Google Analytics during the relevant time period as it relates to the claims asserted in the operative Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS demonstrating compliance with data protection regulations and industry best practices during the CLASS PERIOD, including internal audits, compliance reports, and communications regarding data handling practices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "demonstrating," "compliance," "data protection regulations," and "industry best practices"; (ii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information that is publicly available or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive; and (iv) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitation. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request, as it is incomprehensible to Google as currently drafted. Google will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 23**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR data sharing practices with third parties during the CLASS PERIOD, including the nature and scope of such data sharing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning" and "data sharing practices"; (ii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery, in particular insofar as it seeks documents related to third-party sharing, which was not alleged to have occurred in the Complaint; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information that is publicly available or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive; and (iv) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitation. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google will produce responsive, non-privileged documents sufficient to show the functionality of Google Analytics during the relevant time period as it relates to the claims asserted in the operative Complaint.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any data breaches, security incidents or unauthorized data access during the CLASS PERIOD involving GOOGLE TAG MANAGER, GOOGLE ANALYTICS, or any other related technologies on the SUBJECT WEBSITES, including any steps taken by YOU to address and mitigate the impact of any data breaches, security incidents or unauthorized data access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "data breaches," "security incidents," "unauthorized data access," and "related technologies"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager, a technology that is wholly

different from Google Analytics and that is not implicated by the allegations in Plaintiffs'
Complaint; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and
thus seeks documents outside the scope of permissible discovery; (iv) it is unduly burdensome,
overbroad, and disproportionate to the needs of the Action to the extent it seeks information in
Plaintiffs' possession, that is publicly available, or that is otherwise obtainable from from some other
source that is more convenient, less burdensome, or less expensive; (v) it is unduly burdensome as
to time, including to the extent it seeks information outside the applicable statutes of limitations;
and (vi) it fails to identify the category of documents requested with reasonable particularity. Google
also objects to this Request to the extent it seeks documents protected by the attorney-client
privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in
response to this Request as currently presented but will consider a properly tailored request after the
parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS CONCERNING user complaints, inquiries,
or support requests concerning data privacy and security issues involving GOOGLE TAG
MANAGER, GOOGLE ANALYTICS, or any other related technologies on the SUBJECT
WEBSITES during the CLASS PERIOD, including but not limited to YOUR responses, internal
discussions, and/or policies or procedures for handling such complaints, inquiries, or support
requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Google incorporates its general responses and objections set forth above. Google further
objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms
"user," "inquiries," "concerning," "data privacy," "security issues," and "related technologies"; (ii)
it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks
information relating to Google Tag Manager, a technology that is wholly different from Google
Analytics and that is not implicated by the allegations in Plaintiffs' Complaint; (iii) it seeks
documents that are not relevant to any claims or defenses in this Action and thus seeks documents

outside the scope of permissible discovery; (iv) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent it seeks information in Plaintiffs' possession, that is publicly available, or that is otherwise obtainable from from some other source that is more convenient, less burdensome, or less expensive; (v) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (vi) it fails to identify the category of documents requested with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUMNICATIONS [sic] CONCERNING GOOGLE ANALYTICS and GOOGLE TAG MANAGER user complaints and user support requests related to data privacy and data security issues during the CLASS PERIOD, including but not limited to YOUR responses to such requests and responses and your processes and policies for handling and resolving such user complaints and user support requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "user complaints," "user support requests," "data privacy," and "data security issues"; (ii) it is duplicative of Plaintiffs' Request for Production Set Two Request No. 25; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager, a technology that is wholly different from Google Analytics and that is not implicated by the allegations in Plaintiffs' Complaint; (iv) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery; (v) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent it seeks information in Plaintiffs' possession, that is publicly available, or

that is otherwise obtainable from from some other source that is more convenient, less burdensome, or less expensive; and (vi) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS CONCERNING internal discussions between YOUR employees regarding data privacy concerns, strategies, and the handling of data containing PERSONAL INFORMATION, and/or WEBSITE VISITOR DATA, during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "data privacy concerns," "strategies," and "handling"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data that is not at issue in this case; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery; and (iv) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitation. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any third-party audits, assessments, or reviews conducted regarding YOUR data collection, processing, and storage practices that were applied, or were supposed to be applied, to the SUBJECT WEBSITES or WEBSITE VISITOR DATA during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "third-party audits," "assessments," "reviews," "data collection," "processing," and "storage practices"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data that is not at issue in this case, particularly insofar as the claims in the operative Complaint concern only interception; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information that is publicly available, or otherwise obtainable from from some other source that is more convenient, less burdensome, or less expensive; and (iv) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitation. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS CONCERNING records of cookie consent mechanisms and user agreements related to data collection on the SUBJECT WEBSITES during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "cookie consent mechanisms," "user agreements," and "data collection"; (ii) it is

unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data and technology (i.e., cookies) that are not at issue in this Action; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information that is publicly available, or otherwise obtainable from from some other source that is more convenient, less burdensome, or less expensive; (iv) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitation; (v) it seeks data that is in the possession of third parties or is otherwise not in Google's possession, custody, or control; and (vi) because it fails to identify the category of documents requested with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the data minimization practices used by YOU during the CLASS PERIOD in relation to the WEBSITE VISITOR DATA, including any policies, procedures, guidelines, or implementation of such practices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning" and "data minimization practices"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data that is not at issue in this case, particularly insofar as the claims in the operative Complaint concern only interception; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information that is publicly available; and (iv) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations. Google also objects to this Request to the extent it seeks

documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google will produce responsive, non-privileged documents sufficient to show the functionality of Google Analytics during the relevant time period as it relates to the claims asserted in the operative Complaint.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the consent mechanisms and opt-out options regarding data collection provided to the administrators or operators of the SUBJECT WEBSITES using GOOGLE TAG MANAGER, GOOGLE ANALYTICS, or other related technologies during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "consent mechanisms," "opt-out options," "data collection," "administrators," "operators," and "related technologies"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager, a technology that is wholly different from Google Analytics and that is not implicated by the allegations in Plaintiffs' Complaint; (iii) it is overbroad and unduly burdensome to the extent it seeks "all" documents within an overbroad category of documents related to multiple websites, without regard to the relevance of the data; (iv) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent it seeks information in Plaintiffs' possession, that is publicly available, or that is otherwise obtainable from from some other source that is more convenient, less burdensome, or less expensive; (v) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (vi) it fails to identify the category of documents with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections,  Google will produce responsive, non-privileged documents sufficient to show the functionality of Google Analytics during the relevant time period as it relates to the claims asserted in the operative Complaint.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the consent mechanisms and opt-out options regarding data collection presented to website visitors on the SUBJECT WEBSITES during the CLASS PERIOD, including but not limited to any records of how these mechanisms were implemented and any analysis of their effectiveness.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "consent mechanisms," "opt-out options," "data collection," and "effectiveness"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data that is not at issue in this Action; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent it seeks information in Plaintiffs' possession or that is publicly available; (iv) it seeks documents that are in the possession of third parties or are otherwise not in Google's possession, custody, or control; and (v) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the anonymization of WEBSITE VISITOR DATA during the CLASS PERIOD, including but not limited to the effectiveness of the anonymization and YOUR compliance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms "concerning," "anonymization," "compliance," and "applicable laws"; (ii) it calls for legal analysis or legal conclusions; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data that is not at issue in this Action, particularly insofar as the claims in the operative Complaint concern only interception; and (iv) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google will produce responsive, non-privileged documents sufficient to show the functionality of Google Analytics during the relevant time period as it relates to the claims asserted in the operative Complaint.

**REQUEST FOR PRODUCTION NO. 34**

All DOCUMENTS and COMMUNICATIONS CONCERNING any Data Processing Agreements ("DPAs") or other contractual agreements with third parties relating to the processing of WEBSITE VISITOR DATA collected through GOOGLE ANALYTICS, GOOGLE TAG MANAGER, or other related technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "Data Processing Agreements," and "related technologies"; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager, a technology that is wholly different from Google Analytics and that is not implicated by the allegations in Plaintiffs' Complaint; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data that is not at issue in this case, particularly insofar as the claims in the

operative Complaint concern only interception; (iv) it is overbroad and unduly burdensome to the extent it seeks "all" documents within an overbroad category of documents related to multiple websites, without regard to the relevance of the data; (v) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent it seeks information in Plaintiffs' possession, that is publicly available, or that is otherwise obtainable from from some other source that is more convenient, less burdensome, or less expensive; (vi) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (vii) it fails to identify the category of documents requested with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google will produce any relevant non-privileged processing agreements entered into between Google and the Tax Websites related to Google Analytics that can be located in the course of a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR compliance with data protection laws (e.g., the European Union General Data Protection Regulation, the California Consumer Privacy Act) during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms ""concerning," "compliance," and "data protection laws"; (ii) it calls for legal analysis or legal conclusions; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery, as particularly illustrated by seeking documents related to foreign laws that are inapplicable to any class member; (iv) it is overbroad and unduly burdensome to the extent it seeks "all" documents discussing or referencing matters without regard to the relevance of the data; and (v) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations. Google

1  also objects to this Request to the extent it seeks documents protected by the attorney-client

2  privilege, work-product privilege, and/or other applicable privileges.

3      Subject to the above objections, Google responds that it will not produce any documents in

4  response to this Request.

5  **REQUEST FOR PRODUCTION NO. 36:**

6      All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR use of algorithms,

7  artificial intelligence ("AI") or automated decision-making processes in relation to WEBSITE

8  VISITOR DATA during the CLASS PERIOD, including but not limited to the development, testing,

9  implementation, and decisions regarding what data to collect, how to process it, and how to utilize

10  it.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

12      Google incorporates its general responses and objections set forth above. Google further

13  objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms

14  "concerning," "algorithms," "artificial intelligence," and "automated decision-making processes";

15  (ii) it seeks documents that are not relevant to any claim or defense in this Action and thus seeks

16  documents outside the scope of permissible discovery, particularly insofar as the claims in the

17  operative Complaint concern only interception; (iii) it is overbroad and unduly burdensome to the

18  extent it seeks "all" documents discussing or referencing matters without regard to the relevance of

19  the data; (iv) it is overbroad and unduly burdensome to the extent it seeks information that is publicly

20  available; and (v) it is overbroad and unduly burdensome as to time, including to the extent it seeks

21  information outside the applicable statutes of limitations. Google also objects to this Request to the

22  extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or

23  other applicable privileges.

24      Subject to the above objections, Google responds that it will not produce any documents in

25  response to this Request as currently presented but will consider a properly tailored request after the

26  parties have met and conferred to discuss this Request.

27

28

**REQUEST FOR PRODUCTION NO. 37:**

All reports, logs, and records CONCERNING data deletion requests during the CLASS PERIOD related to WEBSITE VISITOR DATA, including summaries of the actions taken in response to such requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "logs," "concerning," "data deletion requests," and "summaries'; (ii) it seeks documents that are not relevant to any claim or defense in this Action and thus seeks documents outside the scope of permissible discovery, particularly insofar as the claims in the operative Complaint concern only interception; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks documents and information relating to data that is not at issue in this case and that is not related to the putative class; (iv) it presupposes that Google received data deletion requests related to the Tax Websites at issue in the Complaint; and (v) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitation. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the data collected through any mobile applications or any other related technologies used by the SUBJECT WEBSITES during the CLASS PERIOD, including but not limited to data collected through GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE, GOOGLE TAG MANAGER, or any other related technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "mobile applications" and "related technologies," particularly insofar as these terms concern the use of unspecified applications and technologies by third parties; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager and Google Analytics for Firebase, technologies that are wholly different from Google Analytics and that are not implicated by the allegations in Plaintiffs' Complaint; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery because the Complaint does not allege that putative class members or any named plaintiffs used mobile applications when filing their taxes through the Tax Websites; (iv) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent it seeks information in Plaintiffs' possession; (v) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (vi) it fails to identify the category of documents requested with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the implementation, configuration, and use of GOOGLE ANALYTICS, GOOGLE ANALYTICS FOR FIREBASE, GOOGLE TAG MANAGER, or any other related technologies in mobile applications and websites used by the SUBJECT WEBSITES during the CLASS PERIOD, including but not limited to JSON files, event tracking setups, and user engagement data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Google incorporates its general responses and objections set forth above. Google further objects to this Request on the grounds that (i) it is vague and ambiguous as to the undefined terms "concerning," "implementation," "configuration," "use," "related technologies," "mobile applications," "event tracking setups," and "user engagement data," particularly insofar as these terms concern the use of unspecified applications and technologies by third parties; (ii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action because it seeks information relating to Google Tag Manager and Google Analytics for Firebase, technologies that are wholly different from Google Analytics and that are not implicated by the allegations in Plaintiffs' Complaint; (iii) it seeks documents that are not relevant to any claims or defenses in this Action and thus seeks documents outside the scope of permissible discovery because the Complaint does not allege that putative class members or any named plaintiffs used mobile applications when filing their taxes through the Tax Websites; (iv) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent it seeks information in Plaintiffs' possession; (v) it is unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitations; and (vi) it fails to identify the category of documents requested with reasonable particularity. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google will produce relevant, non-privileged documents that are sufficient to show the configuration and implementation of Google Analytics on the Tax Websites, to the extent such documents exist within Google's possession, custody, or control, and can be located in the course of a reasonable search.

Date:  September 19, 2024

**WILLKIE FARR & GALLAGHER LLP**


By:  */s/ Benedict Y. Hur*_____
Benedict Hur
Simona Agnolucci
Eduardo E. Santacana
Joshua Anderson
Yuhan Alice Chi
Naiara Toker
Anika Holland
Alexis Dorner

*Attorneys for Defendant*
*Google LLC*

DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS
CASE NO.  5:23-CV-03527-PCP

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is Willkie Farr & Gallagher LLP, 333 Bush Street, 34th Floor, San Francisco, CA 94104.

On September 19, 2024, I served the following document(s) on the individuals identified in the attached service list:

**DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS**

☒    **Via Electronic Mail** as a PDF file, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

☐    **Via US mail** by enclosing the documents in an envelope and placing the envelope for collection and mailing on the date and at the place from the included service list following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 19, 2024 at San Francisco, California.

*/s/ Anika Holland*
Anika Holland

## SERVICE LIST

| | |
|---|---|
| Joel Dashiell Smith<br>SMITH KRIVOSHEY, PC<br>867 Boylston Street<br>5th Floor #1520<br>Boston, MA 02116<br>Tel: 617-377-7404<br>joel@skclassactions.com<br><br>*Attorneys for Plaintiff Class* | John G. Emerson<br>EMERSON FIRM, PLLC<br>2500 Wilcrest, Suite 300<br>Houston, TX 77042<br>Tel: (800) 551-8649<br>jemerson@emersonfirm.com<br><br>*Attorneys for Plaintiff Class* |
| Kate M. Baxter-Kauf (*Pro Hac Vice*)<br>Rebecca A. Peterson *(Pro Hac Vice)*<br>Robert K. Shelquist *(Pro Hac Vice)*<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>Tel: (612) 596-4097<br>kmbaxter-kauf@locklaw.com<br>rapeterson@locklaw.com<br>shelquist@locklaw.com<br><br>*Attorneys for Plaintiff Class* | Marshal J. Hoda (*Pro Hac Vice*)<br>THE HODA LAW FIRM, PLLC<br>3120 Southwest Fwy<br>Ste 101 PMB 51811<br>Houston, TX 77098<br>Tel: 832-848-0036<br>marshal@thehodalawfirm.com<br><br>*Attorneys for Plaintiff Class* |
| Michael Liskow<br>GEORGE FELDMAN MCDONALD, PLLC<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br>Tel: (561) 232-6002<br>mliskow@4-justice.com<br><br>*Attorneys for Plaintiff Class* | Neal J. Deckant<br>BURSOR & FISHER, P.A.<br>1990 North California Boulevard, Suite 940<br>Walnut Creek, CA 94596<br>(925) 300-4455<br>ndeckant@bursor.com<br><br>*Attorneys for Plaintiff Class* |
| Patrick Yarborough<br>FOSTER YARBOROUGH PLLC<br>917 Franklin Street, Suite 220<br>Houston, TX 77002<br>(713) 331-5254<br>patrick@fosteryarborough.com<br><br>*Attorneys for Plaintiff Class* | Robert Brent Wisner<br>WISNER BAUM, LLP<br>11111 Santa Monica Blvd., Suite 1750<br>Los Angeles, CA 90025<br>Tel: 310-820-6231<br>rbwisner@wisnerbaum.com<br><br>*Attorneys for Objector Justin Hunt* |

PROOF OF SERVICE

Email service list:

joel@skclassactions.com; jemerson@emersonfirm.com; kmbaxter-kauf@locklaw.com
rapeterson@locklaw.com; shelquist@locklaw.com; marshal@thehodalawfirm.com;
mliskow@4-justice.com; ndeckant@bursor.com; patrick@fosteryarborough.com;
rbwisner@wisnerbaum.com

WFG email list:

bhur@willkie.com; sagnolucci@willkie.com; esantacana@willkie.com; jdanderson@willkie.com;
ychi@willkie.com; ntoker@willkie.com; aholland@willkie.com; fcastro@willkie.com;
lcardona@willkie.com; tnocco@willkie.com

PROOF OF SERVICE