# EXHIBIT E

| | |
|---|---|
| 1 | **WILLKIE FARR & GALLAGHER LLP** |
| | BENEDICT Y. HUR (SBN: 224018) |
| 2 |   bhur@willkie.com |
| | SIMONA AGNOLUCCI (SBN: 246943) |
| 3 |   sagnolucci@willkie.com |
| 4 | EDUARDO E. SANTACANA (SBN: 281668) |
| |   esantacana@willkie.com |
| 5 | JOSHUA ANDERSON (SBN: 312836) |

1  **WILLKIE FARR & GALLAGHER LLP**
   BENEDICT Y. HUR (SBN: 224018)
2    bhur@willkie.com
   SIMONA AGNOLUCCI (SBN: 246943)
3    sagnolucci@willkie.com
4  EDUARDO E. SANTACANA (SBN: 281668)
     esantacana@willkie.com
5  JOSHUA ANDERSON (SBN: 312836)
     jdanderson@willkie.com
6  YUHAN ALICE CHI (SBN: 324072)
     ychi@willkie.com
7  NAIARA TOKER (SBN: 346145)
     ntoker@willkie.com
8  ANIKA HOLLAND (SBN: 336071)
     aholland@willkie.com
9  333 Bush Street, 34th Floor
10 San Francisco, CA 94104
   Telephone: (415) 858-7400
11
12 ALEXIS DORNER (DC Bar No. 1781014)*
     adorner@willkie.com
13 1875 K Street NW
   Washington, DC 20006
14 Telephone: (202) 303-1000
15 *Admitted *pro hac vice*

16 Attorneys for Defendant
   GOOGLE LLC
17

18                    **UNITED STATES DISTRICT COURT**
19                    **NORTHERN DISTRICT OF CALIFORNIA**
20

| | |
|---|---|
| MARY L. SMITH, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>GOOGLE, LLC,<br><br>      Defendant. | Case No.: 5:23-cv-03527-PCP<br>(Consol. w/ 5:23-cv-04191-BLF)<br><br>**DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Complaint Filed: 7/14/2023<br>Trial Date:  N/A<br><br>*Hon. P. Casey Pitts, District Judge*<br>*San Jose Courthouse, Ctrm. 8 – 4th Floor* |

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFFS and THE PROPOSED CLASS |
| RESPONDING PARTY: | DEFENDANT Google LLC |
| SET NO.: | ONE |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Civil Local Rules of the United States District Court for the Northern District of California ("Local Rules"), Defendant Google LLC hereby objects and responds to Mary L. Smith, Malissa Adams, Tracylyn Patterson, Cary Goldberg, Tyisha Sheppeard, Teresa Wright, Rheazene Taylor, Tiffany Layton, Jamila Armstrong, and Monica Townsend's ("Plaintiffs") First Set of Requests for Production of Documents (each a "Request" and collectively the "Requests").

## GENERAL STATEMENT AND GENERAL OBJECTIONS

1. Each of Google's responses is subject to, and incorporates, the following general statement and objections. Google specifically incorporates each of these general objections into its responses to each of Plaintiffs' Requests, whether or not each such general objection is expressly referred to in Google's responses to a specific Request.

2. Google objects to the instructions, definitions, and Requests to the extent that they are broader than, or attempt to impose conditions, obligations, or duties beyond those required by the Federal Rules, the Local Rules, or any other applicable authority. Google's responses will be provided in accordance with the Federal Rules, the Local Rules, and any other applicable authority.

3. Google objects to any Request to the extent that it seeks information protected from discovery by: (1) the attorney-client privilege; (b) the attorney work-product doctrine; (c) the common-interest or and joint-defense doctrines; and/or (d) any other applicable privilege, doctrine, immunity or protection from disclosure afforded by state or federal law.

4. Google objects to any Request to the extent that it is overbroad, unduly burdensome, compound, and/or oppressive. In particular, Google objects to any Request to the extent that it calls for information not relevant to the claims or defenses of the parties, or proportional to the needs of the case.

5. Google objects to each Request to the extent it is vague, ambiguous, overly broad, or unduly burdensome as to time frame.

6. Google objects to the instructions, definitions, and Requests to the extent they seek or purport to require the identification of "any," "all," "each," or "every" document, communication, person, entity, or other thing regarding or relating to a particular subject matter, as unduly burdensome, overbroad, and not proportional to the needs of the Action.

7. Google objects to any Request to the extent that it purports to attribute any special or unusual meaning to any term or phrase.

8. Google objects to the Requests to the extent they seek confidential, proprietary, or trade secret information of third parties.

9. Google objects to any instruction or Request to the extent that it would impose a duty on Google to undertake a search for, or an evaluation of, information for which Plaintiffs are equally able to search for and evaluate, including information that is publicly available, in the possession of third parties, and/or are already in the possession of Plaintiffs.

10. Google's objections and responses to these Requests are not intended to waive or prejudice any objections Google may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any Request, or as to the admissibility of any information or category of information at trial or in any other proceedings. Google expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules, and the failure to assert such rights and privileges or the inadvertent disclosure by Google of information protected by such rights and privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

11. Google objects to Plaintiffs' definitions, instructions, and Requests to the extent that they require Google to search, review, and produce emails or other electronic documents outside the scope of, or otherwise conflict with, the Federal Rules, Local Rules, or any other relevant rules or Court orders governing this Action.

12. Google objects to Plaintiffs' "Definitions" and to any Request to the extent they purport to give meaning or legal significance to a document, fact, or purported fact whose meaning or significance is subject to dispute between the parties. Google's responses to each of Plaintiffs'

1  Requests shall not constitute an admission or concession to any of the definitions, terms, and phrases
2  used therein. By responding to any Requests, Google does not concede the relevance or
3  admissibility of any of the information provided.

4     13.    Google has responded to the Requests as it interprets and understands them. If
5  Plaintiffs subsequently assert an interpretation of any Request that differs from Google's
6  understanding of that Requests, Google reserves the right to supplement its objections and/or
7  responses.

8     14.    Discovery in this matter is ongoing. Accordingly, Google reserves the right to change,
9  amend, or supplement any or all of the matters contained in these responses as Google's
10 investigation continues, additional facts are ascertained, analyses are made, research is completed,
11 and additional documents are subsequently discovered, collected, and/or reviewed.

**OBJECTIONS TO DEFINITIONS**

13    15.    Google objects to the definition of "CLASS PERIOD" as vague and ambiguous,
14 overbroad, unduly burdensome, and disproportional to the needs of this Action. Google further
15 objects to the definition to the extent it exceeds the applicable statutes of limitation for the claims
16 alleged in Plaintiffs' Consolidated Class Action Complaint ("Complaint"). Google further
17 incorporates by reference its objections below as to the terms "YOU," "WEBSITE VISITOR
18 DATA," and "SUBJECT WEBSITES." Google is willing to meet and confer regarding a relevant
19 time period that is proportional to the needs of this Action.

20    16.    Google objects to the definitions of "GOOGLE," "YOU," and "YOUR" to the extent
21 that it purports to include forms of information not discoverable under the Federal Rules, the Local
22 Rules, or any other applicable authority. Google further objects to the extent it seeks information
23 or refers to documents controlled by individuals who are not parties to this litigation and/or which
24 are not within Google's control. Google construes "GOOGLE," "YOU," and "YOUR," to mean
25 Google LLC.

26    17.    Google objects to the definition of "GOOGLE ANALYTICS" as vague and
27 ambiguous, overbroad, and unduly burdensome. Google further objects to the definition to the
28 extent it seeks to include Google products that are not at issue in Plaintiff's Complaint. Google

further objects as vague and ambiguous as to the undefined terms "Google Tag," "any other related technology," "transmission," and "data." Google further incorporates by reference its objections to definitions of "SUBJECT WEBSITES" and "GOOGLE." Google construes the term "GOOGLE ANALYTICS" as the analytics tool called Google Analytics offered by Google that was used by the third-party developers, TaxAct, TaxSlayer, and H&R Block (together, the "Developers") on their respective websites, as specifically identified in Plaintiff's Complaint.

18.    Google objects to the definition of "SUBJECT WEBSITES" as vague and ambiguous, overbroad, and unduly burdensome. Google further objects to the definition as seeking irrelevant information and thus disproportionate to the needs of the Action to the extent it seeks to include "any website" that customers of H&R Block, TaxAct, and TaxSlayer can use to "prepare and/or file their taxes online" regardless of whether such websites incorporated Google Analytics, were in fact used by any Plaintiff, or involved the transmission of any information. Google construes the term "SUBJECT WEBSITES" as the Developers' websites on which the Developers incorporated Google Analytics and that allow the Developers' users to enter their financial information and file taxes online.

19.    Google objects to the definition of "WEBSITE VISITOR DATA" as vague and ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the Action. Google further objects to the definition as incomprehensible, unduly burdensome, and disproportionate to the needs of the Action to the extent it purports to include "all information" about "visitors" and "online tax preparation and tax filings." Google further incorporates herein its objections to the definitions of "SUBJECT WEBSITES," "YOU," and "GOOGLE ANALYTICS." Google further objects to the definition as irrelevant as none of the Requests use this term. Google is willing to meet and confer regarding the relevant and proportional definition of "WEBSITE VISITOR DATA."

/ /

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

All documents that YOU contend support any affirmative defense YOU assert in this case.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it seeks documents that are publicly available and thus are equally accessible to Plaintiffs; (ii) it is premature as discovery and Google's investigation are both on-going; and (iii) it is overbroad and unduly burdensome to the extent it seeks "all" documents within a broad category. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that, following the entry of an ESI protocol, Google will produce relevant and non-privileged documents responsive to this Request that can be located in the course of a reasonable search.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

All documents referenced in YOUR initial disclosures pursuant to F.R.C.P. 26(a)(1)(ii).

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is duplicative of Plaintiffs' Requests for Production of Documents Set One Request No. 1; (ii) it seeks documents that are publicly available and thus are equally accessible to Plaintiffs; (iii) it is overbroad and unduly burdensome to the extent it seeks "all" documents within broad categories, whether or not Google ultimately offers any particular subset of those categories in its defense; (iv) it is premature as discovery and Google's investigation are both on-going; and (v) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitation. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

/ /

1   Subject to the above objections, Google responds that, following the entry of an ESI

2   protocol, Google will produce relevant and non-privileged documents responsive to this Request

3   that can be located in the course of a reasonable search.

4   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

5   All raw data that YOU received from the SUBJECT WEBSITES during the CLASS

6   PERIOD via GOOGLE ANALYTICS. If this data is available in csv or similar structured data

7   format, please produce it in that format.

8   **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

9   Google incorporates its general responses and objections as set forth above. Google further

10  objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms

11  "raw data", "csv", and "structured data"; (ii) it is overbroad and disproportionate to the needs of the

12  Action and thus any corresponding search and production would be unduly burdensome; (iii) it

13  seeks documents that are not relevant to any claims or defenses in the Action and thus seeks

14  documents outside the scope of permissible discovery; (iv) it is unduly burdensome, overbroad, and

15  disproportional to the needs of the case because it seeks documents and information relating to data

16  that is not at issue in this case; (v) it is overbroad and unduly burdensome to the extent it seeks "all"

17  documents within an overbroad category of documents related to multiple websites, without regard

18  to the relevance of the data; and (vi) it is overbroad and unduly burdensome as to time, including to

19  the extent it seeks information outside the applicable statutes of limitation. Google also objects to

20  this Request to the extent it seeks documents protected by the attorney-client privilege, work-

21  product privilege, and/or other applicable privileges.

22  Subject to the above objections, Google responds that it will not produce any documents in

23  response to this Request as currently presented but will consider a properly tailored request after the

24  parties have met and conferred to discuss this Request.

25  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

26  All documents and communications discussing or referencing the transmission, from any

27  website, of tax preparation or tax filing information to YOU, such as a website visitor's income,

28

refund amounts, taxes owed, names of dependents, or any other information disclosed in connection with an online tax preparation or tax filing.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms "communications," "discussing," "referencing," "transmission", "tax filing information," and "website visitor"; (ii) it is overbroad and unduly burdensome to the extent it seeks "all" documents within an overbroad category of documents related to an open-ended and undefined number of websites, without regard to the relevance of the website or data to any claim or defense in this Action and (iii) it is overbroad and unduly burdensome as to time, including to the extent it seeks information outside the applicable statutes of limitation Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

The REPORT describes interviews between GOOGLE officials and Congressional staffers on March 21, 2023 and March 22, 2023. *See id.*, fn. 73, 103. Please produce the following documents or materials concerning that interview:

   i.  All transcripts, notes, audio recordings, video recordings, or other contemporaneous records of those interviews.
   ii. All communications and documents discussing or referencing either of those interviews, whether generated internally within GOOGLE or exchanged with third parties.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms

"materials", "interview", "recordings" and "exchange", as well as the phrase "generated internally"; (ii) it seeks documents that are not relevant to any claims or defenses in the Action and thus seeks documents outside the scope of permissible discovery; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information in Plaintiff's possession, publicly available, or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive; and (iv) it is overbroad and unduly burdensome to the extent it seeks "all" documents discussing or referencing events that have no relevance to any claim or defense in this Action. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, and to the extent that any non-privileged and responsive documents are in Google's possession, custody or control, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

All documents concerning the letter from Google Vice President of Government Affairs and Public Policy, US and Canada, to Senator Elizabeth Warren, dated January 17, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is vague and ambiguous as to the undefined terms "documents", "concerning", and "letter"; (ii) it seeks documents that are not be relevant to any claims or defenses in the Action and thus seeks documents outside the scope of permissible discovery; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it seeks information in Plaintiff's possession, publicly available, or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive; (iv) it presupposes the existence of a "letter from Google Vice President of Government Affairs and Public Policy, US and Canada, to Senator Elizabeth Warren, dated January 17, 2023"; and (v) it is overbroad and unduly burdensome to the extent it seeks "all" documents discussing or referencing

matters that have no relevance to any claim or defense in this Action. Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product privilege, and/or other applicable privileges.

Subject to the above objections, Google responds that it will not produce any documents in response to this Request as currently presented but will consider a properly tailored request after the parties have met and conferred to discuss this Request.

Date: August 22, 2024                               **WILLKIE FARR & GALLAGHER LLP**

By:   */s/ Benedict Y. Hur*
      Benedict Hur
      Simona Agnolucci
      Eduardo E. Santacana
      Joshua Anderson
      Yuhan Alice Chi
      Naiara Toker
      Anika Holland
      Alexis Dorner

      *Attorneys for Defendant*
      *Google LLC*

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action. My business address is Willkie Farr & Gallagher LLP, 333 Bush Street, 34th Floor, San Francisco, CA 94104.

On August 22, 2024, I served the following document(s) on the individuals identified in the attached service list:

### DEFENDANT GOOGLE LLC'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

☒ **Via Electronic Mail** as a PDF file, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

☐ **Via US mail** by enclosing the documents in an envelope and placing the envelope for collection and mailing on the date and at the place from the included service list following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 22, 2024 at San Francisco, California.

                                                      */s/ Yuhan Alice Chi*
                                                      Yuhan Alice Chi

**SERVICE LIST**

| | |
|---|---|
| Joel Dashiell Smith<br>SMITH KRIVOSHEY, PC<br>867 Boylston Street<br>5th Floor #1520<br>Boston, MA 02116<br>Tel: 617-377-7404<br>joel@skclassactions.com<br><br>*Attorneys for Plaintiff Class* | John G. Emerson<br>EMERSON FIRM, PLLC<br>2500 Wilcrest, Suite 300<br>Houston, TX 77042<br>Tel: (800) 551-8649<br>jemerson@emersonfirm.com<br><br>*Attorneys for Plaintiff Class* |
| Kate M. Baxter-Kauf (*Pro Hac Vice*)<br>Rebecca A. Peterson (*Pro Hac Vice*)<br>Robert K. Shelquist (*Pro Hac Vice*)<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>Tel: (612) 596-4097<br>kmbaxter-kauf@locklaw.com<br>rapeterson@locklaw.com<br>shelquist@locklaw.com<br><br>*Attorneys for Plaintiff Class* | Marshal J. Hoda (*Pro Hac Vice*)<br>THE HODA LAW FIRM, PLLC<br>3120 Southwest Fwy<br>Ste 101 PMB 51811<br>Houston, TX 77098<br>Tel: 832-848-0036<br>marshal@thehodalawfirm.com<br><br>*Attorneys for Plaintiff Class* |
| Michael Liskow<br>GEORGE FELDMAN MCDONALD, PLLC<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br>Tel: (561) 232-6002<br>mliskow@4-justice.com<br><br>*Attorneys for Plaintiff Class* | Neal J. Deckant<br>BURSOR & FISHER, P.A.<br>1990 North California Boulevard, Suite 940<br>Walnut Creek, CA 94596<br>(925) 300-4455<br>ndeckant@bursor.com<br><br>*Attorneys for Plaintiff Class* |
| Patrick Yarborough<br>FOSTER YARBOROUGH PLLC<br>917 Franklin Street, Suite 220<br>Houston, TX 77002<br>(713) 331-5254<br>patrick@fosteryarborough.com<br><br>*Attorneys for Plaintiff Class* | Robert Brent Wisner<br>WISNER BAUM, LLP<br>11111 Santa Monica Blvd., Suite 1750<br>Los Angeles, CA 90025<br>Tel: 310-820-6231<br>rbwisner@wisnerbaum.com<br><br>*Attorneys for Objector Justin Hunt* |

Email service list:

joel@skclassactions.com; jemerson@emersonfirm.com; kmbaxter-kauf@locklaw.com rapeterson@locklaw.com; shelquist@locklaw.com; marshal@thehodalawfirm.com; mliskow@4-justice.com; ndeckant@bursor.com; patrick@fosteryarborough.com; rbwisner@wisnerbaum.com

WFG email list:

bhur@willkie.com; sagnolucci@willkie.com; esantacana@willkie.com; jdanderson@willkie.com; ychi@willkie.com; ntoker@willkie.com; aholland@willkie.com; fcastro@willkie.com; lcardona@willkie.com; tnocco@willkie.com