# BakerHostetler

Baker & Hostetler LLP

1900 Avenue of the Stars
Suite 2700
Los Angeles, CA 90067-4301

T 310.820.8800
F 310.820.8859
www.bakerlaw.com

Bethany G. Lukitsch
direct dial: 310.442.8856
blukitsch@bakerlaw.com

Kamran Ahmadian
direct dial: 310.979.8417
kahmadian@bakerlaw.com

October 31, 2025

**FILED VIA CM/ECF**

Hon. Susan van Keulen
United States Magistrate Judge
United States Courthouse
280 South 1st Street
Courtroom 6 – 4th Floor
San Jose, CA 95113

*Re:    Non-Party TaxAct, LLC's Objection to Production in Smith et al. v. Google, LLC (N.D. Cal Case No. 5:23-cv-03527-PCP*

Dear Hon. Susan van Keulen,

We represent TaxAct, LLC ("TaxAct"), a non-party in the above-entitled lawsuit between Mary Smith et al. ("Plaintiffs") and Google, LLC ("Google"). On October 10, 2025, TaxAct was informed by Google's counsel that Plaintiffs are seeking to compel the production of all raw data associated with several of TaxAct's Google Analytics properties.

On October 27, 2025, we served counsel for Google and Plaintiffs with the following letter, attached hereto as **Exhibit A**, which is intended to serve as TaxAct's formal objection to the requested production ("Objection Letter"). TaxAct requested that Parties submit the Objection Letter to this Court so it may be considered before any documents are ordered to be produced. We understand that any party submissions to the Court must be filed jointly. We were informed by counsel for Google and Plaintiffs that they could not reach agreement on a joint submission of the Objection Letter. Accordingly, TaxAct respectfully submits its Objection Letter on its own to the Court for its review.

As stated in the Objection Letter, TaxAct is willing to further discuss its concerns with the Parties, and, if requested or deemed helpful, with the Court.

We greatly appreciate the Court for its attention to this matter.

October 31, 2025
Page 2

Respectfully submitted,

Bethany G. Lukitsch
Kamran B. Ahmadian

Counsel for TaxAct, LLC

# EXHIBIT A

# BakerHostetler

Baker&Hostetler LLP

1900 Avenue of the Stars
Suite 2700
Los Angeles, CA  90067-4301

T  310.820.8800
F  310.820.8859
www.bakerlaw.com

October 27, 2025

Bethany G. Lukitsch
direct dial: 310.442.8856
blukitsch@bakerlaw.com

Kamran Ahmadian
direct dial: 310.979.8417
kahmadian@bakerlaw.com

**VIA EMAIL**

Joshua Anderson
Alice Chi
**Cooley LLP**
San Francisco
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
*joshua.anderson@cooley.com*
*achi@cooley.com*

Neal J. Deckant
**Bursor & Fisher P.A.**
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94956
*ndeckant@bursor.com*

Michael M. Liskow
**George Gesten McDonald, PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
*mliskow@4-justice.com*

***Re:    Non-Party TaxAct, LLC's Objection to Production in Smith et al. v. Google, LLC (N.D. Cal Case No. 5:23-cv-03527-PCP***

Counsel,

We represent TaxAct, LLC ("TaxAct"), a non-party in the above-entitled lawsuit between Mary Smith et al. ("Plaintiffs") and Google, LLC ("Google").  On October 10, 2025, TaxAct was informed by Google's counsel that Plaintiffs are seeking to compel the production of all raw data associated with several of TaxAct's Google Analytics properties. This letter serves as TaxAct's formal objection to the requested production.  **We respectfully request that the Parties submit this objection to the Court for its consideration before any documents are produced in response to this document production request.**

We understand that Plaintiffs allege in this lawsuit that Google through Google Analytics collected Tax Return Information ("TRI") from consumers visiting TaxAct's website, www.TaxAct.com. Even if these allegations were true, because Google functioned as TaxAct's auxiliary service provider, any collection of TRI would have been permissible pursuant to U.S. Treasury Department regulations under the Internal Revenue Code Section 7216.  And if collected, TRI

October 27, 2025
Page 2

from TaxAct's customers would be subject to protections under 26 CFR § 301.7216.[1]  To clarify, TaxAct has not reviewed the data that Plaintiff is seeking and therefore cannot confirm what specific TaxAct data would be included in Google's production.  However, even if TRI from TaxAct customers is not included, the release of such a substantial volume of TaxAct data without adequate safeguards still presents significant concerns.

Assuming Google can export the requested data in a usable format—a capability that remains uncertain—TaxAct has significant reservations about the wholesale transfer of this data to Plaintiffs' counsel without additional clearly defined parameters or safeguards in place.  While we have reviewed the Protective Order currently in place and understand that any production would be designated "Attorneys' Eyes Only," this designation alone is insufficient to mitigate the risks involved.

Unlike Google, it is unclear whether Plaintiffs' counsel possesses the physical infrastructure and technical expertise necessary to securely manage, analyze, and protect this data. Improper handling or inadvertent disclosure could result in harm to TaxAct's customers and would almost certainly expose TaxAct to reputational and competitive risks, particularly if the data were to fall into the hands of its competitors.  Accordingly, should the Court determine that a production is warranted, TaxAct respectfully requests the following steps be undertaken prior to any production of TaxAct data:

*First*, consistent with Google's proposal, TaxAct respectfully requests that before Google is ordered to make the full production, the Court should first order the initial production of an anonymized sample of the Google Analytics data associated with TaxAct's Google Properties. This sampling approach would significantly reduce both the volume and sensitivity of the data being disclosed, thereby minimizing the risk to TaxAct and its customers. Further, an anonymized sample would also serve as a practical test to determine whether the data can be exported in a usable format and whether it holds any meaningful value for Plaintiffs' claims. Importantly, it would allow all Parties—and the Court—to assess whether broader production is even necessary or appropriate under the circumstances.

*Second*, should the Court order that the entire data be produced, either before or after a sampling, TaxAct respectfully requests the opportunity to review its data before it is produced so it may raise any additional issues and concerns with the Parties (and potentially the Court) should that be necessary.

*Third*, in the event the Court orders production of the entire data set, TaxAct respectfully requests that, prior to any such production, Plaintiffs' counsel submit a written proposal to the Court, Google, and TaxAct addressing, at a minimum, the following:

---

[1] TRI includes "a taxpayer's name, address, or identifying number, which is furnished in any form or manner for, or in connection with, the preparation of a tax return of the taxpayer" as well as "information that the taxpayer furnishes to a tax return preparer and information furnished to the tax return preparer by a third party." 26 C.F.R. § 301.7216-1

October 27, 2025
Page 3

1. **Data Storage**: The method and format in which the data will be stored.

2. **Storage Location**: The physical and/or cloud-based location where the data will reside.

3. **Access and Use**: The procedures by which the data will be accessed and utilized for analysis. This includes advanced notice and an opportunity for TaxAct to object to Plaintiffs' expert.

4. **Access Control**: Identification of all individuals or entities who will have access to the data.

5. **Data Security**: Measures to ensure the highest level of data protection and confidentiality.

6. **Data Destruction**: Protocols for the complete and irreversible destruction of the data upon conclusion of the litigation.

TaxAct is prepared to meet and confer with Plaintiffs' counsel regarding the proposed protocol and expressly reserves the right to object should the proposal be found inadequate or insufficient. Given the size and scope of this potential production, the Protective Order is not enough. Additional protocols and measures should be put in place to help ensure that any TaxAct data—currently held by Google in its capacity as a service provider—is handled, stored, and used in a manner that is both safe and secure.

We remain ready and willing to further discuss TaxAct's concerns with the Parties, and, if requested or deemed helpful, with the Court.

Respectfully submitted,

Bethany G. Lukitsch
Kamran B. Ahmadian

Counsel for TaxAct, LLC


cc:    Anika Holland (anika.holland@cooley.com)
       Patrick Yarborough (patrick@fosteryarborough.com)