| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>Neal Deckant (State Bar No. 322946)<br>1990 North California Blvd., 9th Floor<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>E-mail: ndeckant@bursor.com<br><br>*Attorneys for Plaintiffs*<br><br>*Additional Attorneys on Signature Page* | **GEORGE FELDMAN MCDONALD, PLLC**<br>Lori G. Feldman *(pro hac vice)*<br>Michael Liskow (State Bar No. 243899)<br>200 Park Avenue, Suite 1700<br>New York, New York 10166<br>Telephone: (646) 354-6534<br>E-mail: lfeldman@4-justice.com<br>            mliskow@4-justice.com<br>            e-service@4-justice.com |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY L. SMITH, *et al.*, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>     v.<br><br>GOOGLE, LLC.,<br><br>                                    Defendant. | Case No. 5:23-cv-03527-PCP<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>The Honorable P. Casey Pitts<br>Courtroom 8, 4th Floor<br>Date: March 26, 2026<br>Time: 10:00 a.m. PT |

## NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT

PLEASE TAKE NOTICE that on March 26, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, the undersigned will appear before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California, Courtroom 8, San Jose Courthouse. Plaintiffs will and hereby do move the Court for an order pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure granting Plaintiffs leave to file their proposed First Amended Consolidated Class Action Complaint ("FAC"). This Motion is based upon this Notice and Motion, the following Memorandum of Points and Authorities, the pleadings, records, and other materials in the record, argument of counsel, and such other matters as the Court may consider.

## ISSUE PRESENTED

Whether Plaintiffs should be granted leave to file their proposed FAC.

## RELIEF REQUESTED

Plaintiffs respectfully request an Order allowing Plaintiffs to file their proposed FAC, attached hereto as Exhibit A.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a)(2) and 16(b)(4), Plaintiffs seek leave to amend their complaint to (a) incorporate additional claims under Section 638.51 of the California Invasion of Privacy Act ("CIPA") and California's Unfair Competition Law ("UCL");[1] (b) add new plaintiffs (the "Prospective Plaintiffs"); and (c) update their factual allegations and putative class definitions to conform to evidence obtained in discovery.[2] The core of this case remains the same as in Plaintiffs' operative Consolidated Class Action Complaint ("CAC," Dkt. 35):[3] Google's unlawful collection of private and sensitive information, including confidential financial and tax information, of individuals using online tax preparation providers H&R Block, TaxAct and TaxSlayer (the "Tax Preparers"). As a result of using those services, Plaintiffs and the putative members of the classes (collectively, the "Class") had their tax-filing and other sensitive information transmitted to Google without their consent via Google's Google Analytics tracking technology ("Google Analytics").

Discovery thus far has substantiated Plaintiffs' claims while further evidencing that Google knowingly received and utilized a wide array of information from Plaintiffs and the Class. For example, internal records produced by Google concerning the types of information collected by Google's tracking technology support an additional claim under Cal. Penal Code § 638.51, and buttresses Plaintiffs' other claims. Accordingly, Plaintiffs seek to amend their complaint to include additional claims, add the Prospective Plaintiffs, update the putative class definitions and otherwise conform the pleadings to the evidence.

---

[1] Plaintiffs already allege a claim under CIPA Sections §§ 631, 632, and 635. *See* CAC, ¶¶ 56-79.

[2] The proposed First Amended Consolidated Class Action Complaint ("FAC"), attached as Exhibit A, also (a) removes allegations pertaining to former plaintiffs that have been dismissed from the action; (b) removes claims under the "Texas Criminal Wiretap Act" and the Illinois Eavesdropping Act; and (c) adjusts formatting and makes other non-substantive corrections.

[3] Pursuant to the Court's Standing Order for Civil Cases, a redlined version of the proposed FAC, comparing it with the operative CAC (apart from formatting changes), is attached as Exhibit B.

Plaintiffs have diligently sought, and have good cause for seeking, these amendments under Fed. R. Civ. P. 16(b)(4) based on evidence produced in discovery. Allowing leave to amend will not interfere with discovery, significantly delay the proceedings, or otherwise improperly prejudice Google. Moreover, each factor governing requests for leave to amend under Rule 15(a)(2) weighs heavily in favor of granting Plaintiffs' request here. The amendments are guided by "the underlying purpose of Rule 15 … to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiffs respectfully ask the Court to grant their motion for leave to file the proposed FAC.

## II.   PROCEDURAL HISTORY

On October 9, 2023, Plaintiffs filed their CAC. *See* Dkt. 35.

On December 15, 2023, Google filed its Motion to Dismiss Consolidated Class Action Complaint ("MTD"), seeking dismissal of each of Plaintiffs' claims. *See* Dkt. 50. On June 3, 2024, the Court entered an Order denying Google's MTD in its entirety. *See* Dkt. 84.

Following a Case Management Conference on June 27, 2024, the Court issued a Case Management Order on July 10, 2024, which set a deadline of September 2, 2024, for "Joinder and Other Amendments[.]" Dkt. 94 at 1.

On July 18, 2024, Google filed its Answer to the CAC. *See* Dkt. 96.

On December 29, 2025, the Court entered a modified version of the parties' Stipulation and [Proposed] Order to Modify Case Deadlines, setting May 14, 2026, as Plaintiffs' deadline to file its motion for class certification. *See* Dkt. 135 at 3.

Discovery in this action is ongoing. Thus far, Plaintiffs have served on Google 72 Requests for Production, seven Interrogatories and 11 Requests for Admission. *See* Declaration of Michael Liskow in Support of Plaintiffs' Motion for Leave to Amend Complaint ("Liskow Decl."), ¶ 3. Google has responded to each of Plaintiffs' discovery requests and has produced approximately 9,800 documents. *See id.* The parties are meeting and conferring regarding Google's responses to Plaintiffs' most recent set of Requests for Production. *See* Liskow Decl., ¶ 4. The parties are also

meeting and conferring concerning Google's forthcoming production of a sample of "class event data" it collected from the Tax Preparers using Google Analytics. *See id*.

Google has served, on each Plaintiff, five Interrogatories, between 40 and 50 Requests for Production and between 64 and 155 Requests for Admission. *See* Liskow Decl., ¶ 5. This includes, as recently as January 7, 2026, between 30 and 48 new Requests for Admission to each Plaintiff and ten additional Requests for Production to Plaintiff Goldberg. *See* Liskow Decl., ¶ 5. Neither party has noticed or conducted any depositions at this time. *See id.*, ¶ 6.

On January 6, 2026, Plaintiffs' counsel sought Google's position on the instant motion by email, attaching the proposed FAC. *See* Liskow Decl, ¶ 9. On January 13, 2026, Google's counsel responded that Google was unable to agree to the proposed amendments. *See id*.

### III.   ARGUMENT

#### A.   LEGAL STANDARD

Rule 16(b)(4) provides that a schedule may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 654 (N.D. Cal. 2025). "Though prejudice to the opposing party is relevant, diligence is Rule 16(b)'s primary focus." *Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 803 (N.D. Cal. 2024). The focus of the Rule 16(b) inquiry is on "the moving party's reasons for seeking modification." *Id*. "If good cause exists for seeking amendment after the scheduling order's deadline, the court then turns to Rule 15(a) to determine whether amendment should be allowed." *Butler v. Unified Life Ins. Co.*, No. CV 17-50-BLG-SPW-TJC, 2018 WL 10811782, at *3 (D. Mont. Dec. 3, 2018), *objections overruled*, 2019 WL 12043581 (D. Mont. Jan. 11, 2019).

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." *Id*. "Rule 15(a) places leave to amend within the sound discretion of the trial court. In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Entangled Media*, 348 F.R.D.

at 655. The Ninth Circuit has emphasized that "[t]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F. 3d 708, 712 (9th Cir. 2001); *see also Srigley*, 748 F. Supp. 3d at 803 ("Courts in this Circuit apply Rule 15 'with extreme liberality.'") (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)).

"The Supreme Court has identified four factors relevant to whether a motion for leave to amend [under Rule 15] should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *Meaux v. Nw. Airlines, Inc.*, No. C 05-3733 CW, 2006 WL 8459606, at *1 (N.D. Cal. July 17, 2006) (citations omitted). "As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). "Absent prejudice, or a strong showing of any of the remaining … factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original) (citations omitted). As the "non-moving party[,]" if good cause is established under Rule 16 and the Court turns to Rule 15(a)(2), Google "bears the burden of demonstrating why leave to amend should not be granted." *Clayborne v. Chevron Corp.*, Case No. 19-cv-07624-JSW, 2020 WL 11563087, at *1 (N.D. Cal. Dec. 2, 2020) (citations omitted); *Srigley*, 748 F. Supp. 3d at 804 ("The party opposing amendment bears the burden of showing prejudice.").

### B.  PLAINTIFFS HAVE BEEN DILIGENT IN SEEKING THIS AMENDMENT

Plaintiffs' proposed amendments are warranted under Rule 16(b) because Plaintiffs have diligently sought to amend their complaint to incorporate additional claims, add the Prospective Plaintiffs, and update the putative class definitions and factual allegations to conform to evidence obtained in discovery. Plaintiffs' proposed amendments are grounded, in part, on discovery recently produced by Google, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Liskow Decl., ¶ 7; Ex. A, ¶¶ 29-31. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1  ████████████████████████████
2  ████████████████████████████
3  ████████████████████. *See* Liskow Decl., ¶ 7; Ex. A, ¶¶ 29-31.

In *Butler*, the plaintiffs were granted leave to amend to add a class claim for breach of contract because it was only through discovery that the plaintiffs were made aware of practices that "appl[ied] to all policyholders with policies like [the plaintiff's]." *Id.*, 2018 WL 10811782 at *3 ("find[ing] the procedural history and timeline of discovery in this case supports a finding that Plaintiffs were diligent in discovering the information upon which the class claims are based"). *See also Ronan Tel. Co. v. Verizon Select Servs., Inc.*, 340 F.R.D. 167, 171 (D. Mont. 2021) (good cause to amend schedule, and therefore pleading, where party became aware of additional theories to support proposed amendments after time to amend had passed).

"Allowing parties to amend [the scheduling order] based on information obtained through discovery is common and well established." *Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. 2:05-cv-00583-LKK-GGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006). *See also Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 481 (E.D. Cal. 2022) ("[C]ourts routinely find good cause when a movant shows that facts supporting new amendments were revealed for the first time in discovery."); *Portable Power, Inc., et al., v. Energizer Holdings, Inc., et al.*, Case No. 23-cv-02091-PCP (N.D. Cal.), Dkt. 145 (Order Granting Motion for Leave to Amend) (good cause to request modification of amendment deadline to add claims based on new evidence); *U.S. Equal Emp. Opportunity Comm'n v. Bay Club Fairbanks Ranch, LLC*, 475 F. Supp. 3d 1099, 1102 (S.D. Cal. 2020) (good cause to amend scheduling order eight months after deadline for amendments where information uncovered through depositions and admissions in August, November, and December of 2019, and moving party informed opposing party of intent to amend through multiple emails between September 2019 and February 2020, before moving to amend in February 2020).[4]

---

[4] Plaintiffs first notified Google of their intent to amend the CAC on October 29, 2025, in Plaintiffs' first draft of what ultimately became the parties' Stipulation and [Proposed] Order to Modify Case Deadlines. *See* Liskow Decl., ¶ 8; *see also* Dkt. 134 at 1 ("Plaintiffs also anticipate

Plaintiffs have also been diligent in seeking to adjust their class definitions to conform to the evidence Google has produced. Plaintiffs seek to amend the class definitions by first subdividing the putative classes and subclasses by claim, including the new claim under CIPA Section 638.51. *See* Ex. A, ¶¶ 54, 85-94. Plaintiffs next seek to create subclasses for each claim based on the Tax Preparer used by the class member. Plaintiffs also limit the scope of the prior class definitions by focusing only on users of the Tax Preparers and not, more broadly, on those who "used online tax preparation providers *such as* H&R Block, TaxAct, or TaxSlayer . . . ." CAC, ¶ 4 (emphasis added). Finally, Plaintiffs seek to include users of both the Tax Preparers' websites and mobile applications in the proposed classes. *See, e.g.,* Ex. A, ¶ 54 ("All individuals . . . who visited the Tax Preparers' websites, or used the Tax Preparers' mobile applications.").[5]

As such, Plaintiffs' proposed amendments barely modify the overall scope of the class claims and, in some ways, reduce the scope.[6] Good cause therefore exists for Plaintiffs' proposed refinements of the CAC's class definitions. *See, e.g.*, *Patten v. Vertical Fitness Grp., LLC*, No. 12CV1614-LAB (MDD), 2013 WL 12069031, at *4 (S.D. Cal. Nov. 8, 2013) (allowing amendment of class definition in class certification motion because defendant suffered no prejudice despite plaintiff offering differing class definitions at different stages of case).

Good cause also exists to modify the scheduling order to allow Plaintiffs to add the Prospective Plaintiffs. The Prospective Plaintiffs are each citizens of California who wish to join this class action as putative class representatives. *See* Ex. A, ¶¶ 11-14. There is good cause to add each of them because, *inter alia*, with the recent December 18, 2025 dismissal of prior plaintiff

---

soon moving for leave to amend their operative complaint").

[5] The CAC explicitly referred to Google's collection of data from mobile applications, thereby providing Google sufficient notice of claims on behalf of individuals who used the Tax Preparers' mobile applications. *See id.*, ¶ 23 ("Google's data collecting capabilities also include tracking user actions on . . . apps"); *id.*, ¶ 24 (Google Analytics "collects data from [advertisers'] websites and apps to create reports that provide insights into [their] business.").

[6] Google itself recently argued in a separate case that class definitions must be amended by way of a motion to amend the complaint, as here, and not when moving for class certification. *See In re Google Generative AI Copyright Litig.*, Case No. 5:23-cv-03440-EKL (N.D. Cal.), Dkt. 298 at 8.

Malissa Adams, *see* Dkt. 133, no California citizen plaintiffs remain in the action. Therefore, without the addition of the Prospective Plaintiffs, there will be no putative class representatives available to assert Plaintiffs' claims under Section 631 of CIPA, *see* Ex. A, ¶¶ 62-70, or to represent the proposed California Wiretapping Class and Subclasses. *See id.*, ¶ 54.

The FAC's remaining new or modified factual allegations simply conform the allegations to evidence obtained in discovery. *See Reitman v. Champion Petfoods USA, Inc.*, No. CV181736DOCJPRX, 2019 WL 3035060, at *3 (C.D. Cal. May 23, 2019) (good cause shown under Rule 16(b)(4) where amended complaint "includes additional facts that bolster the existing causes of action and conform the pleadings to newly discovered evidence"). Some of these additional allegations were not known to Plaintiff, and could not have been known, prior to Plaintiffs obtaining discovery from Google. For example, allegations have been added or enhanced concerning how Google Analytics operates, the mechanisms by which data is collected and sent to Google's servers, and the types of data collected and transmitted. *See, e.g.*, Ex. A, ¶¶ 29-33, 36, 40, 44-45, 51.

Because Plaintiffs were diligent in timely seeking this amendment, Plaintiffs have demonstrated good cause under Rule 16.

### C. EACH RULE 15 FACTOR SUPPORTS LEAVE TO AMEND

With Plaintiffs demonstrating good cause under Rule 16(b), the burden shifts to Google to show the proposed amendments are not justified under any of the four Rule 15 factors. *See Srigley*, 748 F. Supp. 3d at 804. Google is unable to do so, particularly when considering that (a) Plaintiffs are largely conforming the complaint to evidence obtained in recent discovery; (b) the amendments are unlikely to require an extension of the case deadlines; (c) the amendments will require little additional discovery and are unlikely to disrupt discovery timelines; and (d) the crux of the case remains the same.

#### 1. Permitting Plaintiffs' Amendments Will Not Prejudice Google

Most importantly, Google will not be prejudiced by allowing Plaintiffs' proposed amendments because the core of the case remains the same, the new proposed claims and factual

allegations will not substantially impact discovery, which remains ongoing, and the case deadlines are unlikely to be affected. "The Ninth Circuit considers prejudice to the opposing party as the most important factor in the Rule 15 analysis." *Entangled Media*, 348 F.R.D. at 655 (internal quotations omitted). Undue prejudice refers to "substantial prejudice or substantial negative effect on the opposing party." *Id.* at 656 (internal quotations omitted). "The party opposing amendment must show 'substantial' prejudice to overcome Rule 15(a)'s liberal amendment policy . . . Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party itself constitutes a sufficient showing of prejudice." *Bowen v. Target Corp.*, No. CV 16-2587 JGB (MRWx), 2019 WL 9240985, at *4 (C.D. Cal. Nov. 12, 2019) (internal quotations omitted). *See also Srigley*, 748 F. Supp. 3d at 804 (even "unreasonable delay with an improper motive is insufficient to deny leave to amend absent a showing of prejudice") (citations omitted).

Plaintiffs' proposed amendments do not require the reopening of discovery (discovery is ongoing), do not significantly expand the scope of discovery, and do not impose any unfair litigation burden on Google. Rather, the amendments largely seek to conform the complaint to evidence already obtained through discovery. *See supra*, Section III.B. Plaintiffs' proposed amendments are unlikely to cause any delays in the litigation or require significant extensions of case deadlines.[7] No depositions of either party have occurred yet, nor have any notices of deposition been served by either party. *See supra*, Section II. Discovery concerning the named plaintiffs' individual claims remains open and is ongoing such that adding the Prospective Plaintiffs at this stage of the litigation would not prejudice Google.[8] There is no prejudice when "[d]iscovery should not be substantially

---

[7] Depending on when the Court rules on this motion and, if the motion is granted, whether Google moves to dismiss the proposed FAC, it is possible that Plaintiffs will need to move for class certification prior to Google's motion to dismiss being decided. Despite this, the Court can consider a class certification motion encompassing plaintiffs and claims subject to a pending motion to dismiss because, in the event that such plaintiffs or claims are dismissed, any classes previously certified by the Court can be modified as necessary.

[8] To the extent Google argues that it will be burdened by needing to serve discovery on the new Prospective Plaintiffs, the written discovery previously served on the current plaintiffs was nearly identical as to each plaintiff and therefore Google would likely only need to re-serve those same

impacted." *Aguilar v. Boulder Brands, Inc.*, No. 3:12-cv-01862-BTM-BGS, 2014 WL 4352169, at *5 (S.D. Cal. Sept. 2, 2014). Moreover, should Google require additional discovery, it would not be prejudiced because discovery is ongoing.[9] *See Srigley*, 748 F. Supp. 3d at 804-05 (permitting amendment would not prejudice party when fact discovery remained open, giving non-moving party "nearly two months to conduct any necessary additional discovery"). Therefore the substantial prejudice factor strongly favors allowing Plaintiffs to amend their complaint.

### 2. Plaintiffs' Motion is Timely and Not the Product of Undue Delay

Plaintiffs' have made their motion in a timely manner, the motion is not the product of undue delay, nor can Google establish that Plaintiffs have unduly delayed in seeking to amend their complaint. Plaintiffs have not previously amended their operative CAC. *See* Dkt. 35. Moreover, since the filing of the CAC, Plaintiffs have diligently engaged, and continue to engage, in substantial discovery. *See supra*, Section II; *see also Abels v. JBC Legal Grp.*, P.C., 229 F.R.D. 152, 156 (N.D. Cal. 2005) (no undue delay where case "still at the discovery stage" and over month remained until discovery deadline). Plaintiffs' proposed amendments were also triggered in part by Plaintiffs' analysis of discovery recently produced by Google. *See* supra, Section III.B. Finally, Plaintiffs have timely moved to amend the complaint to add the Prospective Plaintiffs given the recent dismissal of prior California plaintiff Malissa Adams, who was unable to proceed in this action. *See* Dkt. 133.

### 3. Plaintiffs' Motion is Not Sought in Bad Faith

Plaintiffs also do not seek these amendments in bad faith, which has "been construed by the Ninth Circuit as an amendment sought with wrongful motive or a plaintiff merely . . . seeking to prolong the litigation by adding new but baseless legal theories." *Bowen*, 2019 WL 9240985, at *3 (internal quotations omitted). Plaintiffs' new claims and allegations are based in part on evidence obtained through discovery, and through Plaintiffs' ongoing investigation. For example, as discussed *supra*, Section III.B, evidence recently produced by Google in this case supports the

---

requests on the new plaintiffs.

[9] The deadline for fact discovery is January 5, 2027. See Dkt. 135.

addition of a claim under CIPA § 638.51, and further supports Plaintiffs' already pending claims. Plaintiffs have been diligent in timely seeking to amend. Furthermore, it is unlikely that the case deadlines will need to be modified due to Plaintiffs' proposed amendments. *See supra*, note 7.

### 4. Plaintiffs' Proposed Amendments Are Not Futile

"A proposed amended claim is futile if it would be immediately subject to dismissal." *Entangled Media*, 348 F.R.D. at 656 (internal quotations omitted). "Courts rarely deny a motion for leave to amend for reason of futility." *Fujifilm Corp. v. Motorola Mobility LLC*, Case No. 12-cv-03587-WHO, 2014 WL 2730724, at *5 (N.D. Cal. June 16, 2014) (internal quotations omitted). Plaintiffs' new CIPA claim under Section 638.51, and UCL claim, are viable and sufficiently alleged. *See, e.g., In re Meta Pixel Tax Filing Cases*, 793 F. Supp. 3d 1147 (N.D. Cal. 2025) (Court denied motion to dismiss Section 638.51 claim in case involving similar claims); *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1025 (N.D. Cal. 2024) (Court denied motion to dismiss UCL claims in same case). As Google cannot establish that Plaintiffs' proposed amendments would be futile, this factor also favors permitting Plaintiffs leave to amend.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs leave to file their proposed FAC.

| | | |
|---|---|---|
| 1 | Dated: January 23, 2026 | Respectfully submitted, |
| 2 | | **GEORGE FELDMAN MCDONALD, PLLC** |
| 3 | | By: */s/ Michael Liskow* |
| 4 | | Lori G. Feldman, *Admitted Pro Hac Vice* |
| 5 | | Michael Liskow, Cal. Bar No. 243899<br>200 Park Avenue, Suite 1700 |
| 6 | | New York, New York 10166<br>Telephone: (646) 354-6534 |
| 7 | | Email: lfeldman@4-justice.com<br>Email: mliskow@4-justice.com |
| 8 | | Neal J. Deckant, Cal. Bar No. 322946 |
| 9 | | **BURSOR & FISHER, P.A**.<br>1990 North California Blvd., Suite 940 |
| 10 | | Walnut Creek, CA 94596<br>Telephone: (925) 300-4455 |
| 11 | | Facsimile: (925) 407-2700<br>Email: ndeckant@bursor.com |
| 12 | | **GEORGE FELDMAN MCDONALD, PLLC** |
| 13 | | Rebecca A. Peterson (State Bar No. 241858)<br>1650 West 82nd Street, Suite 880 |
| 14 | | Bloomington, MN 55431<br>Telephone: (612) 778-9595 |
| 15 | | Facsimile: (888) 421-4173<br>E-mail: rpeterson@4-Justice.com |
| 16 | | |
| 17 | | **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**<br>Kate M. Baxter-Kauf, *Admitted Pro Hac Vice* |
| 18 | | 100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401 |
| 19 | | Telephone: (612) 339-6900<br>Facsimile: (612) 339-0981 |
| 20 | | Email: kmbaxter-kauf@locklaw.com |
| 21 | | **THE HODA LAW FIRM, PLLC**<br>Marshal J. Hoda, *Admitted Pro Hac Vice* |
| 22 | | 12333 Sowden Road, Suite B, PMB 51811<br>Houston, TX 77080 |
| 23 | | Telephone: (832) 848-0036<br>E-mail: marshal@thehodalawfirm.com |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

PLAINTIFFS' MOTION TO AMEND    11
CASE NO. 5:23-cv-03527-PCP

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, *Admitted Pro Hac Vice*
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson, *Admitted Pro Hac Vice*
2500 Wilcrest Drive, Suite 300
Houston, TX 77042-2754
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
Email: jemerson@emersonfirm.com

**SMITH KRIVOSHEY, P.C.**
Joel D. Smith, Cal. Bar. No. 244902
867 Boylston Street
5th Floor, #1520
Boston, MA 02116
Telephone: 617-377-7404
joel@skclassactions.com

*Attorneys for Plaintiffs*