1  COOLEY LLP
   BENEDICT HUR (224018)
2  (bhur@cooley.com)
   SIMONA AGNOLUCCI (246943)
3  (sagnolucci@cooley.com)
   EDUARDO SANTACANA (281668)
4  (esantacana@cooley.com)
   JOSHUA ANDERSON (312836)
5  (joshua.anderson@cooley.com)
   ANIKA HOLLAND (336071)
6  (anika.holland@cooley.com)
   NAIARA TOKER (346145)
7  (ntoker@cooley.com)
   JULIA M. IRWIN (352861)
8  (JIrwin@cooley.com)
   3 Embarcadero Center, 20th Floor
9  San Francisco, California 94111-4004
   Telephone:    +1 415 693 2000
10 Facsimile:    +1 415 693 2222

11 Attorneys for Defendant
   GOOGLE, LLC
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                  SAN JOSE DIVISION

16

17 | MARY SMITH et al., individually and on | Case No. 5:23-cv-03527-PCP
   | behalf of all others similarly situated, | (Consol. w/ 5:23-cv-04191-BLF)
18 |
   |                                          | **DEFENDANT GOOGLE, LLC'S OPPOSITION**
19 |                    Plaintiffs,           | **TO PLAINTIFFS' MOTION FOR LEAVE TO**
   |                                          | **AMEND COMPLAINT**
20 |             v.                           |
   |                                          | Date:      March 26, 2026
21 | GOOGLE, LLC,                             | Time:      10:00 a.m.
   |                                          | Dept:      Ctrm. 8 – 4th Floor
22 |                    Defendant.            | Judge:     Honorable P. Casey Pitts
23 |
   |                                          | Date Action Filed: 7/14/2023
24

25

26

27

28

## I.    INTRODUCTION

More than 16 months after the Court's September 2, 2024 pleading amendment deadline, Plaintiffs seek to fundamentally reshape this litigation through a proposed First Amended Complaint ("FAC") that would add new allegations regarding mobile application users, new claims, and new plaintiffs.  *See generally* ECF No. 137-2 (redline of proposed FAC).  Because Plaintiffs move for leave to amend well after the amendment deadline, Rule 16(b)—not Rule 15—controls, and Plaintiffs bear the burden of showing good cause and diligence.  They have not met that burden.  Their proposed amendments are not driven by newly discovered facts that could not reasonably have been raised earlier.  Instead, Plaintiffs rely on information and theories that have been available since the outset of this litigation.

While Plaintiffs have failed to demonstrate good cause to make *any* of their proposed amendments, Google's opposition is limited to the two issues that pose the greatest risk of delaying the case and prejudicing Google.[1]  First, Plaintiffs seek to redefine the putative classes and subclasses to include users of TaxAct, TaxSlayer, and H&R Block's (the "Tax Websites") mobile apps, opening up discovery into Google Analytics for Firebase ("GA4F"), a wholly separate product and technology from Google Analytics ("GA"), which has been the subject of the parties' discovery efforts and data sampling negotiations to date.  Second, Plaintiffs seek to add two new statutory causes of action under California Information Privacy Act ("CIPA") section 638.51 and California's Unfair Competition Law ("UCL").  But Plaintiffs had the core facts underlying these proposed claims from the outset of the litigation, and offer no explanation for why they could not have brought these claims then.  Taken together, Plaintiffs' eleventh-hour proposed amendments would dramatically expand the scope of the case and undermine the integrity of the recently entered agreed scheduling order.

---

[1] Google does not oppose the addition of four new named California plaintiffs because the parties reached a compromise that reduces Google's concern that it would not get timely and complete discovery responses from the new plaintiffs.  Specifically, Plaintiffs' counsel agreed to provide written responses to Google's requests within 30 days of receipt and to substantially complete document production within 30 days of receipt or by April 3, 2026, whichever comes later.  Google agrees that its requests will be identical to those already served on named plaintiffs, and anticipates responses consistent with those provided by the existing plaintiffs and reflecting the parties' meet and confer efforts.  Anderson Decl. ¶¶ 6–9.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 5:23-CV-03527-PCP

Google respectfully requests that the Court deny Plaintiffs' motion in part. For the reasons explained further below, under no circumstances should Plaintiffs be permitted to add new allegations regarding mobile apps or new claims under CIPA section 638.51 and the UCL.

## II.    LEGAL STANDARD

When a party moves to amend their pleadings after the court-ordered deadline for amendments has passed, they bear the burden of satisfying Rule 16(b)'s good cause standard. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023).  This standard "primarily considers the diligence of the party seeking the amendment."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). Under this approach, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion," but lack of diligence by the party seeking amendment is enough to defeat a motion for leave to amend.  *Kamal*, 88 F.4th at 1277 (quoting *Johnson*, 975 F.2d at 609).  Thus, if the moving party fails to show diligence, "the inquiry should end." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Johnson*, 975 F.2d at 609).

## III.    ARGUMENT

### A.    Plaintiffs Have Not Acted Diligently.

#### 1.    Plaintiffs offer no reason for their delay in adding mobile app allegations and this proposed amendment is not justified by recently obtained discovery.

Plaintiffs' attempt to add mobile app users of the Tax Websites to the complaint stumbles at the starting gate due to an utter lack of diligence in pursuing this theory.  Plaintiffs do not offer much by way of explanation for their 16-month delay in adding these allegations, other than the conclusory assertion that they seek to "update the putative class definitions and factual allegations to conform to evidence obtained in discovery." Mot. at 4.  But Plaintiffs have not obtained evidence in discovery about mobile apps or GA4F at all.  To the contrary, over two months ago, the Court denied Plaintiffs' request to compel Google to produce documents concerning mobile applications and GA4F as "overbroad and not proportional to the needs of the case," because the case is (and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 5:23-CV-03527-PCP

has always been) "about pixels on websites, not apps."  Discovery Order, ECF No. 126 at 4.

Plaintiffs' claim that discovery has somehow revealed new facts justifying the addition of mobile

app users to the class definitions therefore does not withstand scrutiny.

Further, Plaintiffs have no explanation for their extraordinary delay in seeking amendment.

Plaintiffs have tried and failed to get discovery about apps and GA4F for over a year, but despite

Google's repeated relevance objections, only now do Plaintiffs seek to add allegations to their

pleading.  The discovery timeline is curiously absent from Plaintiffs' motion, but is worth the

Court's attention here.  *See* Mot. at 2–3.  Specifically:

- In August 2024, Plaintiffs served requests for production concerning mobile app data.  Anderson Decl. ¶ 2.
- In September 2024, Google objected to these requests in part on the ground that the operative complaint did not allege that any class members or named plaintiffs used mobile apps when filing their taxes with the Tax Websites. *Id.* ¶ 3.
- The parties had numerous meet-and-confers and exchanged letters throughout the fall of 2024 and into 2025, and Plaintiffs acknowledged the parties "appear to be at an impasse" on the issue in a January 2025 letter.  *Id.* ¶ 4.
- The parties continued to exchange letters on the issue in February and March.  Google maintained its position that mobile apps and GA4F are irrelevant to this litigation.  *Id.* ¶ 5.
- Inexplicably, Plaintiffs waited until September 2025—nearly a full year after Google objected to requests about mobile apps and GA4F—before notifying Google of its intent to file a discovery dispute letter with the Court, which was then filed in October 2025.  *Id.* ¶ 6.

At no point during this period did Plaintiffs seek leave to amend their complaint to add

mobile app allegations.

This record demonstrates inaction, not diligence.  Despite acknowledging an impasse on

this issue *a full year* before seeking leave to amend, Plaintiffs may nonetheless claim their delay

was due to the parties' good faith discovery negotiations.  But courts in this District have made

clear that "good faith is not good cause."  *Turner v. Apple, Inc.*, No. 5:20-CV-07495-EJD, 2024

WL 4008763, at *5 (N.D. Cal. Aug. 30, 2024).  Discovery is a collaborative process, true, but

ultimately "the burden lies with the plaintiff[s] to prosecute [their] case properly."  *Id.* at *4 (quoting

*Kamal*, 88 F.4th at 1277).  As in *Turner*, the Court here should deny leave to amend because

plaintiffs "did not diligently pursue the discovery justifying the expanded [class] definition[.]"  *Id.*

Cooley LLP
Attorneys at Law
San Francisco

4

Google's Opposition to Plaintiffs'
Motion for Leave to Amend Complaint
Case No. 5:23-cv-03527-PCP

Plaintiffs' reliance on stray references to "apps" in the operative complaint does not salvage their position. *See* Mot. at 6, n.5.  The Court has already rejected the notion that those references placed mobile applications at issue in this case, and Plaintiffs may not relitigate that determination under the guise of amendment.  *See* Discovery Order, ECF No. 126 at 3–4.

Nor can Plaintiffs rely on cases permitting amendment shortly after discovery revealed genuinely new facts.  For example, in *Butler*, the Court permitted amendment where the Plaintiffs moved for leave merely 11 weeks after the Court's deadline, and where there was no "indication that Plaintiffs were anything other than diligent in pursuing the discovery that led to their understanding that class relief may be appropriate[.]"  *Butler v. Unified Life Ins. Co.*, No. CV 17-50-BLG-SPW-TJC, 2018 WL 10811782, at *3 (D. Mont. Dec. 3, 2018), *objections overruled*, 2019 WL 12043581 (D. Mont. Jan. 11, 2019).  In *Ronan Telephone Co. v. Verizon Select Services, Inc.*, 340 F.R.D. 167, 171 (D. Mont. 2021), the court found good cause existed for the defendant to amend its answer when it was only made aware of additional theories to support the amendment after the deadline had passed.  And in *Fru-Con Construction Corp. v. Sacramento Municipal Utility District*, No. 2:05-cv-00583-LKK-GGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006), the court found good cause existed for a defendant to amend its counterclaim because the new information was discovered in a deposition roughly two months before the motion for leave was filed.  Similarly, in *Pizana v. SanMedica International LLC*, 345 F.R.D. 469, 481 (E.D. Cal. 2022), good cause existed where the proposed amendment was based on new information obtained at a deposition only a few weeks before the motion was made.

Unlike the cases Plaintiffs rely upon, the proposed amendment to add mobile apps comes more than 16 months after the amendment deadline, is *not* the result of recently obtained discovery, and is in direct conflict with a recent discovery order defining the scope of the case.

**2.**     **Plaintiffs have been aware of the factual basis for their newly proposed CIPA and UCL claims since the operative complaint was filed, and cannot establish diligence.**

Plaintiffs likewise cannot demonstrate good cause to add entirely new causes of action under CIPA section 638.51 and the UCL.  As the Ninth Circuit has made clear, "[t]he good cause standard typically will not be met where the party seeking to modify the scheduling order has been

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 5:23-CV-03527-PCP

aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737. In other words, where plaintiffs were aware of the factual basis for a claim but chose not to plead it, that strategic decision does not establish diligence under Rule 16. *See Laatz v. Zazzle, Inc.*, No. 5:22-CV-04844-BLF, 2026 WL 249723, at *3 (N.D. Cal. Jan. 29, 2026) (denying plaintiff's motion for leave to amend where plaintiff purported to add a new claim "relying on the same factual allegations that supply the basis for her [other] claim[.]"); *see also Gupta v. Int'l Bus. Machs. Corp.*, No. 5:14-cv-01358-EJD, 2015 WL 9204348, at *2 (N.D. Cal. Dec. 17, 2015) ("[W]here Plaintiff was aware of a possible theory but failed to timely raise it or alternatively provide a good reason for not doing so, the court is unable to find that Plaintiff acted with diligence.").

There is no question that Plaintiffs have been aware of the factual underpinnings of these newly asserted claims from the outset of the litigation. Their CIPA and UCL claims are based on the same factual predicate underlying the operative complaint in this action, which survived Google's motion to dismiss. As the Court's order on that motion explained, the operative complaint alleges that "Google Analytics collects information about the user's browser, language, clicks, downloads, and form interactions, as well as the titles of webpages, and matches the information it collects with a user's location, gender, and general interests." *Smith v. Google, LLC*, 735 F. Supp. 3d 1188, 1193–94 (N.D. Cal. 2024). This is the same factual basis for Plaintiffs' proposed CIPA section 638.51 claim, though the focus is now on "record" information rather than the substance of the "communications" Google allegedly intercepted. *See* Proposed FAC, ECF No. 137-2 ¶¶ 91–93 (alleging collection of "gender, identifying information, browser and device information, URLs of webpages").

Further, the "unfair and unlawful practices" Plaintiffs take aim at for their UCL claim is the alleged "disclosure of their tax filing data and other sensitive information[.]" *Id.* ¶ 131. This is also nothing new. As the Court long ago explained, the operative complaint "states that 'H&R Block, TaxAct, and TaxSlayer have been quietly transmitting sensitive financial information to Google when Americans file their taxes online.'" *Smith*, 735 F. Supp. 3d at 1198 (quoting Compl.,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 5:23-CV-03527-PCP

ECF No. 35 ¶ 32).  In short, the facts underlying Plaintiffs' new claims are the same facts underlying their claims in the operative complaint.

Courts in this Circuit routinely reject Rule 16 motions in these circumstances.  *See, e.g.*, *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737.  While  discovery remains open, that does not cure Plaintiffs' lack of diligence.  *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (affirming denial of amendment where movant knew or should have known the theory earlier, even though discovery remained open).  As one court recently explained, allowing plaintiffs to add new claims based on long-known facts would unfairly impose additional litigation costs and disrupt the orderly progression of the case.  *See Laatz*, 2026 WL 249723, at *3.

Plaintiffs offer no explanation for why they waited until now to assert these new statutory claims, which are regularly brought in tandem with claims like those alleged in the operative complaint.[2]  Their silence on this point speaks volumes.  Rule 16 requires a showing that the amendment deadline could not reasonably have been met despite diligence.  *Johnson*, 975 F.2d at 609.  Plaintiffs cannot make that showing here because the theories they now seek to pursue were available to them from the beginning of the case.

Because Plaintiffs were aware of the facts and legal theories underlying their proposed CIPA section 638.51 and UCL claims well before the amendment deadline—and chose not to plead them—Plaintiffs cannot demonstrate diligence, and Rule 16 bars these late-added claims.  That is enough for the Court to deny leave to amend.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

---

[2] *See, e.g.*, *Doe I v. Google LLC*, No. 23-cv-02431-VC (N.D. Cal. filed May 17, 2023) (bringing CIPA and UCL claims in tandem against Google); *Hammerling v. Google LLC*, No. 21-cv-09004-CRB (N.D. Cal. filed Nov. 19, 2021) (same); *Brown v. Google LLC*, No. 4:20-cv-3664-YGR (N.D. Cal. filed June 2, 2020) (same); *Calhoun v. Google LLC.*, No. 20-CV-05146-LHK (N.D. Cal. filed July 27, 2020) (same); *In re Google Assistant Priv. Litig.*, No. 19-cv-04286-BLF (N.D. Cal. filed July 25, 2019) (same); *Allison v. United Wholesale Mortg.*, No. 25-CV-05377-WHO (N.D. Cal. filed June 26, 2025) (bringing CIPA § 638.51 and UCL claims in tandem); *Khamooshi v. Politico LLC*, No. 24-cv-07836-SK (N.D. Cal. filed Nov. 8, 2024) (same); *Greenley v. Kochava, Inc.*, No. 22-cv-01327-BAS-AHG (S.D. Cal. filed Sep. 6, 2022) (same); *In re Apple Data Priv. Litig.*, No. 5:22-CV-07069-EJD (N.D. Cal. filed Nov. 10, 2022) (same).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 5:23-CV-03527-PCP

**B.    Google Would Be Substantially Prejudiced By These Amendments.**

Because Plaintiffs were not diligent in seeking to add new allegations about mobile apps, new claims, and new plaintiffs, the Rule 16 inquiry can end there. *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609).    But the prejudice to Google posed by these proposed amendments supplies an additional reason to deny leave to amend.    *See Kamal*, 88 F.4th at 1277.

In particular, adding mobile app allegations and classes would redouble the discovery burdens on Google because mobile apps use GA4F—a wholly separate technology from GA—and GA4F has not been the subject of the parties' discovery efforts or data sampling negotiations to date.    Instead, as discussed above, Plaintiffs noted the parties' impasse regarding discovery into app-related data *more than a year ago*, and the Court agreed mobile apps were not relevant to Plaintiffs' claims when they finally brought the matter to Court nine months later, in October 2025. Allowing Plaintiffs to add mobile app users now would upend the status quo, likely requiring additional custodial discovery, data sampling, and new expert analysis, all while the parties are preparing for class certification, which is mere months away.

Similarly, adding two new claims to the case would be a major expansion that would cause further delay and substantial cost burdens on Google.    Notably, the UCL claim would introduce a proposed nationwide public injunctive relief class and equitable remedies.    *See* Proposed FAC, ECF No. 137-2 ¶¶ 54, 124, 132-133.    This too would likely require additional discovery and expert analysis on the eve of class certification.

## IV.    CONCLUSION

For the reasons set forth herein, the Court should deny Plaintiffs' motion for leave to amend the complaint insofar as Plaintiffs seek to add new allegations and classes relating to mobile apps, and new claims under CIPA and the UCL.

Cooley LLP
Attorneys at Law
San Francisco

8

Google's Opposition to Plaintiffs'
Motion for Leave to Amend Complaint
Case No. 5:23-cv-03527-PCP

1   Dated: February 13, 2026                    COOLEY LLP

2

3                                               By: */s/ Joshua Anderson*
                                                    Benedict Hur
4                                                   Simona Agnolucci
                                                    Eduardo E. Santacana
5                                                   Joshua Anderson
                                                    Anika Holland
6                                                   Naiara Toker
                                                    Julia Irwin
7
                                                Attorneys for Defendant
8                                               GOOGLE, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 5:23-CV-03527-PCP