| **BURSOR & FISHER, P.A.** | **HECHT PARTNERS LLP** |
|---|---|
| Neal Deckant (State Bar No. 322946) | Lori G. Feldman (*pro hac vice*) |
| 1990 North California Blvd., 9th Floor | Michael Liskow (State Bar No. 243899) |
| Walnut Creek, CA 94596 | 125 Park Ave., 25th Floor |
| Telephone: (925) 300-4455 | New York, NY 10017 |
| Facsimile: (925) 407-2700 | Phone: (212) 851-6821 |
| E-mail: ndeckant@bursor.com | Fax: (888) 421-4173 |
| | E-mail: lfeldman@hechtpartners.com |
| *Attorneys for Plaintiffs* | mliskow@ hechtpartners.com |
| | |
| *Additional Attorneys on Signature Page* | |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L. SMITH, *et al.*, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiffs,<br><br>      v.<br><br>GOOGLE, LLC.,<br><br>                                        Defendant. | Case No. 5:23-cv-03527-PCP<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>The Honorable P. Casey Pitts<br>Courtroom 8, 4th Floor<br>Date: March 26, 2026<br>Time: 10:00 a.m. PT |

I.    **INTRODUCTION**

Google's opposition to Plaintiffs' Motion for Leave to Amend ("Opposition," Dkt. 140, to "Motion," Dkt. 137), fails to demonstrate why the Motion should not be granted.[1] Google does not claim Plaintiffs seek their proposed amendments in bad faith, or that such amendments would be futile, and instead only challenges whether Plaintiffs were diligent in seeking the amendments and whether such amendments would substantially prejudice Google. *See* Opposition at 2 ("Google's opposition is limited to the two issues that pose the greatest risk of delaying the case and prejudicing Google."). But as shown herein and in the Motion, Plaintiffs have been diligent in seeking to conform the complaint and the putative class definitions to newly obtained evidence, and to add new claims under Section 638.51 of CIPA and the UCL. Moreover, the proposed amendments will not cause any substantial prejudice to Google, which has already agreed to Plaintiffs adding four new Plaintiffs in an amended complaint in exchange for them providing discovery responses within a set time. *See* Opposition at 2 n.1. For these and other reasons, the Court should grant the Motion.

II.    **ARGUMENT**

    A.    **Plaintiffs Have Acted Diligently**

        1.    **Mobile Application Allegations**

Plaintiffs have been diligent in seeking to amend their complaint to include additional allegations and updated class definitions relating to Google's collection of sensitive information, including tax information, from the Tax Preparers' mobile applications without users' consent.[2] Plaintiffs only recently, on November 17, 2025, received an order from Judge van Keulen denying Plaintiffs' request for discovery relating to applications and application-related data on the grounds that the current complaint's allegations were "about pixels on websites, not apps," and because none

---

[1] Plaintiffs wish to correct an error in paragraph 11 of the proposed First Amended Complaint ("FAC," Dkt. 137-1), which should instead state as follows: "Plaintiff ~~Richard Almeda~~ **Joseph Sebastian Nino** is a citizen of Placer County, California. . . .").

[2] While Google takes issue with the addition of the mobile application allegations, it does little to rebut Plaintiffs' request to amend its class definitions generally.

of the plaintiffs alleged they used the applications at issue. *See* Dkt. 126 at 3-4 (the "Discovery Order").[3] Since then Plaintiffs have sought to add four new plaintiffs, which Google has agreed to, and one of those plaintiffs *did* use the mobile application. *See* FAC, ¶ 13. Moreover, the proposed FAC cures Judge van Keulen's concern that the allegations in the prior complaint concerning Google's collection of data from mobile applications were "solely in the context of background," Discovery Order at 3, as Plaintiffs now clearly allege that Google Analytics collected Plaintiffs' sensitive information without consent from both the Tax Preparers' websites and applications. *See*, *e.g.*, FAC, ¶ 2 ("On mobile applications, Google Analytics operates through Google Analytics for Firebase ('GA4F'), which similarly collects and transmits app-user interactions and identifiers to Google's servers as part of the same analytics system"); ¶ 33 (GA4F "███████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████").

Google cites the inapposite *Turner v. Apple, Inc.*, No. 5:20-CV-07495-EJD, 2024 WL 4008763 (N.D. Cal. Aug. 30, 2024), in support of its position. However, in *Turner* neither party made any discovery productions for two years after the plaintiff served his first discovery request because the parties had not agreed to a protective order or ESI protocol, which the Court found "baffling[.]" *Id*. at *4. The court also found that the plaintiff had not diligently moved to amend even after he had received the discovery supporting his proposed amendment. *See id*. at *5. Instead,

---

[3] As Google concedes in its Opposition, Plaintiffs made numerous efforts to resolve the issue of application-related discovery without having to burden the Court with a discovery dispute, while finally notifying Google on September 19, 2025 that the parties were in fact at an impasse, and providing Google with Plaintiffs' portion of the Joint Statement Regarding Discovery Dispute ("Joint Statement") encompassing this and other discovery disputes. *See* Opposition at 4; *see also* concurrently-filed Declaration of Michael Liskow in Support of Reply in Support of Motion for Leave to Amend Complaint ("Liskow Reply Declaration"), ¶ 3. After further negotiations to attempt to narrow the scope of the outstanding discovery issues, *see id.*, the parties submitted their Joint Statement on October 7, 2025. *See* Dkt. 122. After Judge van Keulen entered the Discovery Order on November 17, 2025, Plaintiffs diligently sought to move to amend their complaint to include more detailed allegations relating to the mobile applications and other issues, and filed their Motion on January 23, 2026.

1   upon receiving the discovery the parties agreed to set a deadline[4] for the plaintiff to seek leave to

2   amend, which was approved by the Court via a stipulation giving the deadline "the force of a Court

3   order." *Id*. Nevertheless, the plaintiff did not move to amend until two months *after* the court's

4   deadline, leaving the Court to find such failure "by itself . . . enough to warrant denying his motion

5   for leave to amend." *Id*. Here, by contrast, Plaintiffs have doggedly sought discovery (including

6   discovery concerning application-related issues and data) since serving their initial discovery

7   requests, *see, e.g.,* Dkt. 137-3, ¶¶ 3-4, while *Google* has hindered the discovery process by, for

8   example, delaying its production of class event data and plaintiff data, all of which is documented

9   in the parties' October 9, 2025 Joint Statement Regarding Discovery Dispute relating to the class

10   data. *See* Dkt. 123 at 2-5.

11       Google further argues that Judge van Keulen "has already rejected the notion" that references

12   in the current complaint "placed mobile applications at issue in this case, and Plaintiffs may not

13   relitigate that determination under the guise of amendment." *See* Opposition at 5. Yet Google cites

14   no authority supporting its contention that Plaintiffs cannot amend their complaint to buttress the

15   allegations that Judge van Keulen found to be insufficient. *But see, e.g., Ching v. Gen. Motors LLC*,

16   346 F.R.D. 106, 1156 (N.D. Cal. 2024) (granting plaintiffs leave to amend to cure deficiencies

17   identified in order). And the fact that Plaintiffs' previous complaint may have focused more on

18   Google Analytics' collection of data from websites than from mobile applications does not prevent

19   Plaintiffs from amending their complaint to include further allegations concerning Google's illicit

20   collection of mobile application data, particularly where Plaintiffs have been diligently pursuing

21   discovery related to mobile applications, and when one of the new proposed Plaintiffs used a mobile

22   application from which Google collected sensitive data. *See* FAC, ¶ 13.

23

24

25   _____

26       [4] While the defendant in *Turner* "did not consent to the proposed amendment because the
     pleading amendment deadline had passed almost two years ago, … the parties agreed to modify the

27   case schedule to accommodate Turner's anticipated motion for leave to amend." *Id*. at *2.

28

1          2.     **New CIPA and UCL Claims**

2          Plaintiffs have also been diligent in seeking to amend their complaint to add new claims

3   under Section 638.51 of CIPA and the UCL. Google argues Plaintiffs "had the core facts underlying

4   these proposed claims from the outset of the litigation." *See* Opposition at 2. However, Plaintiffs

5   did not know exactly what types of their user information were collected by Google until it finally

6   produced ████████, first requested on August 20, 2024,[5] and until after Plaintiffs had the

7   opportunity to analyze █████.[6] In light of Google's extensive delay in producing this information,

8   it cannot now complain that Plaintiffs were insufficiently diligent, and Plaintiffs should not be

9   penalized for waiting until they had what they believed to be an ironclad evidentiary basis to assert

10  their Section 638.51 claims.[7]

11         This is akin to what occurred before this Court in *In re Meta Pixel Tax Filing Cases*, Case

12  5:22-cv-07557-PCP (N.D. Cal.), where the plaintiffs sought to move to amend their complaint to

13  add a Section 638.51 claim only after they had obtained records of the specific data that Meta had

14  collected from the plaintiffs. *See* Dkt. 164 at 7 ("Plaintiffs' new claim and allegations are based on

15  evidence found during discovery. Specifically, evidence produced by Meta in this case, which

16  showed the information collected by Meta's tracking pixel, supports the additional CIPA § 638.51

17  claim and further supports Plaintiffs' already pending claims."). Similarly here, once Plaintiffs

18

19         [5] *See* Dkt. 122-2 at 6 (Plaintiffs' RFP 16 requesting "[a]ll logs of PLAINTIFFS' data
20  collected by GOOGLE or any third party, including types of data, volumes of data, and specific user
    activity records.").

21         [6] While Google produced ██████████████████████ on September
22  30, 2025, weeks *after* Wright was dismissed from the case on September 11, 2025, *see* Dkt 121, it
    did not produce ████████████████ until December 23, 2025. *See* Liskow Reply
23  Declaration, ¶ 4.

24         [7] Google claims Plaintiffs "offer no explanation for why they waited until now to assert these
25  new statutory claims, which are regularly brought in tandem with claims like those alleged in the
    operative complaint[,]" and cites to nine cases in support. *See* Opposition at 7 n.2. However, in five
26  of those cases the plaintiffs brought CIPA claims under Sections 631 and/or 632, and not under
    Section 638.51. Here, Plaintiffs also brought certain CIPA claims in their operative complaint, but
27  are now seeking to add an additional CIPA claim under Section 638.51, along with a UCL claim.

28

1    obtained and analyzed ████████████████████████████████████████████

2    ██████████████████████, *see* Dkt. 137-3, ¶ 7, Plaintiffs promptly moved to amend their

3    complaint to add the Section 638.51 claim. *See supra*, note 6.

4        Google attempts to distinguish the cases cited in the Motion by contending that Plaintiffs

5    cannot "rely on cases permitting amendment shortly after discovery revealed genuinely new facts."

6    *See* Opposition at 5. However, as stated in their Motion, Plaintiffs' proposed amendments are

7    grounded, in part, on their analysis of discovery recently produced by Google, including data

8    produced on December 23, 2025, which ████████████████████████████████████

9    ████████████████████████████████████. *See* Dkt. 137-3, ¶ 7.

10   Plaintiffs' Motion was filed just one month after Plaintiffs received ██████. Like the plaintiffs in

11   *Butler v. Unified Life Insurance Company*, No. CV 17-50-BLG-SPW-TJC, 2018 WL 10811782, at

12   *3 (D. Mont. Dec. 3, 2018), Plaintiffs vigorously sought discovery that led to information upon

13   which their new ██████████ claims are based, and then promptly sought leave to amend.[8]

14   **B.    Google Would Not Be Substantially Prejudiced by the Proposed Amendments**

15       Plaintiffs do not anticipate requiring significant additional discovery relating to the mobile

16   application allegations. Instead, any such discovery will likely be limited to discovery requests

17   Plaintiffs have already propounded, which Google has now had over 18 months to consider. *See*

18   Dkt. 122 at 8; Dkt. 122-2 (RFPs for application-related data served August 2024). And although

19   Google tersely asserts that "adding mobile app allegations and classes would redouble the discovery

20   burdens on Google because mobile apps use" Google Analytics and Firebase Analytics ("GA4F"),

21   Opposition at 8, Google does not explain how or why this would "likely" require "additional

---

[8] *See also Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, No. 2:05-cv-00583-LKK-GGH, 2006 WL 3733815, at *4 (E.D. Cal. Dec. 15, 2006) (good cause where new information was discovered two months before motion for leave was filed); *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 478-81 (E.D. Cal. 2022) (good cause where plaintiff filed motion for leave three and a half months after first deposition began and a few weeks after last deposition leading to discovery of new information was concluded); *Ronan Tel. Co. v. Verizon Select Servs., Inc.*, 340 F.R.D. 167, 171 (D. Mont. 2021) (good cause where party became aware of additional theories to support amendments after time to amend passed).

custodial discovery, data sampling, and new expert analysis." Opposition at 8. *See also Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 804-05 (N.D. Cal. 2024) (finding no prejudice where party offered "only conclusory arguments as to how granting leave to amend would prejudice her interests" and noting that "speculative harm does not establish the degree of prejudice necessary to overcome the courts' preference for permitting amendment in order to resolve cases on their merits"). And in fact, ██████████████████████████████████████████

████████████████████████████████████." *See* Liskow Reply Declaration, ¶ 5.[9] This demonstrates both that ██████████████████████████████████████████████████████

████████████████████████████████████████████.

Google also would not be substantially prejudiced by the addition of the new CIPA and UCL claims, as little additional discovery would be required, if any, if the amendments were permitted. Based on only its *ipse dixit*, Google asserts that adding these two new claims "would be a major expansion that would cause further delay and substantial cost burdens on Google." Opposition at 8. But for the Section 638.51 claim, no substantial new discovery by Plaintiffs is anticipated or required, and it is unclear how adding this claim would affect Google's "costs" where it has *already agreed* to provide a sample of class event data that will include "pen register" data. *See* Liskow Reply Declaration, ¶ 6. Moreover, Plaintiffs are not aware of any new discovery that is required for the UCL claim, nor does Google identify any, and as Plaintiffs already seek to certify other nationwide classes[10] there is no apparent basis for Google's evidence-free claim of potential "delay" or "substantial cost burdens" arising from the UCL claim. "The fact that the amended [pleading]

---

[9] Google asserts that "Plaintiffs have not obtained evidence in discovery about mobile apps or GA4F at all." Opposition at 3. But as shown here, that is simply not accurate.

[10] Google argues "the UCL claim would introduce a proposed nationwide public injunctive relief class and equitable remedies" which "would likely require additional discovery and expert analysis on the eve of class certification." *See* Opposition at 8. However, Google does not say why this is the case, or even that the addition of the UCL claim definitely *would* require additional discovery, and instead only opines that additional discovery is "likely." *Id.*; *see also Srigley*, 748 F. Supp. 3d at 804 (party opposing amendment bears burden of showing prejudice).

may cause more work does not constitute prejudice." *Fru-Con*, 2006 WL 3733815, at *5 (noting majority of facts leading to addition of new parties were previously revealed in discovery).

### C.    Google Does Not Contest the Remaining Rule 15(A) Factors

Plaintiffs' Motion addressed each of the four Rule 15(a) factors and how they strongly favor granting Plaintiffs' leave to amend the complaint. *See* Motion at 7-10. Google only contests two of these factors in its Opposition—prejudice and undue delay—while tacitly conceding Plaintiffs do not seek the amendments in bad faith, or that the amendments would be futile. *See id.* As Google has failed to demonstrate prejudice or make a "strong showing of any of the remaining [Rule 15(a)] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original) (citations omitted). Based on this presumption, the Court should grant the Motion in full.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, and the reasons set forth in the Motion, Plaintiffs respectfully request that the Court grant Plaintiffs' leave to file their proposed FAC.

Dated: February 27, 2026

Respectfully submitted,

**HECHT PARTNERS LLP**

By: */s/ Michael Liskow*
Lori G. Feldman, *Admitted Pro Hac Vice*
Michael Liskow (State Bar No. 243899)
125 Park Ave., 25th Floor
New York, NY 10017
Phone: (212) 851-6821
Fax: (888) 421-4173
E-mail: lfeldman@hechtpartners.com
        mliskow@hechtpartners.com

**BURSOR & FISHER, P.A**.
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com

**HECHT PARTNERS LLP**
Rebecca A. Peterson (State Bar No. 241858)
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
Facsimile: (888) 421-4173
E-mail: rpeterson@hechtpartners.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Kate M. Baxter-Kauf, *Admitted Pro Hac Vice*
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, *Admitted Pro Hac Vice*
12333 Sowden Road, Suite B, PMB 51811
Houston, TX 77080
Telephone: (832) 848-0036
E-mail: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, *Admitted Pro Hac Vice*
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson, *Admitted Pro Hac Vice*
2500 Wilcrest Drive, Suite 300
Houston, TX 77042-2754
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
Email: jemerson@emersonfirm.com

**SMITH KRIVOSHEY, P.C.**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street
5th Floor, #1520
Boston, MA 02116
Telephone: 617-377-7404
joel@skclassactions.com

*Attorneys for Plaintiffs*