UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY L. SMITH, et al.,

Plaintiffs,

v.

GOOGLE, LLC,

Defendant.

Case No.  23-cv-03527-PCP

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND**

Re: Dkt. Nos. 136, 137, 144

Now before the Court is plaintiffs' motion for leave to amend their complaint. For the reasons set forth below, the Court grants in part and denies in part the motion. The Court also denies plaintiffs' related sealing motions.

**BACKGROUND**

In this putative class action, plaintiffs allege that defendant Google LLC unlawfully collected financial and other data about users of certain tax websites through the Google Analytics tool. The Court previously denied Google's motion to dismiss, and the parties have since been engaged in discovery. In December 2025, the parties stipulated to voluntarily dismiss the claims of three named plaintiffs, including the only California-resident plaintiff.

Though the Court set a September 2024 deadline to amend the pleadings, plaintiffs now move for leave to amend their complaint to make five changes.

First, they seek to add four new California plaintiffs because there are presently no named plaintiffs who can assert a claim under § 631 of California's Invasion of Privacy Act (CIPA) or represent the putative class and subclass that are limited to California residents.

Second, they seek to add allegations concerning Google's collection of data from tax-filing mobile applications in addition to their existing allegations about Google's data collection from tax-filing websites.

Third, they seek to add a new pen-register claim under CIPA § 638.51.

Fourth, they seek to add a new claim under California's Unfair Competition Law.

And fifth, they seek generally to conform the allegations and class definitions in the complaint to the evidence obtained in discovery, including by adding more detailed allegations concerning the mechanisms by which Google allegedly collects tax-filing data.

## LEGAL STANDARD

To amend a pleading after the scheduling order deadline, the moving party must demonstrate good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b) and show that amendment is warranted under Federal Rule of Civil Procedure 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Under Rule 15, the propriety of amendment depends on "the presence of any four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 2014). And "[al]though prejudice to the opposing party is relevant, diligence is Rule 16(b)'s primary focus." *Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 803 (N.D. Cal. 2024) (citing *Johnson*, 975 F.2d at 609).

## ANALYSIS

### I.　Plaintiffs' motion for leave to amend is granted in part and denied in part.

As noted above, plaintiffs seek leave to amend their complaint in five ways. Google does not oppose the addition of the new California plaintiffs. And Google offers no argument in opposition to plaintiffs' general conformation of the allegations and class definitions in the complaint to the evidence obtained in discovery, including through the addition of more factual details about the mechanisms through which Google allegedly collects tax-filing data. The Court therefore grants plaintiffs leave to amend with respect to these unopposed changes.

Google opposes plaintiffs' other proposed amendments, that is, the addition of new allegations relating to mobile applications and of new claims under CIPA § 638.51 and the UCL. The Court addresses each proposed amendment in turn.

#### A.　The Court denies leave to add allegations concerning mobile applications.

Plaintiffs' current complaint focuses on Google's alleged collection of data from tax-filing

2

services' websites. Plaintiffs now seek to add allegations concerning Google's collection of data from those services' mobile applications and to broaden the class definitions to include users of those mobile applications. But Google argues, and the Court agrees, that plaintiffs have not shown diligence in adding these allegations and expanded class definitions. As a result, plaintiffs have not satisfied their burden of showing good cause to modify the amendment deadline under Rule 16(b).

Plaintiffs' only argument concerning diligence is that their proposed amendments seek to conform the complaint to evidence recently obtained in discovery. Yet their motion identifies no recently obtained data relating to mobile applications. Rather than being motivated by new evidence disclosed in discovery, plaintiffs' request to add allegations relating to mobile applications appears to be based on a *lack* of evidence. Because the current complaint "specifically focuses" on Google's data collection from websites and makes passing reference to mobile applications "solely in the context of background," the magistrate judge denied plaintiffs' requests for discovery related to mobile applications. *See* Dkt. No. 126 at 3–4. As plaintiffs concede in their reply, their proposed amendments seek to overcome the magistrate judge's ruling by providing a basis for discovery concerning mobile applications. In other words, instead of discovery driving amendment, which might show diligence, plaintiffs seek to use amendment to enable broader discovery. Plaintiffs offer no meaningful explanation for why they could not have included these allegations in the current complaint. The Court therefore concludes that plaintiffs have not shown diligence and denies leave to amend with respect to the mobile-application allegations.

### B.    The Court grants leave to add a claim under CIPA § 638.51.

Plaintiffs also seek to add a new pen-register claim under CIPA § 638.51. Google opposes their request on the grounds that (1) plaintiffs have not shown sufficient diligence to satisfy Rule 16(b) and (2) the amendment would prejudice Google such that leave to amend is not proper under Rule 15.

As to diligence under Rule 16(b), plaintiffs argue that their late addition of the § 638.51 claim is based on evidence newly obtained in discovery. Plaintiff's counsel attested that Google

only recently produced data (in September and December 2025) that "detail[s] the types of user information Google collected from the Tax Preparers via Google Analytics," which "confirmed that Google Analytics collected 'pen register' information … including, but not limited to, gender, identifying information, browser and device information, URLs of webpages visited, and geolocation data … of users' IP addresses." Such discovery of new evidence supporting a claim provides good cause to amend. *See Amarte USA Holdings, Inc. v. Kendo Holdings, Inc.*, No. 22-CV-08958-CRB, 2023 WL 8420896, at *9 (N.D. Cal. Dec. 4, 2023) ("[D]iscovery of new evidence is often sufficient to satisfy the good cause standard." (quoting *Macias v. Cleaver,* No. 1:13-CV-01819-BAM, 2016 WL 8730687 *4 (E.D. Cal. Apr. 8, 2016))).

Google contends that plaintiffs were not diligent because they suspected that Google collected pen-register data when they filed their current complaint. As support, Google notes that the complaint alleged that "Google Analytics collects information about the user's browser, language, clicks, downloads, and form interactions, as well as the titles of webpages, and matches the information it collects with a user's location, gender, and general interests." *Smith v. Google, LLC*, 735 F. Supp. 3d 1188, 1193–94 (N.D. Cal. 2024). Even so, the confirmation of those suspicions through discovery constitutes good cause to amend to add a pen-register claim. After all, "having a suspicion and having sufficient information to ... [plead] a claim ... are two very different matters." *Amarte*, 2023 WL 8420896, at *9 (quoting *Reald Spark, LLC v. Microsoft Corp.*, No. 2:22-CV-00942-TL, 2023 WL 7110505 *3 (W.D. Wash. Oct. 27, 2023))). As the Court has explained elsewhere, "waiting to amend a complaint or answer until a strong evidentiary basis for the amended claims has been developed is preferable to prematurely asserting those claims on the basis of a limited record that may or may not support them." *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 655 (N.D. Cal. 2025). The Court therefore concludes that plaintiffs have shown diligence and good cause to modify the amendment deadline under Rule 16(b) with respect to their proposed pen-register claim.

As to Rule 15, Google bears the burden of establishing prejudice as the party opposing amendment. *Srigley*, 748 F. Supp. 3d at 804. It has not done so. Most of Google's arguments as to prejudice concern the addition of allegations related to mobile applications or the proposed UCL

4

United States District Court
Northern District of California

claim. Google offers only a single conclusory sentence to argue that adding a § 638.51 claim would cause prejudice: "[A]dding two new claims to the case would be a major expansion that would cause further delay and substantial cost burdens on Google." That unsupported and speculative statement is not sufficient to show prejudice. *See id.* at 804–05. Google offers no other basis to deny leave to amend with respect to the proposed § 638.51 claim. Thus, the Court grants plaintiffs' motion with respect to that claim.

### C.    The Court denies leave to add a UCL claim.

Finally, plaintiffs seek to add a claim under the UCL. Google argues, and the Court agrees, that plaintiffs have not shown diligence in adding this claim.

Plaintiffs argue that the UCL claim, like their proposed § 638.51 claim, is based on newly obtained evidence. But in the proposed amended complaint, the UCL claim is neither limited nor expressly linked to the newly obtained evidence underlying the § 638.51 claim. Instead, the proposed amended complaint states broadly that "Google has engaged in unlawful acts" under the UCL "by its violations of the statutory claims asserted in this complaint." The proposed amended complaint further states that "Google has engaged in unfair acts" under the UCL "by surreptitiously collecting the data at issue in this litigation for its own business purposes." In other words, the proposed UCL claim incorporates not only the proposed § 638.51 claim and Google's newly revealed collection of pen-register data, but also plaintiffs' existing statutory claims and the long-alleged data disclosures underlying those claims. It is therefore apparent that plaintiffs had the requisite knowledge and evidence to assert their proposed UCL claim when filing the current complaint. Plaintiffs have not explained why they would have been unable to do so.

Because of plaintiffs' apparent lack of diligence, the Court declines to modify the amendment deadline under Rule 16(b) and denies leave to amend with respect to the proposed UCL claim.

## II.    Plaintiffs' sealing motions are denied.

In connection with their motion for leave to amend, plaintiffs filed two administrative motions to consider whether certain information in the briefing on the motion and the exhibits thereto should be sealed because Google had designated the information as confidential. Plaintiffs'

United States District Court
Northern District of California

sealing motions explained that they "submit[ted] th[e] request[s] only to comply with their obligations under Local Rule 79-5 and the protective order issued in the case," and they "take no position … on the propriety of Google's confidentiality designations, or whether they meet the compelling reasons test for retaining confidentiality." Google failed to file any statement in support of sealing within the time prescribed by Civil Local Rule 79-5. Accordingly, the sealing motions are denied. Plaintiffs are ordered to file unredacted versions of each document filed provisionally under seal on the public docket within 14 days of this order.

**CONCLUSION**

For the foregoing reasons, the Court grants plaintiffs' motion for leave to amend their complaint (Dkt. No. 137) except insofar as plaintiffs seek to add allegations concerning mobile applications or to assert a new UCL claim. The Court denies plaintiffs' related sealing motions (Dkt. Nos. 136 and 144). Plaintiffs shall file an amended complaint incorporating only those amendments permitted by this Order within 14 days.

**IT IS SO ORDERED.**

Dated: April 17, 2026

P. Casey Pitts
United States District Judge