COOLEY LLP
BENEDICT HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
EMILY ABBEY (341762)
(eabbey@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
JULIA M. IRWIN (352861)
(JIrwin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
GOOGLE, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MARY SMITH et al., individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE, LLC,<br><br>        Defendant. | Case No. 5:23-cv-03527-PCP<br>(Consol. w/ 5:23-cv-04191-BLF)<br><br>**GOOGLE, LLC'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT (CORRECTED)**<br><br>Dept:       Ctrm. 8 – 4th Floor<br>Judge:      Honorable P. Casey Pitts<br><br>Date Action Filed:   7/14/2023 |

Defendant Google LLC ("Google") answers the First Amended Consolidated Class Action Complaint (Corrected) ("Complaint") filed on April 30, 2026, by Plaintiffs Mary L. Smith, Tracylyn Patterson, Cary Goldberg, Tiffany Layton, Jamila Armstrong, Joseph Sebastian Nino, Cecilia Yeager, Daniel Aaron, and Mario Alexander Gonzalez ("Plaintiffs"), according to its numbered paragraphs as follows below.  Except as expressly admitted, Google denies all allegations in the Complaint. Any admission is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.

## NATURE OF THE ACTION

1.    Google admits that Plaintiffs filed this case as a putative class action against Google, asserting claims for wiretapping, among other claims. Otherwise, denied.

2.    Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions.

3.    Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies them.

4.    Google admits that Plaintiffs filed this case as a putative class action against Google, asserting claims for wiretapping, among other claims. Otherwise, denied.

5.    Google admits that Plaintiffs filed this case as a putative class action against Google asserting claims for wiretapping, among other claims. Otherwise, denied.

## THE PARTIES

6.    Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies them.

7.    Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies them.

8.    Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies them.

9.    Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

10.     Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11.     Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies them.

12.     Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies them.

13.     Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies them.

14.     Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies them.

15.     Google admits that it is a Delaware limited liability company with its principal place of business in Mountain View, California. Otherwise, denied.

## JURISDICTION AND VENUE

16.     Paragraph 16 calls for a legal conclusion to which no response is required; to the extent a response is required, Google admits this Court has jurisdiction over this action.

17.     Paragraph 17 calls for a legal conclusion to which no response is required; to the extent a response is required, Google admits that venue is proper in this Court.

## STATEMENT OF FACTS

### The Evolution of Google's Business Model: From Search Engine to Surveillance[1]

18.     Google admits that it provides advertising services, analytics services, a search engine, email services, and cloud services. Google states that the webpages referred to and cited to by Paragraph 18 and footnotes 1 and 2 speak for themselves, and therefore no response is required. Otherwise, denied.

---

[1] Google interprets any headings to provide a roadmap to the allegations and not as allegations themselves. Google therefore does not provide a specific response to the headings. To the extent a response is required, Google denies any allegations contained therein. The various headings and subheadings in the Complaint are reproduced herein solely for convenience.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

19. Google admits that it provides advertising services, and a search engine. Google states that the websites referred to and quoted in Paragraph 19, and cited in footnotes 3 through 8, speak for themselves, and therefore no response is required. Otherwise, denied.

20. Google states that the websites referred to in Paragraph 20 and cited in footnotes 9 and 10 speak for themselves, and therefore no response is required. Otherwise, denied.

21. Google admits that it offers an advertising service. Google also admits that it offers an analytics service. Google states that the websites referred to Paragraph 21 and cited in footnotes 11 through 14 speak for themselves, and therefore no response is required. Otherwise, denied.

22. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google further states that the websites referred to and quoted in Paragraph 22, and cited in footnotes 15 and 16, speak for themselves, and therefore no response is required. Otherwise, denied.

23. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google also admits that Google Analytics allows developers to use "events" to measure a specific interaction or occurrence on the developers' websites or apps. Google states that the websites referred to and quoted in Paragraph 23, and cited in footnotes 17 through 19, speak for themselves, and therefore no response is required. Google notes that the websites cited in Paragraph 23, footnotes 17 and 18, have been updated since the filing of the Complaint, and "[c]onversions are now called key events." *See* https://support.google.com/analytics/answer/12799087?hl=en&sjid=3548329945210241384-NA (last accessed May 19, 2026). Otherwise, denied.

### *Google Analytics*

24. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google states that the websites referred to and quoted in Paragraph 24, and cited in

C OOLEY LLP
A TTORNEYS AT L AW
S AN F RANCISCO

4

**G OOGLE ' S A NSWER TO F IRST A MENDED
C ONSOLIDATED C LASS A CTION C OMPLAINT
(C ORRECTED ); (C ASE N O . 5:23- CV -03527-PCP)**

footnotes 20 through 25, speak for themselves, and therefore no response is required. Otherwise, denied.

25.    Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google states that the websites referred to and quoted in Paragraph 25, and cited in footnotes 26 and 27, speak for themselves, and therefore no response is required.  Google notes, however, that the website cited in Paragraph 25, footnote 27 says nothing about whether the alleged "tracking pixel" is, as Plaintiffs allege, "a default feature of Google Analytics."  Otherwise, denied.

26.    Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google further admits that it is up to the developer using Google Analytics to choose how to configure its Google Analytics settings. Google states that the website referred to and quoted in Paragraph 26, and cited in footnotes 28 through 33, speaks for itself, and therefore no response is required.  Otherwise, denied.

27.    Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google also admits that Google Analytics allows developers to use "events" to measure a specific interaction or occurrence on the developers' websites or apps. Google further admits that Google Analytics collects certain "Automatically Collected Events," which are triggered by certain of the users' basic interactions with the developer's app or site. Google states that the websites referred to and quoted in Paragraph 27 and cited in footnote 34 speaks for itself, and therefore no response is required.  Otherwise, denied.

28.    Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Otherwise, denied.

29.     Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Otherwise, denied.

Cooley LLP
Attorneys at Law
San Francisco

5

Google's Answer to First Amended
Consolidated Class Action Complaint
(Corrected); (Case No. 5:23-cv-03527-PCP)

30.     Paragraph 30 contains legal conclusions, characterizations, or arguments, to which no response is required. Google also states that the discovery referred to in Paragraph 30 speaks for itself, and therefore no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 30.

31.     Paragraph 31 contains legal conclusions, characterizations, or arguments, to which no response is required. Google also states that the records referred to in Paragraph 31 speak for themselves, and therefore no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 31.

32.     Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Otherwise, denied.

33.     Paragraph 33 contains legal conclusions, characterizations, or arguments, to which no response is required. Google also states that the website referred to in Paragraph 33 and cited in footnote 35 speaks for itself, and therefore no response is required.  To the extent a response is required, Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction and that Google provides the developer with a report to view their measurement. Otherwise, denied.

34.     Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google also admits that developers can use Google Analytics with other Google solutions. Additionally, Google also states that the website cited in Paragraph 34, footnote 36 speaks for itself and therefore no response is required.  Otherwise, denied.

35.     Google admits that it provides analytics and advertising services, which at various times H&R Block, TaxAct, and TaxSlayer may have used in various ways. Google also states that

Cooley LLP
Attorneys at Law
San Francisco

6

Google's Answer to First Amended
Consolidated Class Action Complaint
(Corrected); (Case No. 5:23-cv-03527-PCP)

the website referred to in Paragraph 35 and cited in footnote 37 speaks for itself, and therefore no response is required. Google denies all remaining allegations in Paragraph 35.

36.    Google lacks knowledge and information sufficient to form a belief as to the truth of the allegation in Paragraph 36 and on that basis denies it.

37.    Google states that the website referred to in Paragraph 37 and cited in footnote 38 speaks for itself, and therefore no response is required.  To the extent a response is required, Google states that it does not know what Plaintiffs mean by "has been available in some form" and thus lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and on that basis denies the allegations. Otherwise, denied.

### *Google Secretly Hoovers Up Vast Amounts of Private Tax Return Information*

38.    Google admits that it provides analytics services, which H&R Block, TaxAct, and TaxSlayer may have used at various times in various ways. Google denies all remaining allegations in Paragraph 38.

39.    Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Otherwise, denied.

40.    Google states that the webpages referenced in Paragraph 40 and footnotes 39 and 40 speak for themselves, and therefore no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 40. Google denies the remaining allegations in Paragraph 40.

41.    Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google states that the website characterized in Paragraph 41 and cited in footnote 41 speaks for itself, and therefore no response is required. Otherwise, denied.

42.    Google admits that it provides analytics services, which H&R Block, TaxAct, and TaxSlayer may have used at various times in various ways. Google lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and on that basis denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

43.    Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Otherwise, denied.

44.    Google admits that it provides analytics services, which H&R Block, TaxAct, and TaxSlayer may have used at various times in various ways. Google further states that the *Attacks on Tax Privacy* Senate Report characterized in Paragraph 44 and cited in footnote 42 speaks for itself, and therefore no response is required. Google lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, as they pertain to the conduct of Plaintiffs and the third-party Tax Preparers, and on that basis denies them.

45.    Paragraph 45 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 45.

46.    Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google further admits that Google Analytics collects pseudonymous information about users' interactions with the developers' website.  To the extent Paragraph 46 quotes and paraphrases the *Attacks on Tax Privacy* Senate Report cited in footnote 43, Google asserts that the Report speaks for itself and no response is required. Otherwise, denied.

47.    Google admits that the Google Analytics Terms of Service prohibit app developers from sending Google Analytics any data that contains personally identifiable information.  To the extent Paragraph 47 quotes and paraphrases the *Attacks on Tax Privacy* Senate Report cited in footnote 44, Google asserts that the Report speaks for itself and no response is required. Otherwise, denied.

48.    The *Attacks on Tax Privacy* Senate Report characterized in Paragraph 48 and cited in footnote 45 speaks for itself, and therefore no response is required. Otherwise, denied.

*Google Did Not Receive Consent To Receive Confidential Tax Information*

49.    Paragraph 49 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 49 cites partially to the Internal Revenue Code and denies any remaining allegations.

50.    Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction and that Google provides the developer with a report to view their measurements. Google also admits that Google Analytics collects pseudonymous information about users' interactions with the developers' website. Otherwise, denied.

51.    Google denies the allegations in Paragraph 51.

52.    Google admits that the Google Analytics Terms of Service prohibit app developers from sending Google Analytics any data that contains personally identifiable information, and Google's personalized advertising policies prohibit personalized advertising based on sensitive information or prohibited categories. Additionally, Paragraph 52 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 52.

## CLASS ACTION ALLEGATIONS

53.    Paragraph 53 sets forth Plaintiffs' proposed class definitions and does not require a response.  To the extent a response is required, Google denies any allegations in Paragraph 53, and denies that class certification is appropriate in this action.  Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

54.    Paragraph 54 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 54 and reserves all rights to oppose modification or amendment of the proposed class definitions.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

55. Paragraph 55 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 55.

56. Paragraph 56 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 56.

57. Paragraph 57 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 57.

58. Paragraph 58 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 58.

59. Paragraph 59 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 59.

60. Paragraph 60 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 60.

## COUNT I

### Violation of the California Invasion of Privacy Act,

### California Penal Code § 631

61. Google incorporates its responses in the preceding paragraphs of this Answer.

62. Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

63. Paragraph 63 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 63 purports to cite to Section 631(a) of CIPA; Google otherwise denies the allegations in Paragraph 63.

Cooley LLP
Attorneys at Law
San Francisco

10

Google's Answer to First Amended
Consolidated Class Action Complaint
(Corrected); (Case No. 5:23-cv-03527-PCP)

64. Paragraph 64 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 64 purports to cite to and characterize certain case law; Google otherwise denies the allegations in Paragraph 64.

65. Paragraph 65 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 65.

66. Paragraph 66 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 66.

67. Paragraph 67 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 67.

68. Paragraph 68 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 68.

69. Paragraph 69 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 69.

## COUNT II

### Violation of the California Invasion of Privacy Act ("CIPA"),

### California Penal Code § 632

70. Google incorporates its responses in the preceding paragraphs of this Answer.

71. Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

72. Paragraph 72 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 72 cites CIPA's statement of purpose and Section 632(a). Otherwise, denied.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

73.    Paragraph 73 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments and denies the remaining allegations in Paragraph 73.

74.    Paragraph 74 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 74.

75.    Paragraph 75 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 75.

76.    Paragraph 76 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 76.

## COUNT III

### Violation of the California Invasion of Privacy Act,

### California Penal Code § 635

77.    Google incorporates its responses in the preceding paragraphs of this Answer.

78.    Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

79.    Paragraph 79 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 79 cites Section 635 of the California Penal Code. Otherwise, denied.

80.    Paragraph 80 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 80.

81.    Paragraph 81 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 81.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

82.    Paragraph 82 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 82.

83.    Paragraph 83 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 83.

## COUNT IV

### Violation of the California Invasion of Privacy Act,

### California Penal Code § 638.51

84.    Google incorporates its responses in the preceding paragraphs of this Answer.

85.    Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

86.    Paragraph 86 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 86 cites CIPA Section 638.50(b). Otherwise, denied.

87.    Paragraph 87 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 87.

88.    Paragraph 88 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 88.

89.    Paragraph 89 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 89.

90.    Paragraph 90 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 90.

Cooley LLP
Attorneys at Law
San Francisco

13

Google's Answer to First Amended
Consolidated Class Action Complaint
(Corrected); (Case No. 5:23-cv-03527-PCP)

91.    Paragraph 91 contains legal conclusions, characterizations, or arguments, to which no response is required. Google also states that the discovery referred to in Paragraph 91 speaks for itself, and therefore no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 91.

92.    Paragraph 92 contains legal conclusions, characterizations, or arguments, to which no response is required. Google also states that the records referred to in Paragraph 92 speak for themselves, and therefore no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 92.

93.    Paragraph 93 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 93.

94.    Paragraph 94 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 94.

## COUNT V

### Violation of the Federal Wiretap Act,

### 18 U.S.C. § 2512, *et seq.*

95.    Google incorporates its responses in the preceding paragraphs of this Answer.

96.    Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

97.    Paragraph 97 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google admits that Paragraph 97 cites to the Federal Wiretap Act, 18 U.S.C. § 2511. Otherwise, denied.

Cooley LLP
Attorneys at Law
San Francisco

14

Google's Answer to First Amended
Consolidated Class Action Complaint
(Corrected); (Case No. 5:23-cv-03527-PCP)

98.     Paragraph 98 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 98.

99.     Paragraph 99 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 99.

100.     Paragraph 100 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 100.

101.     Paragraph 101 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 101.

102.     Paragraph 102 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 102.

103.     Paragraph 103 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google admits that Paragraph 103 cites the Federal Wiretap Act, 18 U.S.C. § 2510.  Otherwise, denied.

104.      Paragraph 104 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 104.

105.     Paragraph 105 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 105.

106.     Paragraph 106 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 106.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

107.    Paragraph 107 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 107.

108.    Paragraph 108 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations and denies that Plaintiffs are entitled to relief.

## COUNT VI

### Violation of the Federal Wiretap Act,

### 18 U.S.C. § 2512

109.    Google incorporates its responses in the preceding paragraphs of this Answer.

110.    Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

111.    Paragraph 111 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google admits that Paragraph 111 cites the Federal Wiretap Act, 18 U.S.C. § 2512(1)(b).  Otherwise, denied.

112.    Paragraph 112 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 112.

113.    Paragraph 113 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 113.

114.    Paragraph 114 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 114.

115.    Paragraph 115 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations and denies that Plaintiffs are entitled to relief.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

## COUNT VII

### Violation of the Florida Security of Communications Act,

### Florida Statutes § 934.10

116.    Google incorporates its responses in the preceding paragraphs of this Answer.

117.    Google admits that Plaintiffs filed this case as a putative class action. Otherwise, denied.

118.    Paragraph 118 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google admits that Paragraph 118 cites Florida's Security of Communications Act, Fla. Stat. § 934.03.  Otherwise, denied.

119.    Paragraph 119 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 119.

120.    Paragraph 120 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 120.

121.    Paragraph 121 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations and denies that Plaintiffs are entitled to relief.

### PRAYER FOR RELIEF

Google denies that Plaintiffs are entitled to relief.

### JURY TRIAL DEMAND

Google admits that Plaintiffs purport to demand a trial by jury of all issues so triable.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### (Unjust Enrichment)

Plaintiffs and the members of the putative class would be unjustly enriched if they recovered from Google any of the damages alleged in the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

## SECOND DEFENSE

### (Consent)

Plaintiffs and the members of the putative class consented and received disclosures of all of Google's complained-of acts and conduct; thus, the Complaint, and each purported cause of action in it, is barred.

## THIRD DEFENSE

### (Statute of Limitations)

The Complaint, and each purported cause of action in it, is barred in whole or in part by the applicable statutes of limitations, including but not limited to Cal. Civ. Proc. Code § 340(a), 18 U.S.C. § 2520(e), and Fla. Stat. § 934.10(3).

## FOURTH DEFENSE

### (Waiver)

Plaintiffs and the members of the putative class, by reason of their own acts, omissions, representations, or course of conduct, are estopped from asserting, and have waived any right to assert, each of their respective claims against Google.

## FIFTH DEFENSE

### (Laches)

The claims of Plaintiffs and the members of the putative class are barred by the doctrine of laches.

## SIXTH DEFENSE

### (License)

Google had an implied or express license to utilize the information provided by users and at issue in the Complaint.

## SEVENTH DEFENSE

### (Equitable Estoppel)

The Complaint, including the claims alleged and relief sought, are barred in whole or in part, by the doctrine of equitable estoppel.  First, Plaintiffs and the members of the putative class were fully informed of, knew, and understood the details of the terms governing the challenged

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

service, and knowingly consented to those terms. Second, through their conduct, consent, representations and omissions, Plaintiffs intended that their conduct be acted upon, or acted in such a manner that Google had a right to reasonably believe they had accepted, authorized, or agreed to the practices alleged in the Complaint. Third, Google was ignorant of the true state of facts regarding any lack of consent by Plaintiffs. Finally, Google reasonably relied upon Plaintiffs' conduct and apparent consent to their injury.

## EIGHTH DEFENSE

### (Indemnification)

Any damages to which Plaintiffs and the members of the putative class may be found entitled in this action, if any, are subject to the agreements governing the relationship between Google and developers utilizing Google's analytics services such as H&R Block, TaxAct, and TaxSlayer, including, but not limited to, the indemnification clauses in the Terms of Service for Google Analytics.

## NINTH DEFENSE

### (Contractual Defenses)

Plaintiffs' and the members of the putative class's claims and damages are barred, in whole or in part, by contracts and/or agreements they entered into.

## TENTH DEFENSE

### (Failure to Mitigate)

Plaintiffs' and the members of the putative class's claims for damages are barred, in whole or in part, because they failed to mitigate the damages they allegedly suffered.

## ELEVENTH DEFENSE

### (Adequate Remedy at Law)

Plaintiffs and the members of the putative class are not entitled to equitable relief because they have an adequate remedy at law and the relief they request is not the proper subject of a judicial remedy.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

**TWELFTH DEFENSE**

**(Statutory Damages - Unconstitutional)**

Statutory damages should not be awarded or should otherwise be limited to the extent imposition of such damages would violate the Fifth, Eighth, or Fourteenth Amendments of the United States Constitution, Article 1 of the California Constitution, section 3294 of the California Civil Code, or any other provision of law.

**THIRTEENTH DEFENSE**

**(Unclean Hands)**

Plaintiffs and the members of the putative class are barred from recovery, in whole or in part, by the doctrine of unclean hands.

**FOURTEENTH DEFENSE**

**(Authorization)**

The Complaint and the alleged claims in it are barred, in whole or in part, because at all relevant times, Google's alleged conduct was authorized by the tax preparation websites at issue.

**FIFTEENTH DEFENSE**

**(Release)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent they have been released.

**SIXTEENTH DEFENSE**

**(Justification)**

The named Plaintiffs, and each and every member of the putative class, are barred from recovery because Google's actions were, in whole or in part, privileged, justified or excused by operation of law.

**SEVENTEENTH DEFENSE**

**(Intervening or Superseding Cause)**

Plaintiffs' claims—and each and every member of the putative class's claims—are barred, in whole or in part, because the damages alleged in the Complaint, if any, were caused by persons

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)

and entities other than Google. Such intervening and superseding conduct of others bars or diminishes recovery, if any, by Plaintiffs and the putative class members against Google.

## EIGHTEENTH DEFENSE

### (Unauthorized Remedies)

The Complaint and the alleged claims in it are barred in whole or in part because the remedies sought are unconstitutional, contrary to public policy, otherwise unauthorized, or not recognized by applicable state law.

## NINETEENTH DEFENSE

### (Supersession)

Plaintiffs and the members of the putative class are barred from recovery, in whole or in part, by the California Uniform Trade Secret Act, Cal. Civ. Code § 3426 *et seq.*, which supersedes Plaintiffs' recovery of damages.

Dated: May 20, 2026                     COOLEY LLP


                                        By: */s/ Benedict Hur*
                                        Benedict Hur
                                        Simona Agnolucci
                                        Eduardo E. Santacana
                                        Joshua Anderson
                                        Anika Holland
                                        Emily Abbey
                                        Naiara Toker
                                        Julia Irwin

                                        Attorneys for Defendant
                                        GOOGLE, LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

GOOGLE'S ANSWER TO FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
(CORRECTED); (CASE NO. 5:23-CV-03527-PCP)