United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY L. SMITH, et al.,
Plaintiffs,
v.
GOOGLE, LLC,
Defendant.

Case No. 23-cv-03527-PCP

**ORDER GRANTING MOTION TO WITHDRAW AND DISMISSING CECILIA YEAGER'S CLAIMS FOR FAILURE TO PROSECUTE**

Re: Dkt. Nos. 171, 172

Counsel for plaintiff Cecilia Yeager moves to withdraw from representing Yeager due to her failure to respond to counsel's repeated text messages, emails, and phone calls or otherwise cooperate in litigation of this case. The Court grants the motion. Counsel is ordered to notify Yeager that she is no longer represented and to serve a copy of this Order on Yeager by email and certified mail to her last known electronic and physical addresses. Counsel shall file proof of service by no later than September 10, 2026.

Because Yeager has persistently refused to communicate with her now-withdrawn counsel and has failed to cooperate in the litigation of this putative class action, the Court previously ordered Yeager to show cause why her claims should not be dismissed for failure to prosecute. The Court offered Yeager three opportunities to do so, explaining that she could respond to the order to show cause by (1) having new counsel enter an appearance on her behalf; (2) filing a written statement confirming her intent to proceed *pro se* and to actively litigate this case; or (3) appearing at the August 27, 2026 hearing on the motion to withdraw. Yeager did not take any responsive action. The Court therefore *sua sponte* considers whether to dismiss Yeager's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). In determining whether to dismiss, the Court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [other parties]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation modified). The Court may dismiss "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Yourish v. Calif. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Here, four factors favor dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.*

The second factor also favors dismissal. "It is incumbent upon the Court to manage its docket without being subjected to routine noncompliance of litigants such as" Ms. Yeager, *Pagtalunan*, 291 F.3d at 642, who flouted the Court's instruction to respond to the order to show cause. And Yeager's conduct has needlessly "consumed … the [C]ourt's time that could have been devoted to other cases on the docket" by forcing her former counsel to file a motion to withdraw and failing to appear at the hearing set by the Court. *See id.*

Third, the risk of prejudice to other parties favors dismissal. In this putative class action, plaintiffs' deadline to file their motion for class certification was on July 15, 2026. Yeager's refusal to communicate with her former counsel disrupted their preparations for filing that motion, requiring counsel to simultaneously prepare the motion to withdraw from representing Yeager and thereby prejudicing Yeager's co-plaintiffs by threatening the success of their efforts to certify a class. Yeager's conduct also prejudiced defendant by necessitating its appearance at a hearing in the week before defendant's deadline to respond to the motion for class certification. All signs suggest that Yeager will continue to play hooky and thus continue to prejudice the other parties in this action.

Fourth, the Court has considered less drastic sanctions. The Court has offered Ramirez multiple opportunities to explain her failure to communicate with her former counsel or to participate in the litigation of this action, either by having new counsel appear, by filing a written

United States District Court
Northern District of California

statement, or by appearing at the August 27, 2026 hearing. The Court also issued a warning one month ago that failure to make use of those opportunities would result in dismissal. *See id.* at 1091 (noting "that a warning can be sufficient to meet the 'consideration of alternatives' requirement" (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987))). And because Yeager is now unrepresented by counsel, there is no officer of the court whom the Court may subject to lesser sanctions for failing to comply with its orders.

The final factor—the public interest in resolving cases on the merits—always weighs against dismissal. *See Pagtalunan*, 291 F.3d at 643.

Because four of the five factors favor dismissal, the Court concludes that dismissal is proper under Federal Rule of Civil Procedure 41(b). Accordingly, Yeager's claims are dismissed without prejudice, and the Clerk is ordered to terminate Yeager as a party to this action. The motion to withdraw as counsel, Dkt. No. 171, is granted.

**IT IS SO ORDERED.**

Dated: August 31, 2026

P. Casey Pitts
United States District Judge