**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

*Attorneys for Plaintiffs*

*Additional Attorneys on Signature Page*

**HECHT PARTNERS LLP**
Lori G. Feldman *(pro hac vice)*
Michael Liskow (State Bar No. 243899)
125 Park Avenue, 25th Floor
New York, NY 10017
Phone: (212) 851-6821
Fax: (888) 421-4173
E-mail: lfeldman@hechtpartners.com
mliskow@hechtpartners.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARY L. SMITH, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE, LLC.,

Defendant.

Case No.: 5:23-cv-03527-PCP
(Consol. w/ 5:23-cv-04191-BLF)

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Date: November 19, 2026
Time: 10:00 a.m.
Judge: Hon. P. Casey Pitts
Complaint Filed: July 14, 2023

**REDACTED**

# TABLE OF CONTENTS

PAGE(S)


I. PROPOSED ALTERNATIVE CLASSES .......... 1

II. ARGUMENT .......... 1

A. Plaintiffs Demonstrate Article III Standing .......... 1

1. Plaintiffs Were Injured by Collection of TRI and TPI .......... 2

a. Tax Return Information .......... 3

b. Tax Preparation Information .......... 4

2. Plaintiffs Were Injured by Collection of PRI .......... 6

B. Individualized Issues Do Not Predominate .......... 7

1. Consent Does Not Require Individualized Inquiries .......... 7

a. Google's Express Consent Argument Fails .......... 7

b. Google's Implied Consent Arguments Fail .......... 8

2. Individual Damages Issues Do Not Preclude Certification .......... 9

3. There Are No Individualized Issues Concerning the Location of Interception for the California Wiretapping Class .......... 10

4. There Are No Choice of Law Issues .......... 11

5. "Confidentiality" is Not an Individualized Issue .......... 12

C. The Proposed Classes Satisfy Rule 23(b)(2) .......... 14

D. Nino and Patterson are Typical and Adequate Class Representatives .......... 14

III. CONCLUSION .......... 15

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Blair v. Equifax Check Servs., Inc.*,
1999 WL 116225 (N.D. Ill. Feb. 26, 1999) .......... 15

*Bona Fide Conglomerate, Inc. v. SourceAmerica*,
2016 WL 3543699 (S.D. Cal. June 29, 2016) .......... 11

*Briggs v. OS Rest. Servs., LLC*,
2020 WL 6260001 (C.D. Cal. Aug. 26, 2020) .......... 15

*Brown v. Google, LLC*,
2022 WL 17961497 (N.D. Cal. Dec. 12, 2022) .......... 7

*Bruno v. Eckhart Corp.*,
280 F.R.D. 540 (C.D. Cal. 2012) .......... 11

*Cahen v. Toyota Motor Corp.*,
717 F. App'x 720 (9th Cir. 2017) .......... 2

*Campbell v. Facebook Inc.*,
315 F.R.D. 250 (N.D. Cal. 2016) .......... 10

*Campbell v. Facebook, Inc.*,
951 F.3d 1106 (9th Cir. 2020) .......... 2

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013) .......... 9

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023) .......... 7

*Davis v. Pinterest, Inc.*,
2023 WL 8812871 (N.D. Cal. Dec 20, 2023) .......... 2

*Doe v. Kaiser Found. Health Plan*,
2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) .......... 12

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017) .......... 4

*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) .......... 12

*Forcellati v. Hyland's, Inc.*,
876 F. Supp. 2d 1155 (C.D. Cal. 2012) .......... 11, 12

*Forcellati v. Hyland's, Inc.*,
2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) ........ 11

*Frasco v. Flo Health, Inc.*,
349 F.R.D. 557 (N.D. Cal. 2025) ........ passim

*Frasco v. Flo Health, Inc.*,
2025 WL 2680068 (N.D. Cal. Sept. 17, 2025) ........ 12

*Gabrielli v. Haleon US Inc.*,
815 F. Supp. 3d 852 (N.D. Cal. 2025) ........ 6

*Gershzon v. Meta Platforms, Inc.*,
2026 WL 2970373 (N.D. Cal. Sept. 30, 2026) ........ 5

*Gerstle v. Am. Honda Motor Co.*,
2017 WL 2797810 (N.D. Cal. June 28, 2017) ........ 12

*Gold v. Lumber Liquidators, Inc.*,
323 F.R.D. 280 (N.D. Cal. 2017) ........ 15

*Harris v. Vector Mktg. Corp.*,
753 F. Supp. 2d 996 (N.D. Cal. 2010) ........ 15

*In re Facebook Biometric Info. Priv. Litig.*,
326 F.R.D. 535 (N.D. Cal. 2018) ........ 15

*In re Google Referrer Header Priv. Litig.*,
465 F. Supp. 3d 999 (N.D. Cal. 2020) ........ 4

*In re Google RTB Consumer Priv. Litig.*,
2024 WL 2242690 (N.D. Cal. Apr. 4, 2024) ........ 9

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) ........ 12

*In re Meta Pixel Tax Filing Cases*,
826 F. Supp. 3d 1217 (N.D. Cal. 2026) ........ 3, 7, 14

*In re Tesla Advanced Driver Assistance Sys. Litig.*,
350 F.R.D. 119 (N.D. Cal. 2025) ........ 14

*In re Yahoo Mail Litig.*,
308 F.R.D.  (N.D. Cal. 2015) ........ 12

*Ingraham v. Cap. One Fin. Corp.*,
2026 WL 1755170 (N.D. Cal. May 22, 2026) ........ 2

*Ingraham v. Cap. One Fin. Corp.*,
2026 WL 1759155 (N.D. Cal. June 16, 2026) ........ 8

*James v. Walt Disney Co.*,
701 F. Supp. 3d 942 (N.D. Cal. 2023) ..... 12

*Khamooshi v. Politico, LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. 2025) ..... 7

*Krzyzek v. OpenX Techs., Inc.*,
817 F. Supp. 3d 857 (N.D. Cal. 2026) ..... 4, 6

*Marsh v. First Bank of Delaware*,
2014 WL 554553 (N.D. Cal. Feb. 7, 2014) ..... 15

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012) ..... 12

*Moeller v. Taco Bell Corp.*,
220 F.R.D. 604 (N.D. Cal. 2004) ..... 15

*Nevarez v. Forty Niners Football Co., LLC*,
326 F.R.D. 562 (N.D. Cal. 2018) ..... 1, 11

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) ..... 10

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ..... passim

*Rabin v. Google LLC*,
787 F. Supp. 3d 934 (N.D. Cal. 2025) ..... 14

*Riganian v. LiveRamp Holdings Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025) ..... 4

*Shah v. Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024) ..... 6

*Smith v. Facebook, Inc.*,
262 F. Supp. 3d 943 (N.D. Cal. 2017) ..... 8

*Torres v. Nutrisystem, Inc.*,
289 F.R.D. 587 (C.D. Cal. 2013) ..... 13

*Torres v. Prudential Fin., Inc.*,
2024 WL 4894289 (N.D. Cal. Nov. 26, 2024) ..... 8

*True Health Chiropractic, Inc. v McKesson Corp.*,
896 F.3d 923 (9th Cir. 2018) ..... 8

*Valentine v. NebuAd, Inc.*,
804 F. Supp. 2d 1022 (N.D. Cal. 2011) ..... 11

**STATUTES**

26 U.S.C. § 6103(b)(2) .................... 2, 5

26 U.S.C. § 7213A(a)(2) .................... 2

**RULES**

Fed. R. Civ. P. 5.2 .................... 7

**OTHER AUTHORITIES**

*Confidentiality of Tax Return Information*, FS- 97-12 (I.R.S.) .................... 2

Google's[1] Opposition to Plaintiffs' Motion ("Opposition" or "Opp.," Dkt. 180) fails to show the Representative Plaintiffs ("Plaintiffs") lack standing or that the Classes should not be certified.

## I. PROPOSED ALTERNATIVE CLASSES

Plaintiffs' Motion seeks certification of several proposed classes and subclasses (the "Original Classes"). In response to Google's arguments, Plaintiffs propose two modifications to the Original Classes as alternatives if the Court prefers (the "Alternative Classes"). *See Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 575 (N.D. Cal. 2018) (courts may modify class definitions to those "proposed in reply"). First, Plaintiffs propose modifying each class definition to add the following bolded text (using the "Nationwide Eavesdropping Class" as an example):

> All individuals in the United States who **(a)** completed the process of preparing their federal tax return on the TaxAct website from January 10, 2018, through the present, or completed the process of preparing their federal tax return on the TaxSlayer website from February 1, 2013, through the present**; and (b) for whom records of completing the process are in Google's possession, custody or control**. . . .

Second, Plaintiffs propose modifying the first sentence of the definitions of the California and Florida Wiretapping Classes and Subclasses as follows (using the "California Wiretapping Class" as an example): "All individuals ~~**in California**~~ who**, while in California,** . . ."[2]

## II. ARGUMENT

### A. Plaintiffs Demonstrate Article III Standing

Google's use of Google Analytics to surreptitiously collect Tax Return Information ("TRI"), Tax Preparation Information ("TPI") and Pen Register Information ("PRI"), provides Plaintiffs with Article III standing. Under *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025), these injuries are "particularized to [Plaintiffs'] circumstances and benchmarked to a specific tort," here "intrusion upon seclusion." *Id.* at 791. This tort requires "intentional interference with [a plaintiff's] interest in solitude or seclusion," to either their person, private affairs or concerns, that "would be highly offensive to a reasonable" person. *Id.* (internal quotations and emphasis omitted). Plaintiffs can also meet this standard by "identif[ying] invasive, or otherwise private information collected by" Google,

---

[1] Capitalized terms not otherwise defined have the same meaning as in Plaintiffs' Motion for Class Certification ("Motion" or "Mot.," Dkt. 173).

[2] The full Alternative Classes are identified in the concurrently-filed Declaration of Neal Deckant ("Deckant Decl," with exhibits to the Declaration "Exh."). *See id.*, ¶ 2.

or showing the data collected "involve[d] sensitive . . . financial information." *See id.*

Google asserts Plaintiffs "must show" the data it collected is "individually identifiable." Opp. at 5 (citing *Ingraham v. Cap. One Fin. Corp.*, 2026 WL 1755170, at *4 (N.D. Cal. May 22, 2026)). But *Ingraham* goes well beyond what is required by most courts, including *Popa*, and derives its "identifiability" requirement from *Cahen v. Toyota Motor Corp.*, 717 F. App'x 720 (9th Cir. 2017), which did not involve CIPA claims and upheld dismissal of an afterthought "invasion of privacy" claim because the plaintiff made "no specific allegations" why the data was "sensitive *or* individually identifiable." *Id.* at 724 (emphasis added). *See also Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1119 (9th Cir. 2020) (concrete harm for CIPA claim even where data "anonymized and aggregated"). Google's collection of TRI, TPI and PRI, [redacted], is an intrusion upon seclusion.[3]

**1. Plaintiffs Were Injured by Collection of TRI and TPI**

There is no dispute that information relating to individuals' taxes, and the process of completing taxes, is private and sensitive. *See, e.g.*, *Davis v. Pinterest, Inc.*, 2023 WL 8812871, at *2 (N.D. Cal. Dec 20, 2023) (sealing taxes because "contain[ed] highly sensitive and personally identifiable information, including Plaintiff's income.").[4] [redacted][5] Criminal laws even bar, *inter alia*, officials' inspection of unlawfully obtained tax information. *See* 26 U.S.C. § 7213A(a)(2). This leaves Google to claim that certain types of TRI and TPI it collected were not really tax information, or that collection of the data did not amount to a "highly offensive and intentional intrusion . . . attributable to Google." Opp. at 6. Google is incorrect.

---

[3] [redacted] Google's demand that Dr. Hochman be barred from "testifying using these labels," *see* Opp. at 6 n.2, is premature and waived because no *Daubert* motion has been filed.

[4] 26 U.S.C. § 6103(b)(2) defines "return information" to include, *inter alia*, the "*nature*, source, or *amount*" of "income, *payments*, receipts, *deductions*, exemptions, credits, assets, liabilities, net worth, *tax liability*, . . . *or tax payments*" whether a return "*was, is being, or will be* examined or subject to other investigation or processing . . . ." *See also FS-97-12 (I.R.S.), Confidentiality of Tax Return Information*, 1997 WL 585425, at *1 (September 1997) ("[u]nless allowed by law, an IRS employee cannot tell someone *whether you even filed a tax return*.") (emphasis added).

[5] *See* Exh. 2 (Black Tr.) at 7:12-22; 14:9-19:16 [redacted]

**a. Tax Return Information**

[redacted] *Any* of these types of TRI, much less each *combined* ([redacted] reflects private, sensitive financial information that, if collected without consent, would be highly offensive to reasonable persons. *See Popa*, 153 F.4th at 791; *In re Meta Pixel Tax Filing Cases*, 826 F. Supp. 3d 1217, 1231 (N.D. Cal. 2026) (Pitts, J.) ("*Meta Tax*") (standing from collection of website URLs with information about claiming boyfriend as dependent).

Google's arguments about TRI lack merit. *See* Opp. at 6. Google has no response concerning [redacted]

---

[6] [redacted]

[redacted]

Google next contends there is no standing because TRI does not identify individuals. *See* Opp. at 6. But "identifiability" is not required. *See supra*, Section II.A. *See also Frasco v. Flo Health, Inc.*, 349 F.R.D. 557, 579 (N.D. Cal. 2025) (anonymizing misappropriated data "does not cure or wash away . . . violation"); *In re Google Referrer Header Priv. Litig.*, 465 F. Supp. 3d 999, 1009-10 (N.D. Cal. 2020) ("information need not be personally identifying to be private").[11] And even if it were, [redacted]

Google similarly claims a lack of "intentional intrusion" because [redacted] The TaxAct Plaintiffs were injured by Google's collection of TRI.

**b. Tax Preparation Information**

Google misleadingly claims [redacted]

[11] *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017), dealt solely with a VPPA claim and affirmed dismissal because the data disclosed "did not constitute 'personally identifiable information'" based on "the VPPA's text." *Id.* at 984, 986. *See also Popa*, 153 F.4th at 794 (*Eichenberger* limited to individual circumstances and did not create "per se rule").

[12] *See* Exh. 3 (GOOG-SMITH-00121436) at 2 [redacted] Exh. 4 (Lam Tr.) at 284:10-12 ("Google Analytics . . . collected pseudonymous data . . ."). *See also Krzyzek v. OpenX Techs., Inc.*, 817 F. Supp. 3d 857, 864 (N.D. Cal. 2026) ("courts have found 'pseudonymization' arguments unpersuasive.") (citing *Riganian v. LiveRamp Holdings Inc.*, 791 F. Supp. 3d 1075, 1086-87 (N.D. Cal. 2025)).

[13] *See* Mot. at 11-12; Exh. 2 at 60:19-20 ([redacted]; *id.* at 73:4-11 ([redacted]

[redacted]

**TaxAct TPI:** [redacted]

[redacted] Therefore the TPI provides significant insight into users' private and sensitive "financial" information, and even reflects "return information." 26 U.S.C. § 6103(b)(2).

Google next incorrectly claims [redacted] And while standing does not require the TPI to be "identifiable," it is. *See supra*, Section II.A.1.a; *see also Frasco*, 349 F.R.D. at 579 (property stolen even if "thief does not know from whom he took it" and concluding otherwise gives carte blanche to "obtaining and exploiting consumers' private and sensitive information without consent").

Google finally claims any expectation of privacy was "diminished by TaxAct's" purported "disclosures," Opp. at 8, but Google identifies nothing from TaxAct suggesting Google could collect custom "app step" data reflecting sensitive, private information about users' taxes.

---

[15] This is a far cry from *Gershzon v. Meta Platforms, Inc.*, 2026 WL 2970373 (N.D. Cal. Sept. 30, 2026), which analogized the Meta Pixel's operations on the DMV website to a Meta employee merely "watching [the plaintiffs] from a distance and seeing them pick up informational fliers or forms to change an address, renew an ID, or apply for a disabled parking placard." *Id.* at *6.

[16] This issue is also irrelevant to Plaintiffs' standing because [redacted]

**TaxSlayer TPI**: TaxSlayer TPI [redacted] Google's non-consensual collection of this sensitive and private financial data would be highly offensive to a reasonable person. *See Popa*, 153 F.4th at 791.

Google's claim Patterson lacks standing because her [redacted]. Patterson's TPI need not be identifiable, but was anyway. *See supra*, Section II.A.1.a. And TaxSlayer's disclosures, if Patterson had actually read them, *see* Opp. at 9, provided no notification whatsoever that Google would be [redacted] revealing Patterson's sensitive tax information. Patterson suffered concrete harm from Google's collection of her TPI.

**2. Plaintiffs Were Injured by Collection of PRI**

Google next claims its collection, storage, and use of [redacted] types of PRI caused no injury to Plaintiffs because they had no reasonable expectation of privacy in the data. *See* Opp. at 10. But numerous courts found injury when such types of data were collected. *See, e.g., Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 932 (N.D. Cal. 2024) (standing where defendant collected IP addresses "reveal[ing] geographical location . . . sufficient for third parties to conduct targeted advertising"); *Krzyzek*, 817 F. Supp. 3d at 863 (collected data allegedly included "browser, device and operating system information, location information, and other unique identifiers"); *Gabrielli v. Haleon US Inc.*, 815 F. Supp. 3d 852, 867 (N.D. Cal. 2025) (standing where data allegedly collected included "device information" and "geolocation data" for third parties' "financial gain"). Google next argues Plaintiffs lack any privacy interest in the "[redacted]" Opp. at 10.

[17] Patterson's navigation to the Schedule D menu without completing the form is explained by Dr. Hochman (and reflected in the TPI). *See* Hochman Rpt., ¶¶ 87-88. Importantly, the TPI's identification of her *not* completing the Schedule D is *also* sensitive financial information.

But this ignores that [redacted]

Plaintiffs' PRI is not required to be identifiable, but like the TRI and TPI, it is. *See supra*, Section II.A.1.a. And as explained *infra*, Section II.B.1.a, Google comes nowhere close to meeting its burden to show it and the Tax Preparers' purported disclosures explicitly notified Plaintiffs of Google's conduct here. Plaintiffs suffered concrete injury from Google's collection of their PRI.[19]

**B. Individualized Issues Do Not Predominate[20]**

**1. Consent Does Not Require Individualized Inquiries**

As Google "raises consent as an affirmative defense, it bears the burden of providing sufficient evidence that the defense applies so differently as to the named plaintiffs and class members . . . ." *Meta Tax,* 826 F. Supp. 3d at 1233-34; *see also Brown v. Google, LLC*, 2022 WL 17961497, at *17-18 (N.D. Cal. Dec. 12, 2022) (burden on Google to prove consent).

**a. Google's Express Consent Argument Fails**

Google incorrectly claims a handful of disclosures purportedly provided to the Classes create individual issues. First, the number of disclosures (three TaxAct and eight TaxSlayer) and parties is manageable. Google identifies no material differences between the disclosures or, crucially, *any* notification that Google Analytics would collect tax-related or otherwise sensitive information. *See Frasco*, 349 F.R.D. at 574-75 (disclosure must "explicitly notify" of conduct at issue) (internal quotations omitted). No Plaintiff consented to Google's conduct here, and whether the disclosures

[18] Google wrongly compares its actions to Plaintiffs' counsel including former plaintiff Yeager's unredacted address and *name* in a court filing. *See* Opp. at 10 n.6. But Yeager's name was already available on the docket, *see, e.g.*, Dkt. 159 at 2, and Fed. R. Civ. P. 5.2 provides privacy protections for certain personal information but not mailing addresses.

[19] Google's cited cases are inapposite. *See, e.g.*, *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 65-66 (W.D. Pa. 2023) (dismissing Pennsylvania Wiretap Act claim for lack of standing where plaintiff alleged collection of only non-personal browsing activity and data about "product preferences"); *Khamooshi v. Politico, LLC*, 786 F. Supp. 3d 1174, 1179 (N.D. Cal. 2025) (dismissing CIPA claim where only specific category of information allegedly collected was IP addresses sent "as part of the communication process" and not used like here to harvest geolocation data).

[20] Google does not contest Plaintiffs' showing of numerosity, commonality, superiority, or adequacy of (a) proposed representatives Layton and Armstrong, and (b) proposed class counsel.

would have provided a "reasonable person . . . notice of . . . the particular conduct, or . . . substantially the same conduct" can be determined on a classwide basis. *Id.* at 576 (internal quotations omitted).[21]

Google next argues "individual account-level review will predominate" because some class members purportedly agreed to Google's Terms of Service and Privacy Policy ("Terms"). *See* Opp. at 13. Judge Donato rejected Google and Meta's similar argument in *Frasco*, holding their privacy disclosures were "subject to common proof." *Id.*, 349 F.R.D. at 576. And even if the Terms could support a consent defense (they do not), whether they would have provided reasonable notice of Google's conduct here can again be determined on a classwide basis. *See Frasco*, 349 F.R.D. at 576 (whether "common disclosures" furnished consent was classwide issue); *see also True Health Chiropractic, Inc. v McKesson Corp.*, 896 F.3d 923, 932 (9th Cir. 2018) (consent ascertainable on classwide basis by "simply examining" purported disclosures).[22] And they would not have: as Google conceded, the Terms at most obliquely refer to *some* types of PRI in some circumstances, *see* Opp. at 13, and say nothing about [redacted]. Finally, if the Court believes a significant enough difference exists between Google account holders and the rest of the Classes, it can address this by creating subclasses of the two groups.

**b. Google's Implied Consent Arguments Fail**

Google recycles two arguments about implied consent already rejected in *Frasco*. First, Google vaguely asserts "most users" know the "vast majority" of "popular websites" use "analytics tools," and therefore "generally" expect their "information" to be "transmitted." Opp. at 14. But effective consent must be to the specific, or substantially same, conduct at issue. *Frasco*, 349 F.R.D. at 575 (internal quotations omitted); *see also Torres v. Prudential Fin., Inc.*, 2024 WL 4894289, at *4 (N.D. Cal. Nov. 26, 2024) (whole circumstances must show reasonable person would have

[21] *Ingraham v. Cap. One Fin. Corp.*, 2026 WL 1759155 (N.D. Cal. June 16, 2026), is distinguishable because, *inter alia*, some members of the class who accessed the pertinent website received "additional disclosures" depending on their state of residence. *See id.* at *7.

[22] Google misstates Patterson's testimony. *See* Opp. at 13. She repeatedly testified [redacted]. And *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943 (N.D. Cal. 2017), concerns the legal definition of consent, a common issue.

understood defendant's actions would be carried out and still exposed themselves). Google provides no evidence a reasonable person would expect Google to [redacted]

Google next argues, based on Dr. Amir's report, that [redacted]. *See Frasco*, 349 F.R.D. at 575 (court can handle "tiny fraction" of class at later stage if needed). Implied consent does not defeat class certification here.[23]

**2. Individual Damages Issues Do Not Preclude Certification**

Google argues Plaintiffs fail to show damages can be measured on a classwide basis because they offer no method to identify and exclude uninjured class members. *See* Opp. at 16-17 (citing *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013)). Google first claims [redacted]

Second, Google contends [redacted]

[23] *In re Google RTB Consumer Priv. Litig.*, 2024 WL 2242690 (N.D. Cal. Apr. 4, 2024), cited by Google, is inapposite because it considered whether Google's own users were aware of, and consented to, Google's alleged sale of certain information to advertisers and other third parties. *See id.* at *1. Google demonstrated its users' knowledge of this well-known practice through numerous varying potential sources of disclosure including "third-party materials like news articles and nonprofit reports," and surveys in which 45% to 74% of respondents reviewing the disclosures expected the information at issue would be shared. *See id.* at *12-15. By contrast here, there are only a few disclosures at issue, none of which disclose Google's collection, storage and use of Tax Information or the PRI, much less *as a third party*. Dr. Amir's survey results reinforced this.

[redacted] The fact that a later step might *also* identify a *smaller* number of injured individuals does not invalidate Plaintiffs' chosen method or make it "arbitrary."

Google argues Plaintiffs fail to exclude those who (a) consented to Google's collection of Tax Information and PRI; or (b) [redacted] *See* Opp. at 17. Plaintiffs address Google's consent argument *supra*, Section II.B.1, and Google's own survey shows almost no one would have consented to its actions. *See id.*; *see also Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 (9th Cir. 2022) (en banc). [redacted]. *See* Exh. 1, ¶¶ 20.[24] Yet if the Court believes this hypothetical group has any significant size, it should certify the Alternative Classes which explicitly exclude such individuals.

Google also argues the purportedly "discretionary" nature of statutory penalties under the Federal Wiretap Act ("FWA") raises "myriad individualized issues." Opp. at 16-18. But any discretion is limited to whether to award the full statutory sum or nothing. *See Campbell v. Facebook Inc.*, 315 F.R.D. 250, 268 (N.D. Cal. 2016). And any relevant factors, including whether Google caused actual damage, can be uniformly assessed at the merits stage for each of the Classes.[25]

Finally, Plaintiffs did provide a method to count the number of days users completed the tax process by determining the specific dates that they did. *See* Hochman Rpt., ¶¶ 113-16.

**3. There Are No Individualized Issues Concerning the Location of Interception for the California Wiretapping Class**

Google argues, only with respect to the California Wiretapping Class's Section 631(a) claims, that the class definition improperly centers on members' current location. *See* Opp. at 18-19. This misreads the definition, but for avoidance of doubt Plaintiffs propose the Alternative Class definitions, *see supra*, Section I, which reiterate that the California Wiretapping Class is limited to

[24] *See, e.g.,* Exh. 2 at 180:6-14 ([redacted]).

[25] This case differs entirely from *Campbell* where Facebook scanned information provided by its own users to deliver those users targeted advertising, *see id.* at 255-56, and the court concluded that "many class members" including a named plaintiff suffered no actual damage. *Id.* at 268.

those who completed the preparation process while in California. *See, e.g.*, *Nevarez*, 326 F.R.D. at 575. Such individuals' Tax Information and PRI were "sent from" California. Section 631(a).[26]

Google also claims Plaintiffs [redacted]

[redacted]. [redacted]

**4. There Are No Choice of Law Issues**

With respect to Plaintiffs' two proposed Nationwide Classes, Google contends that "CIPA sections 632, 635, and 638.51 . . . do not apply extraterritorially by default," and so "[i]ndividualized inquiries must determine whether a nationwide class member's home state law applies." Opp. at 19. First, CIPA has extraterritorial application when the defendant is located in California. *See, e.g.*, *Valentine v. NebuAd, Inc.*, 804 F. Supp. 2d 1022, 1028 (N.D. Cal. 2011); *Bona Fide Conglomerate, Inc. v. SourceAmerica*, 2016 WL 3543699, at *6 (S.D. Cal. June 29, 2016) (following *Valentine*).

Second, it is Google's burden to show that a state's law other than California's should apply to class claims. *See Bruno v. Eckhart Corp.*, 280 F.R.D. 540, 545 (C.D. Cal. 2012). This requires not merely showing there are some general differences in the laws, but *material* differences under the facts of this case. *See Forcellati v. Hyland's, Inc.*, 2014 WL 1410264, at *2 (C.D. Cal. Apr. 9, 2014); *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1161 (C.D. Cal. 2012) (cannot meet burden by merely citing cases where other defendants met burden in factually different circumstances). Instead,

[26] Google claims Section 631(a) "requires" that Google "read" the communication in California, *see* Opp. at 18-19, but it encompasses communications read *anywhere* while "*being sent from* . . ." California. Section 631(a) (emphasis added).

Google must provide "analytically rigorous discussion of each prong of California's 'governmental interests' test based on the facts and circumstances of *this* case . . . ." *Id.* (emphasis in original).[27]

Here Google asserts that California's wiretapping laws differ from "almost every other jurisdiction" without citing a *single* case addressing the statutory provisions at issue here.[28] This contrasts with the *Mazza* defendant which provided an "exhaustive[]" analysis tailored to the facts. *Id.*, 666 F.3d at 591. Google therefore makes the same error as the *Forcellati* and *Gerstle* defendants.

**5. "Confidentiality" is Not an Individualized Issue**

Google argues that whether communications under (only) Section 632 are "confidential" is a predominantly individual issue here. *See* Opp. at 21-22. However, Section 632(c) looks to whether the circumstances of a communication support an objectively reasonable expectation it would not be overheard or recorded—not to its contents. *See id.*; *see also Flanagan v. Flanagan*, 27 Cal. 4th 766, 774-77 (2002) (Section 632 governed by "objectively reasonable" standard).

Confidentiality can be established through common proof. In *Frasco v. Flo Health, Inc.*, 2025 WL 2680068 (N.D. Cal. Sept. 17, 2025), the court rejected an individualized-confidentiality argument based on the nature of the information and common privacy disclosures, which were "proof common to the class." *Id.* at *11. Here each member of the Classes communicated with the Tax Preparers in preparing their taxes, and received similar "disclosures." *See supra*, Section II.B.1.a.

[redacted]

[27] *See also Gerstle v. Am. Honda Motor Co.*, 2017 WL 2797810, at *4 (N.D. Cal. June 28, 2017) (distinguishing *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), and rejecting same argument Google makes here because court had "no factual record to use in deciding which state has a greater interest in applying its laws.").

[28] Google's cited cases only involved Section 631, *not* Sections 632, 635, or 638.51. *See Doe v. Kaiser Found. Health Plan*, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024); *In re Yahoo Mail Litig.*, 308 F.R.D. 557 (N.D. Cal. 2015); *James v. Walt Disney Co.*, 701 F. Supp. 3d 942 (N.D. Cal. 2023).

Google also [redacted]. [redacted]. [redacted]

Google says [redacted]

Google's remaining objections, *see* Opp. at 21, likewise concern common evidence. [redacted]. [redacted] And in any event, the communications' contents are not what makes them "confidential" under Section 632, but instead their nature and surrounding circumstances, which were uniform.

---

[29] *Compare* Opp. at 21 *with* Amir Rpt., App. D at D-6.

[30] The inapposite *Torres v. Nutrisystem, Inc.*, 289 F.R.D. 587, 592-95 (C.D. Cal. 2013), denied certification based on differences in callers' relationships, prior calls, experience with business communications, and exposure to recording warnings. Dr. Amir's survey measures generalized receipt beliefs, not comparable histories concerning the challenged recording.

### C. The Proposed Classes Satisfy Rule 23(b)(2)

Plaintiffs again recognize this Court's decision denying Rule 23(b)(2) certification in *Rabin v. Google LLC*, 787 F. Supp. 3d 934, 954 (N.D. Cal. 2025), but petition the Court to reconsider in light of contrary authorities. *See* Mot. at 23; *see also In re Tesla Advanced Driver Assistance Sys. Litig.*, 350 F.R.D. 119, 137 (N.D. Cal. 2025). Plaintiffs also propose detailed injunctive relief, *see* Mot. at 21, not just "a bare injunction to follow the law." *Tesla*, 350 F.R.D. at 137 (internal quotations omitted). And if the Court denies injunctive relief under Rule 23(b)(2), it should grant it under Rule 23(b)(3), *see* Mot. at 24, an argument Google failed to address.

Google claims Plaintiffs lack standing to pursue a Rule 23(b)(2) injunctive class because [redacted] *See* Mot. at 8-9. Google misstates certain Plaintiffs' testimony as "prov[ing]" they would not use the Tax Preparers' websites again.[31] Finally, this case differs from *Meta Tax* where [redacted]

### D. Nino and Patterson are Typical and Adequate Class Representatives

Google claims Nino is not in the California Wiretapping Class because [redacted]

[31] [redacted]

Google argues Nino is inadequate because of [redacted] Nino easily meets the "low" bar for adequacy. *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 611 (N.D. Cal. 2004) (only inadequate if "startlingly unfamiliar" with case) (internal quotations omitted).[33]

Patterson is also an adequate representative. [redacted]

If the Court deems Nino or Patterson inadequate, it should permit substitution of adequate representatives. *See, e.g.*, *Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 290 (N.D. Cal. 2017).

## III. CONCLUSION

Plaintiffs respectfully request that the Court certify the Original Classes or, in the alternative, the Alternative Classes, and appoint class representatives and class counsel. *See* Mot. at 24.

---

33 [redacted]

Dated: October 9, 2026

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: /s/ Neal J. Deckant
Neal J. Deckant, Cal. Bar No. 322946
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com

**HECHT PARTNERS LLP**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
125 Park Avenue, 25th Floor
New York, NY 10017
Phone: (212) 851-6821
Fax: (888) 421-4173
E-mail: lfeldman@hechtpartners.com
mliskow@hechtpartners.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Kate M. Baxter-Kauf, *Admitted Pro Hac Vice*
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, *Admitted Pro Hac Vice*
12333 Sowden Road, Suite B, PMB 51811
Houston, TX 77080
Telephone: (832) 848-0036
E-mail: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH KILLINGSWORTH PLLC**
Patrick Yarborough, *Admitted Pro Hac Vice*
440 Louisiana Street, Suite 1800
Houston, TX 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson, *Admitted Pro Hac Vice*
2500 Wilcrest Drive, Suite 300
Houston, TX 77042-2754
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
Email: jemerson@emersonfirm.com

**SMITH KRIVOSHEY, P.C.**
Joel D. Smith, Cal. Bar. No. 244902
867 Boylston Street
5th Floor, #1520
Boston, MA 02116
Telephone: 617-377-7404
joel@skclassactions.com