COOLEY LLP
BENEDICT HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
EMILY ABBEY (341762)
(eabbey@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
JULIA M. IRWIN (352861)
(JIrwin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
GOOGLE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY SMITH et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case No. 5:23-cv-03527-PCP<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Dept: Ctrm. 8 – 4th Floor<br>Judge: Honorable P. Casey Pitts<br><br>Date Action Filed: 7/14/2023 |

Pursuant to Northern District of California Civil Local Rules 7-3(d) and 7-11, Defendant Google, LLC ("Google") moves the Court for leave to file a Sur-Reply in response to Plaintiffs' Reply in Support of Class Certification ("Reply," ECF No. 186). Google requested Plaintiffs' consent to the filing of a Sur-Reply and offered to stipulate to a reasonable briefing schedule permitting Plaintiffs a further response; Plaintiffs declined. This motion is accompanied by the following memorandum of points and authorities, as well as the Declaration of Chris Roks and Declaration of Anika Holland. The proposed Sur-Reply is attached to the Holland Declaration as Exhibit A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Google respectfully moves the Court for permission to submit a 10-page sur-reply brief, with an accompanying fact declaration from a Google Analytics Product Manager, in response to Plaintiffs' Reply. Google seeks to address two issues.

***First*,** Google is entitled to address the manageability issues created by the class and subclass definitions Plaintiffs proposed for the first time in their Reply brief—their "Alternative Classes."

***Second*,** there has been an intervening change in the law since Google filed its September 2, 2026 Opposition to Plaintiffs' Motion for Class Certification ("Opposition," ECF No. 180), which affects the Court's ability to certify Plaintiffs' Nationwide and California Pen Register Class and Subclasses. On September 30, 2026, Governor Gavin Newsom signed California Senate Bill 690 ("SB 690") into law, retroactively eliminating the private right of action under Section 638.51 of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 638.51, including all "pending claims commenced within two years before the bill's operative date." S.B. 690, 2025–2026 Reg. Sess., at 7 (Cal. as amended July 2, 2026) (Senate Rules Comm., Off. of Senate Floor Analyses). Google will argue in a forthcoming motion to dismiss that Plaintiffs' pen register claim must be dismissed in its entirety, but Google's Sur-Reply seeks to address issues specific to class certification. Specifically, SB 690 renders Attorney General enforcement—not class actions—the superior mechanism for pursuing such claims, and bars a Rule 23(b)(2) injunctive relief class. This

Administrative Motion was filed with sufficient time for Plaintiffs to oppose under Civil Local Rule 7-11(b) prior to the close of briefing on Plaintiffs' Motion for Class Certification ("Motion") set by this Court's Standing Order for Civil Cases. Accordingly, the November 19, 2026 hearing need not be re-set unless it would be convenient for the Court to do so.

## II. BACKGROUND

On January 23, 2026, Plaintiffs sought leave to amend their consolidated class action complaint to add (among other things), a pen register claim under CIPA Section 638.51. *See* ECF No. 136-3. The Court granted leave to add that claim, *see* ECF No. 150, and Plaintiffs filed their First Amended Complaint ("FAC"), ECF No. 154, on April 22, 2026. Then, on July 15, 2026, Plaintiffs moved to certify several classes and subclasses, including the Nationwide and California Pen Register Classes and Subclasses. *See* ECF Nos. 169 (Original Motion), 173 ("Corrected" Motion, filed August 1, 2026). On September 2, 2026, Google opposed the Motion on the grounds that Plaintiffs lack Article III standing; that individualized issues of consent, damages, and choice of law predominate and render the proposed classes unmanageable; and that Plaintiffs' proposed class representatives are inadequate and atypical. *See* ECF No. 180.

On October 9, 2026, Plaintiffs filed their Reply, accompanied by the Declaration of Neal Deckant, and a Reply Report from their technical expert, Dr. Jonathan Hochman. *See* ECF No. 186. For the first time, Plaintiffs proposed modifications to their class and subclass definitions as alternatives to the classes defined in the Motion (the "Alternative Classes"). Those modifications included (1) adding a requirement that class membership be limited to individuals "for whom records of completing the [federal tax filing] process are in Google's possession, custody, or control," and (2) revising the California and Florida Wiretapping Class and Subclass definitions to specify that members were "in California" (or Florida) when they engaged in the conduct at issue. *See* ECF No. 186-1 ¶ 2.

Separately, on September 30, 2026—after Google filed its Opposition—Governor Gavin Newsom signed SB 690 into law, eliminating the private right of action under CIPA Section 638.51 for "pending claims commenced within two years before the bill's operative date" of January 1, 2027. S.B. 690, 2025–2026 Reg. Sess., at 7 (Cal. as amended July 2, 2026) (Senate Rules Comm.,

Off. of Senate Floor Analyses); *see* S.B. 690, 2025-2026 Reg. Sess. (Cal. as enrolled Sept. 30, 2026) ("The amendments to this section by Senate Bill No. 690 of the 2025–26 Regular Session apply retroactively to any pending claim in an action commenced within two years before the operative date of that legislation.") Although the law does not go into effect until January 1, 2027, considering SB 690's impact while the Court is adjudicating class certification promotes judicial efficiency.

## III. LEGAL STANDARDS

Courts generally exercise their discretion to grant leave to file a sur-reply where, as here, "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Warren v. City of Chico*, 2024 WL 4803960, at *1 (E.D. Cal. Nov. 15, 2024); *accord Chang v. Citibank*, 2025 WL 3162341, at *1 (N.D. Cal. Nov. 12, 2025); *Farmer v. Barkbox, Inc.*, 2023 WL 3149278, at *1 (C.D. Cal. Apr. 11, 2023). Courts have, in particular, granted leave to file a sur-reply addressing modified class definitions first presented in plaintiffs' reply briefs. *Garcia v. Schlumberger Lift Sols.*, 2021 WL 1259737, at *3 n.2 (E.D. Cal. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 5321669 (E.D. Cal. Nov. 16, 2021); *Abante Rooter & Plumbing, Inc. v. Alarm.com, Inc.*, 2017 WL 1806583 at *1, n.1 (N.D. Cal. May 5, 2017) (observing the court had previously granted the defendant "leave to file a brief sur-reply in response to a modified class definition that plaintiffs first raised in their Reply"); *Baker v. Big Lots Stores, Inc.*, 2009 WL 10673045 at *3 (C.D. Cal. Aug. 25, 2009) ("the Court granted Defendants leave to file a surreply to address Plaintiff's proposed amendment to the class definition and any other entirely new arguments raised in the Reply brief"). A sur-reply is likewise warranted to respond to an intervening change in the law. *See Sahibi v. Gonzales*, 2016 WL 5012490, at *1 (E.D. Cal. Sep. 20, 2016) (finding valid reason for sur-reply where the "law at issue on this motion has changed since the parties submitted their briefs" and the sur-reply "addresses a matter pertinent to this change in law"), *report and recommendation adopted,* 2016 WL 6217064 (E.D. Cal. Oct. 24, 2016).

## IV. ARGUMENT

### A. Google Is Entitled to Address the Manageability Issues Created by the Alternative Classes Plaintiffs First Proposed in Their Reply.

Plaintiffs' Motion sought certification of a defined set of classes and subclasses. In their Reply, Plaintiffs proposed the Alternative Classes for the first time, adding a possession, custody, or control limitation and revising the geographic scope of the California and Florida Wiretapping Classes. *See* ECF No. 186-1 ¶ 2. Plaintiffs do not object to the Sur-Reply addressing this issue. Holland Declaration ¶ 3. Google's Opposition addressed the classes and subclasses as originally defined in the Motion. Google could not have addressed the manageability of classes limited to individuals "for whom records of completing the process are in Google's possession, custody or control" because that limitation did not exist until Plaintiffs' Reply. Similarly, Google could not have addressed Plaintiffs' revised geographic scope and Dr. Hochman's new opinions about alternative methods Google could use to corroborate a user's location. Google is entitled to respond with evidence and argument showing why the Alternative Classes do not cure—and in fact compound—the manageability problems identified in the Opposition, including through a supporting declaration addressing why Google's records alone cannot reliably identify members of the Alternative Classes without burdensome, individualized cross-referencing against third-party records from TaxAct and TaxSlayer. *See Garcia v. Schlumberger Lift Sols.*, 2021 WL 1259737, at *3 n.2; *see also Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) ("Where new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the non-movant an opportunity to respond.") (alteration in original) (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).

### B. Google Is Entitled to Address the Effect of the Intervening Enactment of SB 690 on Certification of the Pen Register Classes.

SB 690 was signed into law on September 30, 2026—four weeks after Google filed its Opposition—and retroactively eliminates the private right of action under CIPA Section 638.51 for pending claims commenced within two years before the statute's January 1, 2027 operative date. Google will separately move to dismiss Plaintiffs' pen register claim in its entirety on this basis.

But SB 690 also bears directly on whether a Pen Register Class or Subclass should be certified now. These arguments are properly raised in a sur-reply because "[t]he law at issue on this motion has changed since the parties submitted their briefs" and Google's Sur-Reply "addresses a matter pertinent to this change in law." *Sahibi v. Gonzales*, 2016 WL 5012490, at *1. Google offered to enter into a stipulated briefing schedule with Plaintiffs that would enable them to respond to the merits of Google's arguments, but Plaintiffs refused. Holland Declaration ¶ 3. While SB 690 does not go into effect until January 1, 2027, it would be a waste of judicial resources for the Court to consider certification of Plaintiffs' pen register claim without considering SB 690's impact.

## V. CONCLUSION

For all these reasons, Google respectfully requests that the Court grant it leave to file the accompanying 10-page Sur-Reply and Declaration of Chris Roks in response to Plaintiffs' Reply in support of Class Certification.

Dated: October 29, 2026

COOLEY LLP

By: */s/ Benedict Hur*
Benedict Hur
Simona Agnolucci
Eduardo E. Santacana
Joshua Anderson
Anika Holland
Emily Abbey
Naiara Toker
Julia Irwin

Attorneys for Defendant
GOOGLE, LLC