**HECHT PARTNERS LLP**
Lori G. Feldman *(pro hac vice)*
Michael Liskow (State Bar No. 243899)
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 851-6821
E-mail: lfeldman@hechtpartners.com
mliskow@hechtpartners.com

*Attorneys for Plaintiffs*

*Additional Attorneys on Signature Page*

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARY L. SMITH, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE, LLC,

Defendant.

Case No. 5:23-cv-03527-PCP
(Consl. w/ 5:23-cv-04191-BLF)

**PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

The Honorable P. Casey Pitts

Date Action Filed: 7/14/2023

Plaintiffs oppose Defendant Google, LLC's ("Google") Administrative Motion for Leave to File Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification ("Motion," Dkt. 190). The Motion should be denied because Google's proposed Sur-Reply (Dkt. 190-2) improperly relies on new evidence, prematurely raises issues, and is otherwise futile.

## I. RELEVANT FACTUAL BACKGROUND

Plaintiffs commenced this action on July 14, 2023. *See* Dkt. 1. On January 23, 2026, Plaintiffs moved to amend their consolidated class action complaint; relevant here, they sought to add a pen register claim under CIPA Section 638.51. *See* Dkt. 137. The Court granted the motion as to that claim, *see* Dkt. 150, and Plaintiffs filed their Amended Complaint on April 22, 2026, *see* Dkts. 154, 159 (operative corrected complaint).

Plaintiffs moved for class certification on July 15, 2026 requesting, among other things, certification of Nationwide Pen Register Classes and Subclasses. *See* Dkts. 169, 173. Google opposed the motion on September 2, 2026, supported by a declaration from Google employee Chris Roks. *See* Dkts. 180, 182. Mr. Roks attested to Google's internal systems, records, and data transmission practices. *See* Dkt. 182. On October 9, 2026, Plaintiffs filed their reply, which proposed alternatives to the originally proposed definitions of the classes and subclasses. *See* Dkt. 186 at 1.

Counsel for the parties spoke by phone on October 12, 2026, and October 14, 2026, concerning Google's proposed Motion. *See* concurrently filed Declaration of Michael Liskow, ¶ 3. Google's counsel generally described the two arguments Google intended to (and did) include in the proposed sur-reply, but *did not* inform Plaintiffs' counsel that Google would be submitting a new fact declaration in support of its argument that Plaintiffs' proposed Alternative Classes could not be certified. *See id*. Plaintiffs' counsel explained on both calls that Plaintiffs intended to oppose Google's Motion to the extent it raised new issues not addressed in prior briefing, including the purported effect of S.B. 690[1] on Plaintiffs' proposed classes or claims. *See id.*, ¶ 4. Plaintiffs'

---

[1] *See* S.B. 690, 2025-2026 Reg. Sess. (Cal. 2026) ("S.B. 690," available at https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202520260SB690).

counsel memorialized the October 14, 2026 discussion in an email to Google's counsel that same day. *See id.*, ¶ 5, Ex. A.

## II. LEGAL STANDARD

Courts "generally view[]" requests to file sur-replies "with disfavor." *Chang v. Citibank*, 2025 WL 3162341, at *1 (N.D. Cal. Nov. 12, 2025) (quoting *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133–34 (E.D. Cal. 2016)). Courts have discretion to allow sur-replies but should only do so when "a valid reason for such additional briefing exists." *Id.* (quoting *Warren v. City of Chico*, 2024 WL 4803960, at *1 (E.D. Cal. Nov. 15, 2024)); *see also Gosine v. Walmart Inc.*, 2022 WL 218891, at *1 n.1, *3 (S.D. Fla. Jan. 24, 2022) (denying leave to file sur-reply where sur-reply "would be futile"). This District permits sur-replies "only to object to new evidence introduced in the reply brief, or to bring[ing] new legal authority to the court's attention." *Rico v. Sec'y of CDCR*, 2025 WL 1114633, at *1 (N.D. Cal. Apr. 15, 2025) (Pitts, J.) (citing Civ. L.R. 7-3(d)).

## III. ARGUMENT

### A. GOOGLE IMPROPERLY PROVIDES NEW EVIDENCE IN SUR-REPLY

Plaintiffs disagree with Google's legal and factual basis for its argument related to the "manageability" of Plaintiffs' proposed Alternative Classes, *see* Sur-Reply at 1-7, and will be prepared to address these issues at the class certification hearing. At the same time, the Court should refuse to consider Google's argument because it improperly relies on new evidence from a second declaration from Mr. Roks that Plaintiffs have no opportunity to challenge. *See* Dkt. 190-3; *see also Rodgers v. Chevys Restaurants, LLC*, 2015 WL 909763, at *6 (N.D. Cal. Feb. 24, 2015) (denying leave to file sur-reply because party "impermissibly attempts to present new evidence . . . in the surreply and [] accompanying supplemental declaration").

### B. S.B. 690 DOES NOT APPLY AND PROVIDES NO BASIS TO DENY CERTIFICATION OF THE PEN REGISTER CLASS AND SUBCLASSES

#### 1. S.B. 690's Retroactivity Provision Reaches Only Actions Commenced On or After January 1, 2025

Google's Motion should be denied because its argument as to S.B. 690 is futile. By its plain language, S.B. 690 applies retroactively only to "any pending claim in *an action commenced* within

two years before the operative date" of the law. S.B. 690 § 637.2(d)(2) (emphasis added). The phrase "commenced within two years" modifies "action," the noun it immediately follows. Under California's last-antecedent rule, "qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding . . . ." *White v. Cnty. of Sacramento*, 646 P.2d 191, 193 (Cal. 1982) (quoting *Bd. of Port Comm'rs v. Williams*, 70 P.2d 918, 922 (Cal. 1937)). The Legislature used two different words in S.B. 690, "claim" and "action," and chose to attach the timing requirement to the action. If the Legislature wished to tie the retroactivity provision to the date a claim was added to an action, it knew how to do so but did not. Courts "may not, under the guise of construction, rewrite the law or give the words an effect different from the plain and direct import of the terms used." *Cal. Fed. Sav. & Loan Ass'n v. City of Los Angeles*, 902 P.2d 297, 301 (Cal. 1995). Because this action commenced on July 14, 2023, *see* Dkt. 1, prior to January 1, 2025, S.B. 690 simply does not apply to Plaintiffs' pen register claim, rendering Google's Motion futile.

Google's cited case law is inapposite. For example, in *Goodwin v. Executive Trustee Services, LLC*, 680 F. Supp. 2d 1244 (D. Nev. 2010), the court faced twenty-two fully briefed motions to dismiss, granted them, and dismissed all claims over which it had authority to rule. *See id.* at 1249, 1257-58. The question of class certification was moot because no claims remained before that court. *See id.* at 1257-58. Here, there is no pending dispositive motion, S.B. 690 is not yet operative, and the claim has not been dismissed. Moreover, the Federal Rules already address Google's concern by allowing a certification order to "be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C).

**2. Google's Forthcoming Rule 12(c) Motion Provides No Basis to Deny Class Certification Now**

Even if S.B. 690 applied to Plaintiffs' pen register claim (which it does not), Google concedes that its argument depends on a motion it has not yet filed, and that will rely on a law not yet in effect. *See* Sur-Reply at 7 (S.B. 690 effective January 1, 2027). The Court should not and need not deny class certification based on the mere possibility that Google's future merits argument may succeed. *See, e.g.*, *Nolen v. PeopleConnect, Inc.*, 2026 WL 2871735, at *5 (9th Cir. Sept. 24,

2026) ("[A] district court cannot decline certification merely because it considers plaintiffs' evidence relating to the common question to be unpersuasive and unlikely to succeed in carrying the plaintiffs' burden of proof on that issue.") (quoting *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 667 (9th Cir. 2022)). If the Court later determines that S.B. 690 bars Plaintiffs' pen register claim, it can decertify the Pen Register Classes and Subclasses then. *See, e.g.*, Order on Mot. for Class Certification and Mots. to Exclude, *In re Meta Pixel Healthcare Litigation*, 22-cv-03580-WHO (N.D. Cal. Oct. 30, 2026) ("Meta Healthcare"),[2] Dkt. 1425 at 6 ("[D]istrict courts retain the flexibility to address problems with a certified class as they arise, including the ability to narrow or decertify.") (citing *Nolen*, 2026 WL 2871735, at *17).

Rule 23 also does not license "free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). Merits questions "to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* Whether S.B. 690's retroactivity clause reaches this action is a pure question of state-law statutory interpretation that applies identically to every member of the Pen Register Classes. It bears on the merits, not on commonality, predominance, or manageability.

Likewise, Google's superiority argument misses the mark. *See* Sur-Reply at 8-9. Google incorrectly assumes S.B. 690 rendered the Attorney General the exclusive enforcement authority for Plaintiffs' pen register claims. *See* Sur-Reply at 8. However, S.B. 690 extends the Attorney General's exclusive authority to pending claims only in actions commenced *on or after* January 1, 2025. *See* S.B. 690 § 637.2(d)(1)–(2). Therefore, the private remedies of Sections 637.2(a) and (b) remain fully available to Plaintiffs and the Pen Register Classes. *See id.*

**3. S.B. 690 Does Not Foreclose a Rule 23(b)(2) Injunctive Relief Class**

Google finally claims that, by removing the private right of action "as of January 1, 2027," S.B. 690 makes it "legally impossible" for Plaintiffs to suffer future injury, requiring the denial of any injunctive relief classes under Rule 23(b)(2). Sur-Reply at 9. This argument fails for at least two

[2] The *Meta Healthcare* decision was filed by Plaintiffs in this action. *See* Dkt. 191-1.

reasons. First, S.B. 690 retains language outlining a cause of action "to enjoin and restrain a violation of this chapter" and provides for damages under subdivision (a). *See* S.B. 690 § 637.2(b). Any effect S.B. 690 may have on restricting who may bring such "an action" under this section—including by seeking injunctive relief as provided in subdivision (b)— reached pending claims only in actions commenced on or after January 1, 2025. *See* S.B. 690 § 637.2(d)(1)-(2); *see also supra*.

Second, S.B. 690's passage does not affect the factual and legal analysis underlying Plaintiffs' injunctive relief claims. Whether a plaintiff faces a real and immediate threat of future injury is a factual question about the defendant's conduct. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (plaintiff must show "continuing, present adverse effects" for prospective injunctive relief) (internal quotations omitted); *see also Brown v. Google LLC*, 685 F. Supp. 3d 909, 926 (N.D. Cal. 2023) (plaintiffs had standing to seek injunctive remedy where "Google's conduct has not stopped"). Similarly, whether the plaintiff has a cause of action is a question of statutory interpretation. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014). S.B. 690 changes only who may sue. It does not amend Section 638.51, which continues to prohibit installing or using a pen register without a court order, and it does not make Google's conduct lawful. If Google continues to collect and store class members' Tax Information and Pen Register Information, class members will continue to be injured, whatever remedy the Legislature makes available in future suits. *See also Meta Healthcare* at 20 ("If, after all evidence has been considered, the evidence overwhelmingly shows that Meta is no longer acquiring the At-Issue data alleged, and Meta has structures in place to prevent its acquisition of that data, injunctive relief would no longer be at issue.").

## CONCLUSION

For the reasons stated herein, the Court should deny Google's Motion.

Dated: November 2, 2026

Respectfully submitted,

**HECHT PARTNERS LLP**

By: /s/ *Michael Liskow*
Lori G. Feldman, *Admitted Pro Hac Vice*
Michael Liskow (State Bar No. 243899
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 851-6821
Email: lfeldman@hechtpartners.com
Email: mliskow@hechtpartners.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant, Cal. Bar No. 322946
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com

**LOCKRIDGE GRINDAL NAUEN PLLP**
Kate M. Baxter-Kauf, *Admitted Pro Hac Vice*
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, *Admitted Pro Hac Vice*
12333 Sowden Road, Suite B, PMB 51811
Houston, TX 77080
Telephone: (832) 848-0036
E-mail: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH KILLINGSWORTH PLLC**
Patrick Yarborough, *Admitted Pro Hac Vice*
440 Louisiana Street, Suite 1800
Houston, TX 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
Email: patrick@fyktriallaw.com

**EMERSON FIRM, PLLC**
John G. Emerson, *Admitted Pro Hac Vice*
6234 Shadow Crest Street
Houston, TX 77074
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
Email: jemerson@emersonfirm.com

**SMITH KRIVOSHEY, P.C.**
Joel D. Smith, Cal. Bar No. 244902
867 Boylston Street
5th Floor, #1520
Boston, MA 02116
Telephone: 617-377-7404
joel@skclassactions.com

*Attorneys for Plaintiffs*