COOLEY LLP
BENEDICT HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
EMILY ABBEY (341762)
(eabbey@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
JULIA M. IRWIN (352861)
(jirwin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
GOOGLE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY SMITH et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case No. 5:23-cv-03527-PCP<br>(Consol. w/ 5:23-cv-04191-BLF)<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 14, 2027<br>Time: 10:00 a.m.<br>Dept: Ctrm. 8 – 4th Floor<br>Judge: Honorable P. Casey Pitts<br><br>Date Action Filed: 7/14/2023 |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........ 2
STATEMENT OF ISSUE TO BE DECIDED ........ 2
MEMORANDUM OF POINTS AND AUTHORITIES ........ 3
I. Introduction ........ 3
II. Background ........ 4
III. Legal Standard ........ 5
IV. Argument ........ 5
A. The Court Should Begin With The Statutory Text, Which Supports Google's Claim-Focused Reading. ........ 6
B. Any Ambiguity Is Resolved By SB 690's Purpose And Legislative History. ........ 8
V. Conclusion ........ 9

# TABLE OF AUTHORITIES

**Cases**

*Alvarez v. FCA US, LLC*,
824 F. Supp. 3d 955 (N.D. Cal. 2026) (Pitts, J.) .......... 5

*Bass v. Cnty. of Butte*,
458 F.3d 978 (9th Cir. 2006) .......... 5

*Brunozzi v. Cable Commc'ns, Inc.*,
851 F.3d 990 (9th Cir. 2017) .......... 5

*Dworkin v. Hustler Mag., Inc.*,
867 F.2d 1188 (9th Cir. 1989) .......... 5

*Evans v. MH Sub I*,
No. 26-cv-02684, 2026 WL 3136788 (N.D. Cal. Oct. 20, 2026) .......... 6

*Fleming v. Pickard*,
581 F.3d 922 (9th Cir. 2009) .......... 5

*John v. Superior Court*,
63 Cal. 4th 91 (2016) .......... 6

*In re K.B.*,
99 Cal. App. 5th 348 (2024) .......... 8

*McAtee v. Capital One FSB*,
479 F.3d 1143 (9th Cir. 2007) .......... 7

*In re Meta Android Priv. Litig.*,
No. 25-cv-04674, 2026 WL 3308177 (N.D. Cal. Nov. 2, 2026) .......... 6

*People v. Leiva*,
56 Cal. 4th 498 (2013) .......... 8

*People v. Marquez*,
89 Cal. App. 5th 1212 (2023) .......... 7

*Torres v. SeatGeek, Inc.*,
2026 WL 3259475 (N.D. Cal. Oct. 29, 2026) .......... 6

*Ventura Cnty. Emps.' Ret. Ass'n v. Crim. Just. Att'ys Ass'n of Ventura Cnty.*,
20 Cal. 5th 229 (2026) .......... 6, 8

*White v. Cnty. of Sacramento*,
31 Cal. 3d 676 (1982) .......... 7, 8

**Statutes**

Cal. Civ. Proc. Code § 1858 .......... 7

## TABLE OF AUTHORITIES
(continued)

Cal. Penal Code
§ 637.2(d) .......... 3, 4, 5, 6
§ 638.51 .......... 2, 3, 4, 9

**Other Authorities**

2025–2026 Reg. Sess. (Cal. 2026) .......... 4, 6

Assemb. Comm. on Appropriations, *Analysis of S.B. 690*, 2025-2026 Reg. Sess. (Cal. Aug. 5, 2026) .......... 3, 4, 5

Federal Rules of Civil Procedure
Rule 12(b)(6) .......... 5
Rule 12(c) .......... 2, 5

Senate Rules Comm., Off. of Senate Floor Analyses, *Unfinished Business Analysis of S.B. 690*, at 7, 2025-2026 Reg. Sess. (Cal. July 2, 2026) .......... 9

*Senate Third Reading Analysis of S.B. 690*, 2025-2026 Reg. Sess. (Cal. July 2, 2026) .......... 9

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on January 14, 2027, at 10:00 a.m., before the Honorable P. Casey Pitts, United States District Court, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, California, Defendant Google LLC ("Google") will and hereby does move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to Plaintiffs' claim under California Penal Code Section 638.51 in the operative "Corrected" First Amended Complaint, Dkt. No. 159. Google seeks dismissal with prejudice based on the recently enacted Senate Bill 690 ("SB 690"). This motion is based on this notice; the following memorandum of points and authorities; the pleadings, records, and papers on file in this action; oral argument; and any other matters properly before the Court.

## STATEMENT OF ISSUE TO BE DECIDED

Whether Google is entitled to judgment on the pleadings under Rule 12(c) dismissing Plaintiffs' Section 638.51 claim because SB 690 eliminates private enforcement of that claim.

Dated: November 16, 2026

Respectfully submitted,

COOLEY LLP

By: */s/ Benedict Hur*

BENEDICT HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
EMILY ABBEY (341762)
(eabbey@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
JULIA M. IRWIN (352861)
(jirwin@cooley.com

Attorneys for Defendant
GOOGLE, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Legislature enacted Senate Bill 690 because "the pen register statute has become a poster child for abusive lawsuits." Assemb. Comm. on Priv. & Consumer Prot., *Analysis of S.B. 690*, 2025–2026 Reg. Sess., at 13 (Cal. July 1, 2026) ("Comm. on Priv. & Consumer Prot., *Analysis of S.B. 690*"). Nearly 4,000 lawsuits alleging CIPA claims have clogged California's state and federal courts despite causing no harm to users but carrying the threat of "potential liability [that] can be staggering." *Id.* The Legislature voted unanimously to end this scourge and to provide relief to defendants litigating pen register claims commenced after January 1, 2025.

While Plaintiffs commenced this action in 2023, they brought their pen register claim in April 2026, and SB 690 therefore explicitly eliminates it. In relevant part, SB 690 provides that "[a]n action against a private actor for a violation of Section 638.51 [pen register claim] alleged to arise from conduct occurring on an internet website, online application, or mobile application may be brought under this section only by the Attorney General," and that "the amendments to this section . . . apply retroactively to any pending claim in an action commenced within two years before the operative date [January 1, 2027] of that legislation." S.B. 690, ch. 976, § 1, 2025–2026 Reg. Sess. (Cal. 2026) (adding Cal. Penal Code § 637.2(d)(1)–(2)).

Plaintiffs will argue that because they filed their original complaint in this case (without a pen register claim) in 2023, SB 690's retroactivity clause does not apply to the pen register claim pleaded for the first time in their April 2026 First Amended Complaint. This defies the plain language of the statute and the Legislature's intent, and the Court should reject Plaintiffs' attempt to evade the Legislature's withdrawal of private enforcement authority. As explained in detail below, under a plain language reading of the statute, the relevant metric for retroactivity is when a "claim" was commenced—not when the action as a whole (without any such claim) was first brought. If the Court concludes there is any ambiguity in the statute, the amendment's legislative history resolves that ambiguity definitively in Google's favor. Any way you cut it, the Court must dismiss Plaintiffs' pen register claim with prejudice.

## II. BACKGROUND

Plaintiffs filed this action in July 2023 and litigated it for nearly three years before adding a claim under CIPA Section 638.51 in April 2026. *See* Dkt. Nos. 1, 154, 159. They did so more than 19 months after the pleading amendment deadline, after the Court granted Plaintiffs leave to add this new claim over Google's objection. *See* Dkt. Nos. 150 at 3–5, 140. Plaintiffs' pen register claim arises from TaxAct, TaxSlayer, and H&R Block's use of Google Analytics on their internet websites, FAC ¶¶ 1–3, 88, and Plaintiffs allege that Google Analytics "constitutes a 'pen register,'" *id.* ¶ 88.

Three months later, in July 2026, the Legislature amended CIPA's civil damages provision to eliminate private enforcement of specified website-related pen register claims. S.B. 690, 2025–2026 Reg. Sess. (Cal. as amended July 2, 2026). The Legislature was motivated in part by its recognition that "unlike the genuine privacy violations that [] other [CIPA] statutes have been applied to, the purported violations of the pen register statute in this context generally appear to involve ordinary and benign operation of websites." Comm. on Priv. & Consumer Prot., *Analysis of S.B. 690*, at 13.

The Assembly Committee on Appropriations' Analysis of S.B. 690 explained the amendment's intended effect:

> According to the bill's sponsor, approximately 4,000 lawsuits alleging CIPA violations have been filed against California businesses, the bulk of which assert pen register claims based on website tracking software. By eliminating the private right of action for these claims and applying that change retroactively to pending claims commenced within two years before the bill's operative date, this bill would remove a substantial volume of pending and future civil litigation from the trial courts.

Assemb. Comm. on Appropriations, *Analysis of S.B. 690*, 2025–2026 Reg. Sess., at 1 (Cal. Aug. 5, 2026) ("Comm. on Appropriations, *Analysis of S.B. 690*").

The Governor signed SB 690 on September 30, 2026. S.B. 690, ch. 976, § 1, 2025–2026 Reg. Sess. (Cal. 2026). Operative January 1, 2027, SB 690 amends CIPA's civil damages provision, providing that an action against a private actor for a Section 638.51 violation arising from conduct on an internet website, online application, or mobile application "may be brought under this section only by the Attorney General." *Id.* (adding Cal. Penal Code § 637.2(d)(1));

Comm. on Priv. & Consumer Prot., *Analysis of S.B. 690*, at 23. The Legislature further directed that the amendment "apply retroactively to any pending claim in an action commenced within two years before the operative date of that legislation." S.B. 690, ch. 976, § 1 (adding Cal. Penal Code § 637.2(d)(2)).

## III. LEGAL STANDARD

Judgment on the pleadings is appropriate where "there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Alvarez v. FCA US, LLC*, 824 F. Supp. 3d 955, 959 (N.D. Cal. 2026) (Pitts, J.) (citing *Dworkin v. Hustler Mag., Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989)).

Rule 12(c) permits a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Google answered the operative FAC in May 2026, before SB 690 was enacted. Dkt. No. 164. This motion is timely because it raises arguments about an intervening statutory change that occurred after the pleadings closed, and no trial date is set yet.

## IV. ARGUMENT

Plaintiffs' pen register claim fails as a matter of law because SB 690 eliminated private enforcement of such claims. Its express retroactivity provision reaches Plaintiffs' newly added claim and requires dismissal with prejudice here. If the Court concludes the statute is ambiguous as to whether the retroactivity provision reaches pending "claims" versus "actions" brought within two years of SB 690's operative date, the legislative history definitively resolves the ambiguity in Google's favor.

When interpreting a state statute, a federal court must "determine what meaning the state's highest court would give to the law." *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 998 (9th Cir. 2017) (quoting *Bass v. Cnty. of Butte*, 458 F.3d 978, 981 (9th Cir. 2006)). Thus, this Court must "follow the state's rules of statutory interpretation." *Brunozzi*, 851 F.3d at 998. As the California Supreme Court has explained, statutory interpretation "begins with the text of the

provision, which we interpret in context, giving the language its ordinary meaning." *Ventura Cnty. Emps.' Ret. Ass'n v. Crim. Just. Att'ys Ass'n of Ventura Cnty.*, 20 Cal. 5th 229, 243 (2026). "If the statutory text is unambiguous and provides a clear answer," that ends the inquiry. *Id.* (internal quotation marks and citations omitted). If the statute's language is ambiguous—meaning it is susceptible to more than one reasonable interpretation—the Court may "consult other aids, such as the purpose of the statute, legislative history, and public policy." *Id.* A court's job is to give "meaning to every word, phrase, sentence, and part of the act consistent with the legislative purpose," *id.*, and to "harmonize statutory provisions to avoid absurd results." *John v. Superior Court*, 63 Cal. 4th 91, 96 (2016).

Courts in this District have not hesitated to dismiss pen register claims in light of SB 690's retroactivity provision, though no court has decided the question presented here: whether the relevant unit of retroactivity is a claim or an action. *See Torres v. SeatGeek, Inc.*, No. 25-cv-07118, 2026 WL 3259475, at *8 n.51 (N.D. Cal. Oct. 29, 2026) (dismissing with prejudice because "Senate Bill 690 will eliminate the private right of action for website-based § 638.51 claims against private actors when it takes effect on January 1, 2027, and will apply retroactively to this action"); *Evans v. MH Sub I*, No. 26-cv-02684, 2026 WL 3136788, at *1 (N.D. Cal. Oct. 20, 2026) (same); *In re Meta Android Priv. Litig.*, No. 25-cv-04674, 2026 WL 3308177, at *2 (N.D. Cal. Nov. 2, 2026) (same).

### A. The Court Should Begin With The Statutory Text, Which Supports Google's Claim-Focused Reading.

Turning to the text of SB 690, it provides that the restriction against private enforcement applies "retroactively to any pending claim in an action commenced within two years before the operative date of that legislation." S.B. 690, ch. 976, § 1, 2025–2026 Reg. Sess. (Cal. 2026) (adding Cal. Penal Code § 637.2(d)(2)). The phrase "commenced within two years before the operative date" qualifies the full phrase "any pending claim in an action," asking when the claim was first asserted in the action. Thus, the plain language of this provision focuses the retroactivity inquiry on the particular "claim" subject to SB 690's restriction, not on when a plaintiff first filed a lawsuit asserting other claims.

Had the Legislature intended the filing date of the lawsuit as a whole to control, as Plaintiffs have advocated for, Dkt. No. 192 at 2–3, it could have easily provided that the amendment applies to "any action commenced within two years" of the operative date, and said nothing about claims. Indeed, that is the approach Congress used in its amendments to the Class Action Fairness Act ("CAFA"), at issue in *McAtee v. Capital One FSB*, 479 F.3d 1143 (9th Cir. 2007). There, CAFA provided that its amendments shall "appl[y] to any civil action commenced on or after" the statute's enactment. *Id.* at 1146 (internal quotation marks omitted). Because that provision expressly made the "civil action" the unit of application, the Ninth Circuit held that the relevant date was when the action itself was originally filed, even where the plaintiff later amended the complaint to add new defendants. *Id.* at 1147–48. SB 690, in direct contrast, talks about "any pending claim in an action."

Plaintiffs have argued that the phrase "commenced within two years" modifies only "action." *See* Dkt. No. 192 at 3. But this reading renders the phrase "pending ***claim in*** an action" superfluous, in violation of California's canon against surplusage, which requires courts to give effect to every word, phrase, and sentence in a statute. *See People v. Marquez*, 89 Cal. App. 5th 1212, 1223 (2023); *see also* Cal. Civ. Proc. Code § 1858. Plaintiffs may argue that "pending" excludes claims that are already resolved. That explains which claims are subject to the amendment, but not why the Legislature chose to focus on claims rather than simply referring to pending actions commenced within two years. Google's reading instead gives the reference to "claim" significance in determining when the relevant claim was first asserted. Google's construction better accords with California's canon against surplusage and the Legislature's intent for the amendment to apply to pending claims commenced within the two-year period.

Further, Plaintiffs' reliance on California's last-antecedent rule is misplaced. That doctrine holds that "qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote." *See* Dkt. No. 192 at 3 (quoting *White v. Cnty. of Sacramento*, 31 Cal. 3d 676, 680 (1982)). More recent precedent has clarified that "the rule is most readily applied where there is a list of several items, and the modifier comes immediately after the last item on the list" and it is of little use where, as here, "there is no list of items followed immediately by a modifier, but rather there

is a phrase immediately followed by a modifying phrase."[1] *In re K.B.*, 99 Cal. App. 5th 348, 354 (2024). SB 690's retroactivity provision does not provide an enumerated list, so the last-antecedent rule is of little consequence here.

Only Google's reading of the retroactivity provision avoids absurd results and perverse incentives. Plaintiffs' interpretation would encourage a race to amend older lawsuits before January 1, 2027, because a newly asserted pen register claim would escape the retroactivity provision if added to a pre-2025 action, even though the same claim filed in a new action would fall within the two-year window. The survival of otherwise identical claims would turn on whether counsel could attach them to an older lawsuit, rather than on whether those claims were first asserted before January 1, 2025. Older lawsuits would thus become vehicles for zombie claims that are newly asserted under a private enforcement mechanism the Legislature sought to eliminate. *See People v. Leiva*, 56 Cal. 4th 498, 506 (2013) (courts "may reject a literal construction that is contrary to the legislative intent apparent in the statute or that would lead to absurd results") (internal citation and quotation marks omitted).

In sum, the statutory text supports treating the pending pen register claim, not the original lawsuit, as the relevant unit of retroactivity. Plaintiffs' contrary reading would allow the filing date of an earlier, unrelated complaint to shelter a newly asserted claim from SB 690's restriction.

### B. Any Ambiguity Is Resolved By SB 690's Purpose And Legislative History.

At minimum, Google's claim-focused construction supplies a reasonable alternative to Plaintiffs' action-focused reading. And if the Court concludes the text is susceptible to both constructions, the amendment's purpose and legislative history resolve that ambiguity in Google's favor. Indeed, if the Court deems the statute's language "ambiguous or susceptible of more than one reasonable interpretation," it "may consult other aids, such as the purpose of the statute, legislative history, and public policy." *Ventura Cnty. Emps.' Ret. Ass'n*, 20 Cal. 5th at 243.

The fundamental purpose of SB 690 was to curb "abusive" lawsuits and "***remove*** a substantial volume of ***pending*** and future civil litigation from the trial courts." Comm. on

---

[1] Plaintiffs' own authority also acknowledges an exception: "[w]here the sense of the entire act requires that a qualifying word or phrase apply to several preceding words, its application will not be restricted[.]" *White*, 31 Cal. 3d at 681 (cleaned up).

Appropriations, *Analysis of S.B. 690*, at 1 (emphasis added); Senate Rules Comm., Off. of Senate Floor Analyses, *Unfinished Business Analysis of S.B. 690*, at 7, 2025–2026 Reg. Sess. (Cal. July 2, 2026) ("*Unfinished Business Analysis of S.B. 690*") (emphasis added). And the legislative history is replete with language directly contradicting Plaintiffs' reading of the retroactivity provision. The Assembly Committee on Appropriations' August 5, 2026 analysis states that it "terminates pending ***claims filed within two years*** before the operative date[.]" Comm. on Appropriations, *Analysis of S.B. 690*, at 2 (emphasis added). The Senate likewise reiterated that SB 690 applies "retroactively to ***pending claims commenced within two years*** before the bill's operative date." *Unfinished Business Analysis of S.B. 690*, at 7; *see also Senate Third Reading Analysis of S.B. 690*, at 1, 2025–2026 Reg. Sess. (Cal. July 2, 2026) (noting the "bill applies retroactively to any ***pending claim*** against an internet website, online or mobile application based on the pen register statute ***commenced within two years*** before January 1, 2027.") (emphasis added). These repeated claim-focused descriptions support applying the amendment to Plaintiffs' pen register claim, first asserted in April 2026, rather than preserving it by reference to an earlier complaint that asserted no such claim.

Plaintiffs' contrary reading would undermine the legislative purpose of SB 690, by permitting plaintiffs in older actions to add new pen register claims and then invoke the age of the original action to preserve precisely the claims the Legislature sought to eliminate. The resulting settlement pressure would perpetuate what the Assembly Appropriations Committee called the "settlement-demand model driving the litigation." Comm. on Appropriations, *Analysis of S.B. 690*, at 3.

## V. CONCLUSION

For all these reasons, the Court should grant Google's motion for judgment on the pleadings and dismiss Plaintiffs' Section 638.51 claim with prejudice. SB 690 expressly withdraws private enforcement of website-based pen register claims and specifically applies that withdrawal retroactively to Plaintiffs' pending claim, which was first asserted in April 2026. The statute's text supports that result, and its purpose and legislative history confirm it. Ultimately, Plaintiffs can no

longer maintain their pen register claim against Google, and judgment on the pleadings should be entered accordingly.

Dated: November 16, 2026

Respectfully submitted,

COOLEY LLP

By: */s/ Benedict Hur*

BENEDICT HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
EMILY ABBEY (341762)
(eabbey@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
JULIA M. IRWIN (352861)
(jirwin@cooley.com)

Attorneys for Defendant
GOOGLE, LLC